# EXHIBIT 2

| | |
|---|---|
| **From:** | Peter Mazur |
| **To:** | Green, Eric |
| **Cc:** | Collier, Marc; Alex Chan; oceansemi-dlf |
| **Subject:** | Re: Ocean Semi / SiLabs - 271(g) assertion of system claim |
| **Date:** | Wednesday, March 10, 2021 1:45:47 PM |

Eric,

As the parties conferred on March 5, 2021, the complaint is abundantly clear that claim 19, not claim 1, of the '651 patent is currently being asserted.  The complaint reads: "On information and belief, SILABS has directly infringed and continues to infringe at least claim 19 of the '651 patent literally or under the doctrine of equivalents, by importing into the United States, and/or using, and/or selling, and/or offering for sale in the United States, without authority or license, the '651 Accused Products, in violation of 35 U.S.C. § 271(g)."  (*See* Dkt. 1 at ¶ 75.)  This statement is unequivocal that claim 19 is the claim being asserted under § 271(g).

The paragraph in which claim 1 is mentioned (paragraph 73) does not mention that claim 1 is being asserted under § 271(g).  Instead, that paragraph mentions that "SILABS has directly infringed and continues to infringe at least claim 1 of the '651 patent . . . in violation of 35 U.S.C. § 271."  Because this paragraph does not mention Section 271(g), there is neither confusion nor ambiguity that would give rise to a purported need to provide a "clean record" as SiLabs demands.  If there is any doubt whether claim 1 or claim 19 is being asserted under § 271(g) against SiLabs, the '651 claim chart (Exhibit H) summarily resolves in Ocean Semiconductor's favor.

For at least the foregoing reasons, Ocean Semiconductor's operative complaint is clear as to what SiLabs is "being sued on and responding to" and it is neither necessary nor warranted for Ocean Semiconductor to amend its pleading to "remov[e] all allegations that Silicon Labs infringes System Claim 1 of the '651 patent under Section 271(g)," as SiLabs now demands.  Moreover, the particulars of Ocean Semiconductor's infringement contentions, including the specific claims asserted, will be set out/confirmed in the infringement contentions that will be due shortly in accordance with the Court's local rules.

Ocean Semiconductor has reason to believe that SiLabs' unsupported contention is a pretense to impermissibly seek an extension to file its answer beyond the current 45-day extension period (which is "generally disfavored and will require good cause") to allow other defendants to file their answers first.  Indeed, as soon as Ocean Semiconductor confirmed during our meet and confer that claim 19 is being asserted under § 271(g), you asked whether there were other ways in which to extend this deadline.  We stated that SiLabs could formally move for an extension with a showing of good cause but that there is none that Ocean Semiconductor is aware of in support of such a further extension.

Should SiLabs insist on moving to dismiss despite our assurances above, Ocean Semiconductor reserves all rights to seek fees and costs associated with responding to such a frivolous motion.

Best regards,

Peter

signature_1775355937

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.