# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| OCEAN SEMICONDUCTOR LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. 6:20-cv-1214 |
| | § |
| SILICON LABORATORIES INC. | § |
| | § |
| Defendant. | § |

## DEFENDANT SILICON LABORATORIES INC.' S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**TABLE OF CONTENTS**

**A.** Ocean's Complaint Should be Dismissed as Not Plausibly Pled ............................. 2

    *1. Ocean stretches inconsistent legal conclusions that, at most, demonstrate infringement is **possible**, not **plausible** ................................................................. 2*

    *2. Ocean's cited authority is inapplicable and misleading ..................................... 3*

**B.** Ocean's Claims are—at Most—Limited to TSMC and Identified Tools ................ 4

**C.** Ocean's Inducement Allegations Lack Specific Intent to Infringe ......................... 6

**D.** Ocean's Threadbare Notice Letters Cannot Support Willfulness ........................... 7

**E.** Patents Claiming Generation of Information, not Transformation of a Product, Cannot Support Infringement Under 271(g) ........................................................................ 8

**F.** Ocean Cannot Blame Silicon Labs for Errors in Ocean's Complaint ................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                       **Page(s)**

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2014) ..................................................................................... 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ................................................................................................. 7

*Janssen Pharma., N.V. v. Mylan Pharms. Inc.*,
    No. 15-760-SLR-SRF, 2016 U.S. Dist. LEXIS 192881 (D. Del. Oct. 18, 2016) ............... 3, 4

*Kyowa Hakka Bio, Co. Ltd. v. Ajinomoto Co.*,
    No. 17-313, 2018-MSG, U.S. Dist. LEXIS 22392 (D. Del. Feb. 12, 2018) ....................... 3

*Luppino v. York*,
    No. SA-16-CV-00409-RCL, 2017 U.S. Dist. LEXIS 221246 (W.D. Tex. Nov.
    22, 2017) ...................................................................................................................... 6

*M & C Innovations, LLC v. Igloo Prods. Corp.*,
    No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. Jul. 31, 2018) .................................. 7

*Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*,
    472 F. Supp. 3d 377 (E.D. Mich. 2020) ........................................................................ 7

*Momenta Pharms., Inc. v. Teva Pharms. USA Inc.*,
    809 F.3d 610 (Fed. Cir. 2015) ........................................................................... 4, 8, 9, 10

*Roebuck v. Dothan Sec., Inc.*,
    515 F. App'x 275 (5th Cir. 2013) .................................................................................. 6

*Univ. of Mass. Med. Sch. v. L'Oréal S.A.*,
    No. 17-868-CFC-SRF, 2018 U.S. Dist. LEXIS 192832 (D. Del. Nov. 13,
    2018) ........................................................................................................................ 4, 5

**Rules and Statutes**

35 U.S.C. § 271(g) ................................................................................................ 1, 3, 4, 6, 7, 8, 9

35 U.S.C. § 287(b)(5)(A) ............................................................................................................ 8

Ocean Semiconductor LLC's ("Ocean") Response (Dkt. 16, "Response") to Silicon Laboratories Inc.'s ("Silicon Labs") Motion to Dismiss (Dkt. 14, "Motion") repeats the errors of its Complaint, advocates a pleading standard that falls short of what *Iqbol* and *Twombly* mandate, misleadingly quotes authority, and ignores Federal Circuit precedent on the proper assertion of infringement under 35 U.S.C. § 271(g).

Drawing on inapplicable case law, Ocean ignores the absence of key details required to properly plead infringement under Section 271(g).  Compounding this, Ocean overstates the factual allegations actually in its Complaint.  Pleading ***possible*** infringement is not sufficient; Ocean must state a case that is ***plausible***.  Yet, Ocean still provides no plausible support for its Complaint's overreach—*i.e.*, Ocean's contention that ***every single one*** of the vast assortment of Silicon Labs' products is manufactured (by third parties) using the methods of the Asserted Claims.

