# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>        Plaintiff<br><br>  v.<br><br>Silicon Laboratories Inc.,<br><br>        Defendant. | Civil Action No.: 6:20-cv-1214-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

## PLAINTIFF OCEAN SEMICONDUCTOR LLC'S MOTION
## FOR PRE-TRIAL CONSOLIDATION OF CO-PENDING RELATED CASES

Timothy Devlin
tdevlin@devlinlawfirm.com
Henrik D. Parker
hparker@devlinlawfirm.com
Alex Chan (State Bar No. 24108051)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

DATED: May 14, 2021

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. THE NEAR-TOTAL OVERLAP OF ASSERTED PATENTS, RELEVANT FOUNDRY PARTNERS, AND OFFENDING MANUFACTURING TOOLS ....................... 1

III. THE LEGAL STANDARDS POINTING TOWARDS PRE-TRIAL CONSOLIDATION ............................................................................................................... 3

IV. ALL RELEVANT FACTORS FAVOR PRE-TRIAL CONSOLIDATION ................ 3

   A.   Several Consolidation Factors Are Undisputable .......................................................... 4

   B.   No Risk of Prejudice or Confusion Exists from Consolidation .................................... 4

   C.   Proceeding Separately Would Increase the Risk of Inconsistent Adjudications of Common Factual or Legal Questions ........................................................................... 5

   D.   Judicial Efficiency Is Best Served By Consolidation .................................................... 6

V. CONCLUSION ..................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Arnold & Co., LLC v. David K. Young Consulting, LLC*,
　2013 U.S. Dist. LEXIS 50103 (W.D. Tex. Apr. 8, 2013) .............................................................. 3

*Auto-Dril, Inc. v. Canrig Drilling Tech., Ltd.*,
　2015 U.S. Dist. LEXIS 183478 (W.D. Tex. June 29, 2015) .................................................... 3, 5

*Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.*,
　43 F. Supp. 2d 734 (E.D. Tex. 1999) ........................................................................................... 5

*DAC Surgical Partners P.A. v. United Healthcare Services, Inc.*,
　2013 U.S. Dist. LEXIS 88573 (S.D. Tex. Jun. 24, 2013) ............................................................. 7

*Dryshod Int'l, LLC v. Haas Outdoors, Inc.*,
　2019 U.S. Dist. LEXIS 179931 (W.D. Tex. Jan. 18, 2019) .......................................................... 5

*Gentry v. Smith*,
　487 F.2d 571  (5th Cir. 1973) ...................................................................................................... 3

*Norman IP Holdings, LLC v. Lexmark Intern., Inc.*,
　2012 U.S. Dist. LEXIS 112757 (E.D. Tex. Aug. 10, 2012) ......................................................... 6

*Raymond v. Ivest Props.*,
　2021 U.S. Dist. LEXIS 32073 (W.D. Tex. Feb. 17, 2021) ........................................................... 6

*St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*,
　712 F.2d 978 (5th Cir. 1983) ....................................................................................................... 3

**Statutes**

35 U.S.C. § 271 ................................................................................................................................ 7

Fed. R. Civ. P. 42 ........................................................................................................................ 1, 3

I.      INTRODUCTION

Plaintiff Ocean Semiconductor LLC ("Ocean") moves under Fed. R. Civ. P. 42(a)(2) to consolidate this action and six other co-pending cases for all pre-trial purposes. There is good cause for the Court to exercise its discretion to so consolidate these actions and this is exactly the type of situation contemplated by Rule 42(a). The cases are all pending before this Court; Ocean is the plaintiff in all of them; there is almost complete overlap of the asserted patents, the relevant foundry partners, and the offending manufacturing tools; there is a risk of inconsistent rulings if the cases are not consolidated; substantial judicial resources will be conserved by consolidation; consolidation will not prejudice the defendants, and all cases are in the pre-CMC stage. Thus, consolidation is the ideal vehicle to move forward most efficiently for all involved.

