IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **OCEAN SEMICONDUCTOR LLC,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 6:20-cv-1214** |
| v. | § § | |
| **SILICON LABORATORIES INC.** | § § § | |
| **Defendant.** | § | |

**SILICON LABORATORIES INC.'S OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR PRETRIAL CONSOLIDATION</u>**

- i -

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 2

   A.   Ocean Fails to Meet Its Threshold Burden Showing Common Questions ........................ 2

   B.   The Relevant Factors Weigh Against Consolidation............................................ 5

      1.   *Pretrial consolidation will lead to confusion* ................................................... 5

      2.   *The Defendants will be prejudiced by consolidation* ....................................... 7

      3.   *There is little or no risk of inconsistent adjudications of common factual or legal questions if the actions are not consolidated.* .................................................. 8

      4.   *Consolidation will not significantly reduce the time/cost of these cases.* ........................ 9

      5.   *The remaining factors are neutral or weigh against consolidation* ............................... 10

III. CONCLUSION............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Arnold & Co., LLC v. David K. Young Consulting, LLC*,
 No. No. SA-13-CV-00146-DAE, 2013 WL 1411773 (W.D. Tex. Apr. 8, 2013)..................2, 5

*Cont'l Bank & Trust Co. v. Platzer*,
 304 F. Supp. 228 (S.D. Tex. 1969) ...............................................................................................2

*DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*,
 No. 4:11-cv-1355-MFH, 2013 WL 3229686 (S.D. Tex. June 24, 2013)...................9

*Dryshod Int'l, LLC v. Haas Outdoors, Inc.*,
 No. 1:18-CV-596-RP, 2019 WL 5149860 (W.D. Tex. Jan. 18, 2019) ......................................8

*Frazier v. Garrison ISD*,
 980 F.2d 1514 (5th Cir. 1993) ................................................................................... 8

*Goodridge v. Hewlett-Packard*,
 No. H-07-4162, 2008 WL 11389213 (S.D. Tex. June 25, 2008)..........................................3, 7

*Neutron Depot, LLC v. Bankrate, Inc.*,
 No. 2:14-cv-192, 2016 WL 3536721 (S.D. Tex. June 29, 2016)............................................10

*PB&J Software v. Acronis, Inc.*,
 No. 4:12-cv-690, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012)..................................8, 9

*Peters v. Woodbury County, Iowa*,
 291 F.R.D. 316 (W.D. Iowa 2013) ...............................................................................6, 7, 8

*Pfeffer v. HAS Retail, Inc*
 No. SA-11-cv-959-XR, 2012 WL 394645, at *1 (W.D. Tex. Feb. 6, 2012) .....................5, 6, 8

*Raymond v. Ivest Props.*,
 No. SA-20-CV-00965-FB, 2021 WL 725819 (W.D. Tex. Feb. 17, 2021) ...............................8

*St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*,
 712 F.2d 978 (5th Cir. 1983) .......................................................................................................7

*YETI Coolers, LLC v. RTIC Drinkware, LLC*,
 No. 1:16-CV-909-RP, 2017 WL 5505325 (W.D. Tex. Jan. 18, 2017)......................2, 3, 4, 8, 9

Defendant Silicon Laboratories Inc. ("Silicon Labs" or "Defendant") opposes Ocean Semiconductor LLC's ("Ocean" or "Plaintiff") Motion for Pre-Trial Consolidation ("Ocean's Motion") (Dkt. 21 (hereinafter, "Mot.")) of seven cases (Case Nos. 6:20-1210, 6:20-1211, 6:20-1212, 6:20-1213, 6:20-1214, 6:20-1215, and 6:20-1216) against disparate defendants (MediaTek Inc., NVIDIA Corp., NXP USA, Inc., Renasas Electronics Corp., Silicon Labs, STMicroelectronics, Inc., and Western Digital Technologies, Inc., collectively "Defendants").

I. **INTRODUCTION**

Ocean's Motion ignores substantial prejudice to Silicon Labs that would result from consolidation. Ocean's Motion seeks to hinder Silicon Labs' ability to present relevant defenses by, for example, forcing Defendants to present joint defenses and arguments, limiting access to relevant witnesses, and restricting the pages available for dispositive briefing. While Ocean contends that it will be prejudiced absent consolidation, ***Ocean*** chose to pursue seven considerably different actions, and Ocean should not now be heard to argue it is prejudiced without consolidation. Ocean knew the burdens of initiating multiple suits, and Ocean—not Silicon Labs—must properly bear any consequence of Ocean's decision.

