# EXHIBIT 2

fUNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

WESTERN DIGITAL TECHNOLOGIES, INC.,
Petitioner

v.

OCEAN SEMICONDUCTOR LLC,
Patent Owner

_____

Case No. IPR2021-00864
Patent No. 6,660,651

**Petition for *Inter Partes* Review**

cases currently pending before the same judge, and (iii) the tendency for trial dates in the Western District of Texas to be pushed back in general. *See* Ex. 1014, 3 ("In the WDTX, 70% of trial dates initially relied upon by the PTAB to deny petitions have slid."); Ex. 1015 (as of April 27, 2021, Judge Albright has over 700 active patent cases on his docket); *see also Western Digital*, IPR2020-01410, Paper 13, 10-11; *Micron Tech., Inc. v. Godo Kaisha IP Bridge 1*, IPR2020-01008, Paper 10, 13-14  (PTAB Dec. 7, 2020); *Sand Revolution*, IPR2019-01393, Paper 24, 9.

In contrast, the Board must adhere to the one-year statutory deadline prescribed by 35 U.S.C. §316(a)(11), and has done so throughout the COVID-19 pandemic.  *See Sand Revolution*, IPR2019-01393, Paper 24, 9.

Accordingly, factor 2 favors institution.

### 3. Factor 3: There is No Schedule and the District Court's Minimal Investment in the Merits of the Litigation Favors Institution

The district court case is in its infancy.  There is no schedule, no trial date has been set, no discovery has occurred (such as infringement contentions), and the district court has invested no time on the merits of the litigation.  Moreover, Petitioner has been diligent, filing this petition less than four months after Patent Owner filed the district-court complaint asserting

5

seven patents containing hundreds of combined claims (with the '651 patent alone having 86 claims).  *See generally* Ex. 1013; Ex. 1001, 13:41-18:51.

Accordingly, factor 3 favors institution.  *See Apple Inc. v. Seven Networks, LLC*, IPR2020-00156, Paper No. 10, 11 (PTAB Jun. 15, 2020) (finding diligence in filing petition where petition was filed four months before Section 315(b) statutory bar date); *Micron*, IPR2020-01008, Paper 10, 16 (factor "weigh[ed] strongly against exercising discretion to deny the Petition" where "Petitioner has been exceptionally diligent filing the Petition, doing so without the benefit of Patent Owner's infringement allegations.").

### 4. Factor 4: The Minimal Overlap Between Issues in this IPR and the District Court Case Favors Institution

Petitioner has not served invalidity contentions in the district-court case.  However, Petitioner expects that its invalidity positions in district court will be vastly different from the grounds submitted in this petition. For example, the accused tool alleged to be used to make the accused products pre-dates the '651 patent, and, thus Petitioner expects to rely heavily upon product prior art not available in an IPR.  *See* Ex. 1013, 23 (¶74); Ex. 1016, 1.

Further, if the Board institutes trial in this proceeding, ==Petitioner will stipulate that it will not pursue invalidity on the same grounds in district court.==

*See Fintiv*, IPR2020-00019, Paper No. 11, 12-13 (use of different prior art in IPR petition); *Western Digital*, IPR2020-01410, Paper 13, 14-15.

Last, the Petition challenges claims 19, 22, 72, 74-75, 77, 79, and 81, but Patent Owner's district-court complaint only alleges infringement of claim 19.  Ex. 1013, 23 (¶74).  As such, the Board will resolve claims which the district court will not address, while the opposite is not true.  *See Seven Networks*, IPR2020-00156, Paper 10, 17 (fact that Board will resolve claims that district court will not address weighs in favor of institution).

Factor 4 thus also favors institution.

### 5. Factor 5: The Parties are Involved in the District Court Case, But Additional RPI are Not

Petitioner and Patent Owner are involved in the district-court case, but the additional real-parties-in-interest are not.  Accordingly, factor 5 is neutral.

### 6. Factor 6: The Merits of this IPR Favor Institution

Petitioner's Grounds are especially strong (*see* Sections V-VI), further favoring institution.  *See Fintiv*, IPR2020-00019, Paper 11, 14-15; *Western Digital*, IPR2020-01410, Paper 13, 15-16.

(i) the limitation in claim 75 is disclosed by Wakui and (ii) claim 75 is obvious in view of Wakui and Magome (*i.e.*, for the same reasons as claim 19). *See also* Ex. 1003 ¶¶292-293; §VI.D.1.

### 6. Claims 77, 79, and 81

Claims 77, 79, and 81 are the same as claims 72, 74, and 75, respectively, except that the latter requires the wafer stage surface to raised while the former requires the wafer stage surface to be lowered.

Claims 77, 79, and 81 are obvious over Wakui and Magome for the same reasons as discussed above in Sections VI.D.3-5 with respect to claims 72, 74, and 75. That is, Wakui discloses that the stage surface is adjustable in the Z direction (*i.e.*, raised and lowered between a first plane to a second parallel plane). Ex. 1005 ¶¶0025-27, FIG. 1; Ex. 1003 ¶¶294-296; *see also* ¶¶235-237.

## VII. Conclusion

The Challenged Claims are unpatentable. Petitioner requests cancellation.

Respectfully submitted,

SHEARMAN & STERLING LLP

Dated: April 29, 2021         */Matt Berkowitz/*
                              Matt Berkowitz (Reg. No. 57,215)