IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>    Plaintiff<br><br> v.<br><br>Silicon Laboratories, Inc.,<br><br>    Defendant. | Civil Action No.: 6:20-cv-1214-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**PLAINTIFF OCEAN SEMICONDUCTOR LLC'S REPLY IN SUPPORT OF ITS
MOTION FOR PRE-TRIAL CONSOLIDATION OF CO-PENDING RELATED CASES**

Timothy Devlin
tdevlin@devlinlawfirm.com
Henrik D. Parker
hparker@devlinlawfirm.com
Alex Chan (State Bar No. 24108051)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

DATED:  June 17, 2021

Based on the Defendants' Oppositions to Ocean's Motions to Consolidate, there is no dispute that the related cases should have coordinated *Markman* briefing and hearing. Beyond that, the seven Oppositions could easily have been presented as a single Opposition, and Ocean files this substantively identical Reply in all seven actions for the Court's convenience. In each Opposition, Defendants argue against pretrial consolidation by highlighting certain differences between the actions while studiously avoiding both the many, predominant commonalties and any meaningful discussion of the overriding consideration favoring consolidation: judicial efficiency. What Ocean seeks is judicial and party efficiency by eliminating unnecessary duplication while avoiding inappropriate prejudice to any party. The alleged prejudices conjured by Defendants can be avoided by simple procedural tools common to numerous groups of patent cases like the ones here. The Court should grant Ocean's Motions to Consolidate.

I.  **JUDICIAL EFFICIENCY IS BEST SERVED BY CONSOLIDATING PRETRIAL COMMON ISSUES OF LAW AND FACT**

As discussed in the Motions and below, the seven actions have very signficant overlaps in asserted patents, foundry partners, and offending manufacturing tools. (Dkt. 19 at 6.)[1] Further, all seven actions are currently at the same pleading stage. (*Id.*) Not surprisingly, at least one court in this District has held that such situations raise "***obvious*** common issues of law and fact" and that "judicial economy will be served by consolidating the cases for pretrial purposes." *Auto-Dril, Inc. v. Canrig Drilling Tech., Ltd.*, No. 6:15-CV-00096-JCM, 2015 U.S. Dist. LEXIS 183478, at *14 (W.D. Tex. June 29, 2015).[2] Moreover, as another W.D.Tex. court found, multiple lawsuits involving the same underlying patents "present[] administrative challenges for the Court and, left unchecked, wastes judicial resources by requiring common issues to be

---

[1] Unless noted otherwise, docket citations herein are to *Ocean Semiconductor LLC v. Mediatek Inc. and Mediatek USA Inc.*, C.A. No. 6:20-cv-1210 (W.D. Tex.), although the substance of each such citation appears in substantively similar fashion in the other six actions.
[2] Unless noted otherwise, all emphasis in this Reply is added.

1

addressed individually for each case." *Affinity Labs of Tex., LLC v. BlackBerry Ltd.*, 6-13-cv-00362, Dkt. 41 at 11 (W.D. Tex. Apr. 4, 2014) (granting, *inter alia*, consolidation of nine actions in two groups involving the same patents used in "comparable technologies") (quoting *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, 6:12-CV-508-LED, 2012 U.S. Dist. LEXIS 112757, at *16 (E.D. Tex. Aug. 10, 2012). This is a principal reason supporting pretrial consolidation here.

The Defendants disingenuously argue that the actions share "similar," but not "common," issues of law and fact (*see, e.g.,* Dkt. 25 at 5). Indeed, while four Defendants present substantively identical charts purporting to show how different the actions are (Dkt. 25 at 3), the tables (and in NXP's and STMicro's cases, the surrounding text) wholly ignore the much more significant overlap of common issues. ***All*** of the actions share at least ***seven common*** utility patents, ***four common*** fabrication tools, and ***one common*** foundry partner. (*See* Dkt. 19 at 1-2.)[3] Indeed, the common issues here include both validity ***and infringement***, since (unlike most patent cases) the specific final products are not directly at issue. Instead, it is the methods employed by the common fabrication tools, rather than by the final consumer products, that will be compared to the patent claims. These commonalities far outweigh the non-common issues. To the extent that discovery or legal issues do vary, they can easily be addressed procedurally.

