## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>            Plaintiff<br><br>   v.<br><br>Silicon Laboratories Inc.,<br><br>            Defendant. | CIVIL ACTION NO.  6:20-cv-1214-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

### JOINT MOTION FOR ENTRY OF SCHEDULING ORDER

The Court has instructed that the pre-trial schedules in seven separate actions currently pending before this Court— *Ocean Semiconductor LLC v. MediaTek Inc.*, No. 6:20-cv-1210-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. NVIDIA Corp.*, No. 6:20-cv-1211-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. NXP Semiconductors N.V.*, No. 6:20-cv-1212-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. Renesas Electronics Corp.*, No. 6:20-cv-1213-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. Silicon Labs Inc.*, No. 6:20-cv-1214-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. STMicroelectronics Inc.*, No. 6:20-cv-1215-ADA (W.D. Tex.); and *Ocean Semiconductor LLC v. Western Digital Techs., Inc.*, No. 6:20-cv-1216-ADA (W.D. Tex.)— "should go forward on the same schedule. Thus, there will be coordinated/joint Markman proceedings, discovery, and pretrial briefing." (*See* email communications between Henrik Parker, counsel for Ocean, and Evan Pearson, Law Clerk to the Honorable Alan D. Albright, dated June 29-30, 2021.)  While the parties in the seven actions have conferred over the last week, they have been unable to agree on a pre-trial schedule.  As a result, set forth separately below are the positions

1

of Ocean and of the defendants as to why their proposed schedule is more appropriate.   The Defendants in the related actions are proposing the same schedule for each related case.

Set out in Attachment A is a comparison of the proposed schedules containing separate columns for each of the various deadlines contained within the Court's most recent standard Order Governing Proceedings – Patent Case (filed June 24, 2021) ("the OGP") and setting out  the dates for each deadline: (a) per the Court's default schedule in accordance with the OGP; (b) as proposed by plaintiff Ocean Semiconductor LLC ("Ocean"); and (c) as proposed by the defendants.

Attachment B is a proposed Scheduling Order reflecting Ocean's proposal.

Attachment C is a proposed Scheduling Order reflecting Defendants' proposal.

**Plaintiff Ocean Semiconductor's Scheduling Proposal**

Other than dealing with one minor internal inconsistency within the Court's OGP, Ocean believes that the Court's default schedule as calculated using the time periods set out in the Appendix to the OGP is wholly appropriate for all of the actions.   This is particularly true since the actions were already a full six months old before the Court set a designated June 30, 2021, Case Management Conference ("CMC") date meaning that, even under the default schedule, trial will not occur until more than 23 months after filing.   As such, Ocean proposes a schedule that reaches both the *Markman* Hearing date and a date for trial in accordance with the default deadlines measured from the CMC date of June 30, 2021.

The one difference between Ocean's proposal and the Court's default schedule arises because of the inherent inconsistency between the "22 weeks after CMC *(but at least 10 days before Markman hearing)*" (emphasis added) deadline for tutorials and the "23 weeks after CMC" deadline for the *Markman* Hearing (and the extended date for defendants' invalidity contentions).   To deal with this inconsistency, Ocean proposes to keep the *Markman* Hearing at the stated 23

2

weeks after the CMC (December 8, 2021) but move several of the various deadlines for the briefing leading to the *Markman* Hearing back between two to seven days depending on the item.  All post-*Markman* Hearing deadlines track the Court's default schedule.

Defendants' proposal, on the other hand, needlessly extends the time period between deadlines at least fourteen different times, usually by at least a week and, in many instances, by two weeks.

Moreover, while defendants only argument during the initial meet and confers about a Scheduling Order was that the pre-*Markman* Hearing schedule should be extended due to Ocean asserting more than the normal number of patent claims causing them to allegedly need more time for ***claim construction briefing***.  Nevertheless, six of their time interval extensions occur ***after*** the *Markman* Hearing:

- Extending the deadline for serving Final Infringement and Invalidity Contentions by two weeks;

- Extending the time between the close of fact discovery and service of opening expert reports by a week;

- Extending the time between opening expert reports rebuttal expert reports by a week;

- Extending the time between rebuttal expert reports and the close of expert discovery by a week;

- Extending the time between the close of expert discovery and dispositive and Daubert motions by two weeks; and

- Extending the time between the filing of dispositive and Daubert motions and the filing of Pretrial Disclosures by a week.

