# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Silicon Laboratories Inc.,<br><br>    Defendant. | Civil Action No.: 6:20-cv-1214-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**PLAINTIFF OCEAN SEMICONDUCTOR LLC'S OPPOSITION TO DEFENDANT
SILICON LABORATORIES INC.'S MOTION FOR INTRA-DISTRICT TRANSFER**

Timothy Devlin
tdevlin@devlinlawfirm.com
Henrik D. Parker
hparker@devlinlawfirm.com
Alex Chan (State Bar No. 24108051)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

DATED: September 3, 2021

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................ 1

II.    LEGAL STANDARD ......................................................................................................... 2

III.   ARGUMENT ....................................................................................................................... 3

   A.   The Relative Ease of Access to Sources of Proof Factor Is Neutral .......................... 4

   B.   The Cost of Attendance for Willing Witnesses is Greatest for Witnesses Who Are From Outside the District, Making This Factor Neutral ...................................................... 6

   C.   Significant Practical Factors Weigh Heavily Against Transfer ................................. 7

      1.   Silicon Labs Should Not Be Rewarded For Unduly Delaying the Filing of Its Motion For Its Own Strategic Purposes ................................................................. 7

      2.   The Parties and This Court Have Already Invested Significant Time and Resources that Would Likely Be Lost in a Transfer ............................................. 8

      3.   The Likelihood of Faster Disposition in this Court Weighs Against Transfer ... 10

   D.   Silicon Labs Concedes that Several Factors Do Not Weigh in Favor of Transfer . 10

   E.   To Date, Two Defendants in Parallel Actions Before This Court Have Not Moved to Transfer, Raising Additional, Substantial Practical Problems to Transfer .................. 10

   F.   The "Local Interest" Factor Does Not Weigh Substantially in Favor of Transfer 12

   G.   Applicable Case Law Supports Denial of Transfer and the Cases Cited by Silicon Labs Are Inapposite ............................................................................................................ 13

   H.   Summary:  Most Factors Are Neutral and the Only One that Weighs Heavily One Way or the Other Favors Denial of Transfer .................................................................... 14

IV.    CONCLUSION ................................................................................................................. 15


## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Action Indus. v. United States Fid. & Guar. Co.*,
   358 F.3d 337 (5th Cir. 2004) .................................................................................................. 2, 3

*AT&T Intellectual Prop. I, L.P. v. Airbiquity Inc.*,
   C.A. No. 3:08-1637-M,
   2009 U.S. Dist. LEXIS 25100 (N.D. Tex. Mar. 24, 2009) ......................................................... 5

*Datascape, Ltd. v. Dell Techs., Inc.*,
   No. 6:19-CV-00129,
   2019 U.S. Dist. LEXIS 154170 (W.D. Tex. June 7, 2019) ...................................................... 14

*Fintiv, Inc. v. Apple Inc.*,
   C.A. No. 6:18-00372-ADA,
   2019 U.S. Dist. LEXIS 171102 (W.D. Tex. Sep. 10, 2019) ....................................................... 5

*Freehold Licensing, Inc. v. Aequitatem Capital Partners, LLC*,
   A-18-cv-413 LY,
   2018 U.S. Dist. LEXIS 184352 (W.D. Tex. Oct. 29, 2018) ....................................................... 6

*Freshub, Inc. v. Amazon.com Inc.*,
   No. 6:19-cv-388-ADA, Dkt. 29 (W.D. Tex. Sept. 9, 2019) ..................................................... 14

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020) ................................................................................................. 4

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ................................................................................................. 4

*In re Horseshoe Entm't*,
   337 F.3d 429 (5th Cir. 2003) ..................................................................................................... 2

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ................................................................................................... 13

*In re Vistaprint Ltd.*,
   628 F.3d 1342 (Fed. Cir. 2010) ............................................................................................... 12

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ............................................................................................ 2, 3, 5

*In re Volkswagen of Am., Inc.*,
   566 F.3d 1349 (Fed. Cir. 2009) ............................................................................................... 13

*Kuster v. W. Dig. Techs., Inc.*,
   C.A. No. 6:20-00563-ADA,
   2021 U.S. Dist. LEXIS 25256 (W.D. Tex. Feb. 9, 2021) .......................................................... 5

*McCloud v. McClinton Energy Grp., L.L.C.*,
   No. 14-CV-00620-XR,
   2014 WL 6388417 (W.D. Tex. Nov. 14, 2014) ....................................................................... 14

