**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| OCEAN SEMICONDUCTOR LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 6:20-cv-1214 |
| | § | |
| SILICON LABORATORIES INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SILICON LABORATORIES INC.'S
REPLY IN SUPPORT OF ITS MOTION FOR INTRA-DISTRICT TRANSFER
TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

Ocean buries the lede in a footnote in its Opposition—"Ocean would not oppose a transfer to Austin *provided that this Court retains control and the current schedule is maintained* …." Dkt. 36 ("Opp.") at 1, n.1.  This makes clear that Ocean's claims of Austin being an inconvenient **location** are simply a manufactured attempt to hold the schedule from the originally-selected forum once the case is brought to the Austin Division.  Whether a correct demand by Ocean or not—Silicon Labs has already indicated it does not oppose this Court retaining control after transfer, if that is the Court's preference.  Dkt. 34 ("Mot.") at 1, 10.

However, if the Court wishes to resolve the dispute without applying Plaintiff's self-designated conditions, neither Silicon Labs nor any defendant in the coordinated actions is based in or maintains any offices in the Waco Division.  No relevant documents exist in the Waco Division, and no party or non-party witnesses reside in the Waco Division.  Silicon Labs has its headquarters and relevant employees in Austin.  Ocean does not dispute any of these facts.  Yet, it opposes transfer of this case to Austin, while failing to identify even a single witness for whom Waco would be a more convenient venue than Austin.  This case should be litigated in Austin and none of Ocean's arguments changes that conclusion.

**I.   SILICON LABS DID NOT CONSENT TO VENUE IN THE WACO DIVISION OR WAIVE ANY OBJECTIONS BASED ON INCONVENIENCE**

Ocean argues that "Silicon Labs does not contest that venue in this Division is proper. (Dkt. 17 at ¶ 31).  As such, Ocean's choice is entitled to deference." Opp. at 3.  This is demonstrably false.  Silicon Labs has yet to answer Ocean's complaint, as the cited Docket 17 in the current case is Silicon Lab's Motion to Dismiss (that does not include numbered paragraphs).  Further, consistent with Fifth Circuit law, Ocean's choice of venue is not "a distinct factor in the § 1404(a) analysis," *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008), and should not be attributed "decisive weight" because "it is neither conclusive nor determinative," *In re Horseshoe*

*Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

## II. SILICON LABS IDENTIFIED RELEVANT DOCUMENTS AND WITNESSES IN THE AUSTIN DIVISION

### A. Relevant Sources of Proof are Located in the Austin Division

As conceded by Ocean, despite modern patent litigation and document access, Fifth Circuit precedence applies and this factor should be considered. Opp. at 5. Ocean also erroneously relies on *In re Apple Inc.* to argue that third-party documents are irrelevant to this analysis. Opp. at 4. *Apple* merely states that this factor relates to the ease of access to non-witness evidence, which can certainly include third-party evidence. *In re Apple*, 979 F.3d 1332, 1339–40 (Fed. Cir. 2020).

Silicon Labs' Motion detailed that 1) its own headquarters with relevant witness that have access to and maintain relevant documents and records, hardcopy or electronic, are located in the Austin Division; 2) multiple non-parties with facilities, and thus, employees that have access to and maintain potentially relevant documents and records, hardcopy or electronic, are located in the Austin Division including: AMD, TSMC, Applied Materials, and ASML; and 3) multiple inventors that have access to and maintain potentially relevant documents and records, hardcopy or electronic, are located in the Austin Division. Mot. at 2–3, 5–7; *see also Ocean Semiconductor LLC v. Renesas Elecs. Corp.*, No. 6:20-cv-1213-ADA, Dkt. 39-1 at ¶¶ 5–9 (W.D. Tex. July 9, 2021) (declaration of Ocean's counsel noting AMD, TSMC, ASML, Applied Materials, and inventors Markle, Mata, Nettles, Barto, Li, Wang, Riley, and Purdy are all located in the Austin Division).

