# EXHIBIT 27

08/06/2004   10:54   WMA → 17038729306                                    NO.382   P01

# WILLIAMS, MORGAN & AMERSON, P.C

10333 Richmond Drive, Suite 1100, Houston, Texas  77042
phone: 713-934-7000   fax: 713-934-7011

**RECEIVED**
**CENTRAL FAX CENTER**

AUG 0 6 2004

## FACSIMILE TRANSMITTAL SHEET

**OFFICIAL**

## GROUP ART UNIT 2125

TO: JAYPRAKASH N. GANDHI                FROM: JEFFREY A. PYLE

| | |
|---|---|
| COMPANY:   USPTO    MAIL STOP AF | DATE:  AUGUST 6, 2004 |
| FAX NUMBER:  703.872.9306 | TOTAL NO. OF PAGES INCLUDING COVER:  5 |
| PHONE NUMBER:  703.305.5431 | SENDER'S REFERENCE NUMBER:  2000.079600/TT4739 |
| RE:  RESPONSE TO FINAL OFFICE ACTION DATED JUNE 15, 2004 | YOUR REFERENCE NUMBER:  (SERIAL NO. 10/135,145) |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE HANDLE   ☐ PLEASE REPLY   ☐ FOR YOUR FILE

ORIGINAL: ☐ WILL FOLLOW ☐ WILL NOT FOLLOW

NOTES/COMMENTS:

**JEFFREY A. PYLE**
(713) 934-4053 FAX (713) 934-7011
EMAIL: JPYLE@WMALAW.COM

### *CONFIDENTIALITY NOTE*

*The documents accompanying this facsimile transmission contain information from the law firm of Williams, Morgan & Amerson which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this faxed information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

08/06/2004    10:54    WMA → 17038729306                                    NO.382    P02

AMENDMENT UNDER 37 C.F.R. § 1.116
EXPEDITED PROCEDURE
EXAMINING GROUP 2125

**PATENT**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**OFFICIAL**

| | |
|---|---|
| In re Application of:<br>  GUSTAVO MATA ET AL. | Group Art Unit: 2125 |
| Serial No.: 10/135,145 | Examiner: JAYPRAKASH N. GANDHI |
| Filed: 4/30/2002 | Atty. Dkt. No.: 2000.079600/JAP |
| For: AGENT REACTIVE SCHEDULING IN<br>  AN AUTOMATED MANUFACTURING<br>  ENVIRONMENT | |

**RECEIVED
CENTRAL FAX CENTER**

**AUG. 0 6 2004**

AMENDMENT UNDER 37 C.F.R. § 1.116;
<u>RESPONSE TO FINAL OFFICE ACTION DATED JUNE 15, 2004</u>

**MAIL STOP AF**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

CERTIFICATE OF TRANSMISSION UNDER 37 CFR 1.8
I hereby certify that this correspondence is being facsimile transmitted
to the United States Patent and Trademark Office on August 6, 2004.

_Yolanda Murillo_
Yolanda Murillo

Applicants respectfully request that the following amendments be entered in the captioned patent application in accordance with 37 C.F.R. § 1.116. Applicants submit the foregoing amendments to place the case in even better condition for allowance or appeal.

This paper is submitted in response to the final Office Action dated June 15, 2004 for which the three-month date for response is September 15, 2004. It is believed that no fee is due; however, should any fees under 37 C.F.R. §§ 1.16 to 1.21 be required for any reason relating to this document, the Director is authorized to deduct said fees from Advanced Micro Devices, Inc. Deposit Account No. 01-0365/TT4739.

Reconsideration of the application in view of the following amendments and remarks is respectfully requested.

**AMENDMENT UNDER 37 C.F.R. § 1.116**
**EXPEDITED PROCEDURE**
**EXAMINING GROUP 2125**

### REMARKS

Applicants note that the final Office Action essentially reiterates the rejections first made in the Office Action dated January 16, 2004, to which Applicants timely responded on April 14, 2004. Accordingly, Applicants maintain their position set forth in the April 14th response, and hereby incorporate them *verbatim* by reference as if they were fully set forth herein.

In response to the arguments supporting Applicants' position, the Office offered the unsupported statement that:

> ...Applicant's definition of the term "*software scheduling agent*" is very broad and can be interpreted as any body involving in scheduling can be considered as an *software scheduling agent*, because method, medium, system, apparatus and manufacturing are claimed and NOT software programming and therefore Parad (figure 1, elements 105 – 108) meets all the claimed invention."

