# EXHIBIT 34

04/14/2004  11:28  WMA → 17038729306  OFFICIAL  NO.474  P01

RECEIVED
CENTRAL FAX CENTER
APR 1 4 2004

# WILLIAMS, MORGAN & AMERSON, P.C

10333 Richmond Drive, Suite 1100, Houston, Texas 77042
Phone: 713-934-7000   Fax: 713-934-7011

---

## FACSIMILE TRANSMITTAL SHEET

**GROUP ART UNIT 2125**

| | | | |
|---|---|---|---|
| DATE: | APRIL 14, 2004 | | |
| TO: | EXAMINER JAYPRAKASH N. GANDHI | TOTAL NO. OF PAGES INCLUDING COVER: | 7 |
| FAX: | 703.872-9306 | PHONE: | |
| FROM: | JEFFREY A. PYLE | | |
| RE: | RESPONSE TO OFFICE ACTION Dated January 16, 2004 | FILE: | SERIAL NO. 10/134,145 2000.079600/TT4739/JAP |

☐ URGENT   ☑ FOR REVIEW   ☐ PLEASE YOUR FILE   ☑ PLEASE REPLY   ☑ PLEASE HANDLE

ORIGINAL: ☐ WILL FOLLOW   ☑ WILL NOT FOLLOW

NOTES/COMMENTS:

---

*CONFIDENTIALITY NOTE*

*The documents accompanying this facsimile transmission contain information from the law firm of Williams, Morgan & Amerson which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this faxed information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

RECEIVED
CENTRAL FAX CENTER

APR 14 2004



PATENT

Revs.
#/2
0.B
4/19/04

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of:<br>GUSTAVO MATA, ET AL | Group Art Unit: 2125 |
| Serial No.: 10/135,145 | Examiner: JAYPRAKASH N. GANDHI |
| Filed: 4/30/2002 | Atty. Dkt. No.: 2000.079600/JAP |
| For: AGENT REACTIVE SCHEDULING IN<br>AN AUTOMATED MANUFACTURING<br>ENVIRONMENT | |

**RESPONSE TO OFFICE ACTION DATED JANUARY 16, 2004**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**CERTIFICATE OF MAILING 37 CFR 1.8(d)**
I hereby certify that this correspondence is being transmitted via facsimile to: 1-703-872-9306, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, on April 14, 2004.
_Kathy Danas_
Kathryn Danas

Sir:

This paper is submitted in response to the Office Action dated January 16, 2004 ("Paper No. 10") for which the three-month date for response is April 16, 2004. It is believed that no fee is due; however, should any fees under 37 C.F.R. §§ 1.16 to 1.21 be required for any reason, the Director is authorized to deduct said fees from Advanced Micro Devices, Inc. Deposit Account No. 01-0365/TT4739.

Reconsideration of the application is respectfully requested.

## REMARKS

Claims 1-53 are pending in the case, each having been originally filed. Paper No. 10 rejected each of claims 1-53. More particularly, Paper No. 10 rejected:

- claims 1-32 as indefinite under 35 U.S.C. § 112, ¶ 2; and

- claims 1-53 as anticipated under 35 U.S.C. § 102 (b) by U.S. Letters Patent 5,369,570 ("Parad").

There were no other rejections or objections. Paper No. 10 does not address the disposition of the previous rejections from the previous Office Action dated August 21, 2003. Applicants presume these rejections have been withdrawn in light of the new grounds of rejection without any affirmation of the previous rejections.

Applicants traverse each of the rejections.

### I.   CLAIMS 1-32 ARE DEFINITE

Paper No. 10 rejected claims 1-32 as indefinite under 35 U.S.C. § 112, ¶ 2. In particular, Paper No. 10 notes that claims 1, 12, 19 and 26 recite that the detected event be a "predetermined" event. Applicants note that independent claims 33 and 44 also recite this limitation although these claims were not rejected on this ground. Paper No. 10 alleges this limitation to be vague because "it is not understood why" the occurrence needs to be a "predetermined" one.

Applicants respectfully submit that this consideration is irrelevant to the determination of whether the claims are definite. "The test for definiteness under 35 U.S.C. 112, second paragraph is whether 'those skilled in the art would understand what is claimed when the claim is read in light of the specification.'" M.P.E.P. § 2173.02 (citation omitted). Thus, the question is

whether one skilled in the art can understand the scope of the limitation, and not whether one skilled in the art can understand the reason for its desirability.

The Office does not allege that those skilled in the art cannot ascertain the scope of the claims reciting a "predetermined" event. The record is devoid of any evidence which would support such an allegation. Applicants therefore respectfully submit that claims 1-32 are definite and requests that the rejections be withdrawn.

## II. ALL CLAIMS ARE NOVEL OVER PARAD

Paper No. 10 rejected claims 1-53 as anticipated under 35 U.S.C. § 102 (b) by U.S. Letters Patent 5,369,570 ("Parad"). An anticipating reference, by definition, must disclose every limitation of the rejected claim in the same relationship to one another as set forth in the claim. *In re Bond*, 15 U.S.P.Q.2d (BNA) 1566, 1567 (Fed. Cir. 1990). Office policy echoes this formulation M.P.E.P. § 2131. Applicant respectfully submits that Parad fails to meet this strict standard and that the rejections fail procedurally.

### A. PARAD FAILS TO DISCLOSE ALL THE CLAIM LIMITATIONS

Each of the independent claims 1, 12, 19, 26, 33 and 44 recites a "software scheduling agent." Paper No. 10 concedes that Parad fails to disclose a software scheduling agent, but alleges that such is an "inherent property of Parad [sic] invention." Inherency in anticipation requires that the asserted proposition *necessarily* flow from the disclosure. *In re Oelrich*, 212 U.S.P.Q. (BNA) 323, 326 (C.C.P.A. 1981); *Ex parte Levy*, 17 U.S.P.Q.2d (BNA) 1461, 1463-1464 (Pat. & Tm. Off. Bd. Pat. App. & Int. 1990); *Ex parte Skinner*, 2 U.S.P.Q.2d (BNA) 1788, 1789 (Bd. Pat. App. & Int. 1987).

