# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>        Plaintiff<br><br>  v.<br><br>MediaTek Inc. and MediaTek USA Inc. ("MediaTek"),<br><br>        Defendants. | Civil Action No.: 6:20-cv-1210-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>        Plaintiff<br><br>  v.<br><br>NVIDIA Corporation,<br><br>        Defendant. | Civil Action No.: 6:20-cv-01211-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>        Plaintiff<br><br>  v.<br><br>NXP USA, Inc.<br><br>        Defendants. | Civil Action No.: 6:20-cv-1212-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

| | |
|---|---|
| Ocean Semiconductor LLC, | Civil Action No.: 6:20-cv-1213-ADA |
| Plaintiff | JURY TRIAL DEMANDED |
| v. | PATENT CASE |
| Renesas Electronics Corporation and Renesas Electronics America, Inc., | |
| Defendants. | |
| Ocean Semiconductor LLC, | Civil Action No.: 6:20-cv-1214-ADA |
| Plaintiff | JURY TRIAL DEMANDED |
| v. | PATENT CASE |
| Silicon Laboratories Inc., | |
| Defendant. | |
| Ocean Semiconductor LLC, | Civil Action No.: 6:20-cv-1215-ADA |
| Plaintiff | JURY TRIAL DEMANDED |
| v. | PATENT CASE |
| STMicroelectronics, Inc., | |
| Defendant. | |

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>                     Plaintiff<br><br>v.<br><br>Western Digital Technologies, Inc.<br><br>                     Defendant. | Civil Action No.: 6:20-cv-1216-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

## MOTION FOR ISSUANCE OF LETTERS ROGATORY

## (UNOPPOSED BY SIX DEFENDANTS)

Pursuant to Federal Rule of Civil Procedure 4(h)(2) and 4(f)(2)(B), Plaintiff Ocean Semiconductor LLC ("Ocean") respectfully requests that this Court issue Letters Rogatory in the form attached hereto as Exhibit A to the addressed to the Appropriate Judicial Authority of Taiwan, compelling the production of documents and testimony from third party United Microelectronics Corporation ("UMC"). Ocean brings this motion in order to obtain relevant evidence not available to it by any other means.

### I.    BACKGROUND

Following the opening of discovery in the above-captioned cases on December 9, 2021, Ocean promptly served subpoenas containing identical requests for production and deposition topics ("Discovery Requests") to both UMC and its U.S. subsidiary UMC Group (USA) ("UMC USA"). (Ex. B.)[1] After receiving a requested extension to its deadline to respond to

---

[1] Exhibits B and E are the subpoenas served on UMC and Exhibits C and F are the responses served, respectively, by UMC USA and UMC in case No. 6:20-cv-1210-ADA. Identical subpoenas and responses were served in cases No. 6:20-cv-1211-ADA, No. 6:20-cv-1212-ADA, No. 6:20-cv-1213-ADA, No. 6:20-cv-1214-ADA, No. 6:20-cv-1215-ADA, and No. 6:20-cv-1216-ADA.

1

Ocean's Discovery Requests, UMC USA served responses and objections on January 14, 2022. (Ex. C.) UMC USA responded to each request for production that it either had no non-privileged, relevant, responsive documents or no documents that were not equally available from parties to the above-captioned cases. (*Id.* at 12-82.)

After subpoenas were mailed to UMC via FedEx and Registered Mail, UMC's counsel sent a letter to Ocean's counsel on January 21, 2022 stating that UMC had no duty to respond to Ocean's subpoenas but that UMC "would be willing to discuss producing documents responsive to certain document requests in the subpoenas if Ocean is willing to significantly narrow the scope of its requests." (Ex. D.) After Ocean sent UMC's counsel amended subpoenas with a significantly reduced number (from forty-five to twenty-two) of requests for production on January 27, 2022 (Ex. E), UMC served responses on Ocean on February 11, 2022 stating that it considered the subpoenas improper and would produce neither documents nor a witness. (Ex. F.) Specifically, UMC identified Ocean's "fail[ure] to request and obtain issuance of a letter rogatory to the Appropriate Judicial Authority of Taiwan requesting their assistance in serving and enforcing the Subpoena." (*Id.* at 2.)

As set forth in the Complaints filed in the above-captioned actions (*see, e.g.,* Docket No. 1 in case No. 6:20-cv-1210-ADA at ¶¶ 8-19), Ocean has reason to believe that UMC is in possession of information that is relevant to Ocean's claims of infringement under 35 U.S.C. § 271(g). Accordingly, Ocean respectfully requests that the Court issue Letters Rogatory requesting that UMC be compelled to produce all documents that are responsive to Ocean's requests for production, and a witness to testify on each of the deposition topics, as set forth in Exhibit A.

