# EXHIBIT F

1  Robert G. Litts (No. 205984)
   CANDESCENT LAW GROUP
2  1350 Old Bayshore Hwy, Ste. 520
   Burlingame, CA 94010
3  Telephone: (925) 644-1102
   robert.litts@candescentlaw.com
4
   Attorney for Non-Party
5  UNITED MICROELECTRONICS
   CORPORATION
6
7                    **UNITED STATES DISTRICT COURT**
8                   **NORTHERN DISTRICT OF CALIFORNIA**
9
   OCEAN SEMICONDUCTOR LLC,              Case No. 6:20-cv-1210-ADA
10                                       (Pending in W.D. Tex.)
              Plaintiff,
11                                       **NON-PARTY UNITED**
        v.                               **MICROELECTRONICS**
12                                       **CORPORATION'S OBJECTIONS TO**
   MEDIATEK INC. AND MEDIATEK USA        **OCEAN SEMICONDUCTOR LLC'S**
13 INC.,                                 **SUBPOENA TO TESTIFY AT A**
                                         **DEPOSITION IN A CIVIL ACTION**
14            Defendants.
15
16
17        Pursuant to Rules 26, 30, 34 and 45 of the Federal Rules of Civil Procedure, non-party

18 United Microelectronics Corporation ("UMC") hereby objects to the Subpoena to Testify at a

19 Deposition in a Civil Action ("Subpoena") which was purportedly issued by Plaintiff Ocean

20 Semiconductor LLC ("Ocean" or "Plaintiff") in the above-captioned action and transmitted by

21 electronic mail to counsel for UMC on January 27, 2022.  The Subpoena seeks deposition

22 testimony from UMC on eleven Deposition Topics (each a "Topic" and collectively the

23 "Topics") listed in Attachment A to the Subpoena, and production by UMC of documents,

24 electronically stored information ("ESI"), or objects described in twenty-two Requests for

25 Production of Documents (each a "Request" and collectively the "Requests") also listed in

26 Attachment A.

27

28

_____
        UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
             TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

1

**PRELIMINARY STATEMENT**

2      A.     UMC is a Taiwanese company having its headquarters in Hsinchu, Taiwan.

3 Accordingly, UMC is beyond the subpoena power of United States courts, which have no

4 jurisdiction over UMC for purposes of the Subpoena. Ocean failed to request and obtain

5 issuance of a letter rogatory to the Appropriate Judicial Authority of Taiwan requesting their

6 assistance in serving and enforcing the Subpoena, failed to provide a Chinese translation of the

7 Subpoena, and failed to follow the other requirements under the Federal Rules of Civil

8 Procedure, the United States Code, and Taiwan law for issuance of a subpoena to a Taiwanese

9 entity. Moreover, Ocean's attempted service of the Subpoena by emailing an electronic copy to

10 counsel for UMC is unauthorized under the Federal Rules of Civil Procedure and the United

11 States Code, and is in contravention of Taiwan Law, and thus is improper and ineffective.

12 Accordingly, UMC is under no obligation to respond to the Subpoena. Any production by UMC

13 of information sought by the Subpoena would be entirely voluntary.

14      B.     Nothing in these objections, no production by UMC of information sought by the

15 Subpoena, and no request by UMC for additional protections in the underlying action through

16 entry of a supplemental protective order or other measures should be construed as an acceptance

17 by UMC of service of the Subpoena, as a submission by UMC to the jurisdiction of any United

18 States court, or as a waiver by UMC of any rights under applicable rules and governing laws,

19 including any objections regarding improper and ineffective service or lack of jurisdiction.

20      C.     UMC's objections to a particular Request or Topic should not be interpreted as

21 implying that documents responsive to the Request exist or that information covered by the

22 Topic is known or reasonably available to UMC, or that UMC acknowledges the appropriateness

23 of the Request or Topic.

24      D.     Any production by UMC of information sought by the Subpoena will be made

25 pursuant to the Protective Order governing the disclosure of confidential information in the

26 underlying action. UMC reserves the right to insist upon supplemental protections.

27

28

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

## **GENERAL OBJECTIONS**

1.      UMC objects to the time, place, and manner specified in the Subpoena for appearing for a deposition and producing documents to the extent they are inconvenient and unduly burdensome to UMC.  UMC will appear for a deposition and produce documents, if at all, at a time and location, and in a manner, to be agreed upon by UMC and Ocean.

2.      UMC objects to each Request and Topic to the extent it seeks to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure or any other applicable rule or law.

3.      UMC objects to each Request and Topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

4.      UMC objects to each Request and Topic to the extent it seeks trade secret and/or other confidential research, development, or commercial information.  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

5.      UMC objects to each Request and Topic to the extent it seeks information not in UMC's possession, custody or control.

6.      UMC objects to each Request and Topic to the extent it seeks information that is available from one or more parties to the underlying action and/or from public sources.

7.      UMC objects to each Request and Topic to the extent it seeks information that is more readily and/or appropriately available from, or confidential to, another non-party.

8.      UMC objects to each Request and Topic to the extent it is duplicative of other discovery already taken or requested in the underlying action.

9.      UMC objects to each Request and Topic to the extent it seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

10.     UMC objects to each Request and Topic to the extent it is overbroad, vague and ambiguous, and/or imposes undue burden or expense upon UMC.

11.     UMC objects to each Request and Topic to the extent it is not reasonably limited in time and scope.

12.     UMC objects to each Request and Topic to the extent that responding or providing testimony would require subjective judgment and/or speculation on the part of UMC.

13.     UMC objects to each Request and Topic to the extent that it calls for a legal conclusion.

## OBJECTIONS TO DEFINITIONS

1.     UMC objects to the definition of "UMC," "You," and "Your" as overbroad, vague and ambiguous, calling for a legal conclusion, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it covers entities and persons other than UMC.  For purposes of these objections, UMC will interpret these terms to mean only United Microelectronics Corporation.

2.     UMC objects to the definition of "Plaintiff," "Ocean Semiconductor," and "Ocean" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it covers entities and persons other than Ocean Semiconductor LLC.  For purposes of these objections, UMC will interpret these terms to mean only Ocean Semiconductor LLC.

3.     UMC objects to the definition of "ASML" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it covers entities and persons other than ASML Holding N.V. and ASML Netherlands B.V.  For

-4-

1    purposes of these objections, UMC will interpret this term to mean only ASML Holding N.V.

2    and ASML Netherlands B.V.

3         4.    UMC objects to the definition of "Applied Materials" as overbroad, vague and

4    ambiguous, calling for a legal conclusion, providing insufficient identification and specificity,

5    requiring subjective judgment and speculation, and seeking to impose duties or obligations

6    beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the

7    extent it covers entities and persons other than Applied Materials, Inc.  For purposes of these

8    objections, UMC will interpret this term to mean only Applied Materials, Inc.

9         5.    UMC objects to the definition of "PDF Solutions" as overbroad, vague and

10   ambiguous, calling for a legal conclusion, providing insufficient identification and specificity,

11   requiring subjective judgment and speculation, and seeking to impose duties or obligations

12   beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the

13   extent it covers entities and persons other than PDF Solutions, Inc.  For purposes of these

14   objections, UMC will interpret this term to mean only PDF Solutions, Inc.