Ocean's Response repeatedly touts the length of its Complaint and the inclusion of claim charts directed to third party equipment—equipment that is ***never linked*** to the Accused Products. But, Ocean's repetitious pleadings cannot compensate in volume for lack of substance.  The Complaint should be dismissed in its entirety, or at least as to fab companies and tools not particularly identified.

Further, by alleging Section 271(g) infringement claims that are not cognizable, Ocean invites error and an unnecessary waste of this Court's and Silicon Labs' time and resources. Federal Circuit precedent restricts the scope of claims assertable under Section 271(g) to methods that create or give new properties to an accused product, not claims that merely generate information, as Ocean asserts here.

For these, and other reasons detailed below and in Silicon Labs' Motion, respectfully, Ocean's Complaint should be dismissed.

A.  **Ocean's Complaint Should be Dismissed as Not Plausibly Pled**

    1.  *Ocean stretches inconsistent legal conclusions that, at most, demonstrate infringement is **possible**, not **plausible***

Ocean's Response doubles down on the very same logical leaps of its Complaint—leaps that fail for the reasons detailed in Silicon Labs' Motion. Motion at 4-5, 7-9. Ocean's Response highlights websites cited in its Complaint, the contents of which indicate that (a) certain TSMC facilities may have the enumerated tools at its disposal, and (b) TSMC manufactures certain products for Silicon Labs. *Id.* at 7. But, none of Ocean's evidence supplies the missing link of *any* tool used to manufacture a Silicon Labs product—much less *all* such products.

For example, Ocean's Response attaches "Process Change Notice #1011021," a webpage identified in the Complaint. Dkt. 16-2. That website indicates TSMC's "Fab 10" site—in addition to its "Fab 3" site—is approved to manufacture Silicon Labs' MCU products. *Id.* at 1, 2. But, the document never indicates the tools at either location used to manufacture such products.

Indeed, Process Change Notice #1011021 underscores Ocean's pleading deficiency. This Notice indicates Silicon Labs' MCU products are manufactured in TSMC Fabs 3 and 10, but Ocean's purported support regarding TSMC's use of the PDF Solutions tool states the tool "will be deployed in TSMC's 300-mm Fab 12." Ex. 1.[1] There is nothing plausible about a pleading that contends Silicon Labs' products manufactured at TSMC Fabs 3 and 10 use a tool expressly deployed at Fab 12.[2]

At root, as to TSMC, Ocean's Complaint indicates at most a ***possibility*** of infringement—namely that TSMC allegedly has access to certain tools, and TSMC manufactures products for

---

[1]  Citations to Exhibits in this brief refer to Exhibits to the co-filed Declaration of Eric Green.

[2]  Websites cited in the Complaint indicate TSMC has numerous facilities with differing capabilities and tools, underscoring the implausibility of Ocean's allegation that all Silicon Labs products are manufactured using the tools identified in the Complaint. *See* Ex. 1 (Fab 12); Ex. 2 (Fab 6); Ex. 3 (Fabs 12, 14, 15); and Dkt. 16-2 (Fabs 3 and 10).

102065034.2

Silicon Labs. But, the Complaint is devoid of *plausible* facts suggesting that TSMC actually uses the identified tools to manufacture the Accused Products. Given the sheer scope of Ocean's infringement allegation—virtually all Silicon Labs products—plausibility requires Ocean to provide more than incomplete, open-ended speculation.

    2.    *Ocean's cited authority is inapplicable and misleading*

Ocean defends its wholly inadequate allegations under section 271(g) by citations to two unpublished, outside jurisdiction district court cases. Response at 6-7. Neither supports Ocean.