II.     THE NEAR-TOTAL OVERLAP OF ASSERTED PATENTS, RELEVANT FOUNDRY PARTNERS, AND OFFENDING MANUFACTURING TOOLS

On December 31, 2020, Ocean filed seven complaints against various defendants in this District and all of them were assigned to this Court. Across the seven actions, Ocean asserted a total of ten patents, seven of which— U.S. Patent Nos. 6,660,651, 6,725,402, 6,836,691, 6,907,305, 6,968,248, 7,080,330, 8,676,538 (herein referred to as the "Common Patents")—are asserted in all seven actions. (Another patent is asserted in two of the actions, and the remaining two patents are asserted in a single action.) The Complaints accuse all of the defendants of infringing by, among other things, manufacturing, selling, offering for sale, and/or importing specific products through various means, including third-party manufacturers and importers.

While the actual end products of each defendant differ, as shown in the below table, there is significant overlap not only between the patents asserted in each action, but also between the foundry partners named that are accused of contracting with the defendants to manufacture the infringing products and between the offending manufacturing tools that are employed to manufacture those products. (The four tools commonly accused in each action—Applied

1

Materials' E3, PDF Solutions' Exensio, ASML's TWINSCAN, and ASML's YieldStar—are referred to herein as the "Common Tools"):

| C.A. No. | Defendant(s) | Asserted Patents | Named Foundry Partners[1] | Named Fabrication Tools[2] |
|---|---|---|---|---|
| 6:20-cv-1210 | MediaTek Inc. MediaTek USA Inc. | 1.-7. Common Patents | TSMC UMC | 1.-4. Common Tools 5. Applied Materials' SmartFactory |
| 6:20-cv-1211 | NVIDIA Corp. | 1.-7. Common Patents 8. 8,120,170 9. 8,847,383 | TSMC UMC | 1.-4. Common Tools 5. Applied Materials' SmartFactory 6. camLine's LineWorks |
| 6:20-cv-1212 | NXP USA, Inc. | 1.-7. Common Patents 8. 6,420,097 | TSMC UMC | 1.-4. Common Tools 5. Applied Materials' SmartFactory |
| 6:20-cv-1213 | Renesas Electronics Corp. Renesas Electronics America, Inc. | 1.-7. Common Patents | TSMC | 1.-4. Common Tools 5. camLine's LineWorks |
| 6:20-cv-1214 | Silicon Laboratories Inc. | 1.-7. Common Patents | TSMC | 1.-4. Common Tools 5. camLine's LineWorks |
| 6:20-cv-1215 | STMicroeletronics, Inc. | 1.-7. Common Patents 8. 6,420,097 | TSMC UMC | 1.-4. Common Tools 5. camLine's LineWorks |
| 6:20-cv-1216 | Western Digital Technologies, Inc. | 1.-7. Common Patents | TSMC Kioxia | 1.-4. Common Tools 5. Applied Materials' SmartFactory |

---

[1] The list of named foundry partners provided in this table is not intended to represent all such foundry partners with which defendants maintain business or contractual relationships, nor all manufacturers or importers of the accused products. For example, the named defendants are accused of directly manufacturing, selling, offering to sell, importing, or contracting third-party manufacturers to manufacture or third-party importers to import the accused products. These named foundry partners are only those entities specifically named in the Complaints. Ocean reserves the right to assert business relationships, or manufacturing/importers activities associated, with additional foundry partners/importers, if such additional foundry partners/importers are identified during discovery.

[2] The lists of offending manufacturing tools provided in this table are not intended to represent all such tools used by defendants or defendants' foundry partners. They are only those tools specifically named in the Complaints. Ocean reserves the right to assert defendants' and defendants' foundry partners' use of additional offending manufacturing tools, if such additional tools are identified during discovery.

2

### III. THE LEGAL STANDARDS POINTING TOWARDS PRE-TRIAL CONSOLIDATION

District courts have the power and discretion to consolidate actions if they involve a common question of law or fact. Fed. R. Civ. P. 42(a); *see also St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). "[T]he decision to invoke the rule is entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Courts in this district have consolidated patent infringement suits for all pre-trial purposes to promote judicial economy and convenience. *See Auto-Dril, Inc. v. Canrig Drilling Tech., Ltd.*, No. 6:15-CV-00096-JCM, 2015 U.S. Dist. LEXIS 183478, at *13 (W.D. Tex. June 29, 2015) ("this Court may consolidate the cases for pre-trial purposes").