Consolidating these seven separate actions, even for pretrial purposes, is unnecessary and impractical for several reasons. First, Ocean over-simplifies the details relevant to each action in a failed effort to establish sufficient common questions of law and fact. The reality is that these actions accuse seven different Defendants of infringing various combinations of ten different patents through importation of hundreds of distinct products manufactured by, at least, three foundry partners using multiple facilities with disparate tools. As such, the outcome of each case will be determined by the unique facts specific to each Defendant and its products.

Second, even if some common questions exist, the Court should exercise its discretion and deny Ocean's Motion because, among other relevant factors, consolidation unnecessarily

complicates discovery, causes confusion with witnesses and ultimately a jury, and prejudices the Defendants. Given the stage and location of these cases, there is little risk of inconsistent results and minimal, if any, efficiency to be realized from consolidation.

For these, and other factors described below, Ocean's Motion should be denied.

## II.    ARGUMENT

Ocean first fails to meet the "threshold requirement" showing that the seven cases involve a "common question of law or fact" <u>sufficient</u> to necessitate consolidation. *YETI Coolers, LLC v. RTIC Drinkware, LLC*, No. 1:16-CV-909-RP, 2017 WL 5505325, at *2 (W.D. Tex. Jan. 18, 2017). Second, even where actions involve some overlap, "the mere presence of a common question does not require consolidation" but must be balanced against "inconvenience, delay and confusion that might result." *Cont'l Bank & Trust Co. v. Platzer*, 304 F. Supp. 228, 229–30 (S.D. Tex. 1969). In balancing whether consolidation is warranted, "courts consider factors such as whether the actions are pending before the same court; whether the actions involve a common party; any risk of prejudice or confusion from consolidation; the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; whether consolidation will reduce the time and cost of trying the cases separately; and whether the cases are at the same stage of preparation for trial." *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013). Here, these factors weigh against consolidation. Ocean bears a threshold burden of establishing common questions, and that consolidation is warranted; Ocean fails on both counts.

### A.    Ocean Fails to Meet Its Threshold Burden Showing Common Questions

Ocean's Motion does not directly address its threshold requirement to show that the seven cases involve common questions of law or fact (*YETI*, 2017 WL 5505325, at *2), and instead infers that common questions of law and fact exist based solely on superficial

descriptions of the allegations in each case. Mot at 1–2. Ocean points only to surface commonalities—*one* common foundry partner (of three named) using *some* common tools (four among six named) infringe *some* common patents (seven of ten asserted)—and ignores the distinct factual details in each case. For example, Ocean alleges that each Defendant's accused products were manufactured by a combination of foundry partners and certain Defendants' own fabrication facilities. *Id*. at 2. Ocean also alleges that the foundries use different accused tools to manufacture the accused products—camLine's LineWorks, Applied Materials' SmartFactory, or both. *Id*. at 1–2. While other tools are accused in each case, *no* two cases have complete overlap between foundries and accused tools, as shown in the table below:

|  |  | Foundry | | | | |
|---|---|---|---|---|---|---|
|  | **Accused Tool** | **TSMC** | **TSMC/Self** | **TSMC/UMC** | **TSMC/UMC/Self** | **TSMC/Kioxa/Self** |
| **Tool** | **camLine** | SiLabs | Renesas |  | STMicro |  |
|  | **SmartFactory** |  |  | MediaTek | NXP | Western Digital |
|  | **Both** |  |  | NVIDIA |  |  |

As a matter of law, this is insufficient to meet the required threshold for consolidation. *See Goodridge v. Hewlett-Packard, Co.*, No. H-07-4162, 2008 WL 11389213, at *3 (S.D. Tex. June 25, 2008) (acknowledging the actions arise out of the same context, but finding insufficient common questions of fact to consolidate as each will involve a separate and distinct fact inquiry).

In *YETI*, the court denied a motion to consolidate even though the lawsuits were between the same parties, asserted "similar sets of claims," and were governed by the same law. *YETI*, 2017 WL 5505325, at *1. RTIC sought to consolidate several of the actions relating to coolers, cups, and bottle products, arguing common questions of law existed because of the nearly identical set of claims for the different products. *Id*. at *2. RTIC even identified a number of factual inquiries it believed were common to all cases, including, for example, "the functional and generic nature of the parties' products." *Id*. In denying, the *YETI* court reasoned that, even though the cases shared common themes and context, and raised similar factual and legal issues,

- 3 -

"the questions arising in each case are not the same and necessarily can be resolved differently for each category of products." *Id*. The court was "not persuaded that these cases entail common issues simply because they involve the same types of claims and the products at issue happen to be manufactured by the same companies." *Id.* In other words, an analysis of the similar series of claims had to be done product by product for each case. Thus, the court held that RTIC failed to meet the threshold burden for consolidation. *Id*.