Defendants insist that, without "complete" overlap between the patents, manufacturing tools, foundry partners, and products amongst all defendants, ***no*** efficiencies are gained. (*See, e.g.,* Dkt. 25 at 7: "Consolidation does not increase judicial efficiency.")[4] This illogical assertion

---

[3] Western Digital's table and text (6:20-cv-1216, Dkt. 28 at 4) goes way too far in alleging that the only tools involved in the accused manufacturing are the two non-common-to-all (but common to some) tools because, in so doing, it deliberately fails to mention the four accused "Common Tools" ***that are used by all seven Defendants***.
[4] Silicon Labs goes so far as to argue that a lack of complete overlap means "as a matter of law" that there can be no consolidation. (6:20-cv-1214 Dkt. 25 at 3.) This is ***not*** true and the S.D. Tex. case cited—*Goodridge v. Hewlett-Packard, Co.*, No. H-07-4162, 2008 U.S. Dist. LEXIS 136832 (S.D. Tex.)—says no such thing. Among other things, all parties there conceded that the actions did not share ***any*** common question of law. *Id.*, 2008 U.S. Dist. LEXIS 136832 at *4.

2

contradicts the law of this District. *See, e.g., Auto-Dril*, 2015 U.S. Dist. LEXIS 183478, at *14; *Affinity Labs of Tex.*, 6-13-cv-00362, Dkt. 41 at 13 (finding that common briefing on common issues would "conserve judicial resources and promote consistent rulings" and that consolidation "will promote efficiency and judicial economy, while still maintaining fairness" (citing cases)).

Defendants also cite to *Yeti Coolers, LLC v. RTIC Coolers, LLC*, No. 1:16-cv-264-RP, 2017 U.S. Dist. LEXIS 220555 (W.D. Tex. Jan. 18, 2017), or the substantively identical *RTIC Drinkware, LLC v. Yeti Coolers, LLC*, No. 1:16-cv-907-RP, 2017 U.S. Dist. LEXIS 222938 (W.D. Tex. Jan. 18, 2017), but those cases are readily distinguishable, as the motions to consolidate there were filed by the defendants, and only one of the actions there involved a utility patent (as opposed to, e.g., trade dress, trademark, and copyright issuess) such that there were no common patent/claim construction issues. *Yeti* Coolers, 2017 U.S. Dist. LEXIS 220555 at *10. By comparison, all of the actions here share multiple patents, fabrication tools, and at least one common foundry partner (with another involved in several of the actions).[5]

Defendants' further assertion that judicial efficiency is not gained since this Court's OGP "giv[es] each Defendant its full discovery and briefing rights" (Dkt. 25 at 7) is belied by the fact that the OGP requires joint briefing amongst the consolidated defendants for claim construction briefing. (OGP Version 3.3, at 3.) Moreover, at least one court in this District has recognized that individual briefing of common legal issues is a waste of "the Court's limited resources." *See Affinity Labs of Tex.*, 6-13-cv-00362, Dkt. 42 at 12 ("Given the Court's limited resources and considerable . . . caseload, the Court cannot waste time to consider nine separate motions and pretrial claims where the same arguments will be proffered in each individual case"). That court

---

[5] Most of Defendants' additional case cites are from other districts, did not involve patents, and/or had actions that were at substantially different stages and are, thus, inapposite. It is unclear why Renesas and Western Digital cite to *StratosAudio Inc. v. Volkswagen Grp. of Amer., Inc.*, Case No. 6:20-CV-01131-ADA, Joint Motion for Entry of Disputed Scheduling Orders (D.I. 29) (W.D. Tex. May 27, 2021), as there is nothing in this pleading that addresses consolidation.

3

further found that joint briefing on common issues would "conserve judicial resources and promote consistent rulings" and that consolidation "will promote efficiency and judicial economy, while still maintaining fairness" (*id.* at 13 (citing cases)), effectively undermining Defendants' assertion that no legal basis exists to join briefing on common issues (Dkt. 25 at 6).