To demonstrate Ocean's reasonableness, during the meet and confers about a proposed schedule, Ocean offered to counterbalance defendants' only then-alleged concern about needing more time for claim construction briefing by extending various pre-*Markman* Hearing deadlines along the lines of what the defendants propose (although there should still not be disproportionate extensions) ***provided that*** defendants agreed to shorten the post-*Markman* Hearing deadlines in a way that would get the actions to trial at roughly the time designated under the Court's default schedule.   In other words, Ocean offered to give the defendants more time to deal with claim construction provided that they would agree to compress the post-*Markman* hearing deadlines. Defendants declined this offer.

During the initial meet and confers, no reasoned basis was given for defendants' sought post-*Markman* Hearing extensions.  Only when providing their Joint Motion inserts to Ocean this afternoon did defendants first mention a need for more time post-*Markman* Hearing based on a contention that discovery will be "unusually lengthy and complex."  Defendants' contention is inaccurate.

As illustrated in the Complaint (and in Ocean's Infringement Contentions, which Ocean will provide to the Court if the Court would like to see them), the accused processes involved in the manufacture of the infringing products are largely the same across all of the infringing products such that discovery will be comparatively simple.  The fact that these actions involve third parties is no different from most other patent cases pending in this district.  Further, whether or not the original assignee of a patent is involved in this action, nor whether Ocean "controls" the named inventors, has no substantial bearing on the complexity of discovery.

Further, many of the asserted patents overlap in substance and even claim scope.  For example, U.S. Patent Nos. 6,907,305 and 6,968,248 are parent and child so they share a common

specification as are the two stiffener patents asserted against NVIDIA (U.S. Patent Nos. 8,120,170 and 8,847,383).  Three of the other patents (U.S. Patent Nos. 6,725,402, 6,836,691, and 8,676,538) deal with the same concept—fault detection.  Finally, while a significant number of claims have been initially asserted, as with most patent cases, it is likely that the number will be narrowed as the case proceeds.  Indeed, the schedule includes two dates to meet and confer with respect to just such narrowing.  Thus, while it is not disputed that these actions involves multiple patents, defendants have exaggerated their complexity.

The bottom line is that Ocean is committed to meeting this Court's default deadline time intervals despite any of the issues alleged by defendants and there is no reason why defendants—significantly bigger and better-resourced—should not be able to do so as well.

Still further, defendants propose to have pretrial and possibly trial in February, 2023— a time frame that coincides with lengthy Chinese New Year and when many companies shut down for multiple weeks.  Given that the two principal foundries in this action (TSMC and UMC) as well as defendants NVIDIA and MediaTek are headquartered in China or Taiwan, defendants' proposal will likely end up requiring further extensions in order to accommodate parties and witnesses abroad.  Thus, while it may appear on its face that defendants' proposed schedule seeks only a 4-5 month extension to the default schedule, it is almost certain that it will take substantially longer to get to trial.

Beyond all of the rest, at a minimum, Ocean's proposed schedule offers the best alternative for proceeding promptly to trial.  If it is determined at a later time that unusual events and/or complexity necessitate revising the schedule to allow more time for particular pre-trial activities, or to accommodate witnesses or the Court's own schedule, the Court can re-visit the schedule, e.g., after the *Markman* hearing.

**<u>Defendants' Scheduling Proposal</u>**

This case should proceed on an extended schedule because of its size, complexity, and circumstances.   In each of the seven related cases Ocean filed in this District alone, Ocean asserts between seven and ten patents (and only two of the seven patents asserted against Silicon Labs are related); asserts between 74 and 92 claims; and accuses hundreds of products of infringement.[1] Further compounding the complexity, Ocean's infringement allegations implicate a third party semiconductor fabrication manufacturer and three third party tool fabrication vendors, as well as a third party former patent owner and multiple third-party inventors.

To account for the large number of asserted patents, claims, accused products, and third parties—and in accordance with the Court's guidance provided on its Frequently Asked Questions website—Silicon Labs requests a schedule that extends the Court's default schedule by approximately five months to provide adequate time for Silicon Labs to prepare claim construction, invalidity, noninfringement, and discovery.   Silicon Labs requests a *Markman* hearing approximately two months later than the date suggested in the Court's default schedule and a dispositive motion deadline that is approximately four months later than the exemplary schedule.