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
  No. 1:14-cv-464- LY,
  2014 WL 12479284 (W.D. Tex. Aug. 12, 2014) ...................................................................... 14

*NCS Multistage v. Nine Energy Serv.*,
  C.A. No. 6:20- 00277-ADA,
  2021 U.S. Dist. LEXIS 60219 (W.D. Tex. Mar. 30, 2021) ............................................... passim

*NCS Multistage v. TCO AS*,
  C.A. No. 6:20-00622-ADA,
  2021 U.S. Dist. LEXIS 101261 (W.D. Tex. May 28, 2021) ..................................................... 11

*Neonode Smartphone LLC v. Apple Inc.*,
  Civ. Action No. 6:20-cv-00505-ADA, Dkt. 65 (W.D. Tex. July 19, 2021) ............................... 3

*Netlist, Inc. v. SK Hynix Inc.*,
  No. 6:20-cv-00194-ADA,
  2021 U.S. Dist. LEXIS 47242 (W.D. Tex. Feb. 2, 2021) .......................................................... 4

*Pasafeshare LLC. v. Microsoft Corporation*,
  No. 6-20-cv-00397-ADA,
  2021 U.S. Dist. LEXIS 67386 (W.D. Tex. Apr. 7. 2021) ..................................................... 9, 12

*Perritt v. Jenkins*,
  C.A. No. 4:11-23,
  2011 U.S. Dist. LEXIS 89614 (E.D. Tex. July 18, 2011) .......................................................... 5

*RPB Safety, LLC v. Tru-Vision Plastics, Inc.*,
  2019 U.S. Dist. LEXIS 233382 (W.D. Tex. Feb. 20, 2019) ....................................................... 7

*Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*,
  796 F.2d 821 (5th Cir. 1986) ............................................................................................... 3, 15

*Turner v. Cincinnati Ins. Co.*,
  6:19-cv-642-ADA-JCM, 2020 U.S. Dist. LEXIS 5766 (W.D. Tex. Jan. 14, 2020) ................... 6

*USC IP Partnership, L.P. v. Facebook, Inc.*,
  6-20-CV-00555-ADA,
  2021 U.S. Dist. LEXIS 42526 (W.D. Tex., Mar. 8, 2021) .................................................. 3, 13

*VLSI Tech. LLC v. Intel Corp.*,
  No. 6:19-CV-00254,
  2019 U.S. Dist. LEXIS 227809 (W.D. Tex. Oct. 7, 2019) ........................................................ 7

*Word to Info, Inc. v. Facebook, Inc.*,
  No. 3:14-cv-04387-K,
  2015 WL 13870507 (N.D. Tex. Jul. 23, 2015) ........................................................................ 12

*WSOU Invs. LLC v. Microsoft Corp.*,
  No. 6:20-cv-00454,
  2021 U.S. Dist. LEXIS 67395 (W.D. Tex. Apr. 7, 2021) .................................................... 7, 13

**Statutes**

28 U.S.C. § 1404 ................................................................................................................................ 2

**I.      INTRODUCTION**

The Motion for Intra-District Transfer (Dkt. 34, the "Motion") filed by Defendant Silicon Laboratories Inc. ("Silicon Labs" or "Defendant") proceeds on a fundamental underlying premise that Ocean understands to be contrary to current Court policy. In particular, Silicon Labs simply assumes that this Court can retain oversight over this case after transfer (*id.* at 1) and "the Court can continue to control the case once transferred" (*id.* at 8), while Plaintiff Ocean Semiconductor LLC ("Ocean") understands that this is ***not*** currently a realistic possibility.[1] In the absence of this Court retaining control and continuing with the presently-entered pretrial schedule, the practical considerations resulting from moving this action to a new Judge dominate any alleged improved convenience that might result from such a transfer.

Moreover, at least two other factors that Silicon Labs alleges favor transfer—ease of access to proof and cost of attendance of witnesses—actually favor keeping the action in Austin and a third—the local interest—is neutral.

Further, that Silicon Labs waited eight months after this action commenced to file its Motion (and two months after parallel defendant Renesas moved for transfer)—until a time when multiple substantial pretrial activities have been undertaken—is a strong indication that the Motion was filed principally as a delaying tactic in the hopes of bolstering the chance that the Patent Trial & Appeal Board ("PTAB") will institute one of the various *inter partes* review petitions that have only recently been filed. The Court should not tolerate such gamesmanship.