Accordingly, Silicon Labs established that relevant and potentially relevant documents and records, whether hardcopy or electronic, are accessed from and maintained in the Austin Division. Silicon Labs has shown that the "ease of access to sources of proof" by virtue of the locations of relevant facilities, and thus employee/witnesses who access and maintain documents and records,

favors transfer to the Austin Division.  In contrast, Ocean has failed to identify a single party or non-party with a facility, witness, or relevant or potentially relevant documents or records in the Waco Division.

### B. Relevant Party and Non-Party Witnesses are Located in the Austin Division

Silicon Labs identified potential party witnesses that are located in its Austin office and reside in the Austin Division.  Mot. at 6.  For example, multiple inventors are located in the Austin Division.  Mot. at 6.  Ocean concedes this fact, and cites evidence that, at least, inventors Markle, Mata, Nettles, Barto, Li, and Purdy are located in the Austin Division.  Opp. at 7 (citing *Ocean Semiconductor LLC v. STMicroelectronics, Inc.*, No. 6:20-cv-1215-ADA, Dkt. 37-1 at ¶ 10 (W.D. Tex.)); *see also Ocean Semiconductor LLC v. Renesas Elecs. Corp.*, No. 6:20-cv-1213-ADA, Dkt. 39-1 at ¶ 9 (W.D. Tex. July 9, 2021) (declaration from Ocean's counsel noting that inventors Markle, Mata, Nettles, Barto, Li, Wang, Riley, and Purdy are all located in the Austin Division).

In contrast, Ocean identifies no relevant party or non-party witness residing in the Waco Division.[1]  Even assuming *arguendo* that both divisions "are equally convenient for out-of-state witnesses" (Opp. at 7), Silicon Labs—confirmed by Ocean's own related filings—has established that the "cost of attendance for willing witnesses" that are located in state factor favors transfer to the Austin Division.

---

[1] Having not a single witness it could name in the Waco division, Ocean resorts to contending that Silicon Labs has been less than forthcoming regarding the location of its employees, specifically Mr. Fowler.  Opp. at 6.  This is not correct.  Mr. Fowler lives in Georgetown, Texas, a suburb in the Austin-metro area, which is squarely located in the Austin Division—not the Waco Division. *See*,  https://www.austinchamber.com/economic-development/community-profiles/georgetown (noting Georgetown, TX is in the "Austin metro area").  Additionally, Mr. Fowler's office is located in Silicon Labs' Downtown Austin facility only blocks from the Austin courthouse.

### III. OCEAN'S IDENTIFIED "PRACTICAL FACTORS" DO NOT WEIGH AGAINST TRANSFER

**A.  Silicon Labs is Not a Real Party-in-Interest in Applied Material's *IPR*s**

The *Inter Partes* Review ("IPR") proceedings cited by Ocean as a practical factor weighing against transfer were filed by Applied Materials, Inc. ("Applied Materials"), and ***not*** Silicon Labs. *See* IPR2021-01339, -01340, -01342, -01344, -01348.  Silicon Labs has no direction or control of these IPRs, did not fund them, did not review any drafts of the petitions, and Silicon Labs is not a real party-in-interest to those IPRs.  Thus, the timing of a trial against Silicon Labs has no bearing on the discretionary denial of an IPR petition filed by a non-defendant third-party.  Applied Material's IPRs are not a "practical factor" that weighs against transfer.

**B.  The Parties and Court Have Not Wasted Effort That Will Need to be Duplicated**

Ocean's argument that transfer will require the parties to "begin virtually at square one" is inaccurate hyperbole.  Opp. at 9.  Significantly, the most substantive of the "multiple pretrial" activities that involve the Court is Silicon Labs' pending motion to dismiss.  This motion has not yet been resolved, no hearing has been scheduled, and Silicon Labs' arguments in the motion are in no way related to the situs of this litigation.  *See* Dkt. 14, Silicon Labs' Motion to Dismiss.  Further, the claim construction hearing is still three months away, currently scheduled for December 8, 2021, and the parties have not yet submitted any claim construction briefing.