Final Office Action, Detailed Action, p. 3, ¶ 2. Applicants remind the Office of the duty to make the *prima facie* case with particularity, *Ex parte Levy*, 17 U.S.P.Q.2d (BNA) 1461, 1462 (Pat. & Tm. Off. Bd. Pat. App. & Int. 1990) (identify each element of the claimed invention in the prior art); *Ex parte Skinner*, 2 U.S.P.Q.2d (BNA) 1788, 1788-89 (Bd. Pat. App. & Int. 1987) (provide reasoning supporting inherency allegation), which this statement fatally lacks.

In particular, Applicants request clarification as to the disclosure supporting the Office's allegation of the breadth of the supposed definition for "software scheduling agent." Applicants respectfully submit that there is no support for such a broad definition. For instance, there is no support in Applicants' specification for the proposition that a scheduling agent represent more than one manufacturing domain entity

AMENDMENT UNDER 37 C.F.R. § 1.116
EXPEDITED PROCEDURE
EXAMINING GROUP 2125

at any given time or that a scheduling agent be implemented in anything other than software.

Thus, there is no support for a definition of the term "software scheduling agent" in which an entity represents, for instance, a whole subsystem comprising large numbers of manufacturing domain entities. Nor is there any support for the prospect that a scheduling agent be implemented in, for instance, hardware. Note that the claims in issue actually recite a *software* scheduling agent, as is conceded by placing the term "software scheduling agent" in quotations. The passage quoted above is therefore erroneous on its face. However much the Office might wish to the contrary, the statement that *any* software entity that schedules constitutes a software scheduling agent is clearly wrong.

Furthermore, although not clear from the quoted passage, it appears to Applicant that the Office may be taking the position that the software aspect of the scheduling agent is immaterial because "software programming" is not claimed. The Office apparently makes this argument to obviate Applicant's inherency argument with respect to Parad. Applicant requests authority for the proposition that the Office can simply ignore limitations in the claims at its whim. Each of the claims expressly recites a "software scheduling agent", and each of those limitations must be disclosed in the prior art as required by *In re Bond*, 15 U.S.P.Q.2d (BNA) 1566, 1567 (Fed. Cir. 1990) (anticipating reference must disclose every limitation of the rejected claim in the same relationship to one another as set forth in the claim).

Applicants also note that, for the first time, the Office has attempted to identify something it associates with "software scheduling agents" in Parad. Final Office Action, Detailed Action, p. 3, ¶ 2. The Office identifies elements 105 – 108 in Figure 1.

AMENDMENT UNDER 37 C.F.R. § 1.116
EXPEDITED PROCEDURE
EXAMINING GROUP 2125

Applicants note that Figure 1 is a flowchart of a method (Parad, col. 5, 1. 66-67), and

elements 105 – 108, which are functionalities of some aspect of Parad's system (col. 9, 1.

19-33). However, as Applicants earlier noted:

> Parad expressly states at col. 7, lines 53-54 that "[t]he present invention
> may be implemented in any combination of software, firmware, or
> hardware…." Thus, even if the Office can identify some functionality, or
> collection of functionalities, corresponding to that of Applicants' claimed
> "software scheduling agent," such functionality need not necessarily be
> implemented in software. Parad's own disclosure establishes that such
> functionality could be implemented in, for example, hardware, as opposed
> to software.

Response to Office Action Dated January 16, 2004, p. 4. Thus, the disclosure of

the elements 105 – 108 to which the Office finally points fails to inherently disclose a

"software scheduling agent." *In re Oelrich*, 212 U.S.P.Q. (BNA) 323, 326 (C.C.P.A.

1981); *Ex parte Levy*, 17 U.S.P.Q.2d (BNA) 1461, 1463-1464 (Pat. & Tm. Off. Bd. Pat.

App. & Int. 1990); *Ex parte Skinner*, 2 U.S.P.Q.2d (BNA) 1788, 1789 (Bd. Pat. App. &

Int. 1987).

The Examiner is invited to contact the undersigned attorney at (713) 934-4053

with any questions, comments or suggestions relating to the referenced patent application.

Respectfully submitted,

Jeffrey A. Kyle
Reg. No. 34,904

WILLIAMS, MORGAN & AMERSON
CUSTOMER NUMBER: 23720

Attorney for Applicants

10333 Richmond Dr., Suite 1100
Houston, Texas 77042
(713) 934-7000

Date: August 6, 2004