3

PAGE 4/7 * RCVD AT 4/14/2004 12:33:54 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-1/1 * DNIS:8729306 * CSID:7139347011 * DURATION (mm-ss):01-58

To inherently anticipate, it is not enough that a reference could have, should have, or would have been used as the claimed invention. "The mere fact that a certain thing *may* result from a given set of circumstances is not sufficient." *Oelrich*, at 326, quoting *Hansgirg v. Kemmer*, 40 U.S.P.Q. (BNA) 665, 667 (C.C.P.A. 1939); *In re Rijckaert*, 28 U.S.P.Q.2d (BNA) 1955, 1957 (Fed. Cir. 1993), quoting *Oelrich*, at 326; *see also Skinner*, at 1789. "Inherency... may not be established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient." *Skinner*, 2 U.S.P.Q.2d (BNA) at 1789.

The existence of a "software scheduling agent" does not necessarily flow from Parad's disclosure, and thus is not inherently disclosed therein. Parad expressly states at col. 7, lines 53-54 that "[t]he present invention may be implemented in any combination of software, firmware, or hardware...." Thus, even if the Office can identify some functionality, or collection of functionalities, corresponding to that of Applicants' claimed "software scheduling agent," such functionality need not necessarily be implemented in software. Parad's own disclosure establishes that such functionality could be implemented in, for example, hardware, as opposed to software. Consequently, it does not necessarily flow that such functionality would be implemented in a "software scheduling agent", and Parad fails to inherently teach such a limitation. The Office has already conceded that Parad does not expressly teach a "software scheduling agent." Accordingly, Parad fails to anticipate any of the claims. *In re Oelrich*, 212 U.S.P.Q. (BNA) 323, 326 (C.C.P.A. 1981); *Ex parte Levy*, 17 U.S.P.Q.2d (BNA) 1461, 1463-1464 (Pat. & Tm. Off. Bd. Pat. App. & Int. 1990); *Ex parte Skinner*, 2 U.S.P.Q.2d (BNA) 1788, 1789 (Bd. Pat. App. & Int. 1987).

[handwritten annotation: "not in claim"]

4

B.  **THE *PRIMA FACIE* CASE IS DEFICIENT**

"It is by now well settled that the burden of establishing a *prima facie* case of anticipation resides with the Patent and Trademark Office. *In re Piasecki*, 745 F.2d 1468, 1472, 223 U.S.P.Q. 785, 788 (Fed. Cir. 1984), quoting *In re Warner*, 379 F.2d 1011, 1016, 154 U.S.P.Q. 173, 177 (C.C.P.A. 1967); *Ex parte Skinner*, 2 U.S.P.Q.2d (BNA) 1788, 1788-89 (Bd. Pat. App. & Int. 1987). "[I]t is incumbent upon the examiner to identify wherein each and every facet of the claimed invention is disclosed in the applied reference." *Ex parte Levy*, 17 U.S.P.Q.2d (BNA) 1461, 1462 (Pat. & Tm. Off. Bd. Pat. App. & Int. 1990). Where anticipation is found through inherency, the Office's burden of establishing *prima facie* anticipation includes the burden of providing "...some evidence or scientific reasoning to establish the reasonableness of the examiner's belief that the functional limitation is an inherent characteristic of the prior art." *Ex parte Skinner*, 2 U.S.P.Q.2d (BNA) 1788, 1789 (Bd. Pat. App. & Int. 1987).

Applicants respectfully submit that Paper No. 10 fails to *prima facie* establish anticipation by Parad. This is most apparent with respect to the Office's reliance on the supposedly inherent teachings of Parad. As was established above, each of the independent claims recites a "software scheduling agent," which the Office concedes Parad does not teach but alleges that Parad inherently discloses. The entire treatment of this issue in Paper No. 10 is:

> Parad does not positively disclose of [*sic*] having software-scheduling agent, but the claimed element is [an] inherent property of Parad invention.

Noticeably lacking is any semblance of any evidence or scientific reasoning as to why the disclosure of Parad inherently discloses this limitation. Since such is required by law to make the *prima facie* case, the *prima facie* case is deficient. *Ex parte Skinner*, 2 U.S.P.Q.2d (BNA) 1788, 1789 (Bd. Pat. App. & Int. 1987).

5

## III. CONCLUDING REMARKS

Paper No. 10 employed improper legal analyses in imposing the indefiniteness and anticipation rejections. Under legally correct analyses, the claims are neither indefinite nor anticipated. Furthermore, the improper legal analysis for anticipation fails to meet the standards necessary to *prima facie* establish any anticipation. Accordingly, Applicants respectfully submit that claims 1-59 are in condition for allowance and requests that they be allowed to issue.

The Examiner is invited to contact the undersigned attorney at (713) 934-4053 with any questions, comments or suggestions relating to the referenced patent application.

Respectfully submitted,

WILLIAMS, MORGAN & AMERSON
CUSTOMER NUMBER: 23720

JEFFREY A. PYLE
Reg. No. 34,904

Attorney for Applicant

10333 Richmond Dr., Suite 1100
Houston, Texas 77042
(713) 934-7000

Date: April 14, 2004

6

PAGE 7/7 * RCVD AT 4/14/2004 12:33:54 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-1/1 * DNIS:8729306 * CSID:7139347011 * DURATION (mm-ss):01-58