**II.     ARGUMENT**

"Federal courts may issue letters rogatory to foreign tribunals, agencies, or officers in order to seek 'assistance in the production of evidence located in the foreign country.'" *Blitzsafe Tex. v. Jaguar Land Rover,* CIVIL ACTION NO. 2:17-CV-00424-JRG*,* 2019 U.S. Dist. LEXIS 240026, at *2 (quoting *United States v. El-Mezain*, 664 F.3d 467, 516-17 (5th Cir. 2011), as revised (Dec. 27, 2011)).  Federal courts have "inherent power" to issue letters rogatory. *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.,* 2 F.3d 1397, 1408 (5th Cir. 1993); *accord* 28 U.S.C. § 1781. In the Fifth Circuit, "[t]he decision to issue a letter rogatory is . . . entrusted to the sound discretion of the district court . . . ." *El-Mezain*, 664 F.3d at 517. Further, there "must be a 'good reason' to deny a request for letters rogatory, at least when the request is made pursuant to Fed. R. Civ. P. 28(b)." *Triump Aerostructures v. Comau, Inc*., No. 3:14-cv-2329-L, 2015 U.S. Dist. LEXIS 125347, at *8 (N.D. Tex. Sep. 18, 2015) (internal citations omitted); *see also id*. at *9 (stating that letters rogatory or letters of request should be consistent with Rule 26(b)(1)).

Ocean's Discovery Requests are within the scope of discovery as defined by Rule 26. Specifically, they narrowly seek information relating to UMC's use of certain manufacturing tools, systems, platforms, software and equipment used to manufacture or fabricate integrated circuits (including all of the infringing products) on behalf of MediaTek Inc., MediaTek USA Inc., NVIDIA Corporation, NXP USA, Inc., Renesas Electronics Corporation, Renesas Electronics America, Inc., STMicroelectronics, Inc., Silicon Laboratories Inc. and Western Digital Technologies, Inc.—all of whom are defendants in the above-captioned actions before this Court ("Defendants").

The requests and topics also seek information related to UMC's business relationships

3

with Defendants and the manufacturers of the infringing tools, sale of infringing instrumentalities, and importation of infringing instrumentalities into the United States. All of this information is directly relevant to Ocean's claim of infringement under 35 U.S.C. § 271(g).

The requests for production also seek information related to Defendants' control over UMC with respect to its manufacture of integrated circuits, including all infringing products, for Defendants, knowledge of the patents at issue in these cases, agreement to be indemnified or to indemnify Defendants or manufacturers of infringing, tools, systems, platforms, software and equipment with respect to infringement of the patents at issue in these cases, and information on production costs and sales volume of infringing integrated circuits. All of these topics are relevant to Ocean's claims of indirect infringement and to the calculation of reasonable damages.

There are no alternative means of obtaining the requested information from UMC as UMC USA has responded either that "it has no relevant, non-privileged responsive documents" (*e.g.*, Ex. C at 23) or that "it has no non-privileged, relevant, responsive documents that would not also be available from one or more parties to the underlying action." *e.g., id.* at 29). Based on UMC USA's stated inability to produce ***any*** of the categories of documents sought and refusal to produce others, as well as UMC's repeated refusals to produce any documents (Exs. D, F), even when presented with a narrowed version of the original subpoena, there are no alternative means of obtaining the discovery it seeks. This is particularly true where no Defendant has acknowledged that it possesses information relating to UMC's use of certain manufacturing tools, systems, platforms, software and equipment for manufacturing or fabricating any of Defendants' infringing products. (*See, e.g.* Ex. G,

4

Defendant MediaTek's Responses to Plaintiff's First Set of Requests for Production of Documents at 13: "MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.")

The requests for production and deposition topics in Attachment A are substantially the same as those in the amended subpoena that Ocean previously conveyed to UMC and represent a good-faith attempt to reduce any burden that responding might place on UMC. The definitions have been further narrowed. Moreover, UMC has specifically indicated that this information should be sought via Letters Rogatory. (Ex. F at 2.)

Ocean respectfully requests that the Court return: (a) the original copy of the signed and issued Letters Rogatory; and (b) one certified copy, to the undersigned counsel. Ocean will transmit the issued Letters Rogatory to the United States Department of State to oversee transmission of the Letters Rogatory to Taiwan through diplomatic channels as provided in 28 U.S.C. § 1781(a)(2).

### III. CONCLUSION

The Court should issue an order issuing Letters Rogatory directed to the Appropriate Judicial Authority of Taiwan. The information sought through this Motion and Letters Rogatory is within the scope of discovery and necessary for Ocean to prosecute its claims in the above-captioned actions.

Dated: February 16, 2022 /s/ Alex Chan
Timothy Devlin
tdevlin@devlinlawfirm.com
Henrik D. Parker
hparker@devlinlawfirm.com
Alex Chan (State Bar No. 24108051)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*Ocean Semiconductor LLC*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(G), the undersigned hereby certifies that counsel for Plaintiff contacted counsel for Defendants MediaTek Inc. and MediaTek USA Inc, NVIDIA Corporation, NXP USA, Inc., Renesas Electronics Corporation and Renesas Electronics America, Inc., Silicon Laboratories Inc., and STMicroelectronics, Inc. and received confirmation that they do not oppose this Motion.  Counsel for Plaintiff also contacted counsel for Western Digital Technologies, Inc. regarding this motion.  After repeated requests, as of this filing, Western Digital Technologies, Inc. has not expressed whether or not it opposes this motion.

/s/ Alex Chan
Alex Chan

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on February 16, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a).

/s/ Alex Chan
Alex Chan