15        6.    UMC objects to the definition of "Defendant" and "Defendants" as overbroad,

16   vague and ambiguous, calling for a legal conclusion, providing insufficient identification and

17   specificity, requiring subjective judgment and speculation, and seeking to impose duties or

18   obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at

19   least to the extent it covers entities and persons other than MediaTek Inc., MediaTek USA Inc.,

20   NVIDIA Corporation, NXP USA, Inc., Renesas Electronics Corporation, Renesas Electronics

21   America, Inc., STMicroelectronics, Inc., Analog Devices, Inc., Infineon Technologies AG, and

22   Infineon Technologies Americas Corp.  For purposes of these objections, UMC will interpret

23   these terms to mean only MediaTek Inc., MediaTek USA Inc., NVIDIA Corporation, NXP USA,

24   Inc., Renesas Electronics Corporation, Renesas Electronics America, Inc., STMicroelectronics,

25   Inc., Analog Devices, Inc., Infineon Technologies AG, and Infineon Technologies Americas

26   Corp.

27

28

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

7.      UMC objects to the definitions of "Mediatek Infringing Instrumentalities," "NVIDIA Infringing Instrumentalities," "NXP Infringing Instrumentalities," "Renesas Infringing Instrumentalities," "STMicro Infringing Instrumentalities," "Analog Devices Infringing Instrumentalities," "Infineon Infringing Instrumentalities," and "Infringing Instrumentalities" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent they list product identifiers that are unfamiliar to UMC and therefore would require UMC to speculate about what product(s) are associated with those product identifiers and about the identity of the manufacturer(s) of those products, and to the extent they would require UMC to speculate about what constitutes "similar systems, products, devices, and integrated circuits."  UMC further objects to the definitions of these terms as overbroad and vague and ambiguous, at least to the extent they improperly suggest that any products associated with the listed product identifiers infringe the Asserted Patents.  Alleged infringement of the Asserted Patents has not yet been adjudicated in the underlying action.

8.      UMC objects to the definitions of "person," "documents," "thing," "sale," "sold," "communication," "identify," "identity," "information," "describe," "date," "relate to," "related to," "relating to," "concerning," and "possession," at least to the extent they seek to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure or any other applicable rule or law.  For purposes of these objections, UMC will interpret these terms in a manner consistent with Federal Rules of Civil Procedure and any other applicable rules and laws.

9.      UMC objects to the definition of "Advanced Process Control" and "APC" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it would require UMC to speculate about what constitutes

"any computer integrated system or factory automation hardware or software for monitoring and/or controlling processes and tools," to the extent it covers systems, hardware, and/or software that has not been identified by Ocean in its pleadings or in its Preliminary Disclosure of Asserted Claims and Infringement Contentions in the underlying action and/or does not perform the accused functionalities claimed in any of the Asserted Patents, and to the extent it is inconsistent with any use of this term or similar terms in any of the Asserted Patents, or in any claim construction order or other orders entered in the underlying action.

10.     UMC objects to the definition of "Fault Detection and Classification" and "FDC" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it would require UMC to speculate about what constitutes "any computer integrated hardware or software for the detection and/or classification of manufacturing-related fault events," to the extent it covers systems, hardware, and/or software that has not been identified by Ocean in its pleadings or in its Preliminary Disclosure of Asserted Claims and Infringement Contentions in the underlying action and/or does not perform the accused functionalities claimed in any of the Asserted Patents, and to the extent it is inconsistent with any use of this term or similar terms in any of the Asserted Patents, or in any claim construction order or other orders entered in the underlying action.

11.     UMC objects to the definition of "YieldStar" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it would require UMC to speculate about what constitutes "any and all metrology and inspection systems designed, developed, assembled, and/or manufactured by ASML," "ASML's optical metrology systems," "E-beam metrology and inspection systems," and "all models, versions, and their predecessors," and to the extent it covers systems, hardware, and/or software that has not

been identified by Ocean in its pleadings or in its Preliminary Disclosure of Asserted Claims and Infringement Contentions in the underlying action and/or does not perform the accused functionalities claimed in any of the Asserted Patents.

12.     UMC objects to the definition of "TWINSCAN" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it would require UMC to speculate about what constitutes "any and all lithography systems designed, developed, assembled, and/or manufactured by ASML," "ASML's deep ultraviolet (DUY) lithography systems," "extreme ultraviolet (EUV) lithography systems," "lithography systems that utilize more than one wafer table," and "their predecessors," and to the extent it covers systems, hardware, and/or software that has not been identified by Ocean in its pleadings or in its Preliminary Disclosure of Asserted Claims and Infringement Contentions in the underlying action and/or does not perform the accused functionalities claimed in any of the Asserted Patents.

13.     UMC objects to the definition of "E3" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it would require UMC to speculate about what constitutes "Applied Materials' E3 framework, platform, hardware, and/or software and all equipment modules of E3" and "all models, versions, and their predecessors," and to the extent it covers systems, hardware, and/or software that has not been identified by Ocean in its pleadings or in its Preliminary Disclosure of Asserted Claims and Infringement Contentions in the underlying action and/or does not perform the accused functionalities claimed in any of the Asserted Patents.

14.     UMC objects to the definition of "SmartFactory" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity,

requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it would require UMC to speculate about what constitutes "Applied Materials' SmartFactory Productivity Solution framework, platform, hardware and/or software and all equipment modules of SmartFactory" and "all models, versions, and their predecessors," and to the extent it covers systems, hardware, and/or software that has not been identified by Ocean in its pleadings or in its Preliminary Disclosure of Asserted Claims and Infringement Contentions in the underlying action and/or does not perform the accused functionalities claimed in any of the Asserted Patents.

15.    UMC objects to the definition of "Exensio" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it would require UMC to speculate about what constitutes "PDF Solutions' Exensio framework, platform, hardware and/or software and all equipment modules of Exensio" and "all models, versions, and their predecessors," and to the extent it covers systems, hardware, and/or software that has not been identified by Ocean in its pleadings or in its Preliminary Disclosure of Asserted Claims and Infringement Contentions in the underlying action and/or does not perform the accused functionalities claimed in any of the Asserted Patents.

16.    UMC objects to the definition of "Manufacturing Equipment" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it refers to "TWINSCAN," "YieldStar," "E3," "SmartFactory," and "Exensio," for the same reasons as provided herein for those terms individually, and to the extent it would require UMC to speculate about what constitutes "their respective frameworks, platforms, hardware and/or software and all equipment modules."

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

17.     UMC objects to the definition of "Equipment Manufacturers" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it refers to "Manufacturing Equipment," for the same reasons as provided herein for that term.

18.     UMC objects to the definition of "MES" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it would require UMC to speculate about what constitutes "any and all manufacturing execution system used for monitoring, tracking, and/or documenting the process of manufacturing, fabricating, and/or assembling," to the extent it covers systems, hardware, and/or software that has not been identified by Ocean in its pleadings or in its Preliminary Disclosure of Asserted Claims and Infringement Contentions in the underlying action and/or does not perform the accused functionalities claimed in any of the Asserted Patents, and to the extent it is inconsistent with any use of this term or similar terms in any of the Asserted Patents, or in any claim construction order or other orders entered in the underlying action.

19.     UMC objects to the definition of "Product" and "Products" as overbroad, vague and ambiguous, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it would require UMC to speculate about what constitutes "any and all components, subcomponents, auxiliary components, and accessory products," and to the extent it covers systems, hardware, and/or software that has not been identified by Ocean in its pleadings or in its Preliminary Disclosure of Asserted Claims and Infringement Contentions in the

1  underlying action and/or does not perform the accused functionalities claimed in any of the

2  Asserted Patents.

3  **OBJECTIONS TO INSTRUCTIONS**

4  1.      UMC objects to the Instructions in Attachment A to the Subpoena to the extent

5  they seek to impose duties or obligations beyond or inconsistent with those set forth in the

6  Federal Rules of Civil Procedure or any other applicable rule or law.

7
**SPECIFIC OBJECTIONS TO REQUESTS FOR**
8
**PRODUCTION OF DOCUMENTS**

9  **REQUEST NO. 1:**

10      Documents sufficient to show the use, utilization, installation, implementation, and/or

11  deployment of any Manufacturing Equipment in any of Your manufacturing and/or fabrication

12  facility in connection with Your manufacture, fabrication, and/or assembly of any and all

13  Infringing Instrumentalities for any Defendant, including the identification of all versions and

14  models of any such system and the location of such use, utilization, installation, implementation,

15  and/or deployment including the location of any and all such fabrication facilities.

16  **OBJECTIONS TO REQUEST NO. 1:**

17      UMC incorporates each of its General Objections, Objections to Definitions, and

18  Objections to Instructions herein by reference.  UMC further objects to this Request to the extent

19  it seeks information that is protected from discovery by the attorney-client privilege, the attorney

20  work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

21  this Request to the extent it seeks information not in UMC's possession, custody or control.