First, Ocean cites *Kyowa Hakka Bio, Co. Ltd. v. Ajinomoto Co.*, No. 17-313, 2018-MSG, U.S. Dist. LEXIS 22392, at *24 (D. Del. Feb. 12, 2018) for the proposition that "[u]nder [the second clause of § 271(g)], the [] Complaint ***need not allege facts that the offending process was practiced for a product manufactured outside the United States*** . . . ." Response at 6 (emphasis added by Ocean). Yet, Ocean neglects to tell the Court the issue addressed by *Kyowa* was whether Section 271(g) liability (a) only attached to products manufactured *outside* the United States or (b) whether it also attached to products manufactured *inside* the United States. *Id.* at *22-24. This case does not address whether a Complaint for Section 271(g) infringement must "allege facts that the offending process was practiced;" it must. There was no dispute that plaintiffs in *Kyowa* pled the manufacturing facilities, process steps, and resulting products, just as Silicon Labs requests here. *Id.* at * 9-10 (quoting Complaint paras. 65-66).

Second, Ocean quotes *Janssen Pharma., N.V. v. Mylan Pharms. Inc*., No. 15-760-SLR-SRF, 2016 U.S. Dist. LEXIS 192881, at *40 (D. Del. Oct. 18, 2016) as stating "[t]he statutory language supports plaintiffs' assertion that ***it is defendants' act of importing which is relevant to the § 271(g) analysis, and the fact that a third party engages in the infringing process is irrelevant under § 271(g)***. . . ."). Response at 6-7. Ocean selectively culled that sentence from a

broader paragraph that demonstrates the issue in *Janssen* was whether a party avoids Section 271(g) liability for importation where it uses a third party manufacturer:

> <u>Defendants cite no authority rejecting the application of § 271(g) in circumstances in which a third party implements the patented process in a foreign country, and the resulting product is subsequently imported into the U.S. by the accused infringer.</u> The statutory language supports plaintiffs' assertion that it is defendants' act of importing which is relevant to the *§ 271(g)* analysis, and the fact that a third party engages in the infringing process is irrelevant under *§ 271(g)*[.]

*Janssen Pharma.*, 2016 U.S. Dist. LEXIS 192881, at *40 (quotation omitted by Ocean underlined). This says nothing of what is required to properly plead Section 271(g) infringement. More substantively, Plaintiffs' own citation to *Janssen* proves Silicon Labs' point. As eloquently summarized by the *Janssen* court:

> The Federal Circuit urged courts to construe *§ 271(g)* narrowly to focus on the actual "making" of a product instead of extending it to "methods of testing a final product or intermediate substance." *Momenta Pharms., Inc. v. Teva Pharms. USA Inc.*, 809 F.3d 610, 615 (Fed. Cir. 2015).

*Id.* at 40, n.12. Ocean's own authority contradicts its assertion that "Section 271(g) is applied broadly." Response at 4.

Because Ocean has not plausibly alleged all Silicon Labs' products are manufactured using the asserted methods (embodied in the enumerated tools), Ocean's Complaint should be dismissed.

**B.      Ocean's Claims are—at Most—Limited to TSMC and Identified Tools**

In the alternative, Silicon Labs' Motion seeks partial dismissal of Ocean's allegations against unnamed fabs and tools, as Silicon Labs cannot reasonably defend itself against such vague allegations implicating third party conduct. Motion at 9-12. In Response, Ocean contends: "under the *Iqbal/Twombly* standard, a plaintiff need only 'plead facts sufficient to place [an alleged infringer] on notice as to what [the alleged infringer] must defend.'" Response at 8 (quoting *Univ. of Mass. Med. Sch. v. L'Oréal S.A.*, No. 17-868-CFC-SRF, 2018 U.S. Dist. LEXIS 192832, at *13 (D. Del. Nov. 13, 2018)). Silicon Labs agrees, which is why Silicon Labs seeks dismissal as to

the tools and fabs for which Ocean has ***not*** provided the requisite notice.

Ocean does not dispute that the unnamed fabs are simply identified as "third-party semiconductor fabricators or foundries ('SILABS Foundry Partners') that own, operate, or control semiconductor fabrication plants ('fabs')." Motion at 3, 9. Nor does Ocean dispute the unnamed tools are identified as "***similar systems (e.g., with similar technical and functional features)***." Motion at 10-11 (listing insufficient tool descriptions). Instead, Ocean contends the tools and fabs it has identified open the door to future tools and fabs for which Ocean has provided no notice.