In weighing whether to consolidate actions, either for pre-trial purposes or even for trial, courts in this district generally consider whether or not: (1) the actions are pending before the same court; (2) the actions involve a common party; (3) there is any risk of prejudice or confusion from consolidation; (4) there is risk of inconsistent adjudications of common factual or legal questions absent consolidation; (5) consolidation will reduce the time and cost of proceeding with the cases separately; and (6) the cases are at the same stage of preparation for trial. *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 U.S. Dist. LEXIS 50103, at *4 (W.D. Tex. Apr. 8, 2013) (cited with approval in *Auto-Dril*, 2015 U.S. Dist. LEXIS 183478 at *14).

### IV. ALL RELEVANT FACTORS FAVOR PRE-TRIAL CONSOLIDATION

All of the considerations normally reviewed when deciding whether or not to consolidate actions weigh strongly in favor of consolidating the seven related actions before this Court for all pre-trial purposes.

3

### A. Several Consolidation Factors Are Undisputable

The first, second and sixth considerations cannot be disputed. The actions are all pending before this Court in the Western District of Texas; the actions all involve Ocean as the plaintiff; and the cases were all filed on the same day and are currently at the same stage—pre-Case Management Conference. Even absent the additional factors discussed below favoring pre-trial consolidation, these three factors by themselves warrant consolidation.

### B. No Risk of Prejudice or Confusion Exists from Consolidation

There is no risk of prejudice or confusion if the actions are consolidated for pre-trial purposes. This is particularly evident given the substantial overlap between the asserted patents, accused foundry partners, and accused manufacturing tools alleged in all of the cases.

Indeed, just the opposite is true—without consolidation, there is a significant risk that *Ocean* will be prejudiced. Without consolidation before the Court, the defendants are still free to work together behind the scenes to coordinate and divide attacks. The defendants, for example, would be able each to allege a different set of alleged prior art—such that the collective asserted art far exceeds this Court's normal per-action limits—knowing that if any one of them succeeds, the resulting invalidity finding will inure to all their benefit. Similarly, each defendant could raise different claim terms for construction, thereby circumventing the Court's normal limits on the number of terms to be construed.

This multi-front attack style has already been seen in the fact that, not only has every defendant has filed a Motion to Dismiss, each motion has a different combination of bases for seeking dismissal—leading to a tangled web of arguments amongst the seven motions that not only has required an unnecessarily large amount of effort from Ocean to respond and will likely require far too much of the Court's time to sort out.

4

Consolidation is thus warranted to avoid this inevitable prejudice.  Moreover, by establishing a common pre-trial schedule across all seven cases, consolidation will benefit all of the parties, including this Court, through efficient resolution of any administrative challenges.  *See also* Section IV.D.  This consideration therefore favors consolidation.

> C. **Proceeding Separately Would Increase the Risk of Inconsistent Adjudications of Common Factual or Legal Questions**

A significant factor that courts consider is whether consolidation will avoid inconsistent results.  *Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.*, 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999) ("The purpose of consolidation is to enhance efficiency and avoid the substantial danger of inconsistent adjudications").  Here, Ocean commonly asserts seven identical patents, four offending manufacturing tools, and one foundry partner in each of the seven cases.  Thus, although in some of the co-pending actions Ocean asserts a couple of additional patents, offending manufacturing tools, and/or accused foundry partners, there is only slight variation among these cases.  Even there, for example, the two not-wholly-common offending tools are each involved in four of the seven actions and every action involves at least one of those two tools.  In sum, a large majority of each case arises from the same operative facts and law, which is sufficient for consolidation for pre-trial purposes.  *See Dryshod Int'l, LLC v. Haas Outdoors, Inc.*, No. 1:18-CV-596-RP, 2019 U.S. Dist. LEXIS 179931, at *5 (W.D. Tex. Jan. 18, 2019) (ordering consolidation of "two cases [that] involve a common question of law and similar, if not identical, issues of fact").