The reasoning in *YETI* applies with greater force in this case, which involves multiple unrelated parties. Ocean's Motion, like in *YETI*, merely identifies shared common themes and context, such as similar conclusory allegations arising from **some** commonly asserted patents, **some** commonly accused fabrication tools, and **one** common foundry partner. Mot. at 1–2. This partial overlap is not sufficient to meet Ocean's threshold burden of demonstrating common questions of law and fact warranting consolidation. Just as in *YETI*, here Ocean's separate infringement allegations depend on material facts unique to each individually filed case. Ocean's Motion presupposes foundries use the same tools and facilities for all seven Defendants, but there is no reason to believe that is true. For example, TSMC, which Ocean identified as a foundry partner for each Defendant, is a massive corporation with numerous facilities worldwide that operates 18 different fabrication facilities. Ex. 1. TSMC's different facilities have differing processing capabilities, use different tools and methods for fabricating products, and different products are fabricated at different locations. *See* Dkt. 17 at 2, n.2. Given this, it is highly unlikely that the TSMC-related facts will overlap for all Defendants, as Ocean alleges, and Ocean has provided no reason why this must be so. As such, even for the common patents, a finding of infringement related to one Defendant's products will have little bearing on whether any other Defendant's products are manufactured in the same manner.

Further, merely asserting the same cause of action, *i.e.*, infringement of some of the same patents, is insufficient—otherwise, this Court would consolidate far more cases. In *Pfeffer v. HAS Retail, Inc.*, Pfeffer filed nine lawsuits against nine defendants alleging the same violation of the Electronic Funds Transfer Act ("EFTA") and then moved for consolidation of the nine actions. No. SA-11-cv-959-XR, 2012 WL 394645, at *1 (W.D. Tex. Feb. 6, 2012). The court denied consolidation "[b]ecause all nine cases involve different defendants and independent fact scenarios, the risks of consolidation outweigh any potential benefits." *Id*. The court elaborated that, other than the same legal claim being alleged, the nine actions are unrelated because "each case involves a different defendant, each of which is a different corporate entity," and Pfeffer "does not allege that any of the defendants acted in concert with one another or that any of the defendants were even aware of one another's activities." *Id*. The court found the risk of confusion and prejudice to be too high for consolidation. *Id*. at *2. Here, similar to *Pfeffer*, each case involves a different Defendant and each case involves different fact scenarios—*i.e.*, disparate products, fab facilities, and tools. For these reasons, Ocean's Motion fails to demonstrate <u>sufficient</u> common questions of law and fact, and it should be denied.

    **B.**    **The Relevant Factors Weigh Against Consolidation**

Of course, as noted above, the mere presence of a common question of law or fact does not require consolidation. Even if this threshold inquiry is met (which it is not), courts must weigh additional factors when exercising discretion to consolidate. *Arnold*, 2013 WL 1411773, at *2. Analysis of these additional factors confirms the cases at issue should not be consolidated.

    1.    ***Pretrial consolidation will lead to confusion***

Consolidating these cases, even for pretrial purposes only, will likely result in significant confusion for all involved. Ocean declares in a conclusory fashion that there will be no risk of confusion because of "the substantial overlap between the asserted patents, accused foundry

partners, and accused manufacturing tools." Mot. at 4. Ocean's position either ignores or significantly simplifies reality. In fact, even while presenting an overly simplified version of seven unique cases, Ocean's Motion seeks to leave the door open for adding non-accused foundry partners and tools. Mot. at n.1 and n.2; *see also* Dkt. 14 at 9-12.

Consolidation will unnecessarily complicate discovery. For example, as discussed in Section II.A above, TSMC alone operates numerous facilities that fabricate different ones of the hundreds of accused products. Given the idiosyncrasies of each location, consolidation would greatly complicate fact and expert witness deposition preparation and could potentially lead to confused or muddled deposition testimony that would not assist a jury. For example, it may be easy for a deponent to mistake one record related to one facility or Defendant for another. Rather than unnecessarily complicating discovery in these ways, these cases should remain separate.