Joint briefing is simply not uncommon.[6] While there may be situations where some individualized briefing or page limits make sense with respect to distinct issues, those instances can be readily addressed as they arise.

## II. NO RISK OF PREJUDICE OR CONFUSION EXISTS FROM CONSOLIDATION THAT CAN'T BE CORRECTED BY SIMPLE PROCEDURAL MECHANISMS

Despite Defendants' arguments to the contrary (Dkt. 25 at 4), as discussed in the Motions (Dkt. 19 at 4), there is no risk of prejudice or confusion if the actions are consolidated for pretrial purposes in an appropriate manner. Moreover, as even Defendants' Oppositions highlight, the test is not whether Defendants will be prejudiced at all, but whether that prejudice outweighs the judicial efficiency gained by consolidation. *Auto-Dril*, 2015 U.S. Dist. LEXIS 183478, at *13-14. Here, the benefits of consolidation far outweigh any perceived prejudice.

Defendants illogically argue that joint briefing on certain issues will prejudice them on all pretrial issues because there is not complete overlap of all patents, all manufacturing tools, all accused products, and all foundry partners. (Dkt. 25 at 5.) This argument, however, ignores the wide diversity of common legal and factual issues, including, *inter alia*, the pending Motions to

---

[6] Indeed, Defendant NVIDIA does not oppose such joint briefing on common issues. (6:20-cv-1211, Dkt. 26 at 5). Moreover, other Districts impose such limitations as a matter of course even for case dispositive motions. For example, one court in the District of Delaware routinely prescribes that consolidated parties as a group are subject to the same page limits as single parties for case dispositive and Daubert Motions. *See* Judge Stark's Revised Patent Form Scheduling Order at 12, n.1 (Revised June 2014) ("The parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order ***and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.***")

4

Dismiss; the *Markman* process for the seven common patents; discovery about validity issues for those patents, about common fabrication tools, and about common foundries; summary judgment motions relating to any of the above; and other aspects of the pretrial process.

Contrary to Defendants' argument, Ocean does **not** propose that joint briefing or discovery be compelled on issues not common amongst the Defendants. (On this point, Defendants repeatedly, and without declaration support, mischaracterize a "meet and confer" held between the parties after Ocean had filed its Motions.) As but one example of where common briefing would have sufficed (*see* Dkt. 19 at 7), the seven pending Motions to Dismiss share common arguments that could readily have been consolidated into a single set of joint briefs to the clear benefit of this Court. Many other discovery and motion issues are the same, and Ocean will work with the Defendants to accommodate for situations where issues are not common amongst the parties.

Finally, while Defendants argue vociferously that any benefit to Ocean through consolidation necessarily prejudices Defendants, this is a red herring. In fact, **all** parties and the Court benefit from consolidation. The Court benefits from a consolidated motions practice for *Markman*, discovery, and a variety of other common issues. Defendants, for example, benefit from the consolidated briefing because each defendant would no longer be required to draft a full brief, but rather would coordinate with the other defendants for research and drafting purpose. Further, limiting the amount of briefing to be considered by the Court, and the number of resulting opinions needed, will likely expedite when opinions are issued to the benefit of all.

### III.   CONCLUSION

Consolidation of the common factual and legal issues here creates "obvious" benefits and conserves the Court's limited resources while the procedural tools available to the Court can eliminate any potential prejudice to the parties. The Court should grant Ocean's Motions.

Dated: June 17, 2021

                Respectfully Submitted,

                <u>/s/Alex Chan</u>
                Timothy Devlin
                tdevlin@devlinlawfirm.com
                Henrik D. Parker
                hparker@devlinlawfirm.com
                Alex Chan
                State Bar No. 24108051
                achan@devlinlawfirm.com
                DEVLIN LAW FIRM LLC
                1526 Gilpin Avenue
                Wilmington, Delaware 19806
                Telephone: (302) 449-9010
                Facsimile: (302) 353-4251

                *Attorneys for Plaintiff,*
                *Ocean Semiconductor LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2021, a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF system.

                                                */s/ Alex Chan*
                                                Alex Chan