These accommodations are reasonable.  The Court's guidance explains that a case with 50 asserted claims—far fewer than the number asserted here, let alone across all of the related cases— justifies an expanded schedule.[2]  For example, in another case where the plaintiff asserted 60

---

[1] Defendants asked Ocean to reduce its asserted claims to 35 in exchange for a schedule that more closely aligned with the Court's default schedule. Ocean refused.
[2] The Court's Frequently Asked Questions guidance provides: "Claim Construction/ May 2020: Scheduling for large number of asserted claims[.] Q. If Plaintiff asserts a large number of claims, e.g., 50-60, how might that impact the claim construction schedule? A. Plaintiff can either reduce

claims before *Markman*, the Court extended the default schedule by eight weeks.  *See Hammond Dev. Int'l, Inc. vs Amazon.com, Inc.*,  No. 6:19-cv-00355-ADA (W.D. Tex. Oct. 18,2019) Dkt. 48 (setting Markman hearing 31 weeks after CMC where default schedule provided for 23 weeks), Dkt. 47 (plaintiff's commitment to select 60 asserted claims).  Here, where the plaintiff asserts anywhere from 20 to 40 more claims than the Court's 50-claim example, a five-month schedule expansion is more than justified.

In contrast to Defendants' reasonable scheduling adjustments given the massive scale of the cases, Ocean offered to negotiate a case schedule that would expand the pre-*Markman* schedule relative to the Court's default schedule but included a ***compressed*** post-*Markman* schedule. Ocean's offer runs contrary to the Court's guidance, which supports an expanded post-*Markman* schedule given the complexity of this case:

> The Court sets the trial date based on the number of asserted patents and the perceived complexity of the case. For a case with fewer asserted patents and/or with a lower perceived complexity, the Court will set a shorter Markman to Trial timeline. ***For a case with more asserted patents and/or with a higher perceived complexity, the Court will set a longer Markman to Trial timeline***. The timeline in the OGP is merely an example for a case where the number of asserted patents and perceived complexity of the case warrant a 12 month Markman to trial timeline. It is not the default timeline or the shortest timeline.

*See* https://www.txwd.uscourts.gov/for-attorneys/judge-albright-courtroom-faq/ (last visited July 13, 2021) (emphasis added).  Ocean has provided no legitimate justification for ***expediting*** the post-*Markman* schedule given the scope and complexity of the cases that it chose to file.

Finally, adopting Ocean's proposed schedule would materially prejudice the Defendants as  discovery is expected to be unusually lengthy and complex.  Ocean alleges that a third party

---

the number of claims or, if not, then the Court will extend the schedule to provide extra time for the parties to adequately brief and prepare for the Markman hearing." https://www.txwd.uscourts.gov/for-attorneys/judge-albright-courtroom-faq/ (last visited July 13, 2021).

uses the patented processes to make the dozens of accused products against Silicon Labs (as well as the thousands of accused products across the related cases), and various third parties manufacture the tools used in these allegedly infringing processes.  In most cases, those third parties—not the defendants—control the key documents and witnesses that are relevant to the core issues of infringement and validity.  Further, Advanced Micro Devices, the original assignee of the asserted patents, is not a party to this case.  To the best of Silicon Labs' knowledge,  Ocean does not control the inventors of the asserted patents either.  The Defendants' proposed extended schedule is thus reasonable because it offers the parties the benefit of additional time to seek and obtain discovery from third parties on these core issues.


Dated:  July 14, 2021                                    Respectfully submitted,


By:  */s/ Alex Chan*_____              By:  */s/ Marc B. Collier*_____
Timothy Devlin                                          Marc B. Collier (SBN 00792418)
tdevlin@devlinlawfirm.com                               marc.collier@nortonrosefulbright.com
Henrik D. Parker                                        Eric C. Green (SBN 24069824)
hparker@devlinlawfirm.com                               eric.green@nortonrosefulbright.com
Alex Chan                                               Catherine Garza (SBN 24073318)
State Bar No. 24108051                                  Cat.garza@nortonrosefulbright.com
achan@devlinlawfirm.com                                 NORTON ROSE FULBRIGHT US LLP
DEVLIN LAW FIRM LLC                                     98 San Jacinto Boulevard, Suite 1100
1526 Gilpin Avenue                                      Austin, Texas 78701
Wilmington, Delaware 19806                              Tel: (512) 474-5201
Telephone: (302) 449-9010                               Fax: (512) 536-4598
Facsimile: (302) 353-4251

*Attorneys for Plaintiff,*                              Richard S. Zembek (SBN 00797726)
*Ocean Semiconductor LLC*                               richard.zembek@nortonrosefulbright.com
                                                        Darren Smith (SBN 24088433)
                                                        Darren.smith@nortonrosefulbright.com
                                                        NORTON ROSE FULBRIGHT US LLP
                                                        1301 McKinney, Suite 5100
                                                        Houston, Texas 77010-3095
                                                        Tel: (713) 651-5151
                                                        Fax: (713) 651-5246

*COUNSEL FOR DEFENDANT SILICON LABORATORIES INC.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 14, 2021 a true and correct copy of the

foregoing document was served on all attorneys of record who have consented to electronic

service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/ Alex Chan*
Alex Chan