Still further, while Silicon Labs summarily asserts that "some or all of the defendants" in the six other coordinated actions before this Court will seek similar transfers to Austin "in the

---

[1] It is Ocean's understanding that this Court currently will not, or cannot, be assigned to actions pending or transferred to the Austin Division and the present Opposition proceeds on that understanding. Ocean would not oppose a transfer to Austin ***provided that this Court retains control and the current schedule is maintained*** as, under those circumstances, most of the problems addressed in this Opposition would be mooted.

1

coming days or weeks" (*id.* at 2, 8), two of those defendants have **not even contacted Ocean** to meet and confer about such a motion. If two actions will necessarily remain in the Waco Division, this would be a factor that weighs heavily against any transfer of the present action.

As each of the relevant factors either weighs against transfer or is neutral, the Motion should be denied.

## II.  LEGAL STANDARD

For the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). "The determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus. v. United States Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Notably, the presence of additional actions in the original district involving the same patent or patents is a critical consideration. *NCS Multistage v. Nine Energy Serv.*, C.A. No. 6:20- 00277-ADA, 2021 U.S. Dist. LEXIS 60219, at *8 (W.D. Tex. Mar. 30, 2021) (finding that the existence of a parallel action in the District involving the same patent weighed heavily in the transfer analysis).

At the same time, a plaintiff's selection of venue is entitled to deference. *See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) ("it is clear under Fifth Circuit precedent

that the plaintiff's choice of forum is clearly a factor to be considered"). Indeed, the party moving for transfer carries a "heavy burden" to demonstrate that proposed transferee court is clearly more convenient than the court chosen by the plaintiff. *NCS Multistage v. Nine Energy Serv.*, 2021 U.S. Dist. LEXIS 60219, at *3. In other words, it is not enough for a defendant to simply show that litigation in another forum would be more convenient than the forum chosen by a plaintiff. Rather, it must be shown that the "balance [of public and private interest factors] is ***strongly*** in favor of the defendant." *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) (*cited with approval in Action Indus.*, 358 F.3d at 340).[2] As this Court recently held when denying a motion to transfer, "[t]he burden that a movant must carry is not that the alternative venue is more convenient, but that it is ***clearly*** more convenient. . . . the moving party 'must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning.'" *Neonode Smartphone LLC v. Apple Inc.*, Civ. Action No. 6:20-cv-00505-ADA, Dkt. 65 at 3 (W.D. Tex. July 19, 2021) (internal case cites omitted). *See also USC IP Partnership, L.P. v. Facebook, Inc.*, 6-20-CV-00555-ADA, 2021 U.S. Dist. LEXIS 42526, at *2 (W.D. Tex., Mar. 8, 2021) (same). Silicon Labs fails to meet this high burden.

### III.   ARGUMENT

Silicon Labs does not contest that venue in this Division is proper. (Dkt. 17 at ¶ 31.) As such, Ocean's choice is entitled to deference. *Volkswagen*, 545 F.3d at n.10. Moreover, as discussed below, the public and private interest factors that are to be weighed by this Court are not "***strongly*** in favor of the defendants." *Syndicate 420*, 796 F.2d at 828. Rather, most are neutral and the most significant—practical problems and inefficiencies—strongly favors ***denial of transfer.*** Thus, Silicon Labs' motion to transfer should be denied.

---

[2] Unless noted otherwise, all emphasis in this brief is added.

### A.     The Relative Ease of Access to Sources of Proof Factor Is Neutral

Silicon Labs argues that the Austin Division has relatively easier access to sources of proof than the Waco Division (Dkt. 34 at 6-7) but its stated analysis is factually flawed.  As a threshold matter, Silicon Labs does not point with particularity to *any* relevant physical documents much less confirm that any such documents are located in the Austin Division.  It merely cites to a Declaration that describes what is not present in Waco.  Thus, its vague assertions about ease of access simply because two suppliers "have Austin locations" (*id.* at 6) are unsupported and should not be credited.  Similarly, the list of "potential" witnesses who work for Silicon Labs (*id.*) without more is equally vague and entitled to no credit.