And, the bulk of the party activity to date—such as the preparation of infringement and invalidity contentions—would have occurred in both Austin and Waco; there is no waste of effort. Accordingly, whether or not this Court retains this case, little to no effort of the Court or parties has been wasted.  Thus, duplication of effort is not a "practical factor" that weighs against transfer.

**C.  All Related Cases are Requesting Transfer**

All seven defendants in related cases have filed motions to transfer to the Austin Division.

*See, Ocean Semiconductor LLC v. STMicroelectronics, Inc.*, No. 6:20-cv-1215, Dkt. 37 (W.D. Tex. Aug. 20, 2021); *Ocean Semiconductor LLC v. MediaTek Inc.*, No. 6:20-cv-1210, Dkt. 34 (W.D. Tex. Aug. 24, 2021); *Ocean Semiconductor LLC v. Renesas Elecs.*, Dkt. 36 at 7 (alternatively seeking transfer to Austin Division); *Ocean Semiconductor LLC v. Western Digital Techs. Inc.*, No. 6:20-cv-1216, Dkt. 37 (W.D. Tex. Aug. 26, 2021); *Ocean Semiconductor LLC v. NXP Semiconductors N.V.*, No. 6:20-cv-1212, Dkt. 37 (W.D. Tex. Sept. 10, 2021); *Ocean Semiconductor LLC v. NVIDIA Corp.*, No. 6:20-cv-1211, Dkt. 35 (W.D. Tex. Sept. 10, 2021). Should the Court grant each motion, there is no potential for related cases proceeding simultaneously in both the Waco and Austin Divisions.

### IV.     OCEAN HAS NOT REFUTED THE AUSTIN DIVISION'S STRONG LOCAL INTEREST

Silicon Labs described a strong local interest in the Austin Division for this case, including that both party Silicon Labs and non-party AMD have been large corporate residents in Austin for decades, with significant numbers of employees residing in the Austin Division.  Mot. at 10.  In its Opposition, Ocean reliance on *PaSafeShare LLC v. Microsoft Corp.* (Opp. at 12) is misplaced because the defendant, Microsoft Corp., was headquartered outside of both potential districts. No. 6-20-cv-00397-ADA, 2021 WL 1298933, *5 (W.D. Tex. Apr. 7. 2021).  There, the Court determined that "[t]here has been nothing established by either party to show that there is any more of a connection to Austin than there is to Waco." *Id*.  Here, Silicon Labs has established a significant connection and localized interest for this case to the Austin Division.

### V.      CONCLUSION

Silicon Labs requests that the Court transfer this case to the Austin Division, which is a more convenient forum for the claims in this action to be heard.

|  |  |
|---|---|
| September 10, 2021 | Respectfully submitted,<br><br>By:  /s/ *Marc B. Collier*<br><br>Marc B. Collier (SBN 00792418)<br>marc.collier@nortonrosefulbright.com<br>Eric C. Green (SBN 24069824)<br>eric.green@nortonrosefulbright.com<br>Catherine Garza (SBN 24073318)<br>Cat.garza@nortonrosefulbright.com<br>**NORTON ROSE FULBRIGHT US LLP**<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701<br>Tel:  (512) 474-5201<br>Fax:   (512) 536-4598<br><br>Richard S. Zembek (SBN 00797726)<br>richard.zembek@nortonrosefulbright.com<br>Darren Smith (SBN 24088433)<br>Darren.smith@nortonrosefulbright.com<br>**NORTON ROSE FULBRIGHT US LLP**<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095<br>Tel: (713) 651-5151<br>Fax: (713) 651-5246<br><br>**COUNSEL FOR DEFENDANT SILICON LABORATORIES INC.** |

## **CERTIFICATE OF SERVICE**

I certify that on September 10, 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Eric C. Green*
Eric C. Green