22      UMC further objects to this Request as overbroad, vague and ambiguous, imposing

23  undue burden and expense, calling for a legal conclusion, providing insufficient identification

24  and specificity, requiring subjective judgment and speculation, seeking information that is not

25  relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

26  impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

27  Civil Procedure, at least to the extent it seeks information about "any Manufacturing

28

-11-

1   Equipment," about "Your manufacturing and/or fabrication facility," about "any and all

2   Infringing Instrumentalities," and about "any Defendant."

3        UMC further objects to this Request as seeking information that is more readily and/or

4   appropriately available from, or confidential to, another non-party, at least to the extent it seeks

5   information about "any Manufacturing Equipment."

6        UMC further objects to this Request as seeking information that that is available from

7   one or more parties to the underlying action, and duplicative of other discovery already taken or

8   requested in the underlying action, at least to the extent it seeks information about "any and all

9   Infringing Instrumentalities for any Defendant."

10       UMC further objects to this Request as seeking trade secret and/or other confidential

11  research, development, or commercial information, at least to the extent it seeks information

12  about "use, utilization, installation, implementation, and/or deployment of any Manufacturing

13  Equipment in any of Your manufacturing and/or fabrication facility," about "Your manufacture,

14  fabrication, and/or assembly of any and all Infringing Instrumentalities for any Defendant," and

15  about "identification of all versions and models of any such system and the location of such use,

16  utilization, installation, implementation, and/or deployment including the location of any and all

17  such fabrication facilities."  Any production by UMC of information sought by the Subpoena

18  will be made pursuant to the Protective Order governing the disclosure of confidential

19  information in the underlying action.  UMC reserves the right to insist upon supplemental

20  protections.

21       In view of these specific objections and the foregoing Preliminary Statement, General

22  Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing

23  documents sought by this Request.

24  **REQUEST NO. 2:**

25       Purchase or sales orders, invoices, purchase agreements, sales agreements, and/or

26  supplier agreements relating to any Manufacturing Equipment.

27

28

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

**OBJECTIONS TO REQUEST NO. 2:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "any Manufacturing Equipment."

UMC further objects to this Request as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "[p]urchase or sales orders, invoices, purchase agreements, sales agreements, and/or supplier agreements relating to any Manufacturing Equipment."

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "[p]urchase or sales orders, invoices, purchase agreements, sales agreements, and/or supplier agreements relating to any Manufacturing Equipment."  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

-13-

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

**REQUEST NO. 3:**

Documents relating to the design, development, operation, and/or implementation of any APC and/or FDC hardware, software, systems, components, and/or modules by any entity other than Applied Materials or PDF Solutions that are/were used, utilized, installed, implemented and/or deployed in Your manufacturing, fabrication, and/or assembly tool, equipment, and/or facility in connection with Your manufacturing, fabrication, and/or assembly of any Infringing Instrumentalities, including any in-house and/or proprietary APC and/or FDC hardware, software, systems, components, and/or modules designed, developed, operated, and/or implemented by You.

**OBJECTIONS TO REQUEST NO. 3:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "any APC and/or FDC hardware, software, systems, components, and/or modules by any entity other than Applied Materials or PDF Solutions," about "Your manufacturing, fabrication, and/or assembly tool, equipment, and/or facility," about "any Infringing Instrumentalities," and about "any in-house and/or proprietary APC and/or FDC hardware, software, systems, components, and/or modules designed, developed, operated, and/or implemented by You."

-14-

1   UMC further objects to this Request as seeking information that that is available from
2   one or more parties to the underlying action, and duplicative of other discovery already taken or
3   requested in the underlying action, at least to the extent it seeks information about "any
4   Infringing Instrumentalities."

5   UMC further objects to this Request as seeking trade secret and/or other confidential
6   research, development, or commercial information, at least to the extent it seeks information
7   about "the design, development, operation, and/or implementation of any APC and/or FDC
8   hardware, software, systems, components, and/or modules … that are/were used, utilized,
9   installed, implemented and/or deployed in Your manufacturing, fabrication, and/or assembly
10  tool, equipment, and/or facility," about "Your manufacturing, fabrication, and/or assembly of
11  any Infringing Instrumentalities," and about "any in-house and/or proprietary APC and/or FDC
12  hardware, software, systems, components, and/or modules designed, developed, operated, and/or
13  implemented by You."  Any production by UMC of information sought by the Subpoena will be
14  made pursuant to the Protective Order governing the disclosure of confidential information in the
15  underlying action.  UMC reserves the right to insist upon supplemental protections.

16  In view of these specific objections and the foregoing Preliminary Statement, General
17  Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing
18  documents sought by this Request.

19  **REQUEST NO. 4:**

20  Documents sufficient to show the identity and role played by any and all Defendants in
21  the design, development, manufacture, testing, and/or importation of the Infringing
22  Instrumentalities that are/were fabricated, manufactured, and/or assembled by You using any
23  Manufacturing Equipment.

24  **OBJECTIONS TO REQUEST NO. 4:**

25  UMC incorporates each of its General Objections, Objections to Definitions, and
26  Objections to Instructions herein by reference.  UMC further objects to this Request to the extent
27  it seeks information that is protected from discovery by the attorney-client privilege, the attorney

28

1  work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

2  this Request to the extent it seeks information not in UMC's possession, custody or control.

3    UMC further objects to this Request as overbroad, vague and ambiguous, imposing

4  undue burden and expense, calling for a legal conclusion, providing insufficient identification

5  and specificity, requiring subjective judgment and speculation, seeking information that is not

6  relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

7  impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

8  Civil Procedure, at least to the extent it seeks information about "any and all Defendants," about

9  "Infringing Instrumentalities," and about "any Manufacturing Equipment."

10    UMC further objects to this Request as seeking information that is more readily and/or

11  appropriately available from, or confidential to, another non-party, at least to the extent it seeks

12  information about "any Manufacturing Equipment."

13    UMC further objects to this Request as seeking information that that is available from

14  one or more parties to the underlying action, and duplicative of other discovery already taken or

15  requested in the underlying action, at least to the extent it seeks information about "the identity

16  and role played by any and all Defendants," and about "Infringing Instrumentalities."

17    UMC further objects to this Request as seeking trade secret and/or other confidential

18  research, development, or commercial information, at least to the extent it seeks information

19  about "the design, development, manufacture, testing, and/or importation of the Infringing

20  Instrumentalities that are/were fabricated, manufactured, and/or assembled by You using any

21  Manufacturing Equipment."  Any production by UMC of information sought by the Subpoena

22  will be made pursuant to the Protective Order governing the disclosure of confidential

23  information in the underlying action.  UMC reserves the right to insist upon supplemental

24  protections.

25    In view of these specific objections and the foregoing Preliminary Statement, General

26  Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing

27  documents sought by this Request.

28

**REQUEST NO. 5:**

Documents sufficient to identify any and all systems, devices, components, or integrated circuits manufactured, fabricated, and/or assembled on behalf of any and all Defendants using any Manufacturing Equipment, including the identification of any and all applicable technology node(s) for which such system is/was used.

**OBJECTIONS TO REQUEST NO. 5:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "any and all Defendants," and about "any Manufacturing Equipment."

UMC further objects to this Request as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "any Manufacturing Equipment."

UMC further objects to this Request as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "any and all systems, devices, components, or integrated circuits manufactured, fabricated, and/or assembled on behalf of any and all Defendants."

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "any and all systems, devices, components, or integrated circuits manufactured, fabricated, and/or assembled on behalf of any and all Defendants using any Manufacturing Equipment" and about "identification of any and all applicable technology node(s) for which such system is/was used." Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action. UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

**REQUEST NO. 6:**

Documents relating to Your agreement or contract with any and all Defendants to fabricate, manufacture, or assemble those systems, devices, components, and/or integrated circuits described in Request for Production No. 5, including, without limitation, master service agreements, partnership agreements, development agreements, contract manufacturing agreements, manufacturing supply agreements, supplier agreements, distribution agreements, manufacturing contract service level agreements, and semiconductor purchase agreements.

**OBJECTIONS TO REQUEST NO. 6:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference. UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not

relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "any and all Defendants," and about "those systems, devices, components, and/or integrated circuits described in Request for Production No. 5."

UMC further objects to this Request as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "Your agreement or contract with any and all Defendants."