Again, the case relied upon by Ocean is instructive. In *University Of Massachusetts*, the plaintiff's complaint was found to constitute sufficient notice where the accused products were defined as eighteen explicitly listed "brands with products containing adenosine." *Univ. of Mass. Med. Sch.*, 2018 U.S. Dist. LEXIS 192832, at *12. There, the court found the defendant was "on notice that products containing adenosine ***made by the eighteen brands specified in the FAC*** are accused of infringement," and the motion to dismiss was denied. *Id.* at *13 (emphasis added). Nowhere did the court find the defendant was on notice as to any ***unidentified*** brands.

While there are other legal problems with the contentions, Silicon Labs does not challenge <u>notice</u> at this stage as to potential relevance of TSMC and tools supplied by Applied Materials, PDF Solutions, camLine, and ASML—the equivalent of the "brands" at issue in *University Of Massachusetts Medical School*. Rather, the Motion only seeks dismissal as to ***unidentified*** fabs and tools where notice has not yet been given—*i.e.*, the unspecified "brands." Stated another way, an allegation that one named fab using certain tools may practice the asserted claims is not sufficient to give fair notice as to unnamed fabs, using unnamed tools, to make unnamed products.

In an attempt to downplay case law cited in the Motion, Ocean contends Silicon Labs' cases "are irrelevant because Ocean has not accused ***the manufacturing tools*** of infringement;

instead, Ocean's Complaint accuses Silicon Labs' own ***products*** that are and were imported, sold, and/or used in the U.S. as infringing Section 271(g)." Response at 9. This non-sequitur ignores that to properly plead Section 271(g) infringement by any such products, Ocean must plausibly allege they are manufactured pursuant to its patented methods, and the only way the Complaint seeks to demonstrate practice of the patented methods is through the tools alleged to implement the methods. *See*, *e.g.*, Dkt. 1-8 to 1-17 (claim charts aligning method claims with specified tools).

Silicon Labs simply has no notice as to which third party fabs and what other tools form the basis for Ocean's infringement allegations. Thus, those allegations should be limited to TSMC's use of the tools identified in the Complaint. *See* Motion at 4 (listing enumerated tools).

**C.    Ocean's Inducement Allegations Lack Specific Intent to Infringe**

As noted in the Motion, Ocean's Complaint never alleges that Silicon Labs has knowledge of the tools and processes its fabs use to manufacture the Accused Products, and thus Silicon Labs could not have the specific intent to knowingly induce infringement. Motion at 12-13. In response, Ocean lists various factual contentions in the Complaint, draws strained inferences, and concludes: "[a]s the customer, and as the designer and developer of its accused products, Silicon Labs surely has knowledge of the processes and equipment used to manufacture them." Response at 11. First, this contention only discusses "knowledge" as opposed to the required "specific intent." Second, Ocean's attorney argument regarding knowledge is found nowhere in the Complaint. *Luppino v. York*, No. SA-16-CV-00409-RCL, 2017 U.S. Dist. LEXIS 221246, at *4 (W.D. Tex. Nov. 22, 2017) ("It is not enough for [plaintiff] to clarify the nature of his allegations in his briefs; 'it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" (quoting *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013)).

There is simply nothing plausible in Ocean's apparent contention that alleged generation of a "fault code" during the foreign fabrication of a product at a fab Silicon Labs does not run,

102065034.2

6

using tools Silicon Labs does not own, which are operated by non-Silicon Labs employees is somehow "known" to Silicon Labs (much less the required "specific intent" to infringe). To properly allege a claim for induced infringement, Ocean needed to allege (and have the usual good faith basis) that Silicon Labs "specifically intended [another] to infringe the [patent] and knew that the [induced] acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2014).

Further, Ocean's Response recites a litany of "facts" purportedly demonstrating how Silicon Labs induces others to infringe through product marketing and support documentation (Response at 11-12), but as described in Silicon Labs Motion, this documentation has no bearing on the specific intent needed to properly plead inducement. Motion at 13-14.