On the other hand, despite the close similarities between the seven actions, there are significant risks that conducting pre-trial proceedings (e.g., claim construction, motion practice, etc.) separately will ultimately result in inconsistent claim constructions or pre-trial orders.  *See, e.g., Auto-Dril*, 2015 U.S. Dist. LEXIS 183478, *14 (finding that where the same patents are

asserted against the same products, "there are **obvious**[3] common questions of law and fact"); *see also Chatham Condominium Assoc. v. Century Village, Inc.*, 597 F.2d 1002 (5th Cir. 1979) (affirming decision to consolidate actions that involved "questions of law and fact which are identical"). As one current example, and as discussed above, the defendants have each filed their own Motion to Dismiss, and each has made a different combination of (occasionally inconsistent) arguments for seeking dismissal. Given the hundreds of pages of briefing spread across the actions, this could easily lead this Court to making inconsistent decisions when ultimately deciding the seven motions.

Pre-trial consolidation entirely eliminates such risks. *See, e.g., Raymond v. Ivest Props.*, No. SA-20-CV-00965-FB, 2021 U.S. Dist. LEXIS 32073, at *7 (W.D. Tex. Feb. 17, 2021) (holding that consolidation would "eliminate any risk of inconsistent adjudication"). As such, this factor also favors pre-trial consolidation.

      **D.**     **Judicial Efficiency Is Best Served By Consolidation**

Multiple lawsuits involving the same underlying patents "presents administrative challenges for the Court and, left unchecked, wastes judicial resources by requiring common issues to be addressed individually for each case." *Norman IP Holdings, LLC v. Lexmark Intern., Inc.*, 6:12-CV-508-LED, 2012 U.S. Dist. LEXIS 112757, at *16 (E.D. Tex. Aug. 10, 2012). As noted above, all seven actions were filed on the same day and are currently at the same pleading stage. Consequently, they are on substantially similar, if not the same, trial schedules based on this Court's Order Governing Proceeding.

Moreover, because of the overlap in asserted patents, foundry partners, and offending manufacturing tools, it is likely that the large majority of the discovery and motion practice will apply equally to all cases. There will unquestionably be significant judicial economy in

---

[3] Unless otherwise stated, all emphasis in this brief is added.

addressing pre-trial issues once through consolidated briefing rather than having to contend with seven different sets of briefs on every issue.

The inefficiency of maintaining separate actions for pre-trial purposes has already been manifested in that there are now seven different Motions to Dismiss pending before this Court, all addressing a near-identical core of issues but in slightly different ways and in slightly different combinations.  For example, as mentioned above, each defendant seeks to dismiss some, or all, asserted patents as insufficient to support a claim of infringement under 35 U.S.C. § 271(g).  By consolidating the cases, when such motions are filed in the future, the Court would conserve substantial resources by only considering a single set of briefs (rather than hundreds of pages spread across seven sets) and issuing a single order related to the motions rather than seven individual orders.

The Court's adjudication of common issues is best served through consolidation.  Even if the actions would progress at different speeds through different stages of litigation if kept separate, which is unlikely, "that difference is not so great as to outweigh the ***obvious benefits*** of convenience and economy offered by consolidation."  *DAC Surgical Partners P.A. v. United Healthcare Services, Inc.*, No. 4:11-CV-1355-MFH, 2013 U.S. Dist. LEXIS 88573, at *14 (S.D. Tex. Jun. 24, 2013).  Thus, as with all of the other factors, this final factor also weighs in favor of consolidation.

**V.     CONCLUSION**

Because all relevant considerations weigh in favor of pre-trial consolidation, Ocean respectfully requests that the Court consolidate Case Nos. 6:20-cv-1210-ADA, 6:20-cv-1211-ADA, 6:20-cv-1212-ADA, 6:20-cv-1213-ADA, 6:20-cv-1214-ADA, 6:20-cv-1215-ADA, and 6:20-cv-1216-ADA, which are co-pending before the Court, for all pre-trial purposes.

Dated: May 14, 2021

Respectfully Submitted,

/s/     Alex Chan
Timothy Devlin
tdevlin@devlinlawfirm.com
Henrik D. Parker
hparker@devlinlawfirm.com
Alex Chan
State Bar No. 24108051
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff,*
*Ocean Semiconductor LLC*

## CERTIFICATE OF CONFERENCE

Over the course of May 5-12, 2021, counsel for Plaintiff Ocean Semiconductor LLC, conferred with Counsel for Defendant, as required by Local Rule 7(i). Defendant opposes the relief sought by this Motion to Consolidate.

*/s/ Alex Chan*
Alex Chan

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2021, a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF system.

/s/ Alex Chan
Alex Chan