Courts have found the risk of confusion significant when denying consolidation in similar situations. As discussed in Section II.A above, the *Pfeffer* court denied consolidation of nine cases involving violations of the EFTA and elaborated that: "Since the cases consist of different defendants and independent fact scenarios, the potential risks and burdens of consolidation outweigh any potential benefits. The risk of prejudice to the defendants and juror confusion at trial are sizeable." *Pfeffer*, 2012 WL 394645, at *2. Similar to *Pfeffer*, each of the seven cases at issue here involves a different defendant and independent fact scenarios. As such, the risk of confusion for witnesses that translates into confusion for the jury is palpable, and the benefits of consolidation are slim. *See, e.g., Peters v. Woodbury County, Iowa*, 291 F.R.D. 316, 320 (W.D. Iowa 2013) (denying consolidation because it "would create complexities resulting in the imposition of burdens on the court and the parties. For each exhibit offered, and each witness examined, issues would arise as to whether the evidence applies to the Clay case, the Peters case

or both"). For these reasons, the likelihood of confusion and error is simply too great to warrant consolidation, even for pretrial purposes. As such, this factor weighs against consolidation.

### 2. *The Defendants will be prejudiced by consolidation*

Ocean declares in conclusory fashion that there "is no risk of prejudice or confusion if the actions are consolidated." Mot. at 1. As discussed above, consolidating even for pretrial purposes would likely confuse witnesses, risking prejudice to the Defendants. *See Peters*, 291 F.R.D. at 320 ("The potential confusion creates a serious risk of prejudice to the defendants."). And, Silicon Labs will be prejudiced by limits on its ability to independently present its own defense.

For example, during the meet and confer process, Ocean contended that its Motion contemplates combined summary judgment briefing at some page limit less than what would be allowed in the seven individual cases it chose to file. Undoubtedly, such a limitation substantially prejudices Defendants given their independent defenses and unique factual scenarios.

Further, Western Digital's two IPRs are a concrete example of the Defendants' divergent interests that would lead to prejudice against Silicon Labs. In both IPR petitions, Western Digital agrees that if the PTAB institutes its IPRs, Western Digital will not "pursue invalidity on the same grounds in district court." Ex. 2, IPR No. IPR2021-00864, Paper 1 at 6; Ex. 3, IPR No. IPR2021-00929, Paper 1 at 7. But Silicon Labs—who has not filed IPRs and is not a real party in interest to Western Digital's IPRs—is not bound by that stipulation. Therefore, Silicon Labs can raise those invalidity grounds regardless of whether the PTAB institutes. Forcing all Defendants to pursue a common invalidity strategy is prejudicial.

It is well-settled that "[c]onsolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983); *Goodridge*, 2008 WL 11389213 at *1. Ocean is the party that filed seven suits against different entities, each entitled to pursue its own independent defense. Ocean's

request for consolidation appears to be nothing more than an attempt to hamstring the Defendants, forcing them to speak with one voice, even where the issues important to each Defendant may differ substantially. Thus, this factor weighs strongly against consolidation.

      3.    *There is little or no risk of inconsistent adjudications of common factual or legal questions if the actions are not consolidated.*

Ocean alleges that separate actions pose "significant risks" of conflicting results, and Ocean curiously suggests that filing Defendant-specific motions to dismiss using Defendant-specific reasoning is an example that "could easily lead this Court to making inconsistent decisions." Mot. at 5–6. That position simply makes no sense, as the outcome of each action must depend on the facts material to the specific case. *See YETI*, 2017 WL 5505325, at *3 ("[T]here is no reason why each case must reach the same conclusions."); *Peters*, 291 F.R.D. at 321 ("[I]t is entirely possible that one plaintiff may prevail and the other may not . . . There would be nothing inherently inconsistent in such an outcome.").[1]

"A mere contention that failure to consolidate cases might lead to inconsistent decisions is insufficient justification for a court to consolidate an action." *Pfeffer*, 2012 WL 394645, at *1 (citing *Frazier v. Garrison ISD*, 980 F.2d 1514, 1532 (5th Cir. 1993)). Indeed, in *PB&J Software, LLC v. Acronis, Inc.*, the court denied consolidation where "three judges presiding over the four cases may easily be made aware of relevant prior rulings, and they may choose to accept or reject prior rulings as they see fit. The same is true for other motions, dispositive or otherwise." No. 4:12-cv-690, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012). The situation

---

[1] Ocean's reliance on *Dryshod Int'l, LLC v. Haas Outdoors, Inc.*, is misplaced. Mot. at 5. *Dryshod* is not analogous to the present facts as it involved two mirror-image trademark and copyright infringement/non-infringement suits with identical parties. No. 1:18-CV-596-RP, 2019 WL 5149860, at *1 (W.D. Tex. Jan. 18, 2019). Similarly, Ocean's reliance on *Raymond v. Ivest Props.*, is not helpful. Mot. at 6. In *Raymond*, the second case was intended to be filed as an amended complaint in the first, and thus consolidation was appropriate. No. SA-20-CV-00965-FB, 2021 WL 725819, at *2–3 (W.D. Tex. Feb. 17, 2021).

here is simpler than in *PB&J Software*: the Court will be aware of its prior rulings in the related causes of action. As such, the risk of inconsistent results is nonexistent and this factor does not weigh in favor of consolidation.