Nor does the fact that AMD, the original assignee of the asserted patents, is located in Austin have any bearing on this factor.  The critical point of this "ease of access" analysis is the place where the Defendant's documents, not third-party documents, are kept.  *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).  Also, since the asserted patents are no longer owned by AMD and it is not AMD's technology that is accused of infringement, the location of AMD (and where AMD documents are stored) is simply immaterial.  Even the fact that several of the named inventors may still live in the Austin area is of little import, since this Court has made it clear that witnesses are not "sources of proof" to be analyzed under this factor.  *See, e.g.*, *Netlist, Inc. v. SK Hynix Inc.*, No. 6:20-cv-00194-ADA, 2021 U.S. Dist. LEXIS 47242, at *17 (W.D. Tex. Feb. 2, 2021) ("The first private factor, ease of access to sources of proof, considers 'documents and physical evidence' as opposed to witnesses."); *see also In re Apple Inc.*, 979 F.3d at 1339 ("[t]his factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence").

As Silicon Labs' foundry, TSMC, is located outside the U.S., relevant evidence will come from abroad.  Consequently, this factor is, at best, neutral.

4

Moreover, as this Court has astutely noted in several previous orders, focusing on the physical location of documents is "out of touch with modern patent litigation" as "'all (or nearly all) produced documents exist as electronic documents on a party's server . . . [and] with a click of a mouse or a few keystrokes, the party produces these documents.'" *Kuster v. W. Dig. Techs., Inc.*, C.A. No. 6:20-00563-ADA, 2021 U.S. Dist. LEXIS 25256, at *9 (W.D. Tex. Feb. 9, 2021). *See also Fintiv, Inc. v. Apple Inc.*, C.A. No. 6:18-00372-ADA, 2019 U.S. Dist. LEXIS 171102, at *12 (W.D. Tex. Sep. 10, 2019).

Similarly, this Court's recent holdings regarding "the modern-day patent litigation circumstances which surround document and information evidence" refer consistently to the Fifth Circuit's analysis in *In re Volkswagen of Am.*, 545 F.3d at 316. *See, e.g., Parus Holdings*, 2020 U.S. Dist. LEXIS 150926, at *10 (noting the diminished relevance of this factor in "modern patent litigation" but nonetheless adhering to Fifth Circuit precedent in *Volkswagen*). *Volkswagen*, however, involved physical evidence relating to a car accident and where ***all*** of that evidence was located in a different district. It did not consider the location of documentary evidence—including evidence maintained by a foreign entity—in patent infringement litigation.[3]

Ultimately, the location of documents is, in a practical sense, of no moment to any party's or Court's convenience. Regardless of which Division this case is pending in, the process of collecting, reviewing, and producing documents will proceed in exactly the same way. All of

---

[3] Other courts in the Fifth Circuit have found that the fact that all of the relevant documentary evidence is not located in the target venue is enough to distinguish the *Volkswagen* holding. *See, e.g., Perritt v. Jenkins*, C.A. No. 4:11-23, 2011 U.S. Dist. LEXIS 89614, at *8-9 (E.D. Tex. July 18, 2011) ("Unlike *Volkswagen II*, where all physical evidence was located in the transferee venue, physical evidence in this case is located in both Nevada and Texas . . . . Therefore, Nevada is not a clearly more convenient forum. . ."); *AT&T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, C.A. No. 3:08-1637-M, 2009 U.S. Dist. LEXIS 25100, at *9-10 (N.D. Tex. Mar. 24, 2009) ("This case is unlike the situation in *Volkswagen II*, where there was physical non-documentary evidence related to a car accident . . . . Here, the only evidence identified is documentary, and the burden of exchanging documents is comparatively slight").

5

that work happens independently of where the case is pending. Given all of this, the "ease of access to sources of proof" factor is, at best, of comparatively minor importance to the overall analysis and does not weigh substantially in favor of transfer, if at all.

> **B.     The Cost of Attendance for Willing Witnesses is Greatest for Witnesses Who Are From Outside the District, Making This Factor Neutral**

Silicon Labs' assertion that the convenience and cost for willing witnesses "strongly favors transfer" (Dkt. 34 at 8) is factually incorrect and contrary to the law of this Court.

First, it is entirely unclear at this point what witnesses will be called at trial but what is clear is that many, if not most, will be from places other than this district. Silicon Labs tries to paper over this reality by simply arguing that no witnesses are present in the Waco Division and then asserting that its own "key witnesses" reside in the Austin area. (*Id.*) The cited support for this assertion, however—Dkt. 34-3 at ¶ 6—simply states that certain "potential relevant" witnesses are located there. This is insufficient.