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "Your agreement or contract with any and all Defendants to fabricate, manufacture, or assemble those systems, devices, components, and/or integrated circuits described in Request for Production No. 5," and about "master service agreements, partnership agreements, development agreements, contract manufacturing agreements, manufacturing supply agreements, supplier agreements, distribution agreements, manufacturing contract service level agreements, and semiconductor purchase agreements."  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

**REQUEST NO. 7:**

Documents relating to any agreement between You and any Equipment Manufacturer or any of the Defendants to be indemnified by, or to indemnify, any Equipment Manufacturer or

any of the Defendants for patent infringement in connection with Your use, utilization, installation, implementation, and/or deployment of any Manufacturing Equipment.

**OBJECTIONS TO REQUEST NO. 7:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "any Equipment Manufacturer," about "any of the Defendants," and about "any Manufacturing Equipment."

UMC further objects to this Request as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "any agreement between You and any Equipment Manufacturer," and about "any Manufacturing Equipment."

UMC further objects to this Request as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "any agreement between You and … any of the Defendants."

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "any agreement between You and any Equipment Manufacturer or any of the Defendants to be indemnified by, or to indemnify, any Equipment Manufacturer or any of the Defendants for

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

patent infringement," and about "Your use, utilization, installation, implementation, and/or deployment of any Manufacturing Equipment."  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

**REQUEST NO. 8:**

Documents sufficient to show the set-up, configuration, maintenance, and operation of the Manufacturing Equipment including describing how You set up, configure, maintain, and/or operate the Manufacturing Equipment involved in the manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities.

**OBJECTIONS TO REQUEST NO. 8:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "Manufacturing Equipment," and about "any and all Infringing Instrumentalities."

UMC further objects to this Request as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "Manufacturing Equipment."

UMC further objects to this Request as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "any and all Infringing Instrumentalities."

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "the set-up, configuration, maintenance, and operation of the Manufacturing Equipment," about "how You set up, configure, maintain, and/or operate the Manufacturing Equipment," and about "the manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities." Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action. UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

**REQUEST NO. 9:**

Documents sufficient to show technical, hardware, or software support requested by You and sent to any of the Equipment Manufacturers in connection with Your use, utilization, installation, implementation, and/or deployment of any and all Manufacturing Equipment.

**OBJECTIONS TO REQUEST NO. 9:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney

1  work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

2  this Request to the extent it seeks information not in UMC's possession, custody or control.

3          UMC further objects to this Request as overbroad, vague and ambiguous, imposing

4  undue burden and expense, calling for a legal conclusion, providing insufficient identification

5  and specificity, requiring subjective judgment and speculation, seeking information that is not

6  relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

7  impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

8  Civil Procedure, at least to the extent it seeks information about "any of the Equipment

9  Manufacturers," and about "any and all Manufacturing Equipment."

10          UMC further objects to this Request as seeking information that is more readily and/or

11  appropriately available from, or confidential to, another non-party, at least to the extent it seeks

12  information about "technical, hardware, or software support requested by You and sent to any of

13  the Equipment Manufacturers," and about "Manufacturing Equipment."

14          UMC further objects to this Request as seeking trade secret and/or other confidential

15  research, development, or commercial information, at least to the extent it seeks information

16  about "technical, hardware, or software support requested by You and sent to any of the

17  Equipment Manufacturers," and about "Your use, utilization, installation, implementation, and/or

18  deployment of any and all Manufacturing Equipment."  Any production by UMC of information

19  sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure

20  of confidential information in the underlying action.  UMC reserves the right to insist upon

21  supplemental protections.

22          In view of these specific objections and the foregoing Preliminary Statement, General

23  Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing

24  documents sought by this Request.

25  **REQUEST NO. 10:**

26          Documents sufficient to show the sales volume, revenues, costs of goods sold, gross

27  profits, operating costs, operating profits, and/or net profits directly or indirectly related to the

28

1  manufacture, fabrication, and/or assembly of systems, devices, components, or integrated

2  circuits, including the Infringing Instrumentalities, that are/were manufactured, fabricated, and/or

3  assembly on behalf of any and all Defendants in connection with Your use, utilization,

4  installation, implementation, and/or deployment of the Manufacturing Equipment from 2014 to

5  the present.

6  **OBJECTIONS TO REQUEST NO. 10:**

7      UMC incorporates each of its General Objections, Objections to Definitions, and

8  Objections to Instructions herein by reference.  UMC further objects to this Request to the extent

9  it seeks information that is protected from discovery by the attorney-client privilege, the attorney

10  work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

11  this Request to the extent it seeks information not in UMC's possession, custody or control.

12      UMC further objects to this Request as overbroad, vague and ambiguous, imposing

13  undue burden and expense, calling for a legal conclusion, providing insufficient identification

14  and specificity, requiring subjective judgment and speculation, seeking information that is not

15  relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

16  impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

17  Civil Procedure, at least to the extent it seeks information about "systems, devices, components,

18  or integrated circuits, including the Infringing Instrumentalities," about "any and all

19  Defendants," and about "Manufacturing Equipment."

20      UMC further objects to this Request as seeking information that is more readily and/or

21  appropriately available from, or confidential to, another non-party, at least to the extent it seeks

22  information about "Manufacturing Equipment."

23      UMC further objects to this Request as seeking information that that is available from

24  one or more parties to the underlying action, and duplicative of other discovery already taken or

25  requested in the underlying action, at least to the extent it seeks information about "systems,

26  devices, components, or integrated circuits, including the Infringing Instrumentalities, that

27  are/were manufactured, fabricated, and/or assembly on behalf of any and all Defendants."

28

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "sales volume, revenues, costs of goods sold, gross profits, operating costs, operating profits, and/or net profits," about "the manufacture, fabrication, and/or assembly of systems, devices, components, or integrated circuits, including the Infringing Instrumentalities," and about "Your use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment."  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

**REQUEST NO. 11:**

Documents sufficient to show any manufacturing equipment, tool, and/or platform used, utilized, installed, implemented, and/or deployed in any of Your manufacturing and/or fabrication facilities that includes an adjustable wafer stage.

**OBJECTIONS TO REQUEST NO. 11:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

1   Civil Procedure, at least to the extent it seeks information about "any manufacturing equipment,

2   tool, and/or platform," and about "any of Your manufacturing and/or fabrication facilities that

3   includes an adjustable wafer stage."

4          UMC further objects to this Request as seeking information that is more readily and/or

5   appropriately available from, or confidential to, another non-party, at least to the extent it seeks

6   information about "any manufacturing equipment, tool, and/or platform … that includes an

7   adjustable wafer stage."

8          UMC further objects to this Request as seeking trade secret and/or other confidential

9   research, development, or commercial information, at least to the extent it seeks information

10  about "any manufacturing equipment, tool, and/or platform used, utilized, installed,

11  implemented, and/or deployed in any of Your manufacturing and/or fabrication facilities that

12  includes an adjustable wafer stage."  Any production by UMC of information sought by the

13  Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential

14  information in the underlying action.  UMC reserves the right to insist upon supplemental

15  protections.

16         In view of these specific objections and the foregoing Preliminary Statement, General

17  Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing

18  documents sought by this Request.

19  **REQUEST NO. 12:**

20         Documents relating to identifying, detecting and/or determining whether a

21  manufacturing-related fault exists in Your manufacturing and/or fabrication tool and/or

22  equipment used for Your manufacture, fabrication, and/or assembly of any and all Infringing

23  Instrumentalities, any subsequent remedial actions taken in response to a manufacturing related

24  fault, as well as manufacturing-related actions taken by You in response to such manufacturing

25  and/or fabrication tool and/or equipment being malfunctioned, inoperable, and/or defective

26  during such manufacture, fabrication, and/or assembly.

27

28

**OBJECTIONS TO REQUEST NO. 12:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "Your manufacturing and/or fabrication tool and/or equipment," and about "any and all Infringing Instrumentalities."

UMC further objects to this Request as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "Your manufacturing and/or fabrication tool and/or equipment."

UMC further objects to this Request as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "any and all Infringing Instrumentalities."