D.      **Ocean's Threadbare Notice Letters Cannot Support Willfulness**

Ocean's willfulness allegation should be dismissed. "[N]umerous district courts have concluded that an allegation of willful infringement without evidence of egregiousness is futile." *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F. Supp. 3d 377, 383 (E.D. Mich. 2020) (collecting cases); *see also* Motion at 16. Ocean has simply not alleged the conduct that makes this anything other than a "'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willful infringement." *M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *5–6 (S.D. Tex. Jul. 31, 2018) (dismissing claim for willful infringement) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016)).

In Response, Ocean points to its purported notice letters sent to Silicon Labs prior to initiating litigation, but Ocean still does not attach them. The deafening silence is not accidental. The reason is that Ocean's letters do not put Silicon Labs on notice of the alleged Section 271(g) infringement at issue here. Ocean's letters—relied upon in the Complaint—are Exhibits 4 and 5.

For example, Ocean's October 16, 2020 letter broadly asserts—without support—that the

patents "cover any SILABS products, devices, systems, components of systems, and/or integrated circuits developed, fabricated, or manufactured using advanced/automatic process control systems and lithography/etching tools," and then goes on to list a number of products that allegedly utilize these unidentified "tools." Ex. 4; *see* Ex. 5 (similar). This begs the question: what are these unnamed "systems" or "tools" allegedly covered by the patents? The letters do not say. Such omission is critical here, as Ocean's entire infringement theory is predicated on the use of tools that allegedly result in infringement under Section 271(g).

Further, adequate notice for a Section 271(g) claim is codified in 35 U.S.C. § 287(b)(5)(A):

> [N]otice of infringement means actual knowledge, or receipt by a person of a written notification, or a combination thereof, of ***information sufficient to persuade a reasonable person that it is likely that a product was made by a process patented in the United States***.

35 U.S.C. § 287(b)(5)(A) (emphasis added). Ocean's letter giving a list of patents, overly general technical categories, and Silicon Labs' products does not provide information "sufficient to persuade a reasonable person that it is likely that a product was made by a process patented in the United States." *Id.* Thus, Ocean's letters cannot support enhanced damages, and Ocean's willfulness allegations should be dismissed for reasons detailed in the Motion. Motion at 14-16.

**E.     Patents Claiming Generation of Information, not Transformation of a Product, Cannot Support Infringement Under 271(g)**

Ocean's Response seeks broad application of Section 271(g) in a manner that contradicts controlling authority. Ocean seemingly contends Section 271(g) liability attaches to any ancillary execution of a method in connection with the manufacture of a product, no matter how tenuous the connection between the claimed method and the accused product. But, that is not the law.

In *Momenta*—a case identified in the Motion and not addressed by Ocean—the Federal Circuit found Section 271(g) inapplicable to methods used during quality control testing to confirm a manufactured product had certain traits. *Momenta Pharms., Inc. v. Teva Pharms. USA Inc.*, 809

F.3d 610, 616 (Fed. Cir. 2015).  While the testing step was alleged to be "a crucial interim step used directly to manufacture" the accused product, Section 271(g) liability did not attach because the testing did not "***create or give new properties*** to the [accused product] in batches that are selected for further processing."  *Id.* at 615, 617 (emphasis added).  Under *Momenta*, Section 271(g) is inapplicable to a method that "provides information regarding a substance . . . but does not transform it."  *Id.* at n.5.  Ocean ignores this controlling authority, and instead cites a non-controlling secondary source to argue for a more lenient standard.  Response at 3 (quoting 5 Chisum on Patents § 16.02[6][d][iv] (2019)).  The Federal Circuit standard applies, and Ocean's standard should be rejected.

None of the claims asserted from the '402, '538, '305, and '248 patents can fairly be described as ***creating or giving new properties*** to the Accused Products.  *See* Motion at 16-19.