4. ***Consolidation will not significantly reduce the time/cost of these cases.***

Ocean contends that consolidation will promote judicial efficiency through consolidated discovery (Mot. at 6–7), but ignores the impact of consolidation on other aspects of the case. For example, any time savings by a single deposition to cover a witness' background information only once is far outweighed by the likely confusion and inadvertent mistakes that would be made by the witness and the attorneys during a marathon deposition discussing the manufacturing processes involved for hundreds of different products for seven separate Defendants. And, while some witnesses may overlap, there is no question that many witnesses are unique to each action, such as staff and employees of both Defendants and individual foundry locations with their particular knowledge regarding the manufacturing processes and tools used at separate facilities.

Ocean, in support of its position, relies on *DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, in which the defendants, common to two cases, sought consolidation when the plaintiffs asserted "virtually identical allegations and causes of action . . . the only meaningful difference is the names of the plaintiffs." No. 4:11-cv-1355-MFH, 2013 WL 3229686 (S.D. Tex. June 24, 2013). As discussed above, the accusations in the current cases are not so straightforward. Here, Ocean proposes consolidating seven individual actions that include unique parties, only one common foundry partner, and only some common patents and tools.

Consolidation will not significantly reduce the time and cost necessary to complete discovery or try these cases. Rather, consolidating these cases is likely to make them more complex. In denying consolidation in *YETI*, the court explained that consolidation "would lead to one significantly more complex case, rather than three relatively simple ones." 2017 WL

5505325, at *3. That is precisely the scenario Ocean is advocating here, which will make the current proceedings more complex and potentially unmanageable.

Finally, consolidation is not the only avenue available to the parties to avoid duplicative discovery and reduce pretrial costs where appropriate. Ocean's analysis ignores this Court's usual practice of coordinating related cases—*i.e.*, setting them on the same schedule and for a single *Markman* hearing, which Silicon Labs would not oppose. This practice results in much of the streamlining and efficiencies that Ocean incorrectly contends requires formal consolidation. Additionally, where appropriate, Silicon Labs would consider sharing documents across cases, making appropriate stipulations, abiding by common protective orders, and other reasonable accommodations to avoid the unnecessary expenditure of resources responding to redundant discovery requests. As such, this factor either weighs against consolidation or is at best neutral.

### 5. *The remaining factors are neutral or weigh against consolidation*

Ocean incorrectly argues that its decision to file seven cases in the same court at the same time favors consolidation. Mot. at 4. But, such a filing strategy is common, and does not weigh heavily in favor of consolidation. *Neutron Depot, LLC v. Bankrate, Inc.*, No. 2:14-cv-192, 2016 WL 3536721, at *2 (S.D. Tex. June 29, 2016). And even though Ocean is a common party, because the Defendants are all different entities, this factor weighs against consolidation or is neutral. *Id*.

### III. CONCLUSION

As explained above, Ocean fails to meet its threshold burden of demonstrating that these seven cases have common questions of law and fact. The material facts needed to resolve each case, such as the specific methods and tools used in manufacturing, are unquestionably unique to each case. Further, even if there were sufficient common questions of fact and law, the relevant factors strongly weigh against consolidation. Ocean's Motion should be denied in its entirety.

June 4, 2021                                  Respectfully submitted,

                                              By:   /s/  Marc B. Collier

                                              Marc B. Collier (SBN 00792418)
marc.collier@nortonrosefulbright.com
Eric C. Green (SBN 24069824)
eric.green@nortonrosefulbright.com
Catherine Garza (SBN 24073318)
Cat.garza@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Tel:   (512) 474-5201
Fax:   (512) 536-4598

Richard S. Zembek (SBN 00797726)
richard.zembek@nortonrosefulbright.com
Darren Smith (SBN 24088433)
Darren.smith@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151
Fax: (713) 651-5246

**COUNSEL FOR DEFENDANT SILICON LABORATORIES INC.**

## CERTIFICATE OF SERVICE

I certify that on June 4, 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                              By: */s/ Eric C. Green*
                                                     Eric C. Green