For example, Silicon Labs identifies five employees as allegedly residing in Austin (Dkt. 34 at 6) but the convenience of ***party*** witnesses is typically given little weight because the witnesses' employer could compel their testimony at trial. *Turner v. Cincinnati Ins. Co.*, 6:19-cv-642-ADA-JCM, 2020 U.S. Dist. LEXIS 5766 at *11 (W.D. Tex. Jan. 14, 2020); *Freehold Licensing, Inc. v. Aequitatem Capital Partners, LLC*, A-18-cv-413 LY, 2018 U.S. Dist. LEXIS 184352 at *21 (W.D. Tex. Oct. 29, 2018). Moreover, at least one of those employees does ***not*** live in Austin. Thomas Fowler, as part of a submission to the U.S.P.T.O for one of his patent applications, stated that he lives in Georgetown, not Austin, Texas. (Declaration of Alex Chan at ¶ 4 and Exh. 1.) Because Silicon Labs has not been forthcoming as to one of its employees, it raises a question as to whether or not the other four employees actually reside in Austin.

6

As discussed above, it is most likely that many witnesses will come from outside the district, *i.e.*, from locations that are outside this District. In that regard, as at least one co-defendant (STMicro) in a parallel case recognizes, at least eleven of sixteen named inventors live outside this District. (*Ocean Semiconductor LLC v. STMicroelectronics, Inc.*, No. 6:20-cv-1215-ADA, Dkt. 37-1 at ¶ 10 (W.D. Tex.).) Of the remaining five that purportedly live in Austin, at least one (Ms. Qingsu Wang) actually lives in China. (Declaration of Alex Chan at ¶¶ 5-6.)

Silicon Labs then makes the legally erroneous contention that "[f]or those witnesses who are not based in Austin, traveling to Austin is significantly more convenient than traveling to Waco." (Dkt. 34 at 8.) Contrary to this Silicon Labs assertion, however, this Court has repeatedly found that the Austin and Waco Divisions *are equally convenient for out-of-state witnesses*. See *WSOU Invs. LLC v. Microsoft Corp.*, No. 6:20-cv-00454, 2021 U.S. Dist. LEXIS 67395, at *12 (W.D. Tex. Apr. 7, 2021); *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-00254, 2019 U.S. Dist. LEXIS 227809, at *14 (W.D. Tex. Oct. 7, 2019). Also, Silicon Labs ignores this Court's finding that "Waco would be cheaper for witnesses because of Austin's high cost of living." See *RPB Safety, LLC v. Tru-Vision Plastics, Inc.*, 2019 U.S. Dist. LEXIS 233382, at *10 (W.D. Tex. Feb. 20, 2019). Thus, it would be cheaper for party and non-party witnesses traveling from outside the District to stay in Waco than Austin during trial.

In sum, this factor is neutral.

### C.   Significant Practical Factors Weigh Heavily Against Transfer

#### 1.   Silicon Labs Should Not Be Rewarded For Unduly Delaying the Filing of Its Motion For Its Own Strategic Purposes

The present action was commenced on December 31, 2020 (Dkt. 1). Despite the fact that it had all of the information necessary to prepare its motion any time thereafter, Silicon Labs waited almost eight months before filing its motion on August 20, 2021. As discussed below, Silicon Labs waited until after several significant and substantial issues had already been briefed,

7

after the parties had exchanged both infringement and invalidity contentions, and after this Court had set a pretrial and trial schedule. There is no legitimate excuse for such delay. Indeed, Renesas—a defendant in one of the parallel coordinated actions—filed its Motion to Transfer well over two months ago. *Ocean Semiconductor LLC v. Renesas Elecs. Corp., et al.*, No. 6:20-cv-01213, Dkt. 36 (W.D. Tex. Jun. 25, 2021).

Silicon Labs' undue delay is a strong indication that the Motion was filed principally as a delaying tactic. In particular, five Petitions for *Inter Partes* Review were filed between August 3 and August 20, 2021, challenging patents asserted against Silicon Labs. Decisions as to whether or not any of those Petitions will lead to instituted proceedings are not due until at least six months thereafter, *i.e.*, mid- to late-February 2022. If any proceedings are instituted, final written decisions would not be due until a year later, *i.e.*, mid- to late-February 2023. Given the delayed filing of those Petitions and the consequent timing of any potential final decisions in 2023, it is likely that the PTAB will exercise its discretion to deny institution since the ***current trial schedules*** already set in the seven actions before this Court and another that is currently pending in the Eastern District of Texas have trials occurring before the PTAB would reach any final decision.