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "identifying, detecting and/or determining whether a manufacturing-related fault exists in Your manufacturing and/or fabrication tool and/or equipment," about "Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities," about "any subsequent remedial actions taken in response to a manufacturing related fault," and about "manufacturing-related actions taken by You." in response to such manufacturing and/or fabrication tool and/or

equipment being malfunctioned, inoperable, and/or defective."  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

**REQUEST NO. 13:**

Documents relating to the translation of communications or data connection protocols (e.g., SECS (SEMI equipment communication standard), TCP/IP, OPC (OLE for Process Control), TIBCO, and ODP (optical data profiling)) between Your manufacturing and/or fabrication tool and/or equipment and Your FDC system, platform, and/or framework.

**OBJECTIONS TO REQUEST NO. 13:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "Your manufacturing and/or fabrication tool and/or equipment," and about "Your FDC system, platform, and/or framework."

UMC further objects to this Request as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks

1    information about "Your manufacturing and/or fabrication tool and/or equipment," and about

2    "Your FDC system, platform, and/or framework."

3         UMC further objects to this Request as seeking trade secret and/or other confidential

4    research, development, or commercial information, at least to the extent it seeks information

5    about "translation of communications or data connection protocols," about "Your FDC system,

6    platform, and/or framework," and about "Your FDC system, platform, and/or framework."  Any

7    production by UMC of information sought by the Subpoena will be made pursuant to the

8    Protective Order governing the disclosure of confidential information in the underlying action.

9    UMC reserves the right to insist upon supplemental protections.

10        In view of these specific objections and the foregoing Preliminary Statement, General

11   Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing

12   documents sought by this Request.

13   **REQUEST NO. 14:**

14        Documents sufficient to show the scheduling of factory events, preventive maintenance

15   ("PMs"), manufacturing tasks and/or qualification tests ("Quals") in connection with Your

16   manufacturing and/or fabrication tool and/or equipment used for Your manufacture, fabrication,

17   and/or assembly of any and all Infringing Instrumentalities, including, without limitation,

18   scheduling of processing for lots and/or wafers, manufacturing and/or fabrication tool and/or

19   equipment, PMs and Quals, and/or manufacturing resources in connection with Your

20   manufacture, fabrication and/or assembly of the Infringing Instrumentalities.

21   **OBJECTIONS TO REQUEST NO. 14:**

22        UMC incorporates each of its General Objections, Objections to Definitions, and

23   Objections to Instructions herein by reference.  UMC further objects to this Request to the extent

24   it seeks information that is protected from discovery by the attorney-client privilege, the attorney

25   work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

26   this Request to the extent it seeks information not in UMC's possession, custody or control.

27

28

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "Your manufacturing and/or fabrication tool and/or equipment," and about "any and all Infringing Instrumentalities."

UMC further objects to this Request as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "Your manufacturing and/or fabrication tool and/or equipment."

UMC further objects to this Request as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "any and all Infringing Instrumentalities."

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "the scheduling of factory events, preventive maintenance ("PMs"), manufacturing tasks and/or qualification tests ("Quals")," about "Your manufacturing and/or fabrication tool and/or equipment," about "Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities," and about "scheduling of processing for lots and/or wafers, manufacturing and/or fabrication tool and/or equipment, PMs and Quals, and/or manufacturing resources."  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action. UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

**REQUEST NO. 15:**

Documents sufficient to show Your manufacturing execution system ("MES") used, utilized, installed, implemented, and/or deployed at any of Your manufacturing and/or fabrication facilities in connection with Your manufacturing and/or fabrication tool and/or equipment used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities.

**OBJECTIONS TO REQUEST NO. 15:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "Your manufacturing execution system ("MES")," about "Your manufacturing and/or fabrication facilities," about "Your manufacturing and/or fabrication tool and/or equipment," and about "any and all Infringing Instrumentalities."

UMC further objects to this Request as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "Your manufacturing execution system ("MES")," and about "Your manufacturing and/or fabrication tool and/or equipment."

UMC further objects to this Request as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or

requested in the underlying action, at least to the extent it seeks information about "any and all Infringing Instrumentalities."

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "Your manufacturing execution system ("MES")," about "Your manufacturing and/or fabrication facilities," about "Your manufacturing and/or fabrication tool and/or equipment," and about "Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities."  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

**REQUEST NO. 16:**

Documents sufficient to show Your measurement of critical dimension ("CD") and/or overlay in connection with any and all semiconductor wafers used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities.

**OBJECTIONS TO REQUEST NO. 16:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

1   impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

2   Civil Procedure, at least to the extent it seeks information about "Your measurement of critical

3   dimension ("CD") and/or overlay," about "any and all semiconductor wafers," and about "any

4   and all Infringing Instrumentalities."

5       UMC further objects to this Request as seeking information that is more readily and/or

6   appropriately available from, or confidential to, another non-party, at least to the extent it seeks

7   information about "Your measurement of critical dimension ("CD") and/or overlay."

8       UMC further objects to this Request as seeking information that that is available from

9   one or more parties to the underlying action, and duplicative of other discovery already taken or

10  requested in the underlying action, at least to the extent it seeks information about "any and all

11  Infringing Instrumentalities."

12      UMC further objects to this Request as seeking trade secret and/or other confidential

13  research, development, or commercial information, at least to the extent it seeks information

14  about "Your measurement of critical dimension ("CD") and/or overlay," and about "Your

15  manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities."  Any

16  production by UMC of information sought by the Subpoena will be made pursuant to the

17  Protective Order governing the disclosure of confidential information in the underlying action.

18  UMC reserves the right to insist upon supplemental protections.

19      In view of these specific objections and the foregoing Preliminary Statement, General

20  Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing

21  documents sought by this Request.

22  **REQUEST NO. 17:**

23      Documents relating to Your collection of metrology data used in connection with Your

24  manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities, including

25  monitoring semiconductor wafers, modifying operating recipes, processing such metrology data

26  such as, without limitation, data filtering, and/or controlling Your manufacturing and/or

27

28

fabrication tool and/or equipment used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities.

**OBJECTIONS TO REQUEST NO. 17:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "Your collection of metrology data," about "any and all Infringing Instrumentalities," and about "Your manufacturing and/or fabrication tool and/or equipment."

UMC further objects to this Request as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "Your collection of metrology data," and about "monitoring semiconductor wafers, modifying operating recipes, processing such metrology data such as, without limitation, data filtering, and/or controlling Your manufacturing and/or fabrication tool and/or equipment."

UMC further objects to this Request as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "any and all Infringing Instrumentalities."

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

about "Your collection of metrology data," about "Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities," and about "monitoring semiconductor wafers, modifying operating recipes, processing such metrology data such as, without limitation, data filtering, and/or controlling Your manufacturing and/or fabrication tool and/or equipment." Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action. UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

**REQUEST NO. 18:**

Documents sufficient to show how You determine whether a manufacturing-related fault identified, detected, and/or determined to exist in Your manufacturing and/or fabrication tool and/or equipment used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities is a false positive or false negative, or a fault that requires You to remediate, rectify, cure, or correct such a fault.

**OBJECTIONS TO REQUEST NO. 18:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

1   Civil Procedure, at least to the extent it seeks information about "Your manufacturing and/or

2   fabrication tool and/or equipment," and about "any and all Infringing Instrumentalities."

3          UMC further objects to this Request as seeking information that is more readily and/or

4   appropriately available from, or confidential to, another non-party, at least to the extent it seeks

5   information about "how You determine whether a manufacturing-related fault identified,

6   detected, and/or determined to exist in Your manufacturing and/or fabrication tool and/or

7   equipment … is a false positive or false negative, or a fault that requires You to remediate,

8   rectify, cure, or correct such a fault."

9          UMC further objects to this Request as seeking information that that is available from

10  one or more parties to the underlying action, and duplicative of other discovery already taken or

11  requested in the underlying action, at least to the extent it seeks information about "any and all

12  Infringing Instrumentalities."

13         UMC further objects to this Request as seeking trade secret and/or other confidential

14  research, development, or commercial information, at least to the extent it seeks information

15  about "how You determine whether a manufacturing-related fault identified, detected, and/or

16  determined to exist in Your manufacturing and/or fabrication tool and/or equipment … is a false

17  positive or false negative, or a fault that requires You to remediate, rectify, cure, or correct such

18  a fault," and about "Your manufacture, fabrication, and/or assembly of any and all Infringing

19  Instrumentalities."  Any production by UMC of information sought by the Subpoena will be

20  made pursuant to the Protective Order governing the disclosure of confidential information in the

21  underlying action.  UMC reserves the right to insist upon supplemental protections.