Regarding the '402 Patent, Ocean points to references in Claim 1 to a "process tool" and a "processing piece" to allege practice of the method claim does indeed result in the physical manufacture of a product.  But, as explained in the Motion, this "process tool" is merely a source of information used for fault detection in the remaining claim elements.  Motion at 17-18.  Such fault detection is a type of "quality control" equivalent to the method of *Momenta*—*i.e.*, not actionable under Section 271(g).  To the extent any action is taken by the "process tool," the action is the ***termination of manufacturing***, an act contrary to making a good capable of infringing under Section 271(g).  *Id.*  Indeed, the open-ended nature of "process tool" in the patent's specification leaves no doubt that Claim 1 does not result in the manufacture of any particular physical article: "the processing tool 105 need not necessarily be limited to . . . a tool for processing silicon wafers, but ***could include other types of manufacturing equipment for producing a variety of different types of commercial products.***"  '402 Patent at 2:51-57 (emphasis added).

Regarding the '538 patent, which also concerns fault detection, Ocean's arguments fail for the same reasons as the '402 patent noted above. *See also* Motion at 18-19. Relying on non-asserted claims and the patent specification, rather than the claim at issue, Ocean again alleges that some ill-defined, ancillary relationship to the manufacture of a semiconductor wafer is sufficient. But again Ocean fails to identify any physical creation or transformation of the Accused Product imparted by its fault detection method. *See Momenta*, 809 F.3d at 617, n.5.

Regarding the '305, and '248 patents, which merely relate to setting a schedule, Ocean contends the methods "govern[] not only when to take certain manufacturing actions but also what manufacturing actions to take in making the physical products." Response at 19. But, even if that is accurate, the asserted claims still only result in the generation of information—when to take action, and what action to take. The asserted claims do not cover any actual process step that creates or transforms the Accused Product, as *Momenta* requires. *Momenta*, 809 F.3d at 617, n.5.

No amount of discovery or Complaint amendment can remedy the deficiencies of the '402, '538, '305, and '248 patents, and Ocean's requests for discovery and amendment should be denied.

**F.      Ocean Cannot Blame Silicon Labs for Errors in Ocean's Complaint**

Ocean's Complaint alleges infringement of two claims from the '651 patent, system claim 1 and method claim 19. *See*, *e.g.*, Complaint at ¶ 73. Ocean's Response does not dispute—nor could it—that the Complaint states that claim 1 of the '651 patent is infringed. Instead, Ocean contends that "Silicon Labs had misread the Complaint," and seemingly indicates that only claim 19 is asserted because that is the claim that Ocean charted. Response at 20. If that is the case, then Ocean should have no objection to this Court dismissing Paragraph 73 of the Complaint, which plainly states: "SILABS has directly infringed and continues to *infringe at least claim 1 of the '651 patent*." Complaint at ¶ 73 (emphasis added). Respectfully, this Court should dismiss Paragraph 73 and any other allegation of infringement of a system claim.

April 1, 2021                                    Respectfully submitted,

                                                  By:     /s/ *Marc B. Collier*

                                         Marc B. Collier (SBN 00792418)
                                         marc.collier@nortonrosefulbright.com
                                         Eric C. Green (SBN 24069824)
                                         eric.green@nortonrosefulbright.com
                                         **NORTON ROSE FULBRIGHT US LLP**
                                         98 San Jacinto Boulevard, Suite 1100
                                         Austin, Texas 78701
                                         Tel:     (512) 474-5201
                                         Fax:     (512) 536-4598

                                         Richard S. Zembek (SBN 00797726)
                                         richard.zembek@nortonrosefulbright.com
                                         **NORTON ROSE FULBRIGHT US LLP**
                                         1301 McKinney, Suite 5100
                                         Houston, Texas 77010-3095
                                         Tel: (713) 651-5151
                                         Fax: (713) 651-5246

                                         **COUNSEL FOR DEFENDANT SILICON LABORATORIES INC.**

## CERTIFICATE OF SERVICE

I certify that on April 1, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: <u>*/s/ Eric C. Green*</u>
Eric C. Green