On the other hand, should Silicon Labs be allowed to succeed in having this action transferred and, consequently, re-assigned to another Judge who sets a new—and undoubtedly substantially pushed-out—schedule, it will have improved its odds of convincing the PTAB to institute proceedings. The Court should not tolerate such delay and gamesmanship.

      **2.    The Parties and This Court Have Already Invested Significant Time and Resources that Would Likely Be Lost in a Transfer**

As this action is now more than eight months old, there are several substantial "practical problems" that are conspicuously absent from Silicon Labs' Motion that weigh heavily against transfer. First, this Court has already been fully briefed on (and is in the process of deciding)

8

two important issues: (1) whether or not 35 U.S.C. § 271(g) is applicable to any of the seven asserted patents; and (2) whether or not five of the seven patents asserted against Silicon Labs claim patent-ineligible subject matter under 35 U.S.C. § 101. (*See* Dkts. 14, 16, 17, and 18-2.)[4] Second, this Court has entered a Scheduling Order that is the same across all seven of the coordinated actions that sets a *Markman* Hearing date of December 8, 2021, and a likely trial date of December 7, 2022. (C.A. Nos. 6:20-cv-01210-ADA, Dkt. 32; 6:20-cv-01211-ADA, Dkt. 32; 6:20-cv-01212-ADA, Dkt. 34; 6:20-cv-01213-ADA, Dkt. 43; 6:20-cv-01214-ADA, Dkt. 31; 6:20-cv-01215-ADA, Dkt. 34; 6:20-cv-01216-ADA, Dkt. 34.)

Transferring this action to a different Division before a new Judge will almost certainly result in both the current pretrial schedule and the Court's efforts with respect to the substantive motions being lost and the parties having to begin virtually at square one. *See Pasafeshare LLC. v. Microsoft Corporation*, No. 6-20-cv-00397-ADA, 2021 U.S. Dist. LEXIS 67386 (W.D. Tex. Apr. 7. 2021) (finding that "transfer to the Austin Division would likely cause a delay" because "[t]ransferring a case that has been actively litigating in one court causes set-backs and takes time.") Beyond the substantial, and unnecessary, delay such a transfer would necessarily result in significant judicial inefficiencies. As such, this factor weighs heavily against transfer. *NCS Multistage v. Nine Energy Serv.*, 2021 U.S. Dist. LEXIS 60219, at *8.

Third, as discussed in more detail below in Section III.F., should NXP and/or NVIDIA fail to seek transfer, a transfer of this action will result in the coordinated actions being split between two Divisions and two Judges, which inherently results in both significant additional practical problems and judicial inefficiencies.

---

[4] While Silicon Labs only raises the § 271(g) argument as to four asserted patents, other defendants in the coordinated actions have challenged three additional patents on this basis. Further, while Silicon Labs has not raised the § 101 argument, other defendants in the coordinated actions have.

9

### 3. The Likelihood of Faster Disposition in this Court Weighs Against Transfer

The relevant inquiry for the third public interest factor "is actually '[t]he speed with which a case can come to trial and be resolved[.]'"  *Parus Holdings Inc.*, 2020 U.S. Dist. LEXIS 150926, at *22.  Here, there can be no legitimate dispute that this Court—which is already eight months into motion practice and claim construction proceedings and is set to go to trial in about fifteen months—is far more likely to go to trial and resolve the action than if the action is transferred to a new Judge in Austin.  A transfer now would undoubtedly result in a substantially longer time to trial.

Because the time to trial is significantly faster in this Division, this factor weighs against transfer.

### D. Silicon Labs Concedes that Several Factors Do Not Weigh in Favor of Transfer

Silicon Labs makes no attempt to argue that several of the factors to be considered do ***not*** weigh in favor of transfer.  (*See* Dkt. 34 at 9-10.)  These include: (1) the availability of compulsory process to secure the attendance of witnesses; (2) familiarity of the forum with the law that will govern the case; and (3) avoidance of unnecessary problems of conflicts of laws or in the application of foreign law.  Thus, Silicon Labs has waived its rights to argue to the contrary.