22         In view of these specific objections and the foregoing Preliminary Statement, General

23  Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing

24  documents sought by this Request.

25  **REQUEST NO. 19:**

26         Documents sufficient to show any adjustment or modification to any fault detection

27  analysis as described in Request for Production No. 18, including any adjustment or modification

28

of any parameters that contribute to the identification, detection, and/or determination as to whether a manufacturing-related fault exists in Your manufacturing and/or fabrication tool and/or equipment used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities.

**OBJECTIONS TO REQUEST NO. 19:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "Your manufacturing and/or fabrication tool and/or equipment," and about "any and all Infringing Instrumentalities."

UMC further objects to this Request as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "any adjustment or modification to any fault detection analysis as described in Request for Production No. 18," and about "any adjustment or modification of any parameters that contribute to the identification, detection, and/or determination as to whether a manufacturing-related fault exists in Your manufacturing and/or fabrication tool and/or equipment."

UMC further objects to this Request as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or

1  requested in the underlying action, at least to the extent it seeks information about "any and all

2  Infringing Instrumentalities."

3      UMC further objects to this Request as seeking trade secret and/or other confidential

4  research, development, or commercial information, at least to the extent it seeks information

5  about "any adjustment or modification to any fault detection analysis as described in Request for

6  Production No. 18," about "any adjustment or modification of any parameters that contribute to

7  the identification, detection, and/or determination as to whether a manufacturing-related fault

8  exists in Your manufacturing and/or fabrication tool and/or equipment," and about "Your

9  manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities."  Any

10 production by UMC of information sought by the Subpoena will be made pursuant to the

11 Protective Order governing the disclosure of confidential information in the underlying action.

12 UMC reserves the right to insist upon supplemental protections.

13      In view of these specific objections and the foregoing Preliminary Statement, General

14 Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing

15 documents sought by this Request.

16 **REQUEST NO. 20:**

17      Documents relating to the importation into the United States and/or offer for sale, sale, or

18 use within the United States of any and all systems, devices, components, and/or integrated

19 circuits that are/were manufactured, fabricated, or assembled by You on behalf of any and all

20 Defendants in connection with the use, utilization, installation, implementation, and/or

21 deployment of the Manufacturing Equipment.

22 **OBJECTIONS TO REQUEST NO. 20:**

23      UMC incorporates each of its General Objections, Objections to Definitions, and

24 Objections to Instructions herein by reference.  UMC further objects to this Request to the extent

25 it seeks information that is protected from discovery by the attorney-client privilege, the attorney

26 work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

27 this Request to the extent it seeks information not in UMC's possession, custody or control.

28

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "any and all systems, devices, components, and/or integrated circuits that are/were manufactured, fabricated, or assembled by You on behalf of any and all Defendants."

UMC further objects to this Request as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "importation into the United States and/or offer for sale, sale, or use within the United States of any and all systems, devices, components, and/or integrated circuits that are/were manufactured, fabricated, or assembled by You on behalf of any and all Defendants."

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "importation into the United States and/or offer for sale, sale, or use within the United States of any and all systems, devices, components, and/or integrated circuits that are/were manufactured, fabricated, or assembled by You on behalf of any and all Defendants," and about "use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment."  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

**REQUEST NO. 21:**

Documents relating to the importation into the United States and/or offer for sale, sale, or use within the United States of any and all systems, devices, components, and/or integrated circuits that are/were manufactured, fabricated, or assembled by You on behalf of any entity or entities other than Defendants, including but not limited to Silicon Laboratories Inc., Western Digital Technologies, Inc., Huawei Device USA, Inc., Huawei Device Co., Ltd., and HiSilicon Technologies Co., Ltd. in connection with the use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment.

**OBJECTIONS TO REQUEST NO. 21:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Request to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Request as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "any and all systems, devices, components, and/or integrated circuits that are/were manufactured, fabricated, or assembled by You on behalf of any entity or entities other than Defendants, including but not limited to Silicon Laboratories Inc., Western Digital Technologies, Inc., Huawei Device USA, Inc., Huawei Device Co., Ltd., and HiSilicon Technologies Co., Ltd."

UMC further objects to this Request as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "any and all

systems, devices, components, and/or integrated circuits that are/were manufactured, fabricated, or assembled by You on behalf of any entity or entities other than Defendants, including but not limited to Silicon Laboratories Inc., Western Digital Technologies, Inc., Huawei Device USA, Inc., Huawei Device Co., Ltd., and HiSilicon Technologies Co., Ltd.."

UMC further objects to this Request as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "any and all systems, devices, components, and/or integrated circuits that are/were manufactured, fabricated, or assembled by You on behalf of any entity or entities other than Defendants, including but not limited to Silicon Laboratories Inc., Western Digital Technologies, Inc., Huawei Device USA, Inc., Huawei Device Co., Ltd., and HiSilicon Technologies Co., Ltd.," and about "use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment."  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing documents sought by this Request.

**REQUEST NO. 22:**

Documents sufficient to show royalties You paid to any Equipment Manufacturers related to the use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment.

**OBJECTIONS TO REQUEST NO. 22:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney

1   work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

2   this Request to the extent it seeks information not in UMC's possession, custody or control.

3           UMC further objects to this Request as overbroad, vague and ambiguous, imposing

4   undue burden and expense, calling for a legal conclusion, providing insufficient identification

5   and specificity, requiring subjective judgment and speculation, seeking information that is not

6   relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

7   impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

8   Civil Procedure, at least to the extent it seeks information about "any Equipment

9   Manufacturers," and about "Manufacturing Equipment."

10          UMC further objects to this Request as seeking information that is more readily and/or

11  appropriately available from, or confidential to, another non-party, at least to the extent it seeks

12  information about "royalties You paid to any Equipment Manufacturers," and about "use,

13  utilization, installation, implementation, and/or deployment of the Manufacturing Equipment."

14          UMC further objects to this Request as seeking trade secret and/or other confidential

15  research, development, or commercial information, at least to the extent it seeks information

16  about "royalties You paid to any Equipment Manufacturers," and about "use, utilization,

17  installation, implementation, and/or deployment of the Manufacturing Equipment."  Any

18  production by UMC of information sought by the Subpoena will be made pursuant to the

19  Protective Order governing the disclosure of confidential information in the underlying action.

20  UMC reserves the right to insist upon supplemental protections.

21          In view of these specific objections and the foregoing Preliminary Statement, General

22  Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing

23  documents sought by this Request.

24

25

26

27

28

-42-

1

**SPECIFIC OBJECTIONS TO**
2                    **DEPOSITION TOPICS**

3    <u>**TOPIC NO. 1**</u>**:**

4        Explanation of the context or content of the Documents that You produced in response to

5    the Requests for Production of Documents.

6    <u>**OBJECTIONS TO TOPIC NO. 1**</u>**:**

7        UMC incorporates each of its General Objections, Objections to Definitions, and

8    Objections to Instructions herein by reference.  UMC further objects to this Topic to the extent it

9    seeks information that is protected from discovery by the attorney-client privilege, the attorney

10   work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

11   this Topic to the extent it seeks information not in UMC's possession, custody or control.

12       UMC further objects to this Topic as overbroad, vague and ambiguous, imposing undue

13   burden and expense, calling for a legal conclusion, providing insufficient identification and

14   specificity, requiring subjective judgment and speculation, seeking information that is not

15   relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

16   impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

17   Civil Procedure, at least to the extent it refers to the Requests, for the same reasons as provided

18   herein for each Request individually.

19       UMC further objects to this Topic as seeking information that is more readily and/or

20   appropriately available from, or confidential to, another non-party, at least to the extent it refers

21   to the Requests, for the same reasons as provided herein for each Request individually.

22       UMC further objects to this Topic as seeking information that that is available from one

23   or more parties to the underlying action, and duplicative of other discovery already taken or

24   requested in the underlying action, at least to the extent it refers to the Requests, for the same

25   reasons as provided herein for each Request individually.