### E. To Date, Two Defendants in Parallel Actions Before This Court Have Not Moved to Transfer, Raising Additional, Substantial Practical Problems to Transfer

This Court has held on multiple occasions that parallel actions where a plaintiff asserts common patents ***weighs heavily*** in the transfer analysis.  *See, e.g., NCS Multistage v. Nine Energy Serv.*, 2021 U.S. Dist. LEXIS 60219, at *8 (finding that the existence of a parallel action in the District involving the same patent weighed heavily in the transfer analysis and stressing

10

the overlap of patents in related cases); *NCS Multistage v. TCO AS*, C.A. No. 6:20-00622-ADA, 2021 U.S. Dist. LEXIS 101261, at *20 (W.D. Tex. May 28, 2021) (same).  Notably, these opinions found that parallel actions with common patents "weighed heavily" even though they involved only one common patent.  Here, on the other hand, there are seven common patents (U.S. Patents Nos. 6,660,651, 6,907,305, 6,725,402, 6,968,248, 7,080,330, 6,836,691, and 8,676,538) asserted in each of six other coordinated cases before this Court.[5]

Significantly, the Court has explicitly stated that "[t]he cases will go forward on the same schedule.  Thus, ***there will be coordinated/joint Markman proceedings, discovery, and pretrial briefing across all related cases***."  (July 16, 2021, text order without docket entry; s*ee also Neonode Smartphone*, Dkt. 65 at 11 ("as a general practice, this Court customarily requires parties in related cases to coordinate all aspects of the cases until pre-trial, which would further save judicial resources and facilitate expeditious resolution of both cases.  *See* ECF No. 52 at 12").)  Indeed, the parties across the actions have already begun the scheduled actions (e.g., exchanging terms to construe) leading to the joint *Markman* Hearing.

Nevertheless, Silicon Labs mentions only in passing that "some or all of these Defendants will similarly seek transfer to the Austin Division . . . in the coming days or weeks" (Dkt. 34 at 2) despite the fact that neither NXP nor NVIDIA has even approached Ocean to confer about a possible transfer.  If even one defendant fails to seek transfer, however, and thus remains in the Austin Division, this would be another critical factor weighing heavily against transfer.

---

[5] *Ocean Semiconductor LLC v. Western Digital Techs., Inc.*, No. 6:20-cv-1216-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. NVIDIA Corp.*, No. 6:20-cv-1211-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. NXP Semiconductors N.V.*, No. 6:20-cv-1212-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. STMicroelectronics, Inc.*, No. 6:20-cv-1215-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. Renesas Electronics Corp. et al.*, No. 6:20-cv-1213-ADA (W.D. Tex.); and *Ocean Semiconductor LLC v. MediaTek Inc.*, No. 6:20-cv-1210-ADA (W.D. Tex.).

Indeed, the extensive overlap with the six other actions before this Court is effectively dispositive of the transfer issue if even one remains before this Court and the others are transferred to a different Division and Judge. *Neonode Smartphone*, Dkt. 65 at 10 ("'[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer.' *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010)").

### F. The "Local Interest" Factor Does Not Weigh Substantially in Favor of Transfer

Although Silicon Labs contends in summary fashion that Austin has a strong local interest in this action (Dkt. 34 at 10), that interest certainly does not outweigh all of the problems discussed above that would be created by a transfer. As Silicon Labs admits, most of the corporate entities involved in the dispute—including its foundry located abroad and its tool suppliers who are centered in locations like California or Georgia—are principally located elsewhere. Moreover, to the extent that this ***District*** has a local interest in the action, the distinction between the ***Divisions of that District*** is simply not that important.

To that end, Silicon Labs ignores that "this factor looks at whether there is a factual connection between the events and the venue, not whether there is a generalized presence of either of the parties in the location of the venue." *See Pasafeshare*, 2021 U.S. Dist. LEXIS 67386 at *14 (*citing Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015)). Silicon Labs has not shown that there is any more of a connection to Austin than there is to Waco. "A generalized commercial presence is not typically sufficient to demonstrate a meaningful local interest in the case." (*Id.*) (citation omitted). Additionally, as other district courts have recognized, it is generally not true that a

12

patent case gives rise to a local controversy or interest. (*Id.*) Here, there is nothing to suggest otherwise. Accordingly, this factor is neutral.

> G. **Applicable Case Law Supports Denial of Transfer and the Cases Cited by Silicon Labs Are Inapposite**

This Court has recently denied at least a couple of motions seeking intra-district transfer from Waco to Austin and the logic present in those cases largely applies to the present motion. For example, in *USC IP Partnership, L.P. v. Facebook, Inc.*, 6-20-CV-00555-ADA (W.D. Tex., March 8, 2021), Facebook's motion was denied even though it was filed a mere three months after the action had commenced. In *WSOU Invs. LLC v. Microsoft Corp.*, No. 6:20-cv-00454, 2021 U.S. Dist. LEXIS 67395 (W.D. Tex. Apr. 7, 2021), WSOU had sued Microsoft in twelve separate actions and Microsoft filed identical Motions to Transfer in each. Despite the motions being filed just over four months after the action began, this Court denied transfer to Austin.