26       UMC further objects to this Topic as seeking trade secret and/or other confidential

27   research, development, or commercial information, at least to the extent it refers to the Requests,

28

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

for the same reasons as provided herein for each Request individually.  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing a witness to testify on UMC's behalf about this Topic.

**TOPIC NO. 2:**

The source and authenticity of the Documents produced by You in response to the Requests for Production of Documents, including without limitation the processes, systems, persons and locations that are involved in creating, generating, storing, and/or maintaining any of the produced documents as business records.

**OBJECTIONS TO TOPIC NO. 2:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Topic to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Topic as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it refers to the Requests, for the same reasons as provided herein for each Request individually.

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

UMC further objects to this Topic as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it refers to the Requests, for the same reasons as provided herein for each Request individually.

UMC further objects to this Topic as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it refers to the Requests, for the same reasons as provided herein for each Request individually.

UMC further objects to this Topic as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it refers to the Requests, for the same reasons as provided herein for each Request individually.  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing a witness to testify on UMC's behalf about this Topic.

**TOPIC NO. 3:**

The extent and scope of use of any and all Manufacturing Equipment that is/was used, utilized, installed, implemented or deployed by You in connection with the manufacture, fabrication, and/or assembly of the Infringing Instrumentalities, including any and all contracts and/or agreements between You and Equipment Manufacturers relating to the use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment at Your manufacturing and/or fabrication facilities.

**OBJECTIONS TO TOPIC NO. 3:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney

work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Topic to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Topic as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "any and all Manufacturing Equipment," about "Infringing Instrumentalities," about "Equipment Manufacturers," about "any and all contracts and/or agreements," and about "Your manufacturing and/or fabrication facilities."

UMC further objects to this Topic as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "Manufacturing Equipment," and about "any and all contracts and/or agreements between You and Equipment Manufacturers."

UMC further objects to this Topic as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "Infringing Instrumentalities."

UMC further objects to this Topic as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "[t]he extent and scope of use of any and all Manufacturing Equipment that is/was used, utilized, installed, implemented or deployed by You," about "the manufacture, fabrication, and/or assembly of the Infringing Instrumentalities ," about "any and all contracts and/or agreements between You and Equipment Manufacturers," and about "use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment at Your manufacturing and/or fabrication facilities."  Any production by UMC of information sought by

1   the Subpoena will be made pursuant to the Protective Order governing the disclosure of

2   confidential information in the underlying action.  UMC reserves the right to insist upon

3   supplemental protections.

4         In view of these specific objections and the foregoing Preliminary Statement, General

5   Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing a

6   witness to testify on UMC's behalf about this Topic.

7   **TOPIC NO. 4:**

8         Your use, utilization, installation, implementation, deployment, operation, testing,

9   qualification, configuration, and maintenance of any and all Manufacturing Equipment, and/or

10  any in-house or proprietary tool and/or equipment used in your manufacturing and/or facility to

11  manufacture, fabricate, and/or assemble the Infringing Instrumentalities.

12  **OBJECTIONS TO TOPIC NO. 4:**

13        UMC incorporates each of its General Objections, Objections to Definitions, and

14  Objections to Instructions herein by reference.  UMC further objects to this Topic to the extent it

15  seeks information that is protected from discovery by the attorney-client privilege, the attorney

16  work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

17  this Topic to the extent it seeks information not in UMC's possession, custody or control.

18        UMC further objects to this Topic as overbroad, vague and ambiguous, imposing undue

19  burden and expense, calling for a legal conclusion, providing insufficient identification and

20  specificity, requiring subjective judgment and speculation, seeking information that is not

21  relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

22  impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

23  Civil Procedure, at least to the extent it seeks information about "any and all Manufacturing

24  Equipment," about "any in-house or proprietary tool and/or equipment ," about "your

25  manufacturing and/or facility ," and about "Infringing Instrumentalities."

26

27

28

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

UMC further objects to this Topic as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "any and all Manufacturing Equipment."

UMC further objects to this Topic as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "Infringing Instrumentalities."

UMC further objects to this Topic as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "Your use, utilization, installation, implementation, deployment, operation, testing, qualification, configuration, and maintenance of any and all Manufacturing Equipment," and about "any in-house or proprietary tool and/or equipment used in your manufacturing and/or facility."  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action.  UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing a witness to testify on UMC's behalf about this Topic.

**TOPIC NO. 5:**

Manufacturing facilities owned, controlled or operated by or on Your behalf or Your subsidiaries where the Manufacturing Equipment is/was used, utilized, installed, implemented and/or deployed.

**OBJECTIONS TO TOPIC NO. 5:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney

1  work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

2  this Topic to the extent it seeks information not in UMC's possession, custody or control.

3       UMC further objects to this Topic as overbroad, vague and ambiguous, imposing undue

4  burden and expense, calling for a legal conclusion, providing insufficient identification and

5  specificity, requiring subjective judgment and speculation, seeking information that is not

6  relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

7  impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

8  Civil Procedure, at least to the extent it seeks information about "Manufacturing facilities owned,

9  controlled or operated by or on Your behalf or Your subsidiaries," and about "Manufacturing

10  Equipment."

11       UMC further objects to this Request as seeking information that is more readily and/or

12  appropriately available from, or confidential to, another non-party, at least to the extent it seeks

13  information about "Manufacturing Equipment."

14       UMC further objects to this Topic as seeking trade secret and/or other confidential

15  research, development, or commercial information, at least to the extent it seeks information

16  about "Manufacturing facilities … where the Manufacturing Equipment is/was used, utilized,

17  installed, implemented and/or deployed."  Any production by UMC of information sought by the

18  Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential

19  information in the underlying action.  UMC reserves the right to insist upon supplemental

20  protections.

21       In view of these specific objections and the foregoing Preliminary Statement, General

22  Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing a

23  witness to testify on UMC's behalf about this Topic.

24  **TOPIC NO. 6:**

25       Any making, using, selling, or offers to sell the Infringing Instrumentalities within the

26  United States, or importing into the United States of the Infringing Instrumentalities, including

27

28

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

any and all contracts and/or agreements between You and any and all Defendants governing

Your making, using, selling, offering to sell, or importation of the Infringing Instrumentalities.

**OBJECTIONS TO TOPIC NO. 6:**

UMC incorporates each of its General Objections, Objections to Definitions, and

Objections to Instructions herein by reference.  UMC further objects to this Topic to the extent it

seeks information that is protected from discovery by the attorney-client privilege, the attorney

work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

this Topic to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Topic as overbroad, vague and ambiguous, imposing undue

burden and expense, calling for a legal conclusion, providing insufficient identification and

specificity, requiring subjective judgment and speculation, seeking information that is not

relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

Civil Procedure, at least to the extent it seeks information about "Infringing Instrumentalities,"

about "any and all contracts and/or agreements," and about "any and all Defendants."

UMC further objects to this Topic as seeking information that that is available from one

or more parties to the underlying action, and duplicative of other discovery already taken or

requested in the underlying action, at least to the extent it seeks information about "[a]ny

making, using, selling, or offers to sell the Infringing Instrumentalities within the United States,"

about "importing into the United States of the Infringing Instrumentalities," and about "any and

all contracts and/or agreements between You and any and all Defendants."

UMC further objects to this Topic as seeking trade secret and/or other confidential

research, development, or commercial information, at least to the extent it seeks information

about "[a]ny making, using, selling, or offers to sell the Infringing Instrumentalities within the

United States ," about "importing into the United States of the Infringing Instrumentalities,"

about "any and all contracts and/or agreements between You and any and all Defendants," and

about "Your making, using, selling, offering to sell, or importation of the Infringing

Instrumentalities." Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action. UMC reserves the right to insist upon supplemental protections.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing a witness to testify on UMC's behalf about this Topic.

**TOPIC NO. 7:**

Your first awareness of the Asserted Patents.

**OBJECTIONS TO TOPIC NO. 7:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference. UMC further objects to this Topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. UMC further objects to this Topic to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Topic as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least because UMC is not a defendant in the underlying action.

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing a witness to testify on UMC's behalf about this Topic.