Silicon Labs fails to cite these opinions, however, while citing multiple cases allegedly supporting transfer here that do not provide the support that Silicon Labs suggests. Indeed, one cited appellate decision actually ***denied*** transfer. *See, e.g., In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (Federal Circuit denied mandamus with respect to a district court denial of transfer). Other cited cases are readily distinguishable. For example, in *In re Radmax, Ltd.*, 720 F.3d 285 (5th Cir. 2013), there were no parallel actions that would have been left behind as there may be here. Furthermore, the defendant moved to transfer a mere three weeks after service of the Complaint (*see id.* at fn. 7)—not eight months and multiple substantive motions into the action as happened here.

Another Silicon Labs-cited case involved: (a) a transfer from San Antonio to Midland—courthouses that are over 300 miles apart rather than the less than 100 miles separating Austin from Waco; and (b) where there were no parallel actions to contend with. *See McCloud v. McClinton Energy Grp., L.L.C.*, No. 14-CV-00620-XR, 2014 WL 6388417 (W.D. Tex. Nov. 14,

2014). Finally, in *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, No. 1:14-cv-464- LY, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014), the action was transferred from Austin to San Antonio but the motion seeking transfer was filed only two months after the action commenced.

Significantly, in the two decisions cited by Silicon Labs that were decided by this Court, the Court **retained control** of the action even **after** transfer. *See Freshub, Inc. v. Amazon.com Inc.*, No. 6:19-cv-388-ADA, Dkt. 29 (W.D. Tex. Sept. 9, 2019); *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-CV-00129, 2019 U.S. Dist. LEXIS 154170 (W.D. Tex. June 7, 2019). As it is understood that this is no longer a realistic possibility, those opinions are inapposite.

### H. Summary: Most Factors Are Neutral and the Only One that Weighs Heavily One Way or the Other Favors Denial of Transfer

While Silicon Labs asserts that four of eight factors to be considered are neutral and that the other four favor transfer, a more objective analysis reveals that this is simply not the case. In reality, and as discussed in the sections above, seven of the eight factors are effectively neutral, and the eighth—"other practical problems"—weighs heavily against transfer.

| FACTOR | Favored Division |
|---|---|
| 1. Relative ease of access to sources of proof | Neutral |
| 2. Availability of compulsory process to secure the attendance of witnesses | Neutral |
| 3. Cost of attendance for willing witnesses | Neutral |
| 4. All other practical problems that make trial of a case easy, expeditious and inexpensive | Heavily Waco |
| 5. Administrative difficulties flowing from court congestion | Neutral |
| 6. Local interest in having localized interests decided at home | Neutral |
| 7. Familiarity of the forum with the law that will govern the case | Neutral |
| 8. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law | Neutral |

The multiple, substantial practical problems that would make trial harder, less expeditious, and more expensive if the action was transferred to Austin heavily outweigh any of the other possible factors to the extent that they can be argued as weighing slightly, if at all, towards transfer.

14

In sum, the balance of public and private interest factors is **not** "strongly in favor" of Silicon Labs. *Syndicate 420 at Lloyd's London*, 796 F.2d at 828. Silicon Labs fails to meet its "heavy burden" to demonstrate that the Austin Division court is clearly more convenient than the Waco Division chosen by Ocean. *NCS Multistage v. Nine Energy Serv.*, 2021 U.S. Dist. LEXIS 60219, at *3.

## IV. CONCLUSION

For the reasons set forth above, Silicon Labs' Motion for Intra-District Transfer should be denied.

Dated: September 3, 2021

        */s/ Alex Chan*
        Timothy Devlin
        tdevlin@devlinlawfirm.com
        Henrik D. Parker
        hparker@devlinlawfirm.com
        Alex Chan (State Bar No. 24108051)
        achan@devlinlawfirm.com
        **DEVLIN LAW FIRM LLC**
        1526 Gilpin Avenue
        Wilmington, DE 19806
        Telephone: (302) 449-9010
        Facsimile: (302) 353-4251

        *Attorneys for Plaintiff*
        *OCEAN SEMICONDUCTOR LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 3, 2021.

>*/s/ Alex Chan*
>Alex Chan