**TOPIC NO. 8:**

The means by which You identify each of the Infringing Instrumentalities, including, but not limited to, any internal or external reference or part numbers used to identify such instrumentalities when sold to, or made for, any Defendant.

**OBJECTIONS TO TOPIC NO. 8:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Topic to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Topic as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "Infringing Instrumentalities," and about "any Defendant."

UMC further objects to this Topic as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or requested in the underlying action, at least to the extent it seeks information about "Infringing Instrumentalities," and about "any internal or external reference or part numbers used to identify such Instrumentalities."

UMC further objects to this Topic as seeking trade secret and/or other confidential research, development, or commercial information, at least to the extent it seeks information about "[t]he means by which You identify each of the Infringing Instrumentalities," about "any internal or external reference or part numbers used to identify such Instrumentalities."  Any production by UMC of information sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure of confidential information in the underlying action. UMC reserves the right to insist upon supplemental protections.

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

1   In view of these specific objections and the foregoing Preliminary Statement, General

2   Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing a

3   witness to testify on UMC's behalf about this Topic.

4   **TOPIC NO. 9:**

5   Revenue, costs and profits that You derive from the manufacture, fabrication, and/or

6   assembly of the Infringing Instrumentalities.

7   **OBJECTIONS TO TOPIC NO. 9:**

8   UMC incorporates each of its General Objections, Objections to Definitions, and

9   Objections to Instructions herein by reference.  UMC further objects to this Topic to the extent it

10  seeks information that is protected from discovery by the attorney-client privilege, the attorney

11  work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

12  this Topic to the extent it seeks information not in UMC's possession, custody or control.

13  UMC further objects to this Topic as overbroad, vague and ambiguous, imposing undue

14  burden and expense, calling for a legal conclusion, providing insufficient identification and

15  specificity, requiring subjective judgment and speculation, seeking information that is not

16  relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

17  impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

18  Civil Procedure, at least to the extent it seeks information about "Infringing Instrumentalities."

19  UMC further objects to this Topic as seeking information that that is available from one

20  or more parties to the underlying action, and duplicative of other discovery already taken or

21  requested in the underlying action, at least to the extent it seeks information about "Infringing

22  Instrumentalities."

23  UMC further objects to this Topic as seeking trade secret and/or other confidential

24  research, development, or commercial information, at least to the extent it seeks information

25  about "[r]evenue, costs and profits that You derive," and about "the manufacture, fabrication,

26  and/or assembly of the Infringing Instrumentalities."  Any production by UMC of information

27  sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure

28

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

1  of confidential information in the underlying action.  UMC reserves the right to insist upon

2  supplemental protections.

3      In view of these specific objections and the foregoing Preliminary Statement, General

4  Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing a

5  witness to testify on UMC's behalf about this Topic.

6  **TOPIC NO. 10:**

7      Your customers, other than Defendants, whose products are/were manufactured,

8  fabricated, and/or assembled using any and all Manufacturing Equipment.

9  **OBJECTIONS TO TOPIC NO. 10:**

10      UMC incorporates each of its General Objections, Objections to Definitions, and

11  Objections to Instructions herein by reference.  UMC further objects to this Topic to the extent it

12  seeks information that is protected from discovery by the attorney-client privilege, the attorney

13  work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to

14  this Topic to the extent it seeks information not in UMC's possession, custody or control.

15      UMC further objects to this Topic as overbroad, vague and ambiguous, imposing undue

16  burden and expense, calling for a legal conclusion, providing insufficient identification and

17  specificity, requiring subjective judgment and speculation, seeking information that is not

18  relevant to any party's claim or defense and proportional to the needs of the case, and seeking to

19  impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of

20  Civil Procedure, at least to the extent it seeks information about "Your customers, other than

21  Defendants," and about "any and all Manufacturing Equipment."

22      UMC further objects to this Topic as seeking trade secret and/or other confidential

23  research, development, or commercial information, at least to the extent it seeks information

24  about "[y]our customers, other than Defendants."  Any production by UMC of information

25  sought by the Subpoena will be made pursuant to the Protective Order governing the disclosure

26  of confidential information in the underlying action.  UMC reserves the right to insist upon

27  supplemental protections.

28

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

In view of these specific objections and the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing a witness to testify on UMC's behalf about this Topic.

**TOPIC NO. 11:**

Any communications between You and any Equipment Manufacturer or any of the Defendants concerning these Actions, Ocean, the Asserted Patents, or any of the Infringing Instrumentalities.

**OBJECTIONS TO TOPIC NO. 11:**

UMC incorporates each of its General Objections, Objections to Definitions, and Objections to Instructions herein by reference.  UMC further objects to this Topic to the extent it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.  UMC further objects to this Topic to the extent it seeks information not in UMC's possession, custody or control.

UMC further objects to this Topic as overbroad, vague and ambiguous, imposing undue burden and expense, calling for a legal conclusion, providing insufficient identification and specificity, requiring subjective judgment and speculation, seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case, and seeking to impose duties or obligations beyond or inconsistent with those set forth in the Federal Rules of Civil Procedure, at least to the extent it seeks information about "any Equipment Manufacturer," about "any of the Defendants," and about "any of the Infringing Instrumentalities."

UMC further objects to this Topic as seeking information that is more readily and/or appropriately available from, or confidential to, another non-party, at least to the extent it seeks information about "[a]ny communications between You and any Equipment Manufacturer," and about "any of the infringing Instrumentalities."

UMC further objects to this Topic as seeking information that that is available from one or more parties to the underlying action, and duplicative of other discovery already taken or

1   requested in the underlying action, at least to the extent it seeks information about "[a]ny

2   communications between You and … any of the Defendants."

3        UMC further objects to this Topic as seeking trade secret and/or other confidential

4   research, development, or commercial information, at least to the extent it seeks information

5   about "any of the Infringing Instrumentalities."  Any production by UMC of information sought

6   by the Subpoena will be made pursuant to the Protective Order governing the disclosure of

7   confidential information in the underlying action.  UMC reserves the right to insist upon

8   supplemental protections.

9        In view of these specific objections and the foregoing Preliminary Statement, General

10  Objections, Objections to Definitions, and Objections to Instructions, UMC is not producing a

11  witness to testify on UMC's behalf about this Topic.

12

13  DATED:   February 10, 2022                 By:  /s/ Robert G. Litts

14          Robert G. Litts (No. 205984)

        CANDESCENT LAW GROUP

15          1350 Old Bayshore Hwy, Ste. 520

        Burlingame, CA 94010

16          Telephone: (925) 644-1102

17          robert.litts@candescentlaw.com

18          Attorney for Non-Party

        UNITED MICROELECTRONICS

19          CORPORATION

20

21

22

23

24

25

26

27

28

-56-

1

## <u>CERTIFICATE OF SERVICE</u>

2   I, Robert G. Litts, hereby certify that on February 10, 2022, I caused a true and correct

3 copy of the foregoing document to be served on counsel listed below via electronic mail and U.S.

4 Mail:

5

6     <u>By Electronic Mail</u>:      <u>By U.S. Mail</u>:

7     Alex Chan          Alex Chan
      DEVLIN LAW FIRM LLC     DEVLIN LAW FIRM LLC

8     1526 Gilpin Avenue      1526 Gilpin Avenue
      Wilmington, DE 19806     Wilmington, DE 19806

9     Telephone: (302) 449-9010   Telephone: (302) 449-9010
      achan@devlinlawfirm.com    achan@devlinlawfirm.com

10

11    Joel Glazer
     DEVLIN LAW FIRM LLC
     1526 Gilpin Avenue

12    Wilmington, DE 19806
     Telephone: (302) 449-9010
     jglazer@devlinlawfirm.com

13

14    Peter Mazur
     DEVLIN LAW FIRM LLC
     1526 Gilpin Avenue

15    Wilmington, DE 19806
     Telephone: (302) 449-9010

16    PMazur@devlinlawfirm.com

17

18

19                /s/ Robert G. Litts
                 Robert G. Litts

20               CANDESCENT LAW GROUP

21

22

23

24

25

26

27

28

UMC'S OBJECTIONS TO OCEAN SEMICONDUCTOR LLC'S SUBPOENA
TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION