# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>     *Plaintiff*,<br><br>v.<br><br>MediaTek Inc. and MediaTek USA Inc. ("MediaTek"),<br><br>     *Defendant*. | Civil Action No.: 6:20-cv-1210-ADA |

### DEFENDANT MEDIATEK'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-42)

Pursuant to Rules 34 of the Federal Rules of Civil Procedure and the Local Rules, Defendants MediaTek Inc. and MediaTek USA Inc. (collectively, "MediaTek") hereby object and respond to Plaintiff Ocean Semiconductor LLC's ("Ocean") First Set of Requests for Production of Documents Nos. 1-42 (the "Requests") as follows.

### GENERAL OBJECTIONS AND QUALIFICATIONS

The general objections and qualifications listed below are hereby incorporated by reference and made part of MediaTek's response to every request, regardless of whether they are or are not reiterated within the specific responses below.

1.    MediaTek bases its objections and responses upon information presently available and will further supplement or amend these objections and responses as discovery progresses. Discovery is ongoing and MediaTek is still pursuing its investigation and analysis of the facts and law pertaining to this lawsuit and has not yet completed such investigation and analysis.

2.    MediaTek responds to each Request as it interprets and understands each Request with respect to the issues in this lawsuit.  If Ocean asserts a different interpretation of any

Request, MediaTek reserves the right to supplement or amend its responses or objections. Ocean's Requests also contain terms or phrases with specific legal significance. Neither MediaTek's objections nor responses, nor the production of documents or things in response to any request, are an admission or indication that such documents are relevant to any legal theory, or that any of the legal terms used have any applicability in their legal sense to any documents or things produced by MediaTek in response to the Requests. MediaTek objects to each Request that calls for legal conclusions or includes factual characterizations by Ocean. By responding, MediaTek does not accept or admit to the truth or accuracy of Ocean's factual characterizations.

3.   Any response that indicates that MediaTek will produce documents or things should not be construed to mean that responsive documents in fact exist; only that, if such relevant, non-privileged, non-objectionable documents or things exist, are in MediaTek's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive documents or things are likely to be located, such documents or things will be produced in a timely manner.

4.   MediaTek objects to the Requests, and the Definitions and Instructions that accompany them, to the extent that they seek to impose obligations and demands on MediaTek greater than or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, or any other applicable authority.

5.   MediaTek objects to each Request that seeks production of "any," "each," "every," or "all" documents or things when a subset of documents or things will suffice to provide the requested information. The burden or expense of collecting the documents or things called for by any such Request outweighs its likely benefit.

6.      MediaTek objects to each Request that calls for documents or things that are not within the possession, custody, or control of MediaTek.

7.      MediaTek objects to each Request, and the Definitions and Instructions that accompany it, that requests that MediaTek creates or produces documents or things that MediaTek does not maintain in the ordinary course of its business, or that MediaTek create or produce documents or things in a particular format or at a particular level of detail that MediaTek does not maintain in the ordinary course of its business.

8.      MediaTek objects to each Request that calls for production of documents or things that are publicly available or equally available to Ocean, and therefore are of no greater burden for Ocean to obtain than for MediaTek to obtain.

9.      MediaTek objects to each Request that seeks documents or things that MediaTek is not permitted to disclose pursuant to confidentiality obligations to third parties or by court order.  To the extent any such documents or things are responsive, relevant, and non-privileged, MediaTek will produce that information and/or those documents in accordance with the Court's standing protective order and after complying with its obligations to third parties and/or court orders.

10.      MediaTek objects to each Request that seeks documents or things protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or any other privilege or immunity against disclosure (collectively, as used here, "privilege"). Nothing contained in these responses should be considered a waiver of any privilege.  MediaTek does not intend to produce documents or things that would divulge any privileged information. Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege.

11.     MediaTek objects to each Request as it is either (1) not limited as to time, in which case it is overly broad and unduly burdensome or (2) necessarily seeks information and documents that encompass time periods not relevant to the above-captioned action.  Patentees may not recover under § 271(g) for any product in the possession of or in transit to the alleged infringer before notice of infringement.  35 U.S.C. § 287(b).  Any Request seeking Information before October 2020, when Ocean sent its first demand letter to MediaTek, is therefore not relevant to any claim or defense in this action.

12.     MediaTek objects to each Request, and the Definitions and Instructions that accompany them, that alters the plain meaning of any specific Request, on the ground that such alteration renders the request vague, ambiguous, overly broad, and/or unduly burdensome.

13.     MediaTek objects to the Requests as premature to the extent that they call for documents or things that are the subject of expert testimony when the parties have not yet engaged in expert discovery or exchanged expert reports.   MediaTek will produce such documents or things, if appropriate, in accordance with the applicable schedule in this case and/or any discovery and procedural stipulation between the parties governing this Action. MediaTek objects to these Requests to the extent they prematurely seek information related to MediaTek's contentions in this Action.

14.     MediaTek objects to the Requests as unduly burdensome and not proportional to the to the needs of the case (considering the importance of the issues at stake in the action, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit) to the extent they call for the search and production of email or other electronically stored information (ESI). Ocean has not shown good cause for any such request or

proposed a procedure identifying custodians and search terms it believes MediaTek should search as required by the Court's Order Governing Proceedings. MediaTek

15.     MediaTek objects to the definition of "Plaintiff," "Ocean Semiconductor," "Ocean," and to any Request incorporating those terms on the grounds that they encompass entities or individuals other than plaintiff Ocean Semiconductor LLC because i) they seek information more readily available to Ocean, and ii) they seek information that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

16.     MediaTek objects to the definition of "MediaTek," "Defendants," "You," "Your," and to any Request incorporating those terms on the grounds that they encompass entities or individuals over whom MediaTek does not have control and over whose documents MediaTek does not have possession, custody, or control.  MediaTek Inc. and MediaTek USA Inc. provide these responses exclusively on their own behalf and do not purport to speak for others.

17.     MediaTek objects to the definition of "Other Defendant," "Other Defendants," and to any Request incorporating those terms on the grounds that they encompass entities or individuals other than the named defendants in related district court litigations (1:20-cv-12310 (D. Mass.), 1:20-cv-12311 (D. Mass.), 4:20-cv-00991 (E.D. Tex.), 6:20-cv-01211 (W.D. Tex.), 6:20-cv-01212 (W.D. Tex.), 6:20-cv-01213 (W.D. Tex.), 6:20-cv-01214 (W.D. Tex.), 6:20-cv-01215 (W.D. Tex.), 6:20-cv-01216 (W.D. Tex.)) and are therefore not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' access to

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

18.     MediaTek objects to the definition of "Infringing Instrumentalities" and any Request incorporating this term on the grounds that it is vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. The definition of "Infringing Instrumentalities" includes "similar systems, products, devices, and integrated circuits including, for example, products manufactured at 16nm technology node." However, Ocean's Requests do not explain in what way the unnamed "Infringing Instrumentalities" are to be similar to the enumerated ones. Further, Ocean's deficient Infringement Contentions did not provide notice of infringement theories as to any MediaTek products, nor has Ocean shown how they are "reasonably similar" to each other, if at all. *See Honeywell Int'l, Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656 (E.D. Tex. 2009) ("[Plaintiff] must demonstrate that its PICs gave [defendant] notice of a specific theory of infringement and that the products for which it seeks discovery operate in a manner reasonably similar to that theory"). Ocean's Infringement Contentions merely indiscriminately name all of the products listed on MediaTek's website without tying the products to fabrication by a specific foundry or demonstrating any evidence that those products are fabricated using the ASML, PDF, and Applied Materials tools accused of performing the asserted claims. It would be unduly burdensome and not proportionate to the needs of the case for MediaTek to produce documents relating to each of its products, especially where Ocean has not tied those products to the alleged infringement in this case and MediaTek will not do so. MediaTek will not provide information about any systems, products, devices, or integrated circuits for which Ocean has not provided reasonable notice of corresponding infringement allegations. MediaTek also objects to this

definition as vague and ambiguous in that includes items that are not MediaTek product numbers or cannot be reasonably associated with MediaTek product numbers, including Helio G, Helio A, Helio P, Helio X, mid-range 4G devices, Google Mobile Services express devices, MiraVision, and MT81XX SPI.

19.     MediaTek objects to the definition of "LineWorks" and any Request incorporating this term on the grounds that Ocean's Infringement Contentions did not provide notice of infringement theories as to any LineWorks systems and therefore it is vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. MediaTek will not provide information about any systems, products, devices, or integrated circuits for which Ocean has not provided reasonable notice of corresponding infringement allegations.

20.     MediaTek objects to the definition of "ASML Manufacturing Equipment" and any Request incorporating this term to the extent it includes "similar lithography, metrology, and inspection systems designed, developed, assembled, and/or manufactured by ASML (e.g., systems with similar technical and functional features)." Ocean's deficient Infringement Contentions did not provide notice of infringement theories as to unnamed ASML products, nor has Ocean shown how they are "reasonably similar" to the TWINSCAN and YieldStar, if at all. *See Honeywell Int'l*, 655 F. Supp.2d at 656.  Therefore, this term is vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. MediaTek will not provide information about any systems, products, devices, or integrated circuits for which Ocean has not provided reasonable notice of corresponding infringement allegations.

21.     MediaTek objects to the definition of "AMAT Manufacturing Equipment" and any Request incorporating this term to the extent it includes "similar APC/FDC and/or factory automation systems designed, developed, assembled, and/or manufactured by Applied Materials (e.g., systems with similar technical and functional features)." Ocean's deficient Infringement Contentions did not provide notice of infringement theories as to unnamed Applied Materials products, nor has Ocean shown how they are "reasonably similar" to E3 and SmartFactory, if at all. *See Honeywell Int'l*, 655 F. Supp.2d at 656.  Therefore, this term is vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. MediaTek will not provide information about any systems, products, devices, or integrated circuits for which Ocean has not provided reasonable notice of corresponding infringement allegations.

22.     MediaTek objects to the definition of "camLine Manufacturing Equipment" and any Request incorporating this term on the grounds that Ocean's Infringement Contentions did not provide notice of infringement theories as to any camLine Manufacturing Equipment. Therefore, this term is vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. MediaTek will not provide information about any systems, products, devices, or integrated circuits for which Ocean has not provided reasonable notice of corresponding infringement allegations.

23.     MediaTek objects to the definition of "PDF Manufacturing Equipment" and any Request incorporating this term to the extent it includes "similar analytics systems designed, developed, assembled, and/or manufactured by PDF Solutions (e.g., systems with similar technical and functional features)." Ocean's deficient Infringement Contentions did not provide notice of infringement theories as to unnamed PDF products, nor has Ocean shown how they are

"reasonably similar" to Exensio, if at all. *See Honeywell Int'l*, 655 F. Supp.2d at 656. Therefore, this term is vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. MediaTek will not provide information about any systems, products, devices, or integrated circuits for which Ocean has not provided reasonable notice of corresponding infringement allegations.

24.     MediaTek objects to the definition of "Manufacturing Equipment" and any Request incorporating this term including because it incorporates the terms ASML Manufacturing Equipment, AMAT Manufacturing Equipment, camLine Manufacturing Equipment, and PDF Manufacturing Equipment and MediaTek incorporates those objections as if set forth herein. MediaTek further objects to the definition of "Manufacturing Equipment" to the extent it includes "similar in-house, proprietary, and/or third-party equipment and/or tool (e.g., systems with technical and functional features similar to any ASML Manufacturing Equipment, AMAT Manufacturing Equipment, camLine Manufacturing Equipment, and/or PDF Manufacturing Equipment) designed, developed, assembled, manufactured, used, utilized, installed, implemented, and/or deployed by You for the manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities." Ocean's deficient Infringement Contentions did not provide notice of infringement theories as to unnamed ASML, Applied Materials, camLine, or PDF products, nor has Ocean shown how these unnamed products are "reasonably similar" to the TWINSCAN, YieldStar, E3, SmartFactory, or Exensio, if at all. *See Honeywell Int'l*, 655 F. Supp.2d at 656. Therefore, this term is vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. MediaTek will not provide information about any systems, products, devices, or integrated

circuits for which Ocean has not provided reasonable notice of corresponding infringement allegations.

25.     MediaTek objects to the definition of "Equipment Manufacturers" and any Request incorporating this term to the extent it encompasses any manufacturer of Manufacturing Equipment Ocean did not include in its Complaint or Infringement Contentions and is therefore vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. MediaTek will not provide information about any systems, products, devices, or integrated circuits for which Ocean has not provided reasonable notice of corresponding infringement allegations.

26.     MediaTek objects to the definition of "Third-Party Manufacturers" and any Request incorporating this term to the extent it encompasses any third-party manufacturer of Infringing Instrumentalities Ocean did not include in its Complaint or Infringement Contentions and is therefore vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. MediaTek will not provide information about any systems, products, devices, or integrated circuits for which Ocean has not provided reasonable notice of corresponding infringement allegations.

27.     MediaTek objects to the definition of "MES" and any Request incorporating this term to the extent it encompasses any systems Ocean did not include in its Complaint or Infringement Contentions and is therefore vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. MediaTek will not provide information about any systems, products, devices, or integrated circuits for which Ocean has not provided reasonable notice of corresponding infringement allegations.

28.     MediaTek objects to the definition of "Prior Art" and to any Request incorporating that term to the extent it calls for a legal conclusion. MediaTek will interpret "prior art" consistently with the requirements set forth in Title 35 of the United States Code.

29.     MediaTek objects to the definition of "Identify" and "Identity," and to any Request incorporating these terms, as vague, ambiguous, overly broad, and unduly burdensome, and to the extent that they purport to create obligations that exceed the scope of permissible discovery in that they seek information that i) is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, and ii) is not relevant to any party's claim or defense.

30.     MediaTek objects to the definition of "Describe," and to any Request incorporating this term, as vague, ambiguous, overly broad, and unduly burdensome, and to the extent that they purport to create obligations that exceed the scope of permissible discovery in that they seek information that i) is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, and ii) is not relevant to any party's claim or defense.

31.     MediaTek objects to the definition of "Relate to," "Related to," "Relating to," "Concerning," and to any Request incorporating any of these terms, as vague, ambiguous, overly broad, and unduly burdensome, and to the extent that they are meant to be different from,

11

inconsistent with, or broader than their plain meaning.  Any such definition is inherently vague, ambiguous, misleading, and unreasonable.

32.     MediaTek incorporates by reference its General Objections and Qualifications as set forth in MediaTek's Responses to Plaintiff's First Set of Interrogatories (Nos. 1-15).

## OBJECTIONS AND RESPONSES TO REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify all Your products, including the Infringing Instrumentalities, that are/were manufactured, fabricated, and/or assembled by, or on behalf of, You, Third-Party Manufacturer(s), and/or Equipment Manufacturer(s) through the use, utilization, installation, implementation, and/or deployment of any and all Manufacturing Equipment since December 2014, including the identification of all versions and models of any such product.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek also objects to this Request to the extent it seeks documents not reasonably available to MediaTek.  Specifically, this request seeks documents in the possession of Third-Party Manufacturers and Equipment Manufacturers.  MediaTek further objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents related to an irrelevant time period.  In particular, this Request seeks documents relating to documents on MediaTek products since December 2014, including information before October 2020, when Ocean sent its first demand letter to MediaTek. Patentees may not recover under § 271(g) for any product in the possession of or in transit to the alleged infringer before notice of infringement.  35 U.S.C. § 287(b).  Documents relating to

MediaTek products before October 2020 are therefore not relevant to any claim or defense in this action. MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action. MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States. U.S. patent law "makes no claim to extraterritorial effect." *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972). Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present. *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it does not have responsive, relevant, and non-privileged documents within its possession, custody, or control. MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.

Further, Ocean's Infringement Contentions merely indiscriminately name all of the products listed on MediaTek's website without tying the products to fabrication by a specific foundry or demonstrating any evidence that those products are fabricated using the ASML, PDF, and Applied Materials tools accused of performing the asserted claims. It would be unduly burdensome and not proportionate to the needs of the case for MediaTek to produce documents

relating to each of its products, especially where Ocean has not tied those products to the alleged infringement in this case and MediaTek will not do so. MediaTek will not provide information about any systems, products, devices, or integrated circuits for which Ocean has not provided reasonable notice of corresponding infringement allegations.   MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 2:**

Documents relating to the use, sale, or offer for sale within the United States, and/or importation into the United States, of each product identified in Request for Production No. 1, since December 2014, including the identification of all versions and models of any such product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding domestic action of infringement to MediaTek.   MediaTek also objects to this Request to the extent it seeks documents not reasonably available to MediaTek.   Specifically, this request seeks documents in the possession of Third-Party Manufacturers, Equipment Manufacturers, or MediaTek customers.   MediaTek further objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents related to an irrelevant time period.   In particular, this Request seeks documents relating to documents on MediaTek products since December 2014, including information before

October 2020, when Ocean sent its first demand letter to MediaTek.  Patentees may not recover under § 271(g) for any product in the possession of or in transit to the alleged infringer before notice of infringement.  35 U.S.C. § 287(b).  Documents relating to MediaTek products before October 2020 is therefore not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972). Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present.  *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it does not have responsive, relevant, and non-privileged documents within its possession, custody, or control.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify any and all Third-Party Manufacturers contracted, engaged, retained, instructed, or requested by, or on behalf of, You to manufacture, fabricate, and/or assemble those products identified in Request for Production No. 1, since December 2014, including the location of any and all manufacturing and/or fabrication facilities where such products are/were manufactured, fabricated, and/or assembled.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek also objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents related to an irrelevant time period.  In particular, this Request seeks documents relating to Third-Party Manufacturers since December 2014, including information before October 2020, when Ocean sent its first demand letter to MediaTek.  Patentees may not recover under § 271(g) for any product in the possession of or in transit to the alleged infringer before notice of infringement.  35 U.S.C. § 287(b).  Third-Party Manufacturers information before October 2020 is therefore not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information about Third-Party Manufacturers that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused Third-Party Manufacturers as they are not relevant to any claim or defense in this action.  MediaTek further objects to this Request

16

because it seeks information relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).  Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present.  *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify any and all Third-Party Importers contracted, engaged, retained, instructed, or requested by, or on behalf of, You to import, or enable the importation of, any and all those products identified in Request for Production No. 1, into the United States since December 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek also objects to this Request to the extent it impermissibly shifts Ocean's burden of

proof regarding domestic action of infringement to MediaTek.  MediaTek further objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents related to an irrelevant time period.  In particular, this Request seeks documents relating to Third-Party Importers since December 2014, including information before October 2020, when Ocean sent its first demand letter to MediaTek.  Patentees may not recover under § 271(g) for any product in the possession of or in transit to the alleged infringer before notice of infringement.  35 U.S.C. § 287(b).  Third-Party Importer information before October 2020 is therefore not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972). Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present.  *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication,

or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

## REQUEST FOR PRODUCTION NO. 5:

Documents sufficient to identify any and all lithography and/or metrology systems, other than the ASML Manufacturing Equipment, that are/were used, utilized, installed, implemented, and/or deployed by You and/or any Third-Party Manufacturer for the manufacture, fabrication, and/or assembly of the Infringing Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it seeks documents not reasonably available to MediaTek.  Specifically, this request seeks documents that are in Third-Party Manufacturers' possession.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts

that it does not have responsive, relevant, and non-privileged documents within its possession, custody, or control.  MediaTek does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify any and all APC, FDC, and/or factory automation systems, other than the AMAT Manufacturing Equipment, that are/were used, utilized, installed, implemented, and/or deployed by You and/or Third-Party Manufacturer for the manufacture, fabrication, and/or assembly of the Infringing Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it seeks documents not reasonably available to MediaTek.  Specifically, this request seeks documents that are in Third-Party Manufacturers' possession.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its

Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it does not have responsive, relevant, and non-privileged documents within its possession, custody, or control. MediaTek does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products. MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify any and all equipment and/or tool, hardware or software, used in lieu of or in addition to the camLine Manufacturing Equipment if You contend that You and/or any Third-Party Manufacturer do(es) not use, utilize, install, implement, and/or deploy, or are(is) not to limited to such use, utilization, installation, implementation, and/or deployment of, the camLine Manufacturing Equipment for managing, controlling, or configuring Your and/or Third-Party Manufacturer's production automation or manufacturing execution system(s) for the manufacture, fabrication, and/or assembly of the Infringing Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it seeks documents not reasonably available to MediaTek. Specifically, this request seeks documents that are in Third-Party

Manufacturers' possession.  MediaTek further objects to this Request as neither relevant to any claim or defense in this action nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, because camLine Manufacturing Equipment and similar production automation and manufacturing execution systems are not at issue in this action.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it does not have responsive, relevant, and non-privileged documents within its possession, custody, or control.  MediaTek does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify any and all equipment and/or tool, hardware or software, used in lieu of or in addition to the PDF Manufacturing Equipment if You contend that You

and/or any Third-Party Manufacturer do(es) not use, utilize, install, implement, and/or deploy, or are(is) not to limited to such use, utilization, installation, implementation, and/or deployment of, the PDF Manufacturing Equipment for monitoring, collecting, filtering, controlling, managing, storing and/or configuring semiconductor manufacturing data that is monitored, collected, processed, analyzed, filtered, and/or used for the manufacture, fabrication, and/or assembly of the Infringing Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it seeks documents not reasonably available to MediaTek.  Specifically, this request seeks documents that are in Third-Party Manufacturers' possession.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it does not have responsive, relevant, and non-privileged documents within its possession, custody, or control.  MediaTek does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication,

or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 9:**

Documents relating to Your agreement, contract, collaboration, partnership, and/or interactions with any third party, including Third-Party Manufacturers and Equipment Manufacturers, concerning the manufacture, fabrication, and/or assembly of those products identified in Request for Production No. 1, including, without limitation, master service agreements, partnership agreements, development agreements, contract manufacturing agreements, manufacturing supply agreements, supplier agreements, distribution agreements, manufacturing contract service level agreements, and semiconductor purchase agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action. MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States. U.S. patent law "makes no claim to extraterritorial effect." *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972). Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present. *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist. MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products. MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 10:**

Documents and Communications between You, Third-Party Manufacturers, and/or Equipment Manufacturers showing the identity and role played by You in the design, development, manufacture, fabrication, assembly, testing, and/or importation of each product identified in Request for Production No. 1, including, without limitation, Your role in directing, selecting, or controlling design specification, operating recipes, error tolerance, measurement accuracy, semiconductor manufacturing processes, location of manufacture, and location to which the Infringing Instrumentalities are/were imported.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek also objects to this Request as vague, ambiguous, overly broad, and/or unduly burdensome, in particular with regard to its use of the undefined phrase "identity … played by You." MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity. Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine. MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. MediaTek

further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).  Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present.  *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify any and all applicable technology node(s) for each product identified in Request for Production No. 1 that are/were manufactured, fabricated, and/or assembled by You, Third-Party Manufacturers, and/or Equipment Manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it seeks documents not reasonably available to MediaTek.  Specifically, this request seeks documents that are in Third-Party Manufacturers' possession.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 12:**

Documents relating to, or reflecting, any agreement between You, Third-Party Manufacturers and/or Equipment Manufacturers to be indemnified by, or to indemnify, You, Third-Party Manufacturers and/or Equipment Manufacturers for patent infringement in connection with the manufacture, fabrication, and/or assembly of those products identified in Request for Production No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity. Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine. MediaTek further objects to this Request as neither relevant to any claim or defense in this action nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, because any document related to indemnity agreement is irrelevant to the claims and defenses in this action. MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not

provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).  Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present.  *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

## REQUEST FOR PRODUCTION NO. 13:

Documents sufficient to identify all third-party products that have been offered for sale, sold, made, used, or imported within the United States since December 2014, that incorporate, comprise, or include any product identified in Request for Production No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding domestic action of infringement to MediaTek. MediaTek further objects to this Request to the extent it seeks documents not reasonably available to MediaTek. Specifically, this request seeks documents that are in third parties' possession. MediaTek further objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents related to an irrelevant time period. In particular, this Request seeks documents relating to third-party products since December 2014, including information before October 2020, when Ocean sent its first demand letter to MediaTek. Patentees may not recover under § 271(g) for any product in the possession of or in transit to the alleged infringer before notice of infringement. 35 U.S.C. § 287(b). Third-party product information before October 2020 is therefore not relevant to any claim or defense in this action. MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it does not have responsive, relevant, and non-privileged documents within its possession, custody, or control. MediaTek does not have knowledge as to what third-party products have been offered for sale, sold, made, used, or imported within the United States that incorporate, comprise, or include its products. Further, MediaTek is unable to identify products pursuant to

Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

## REQUEST FOR PRODUCTION NO. 14:

Documents sufficient to identify all customers, distributors, resellers, seller's agents, or independent sales representatives for those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).  Conversely, territoriality is satisfied when and only when one of the domestic

actions of making, using, selling, or importing is proved to be present.  *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

## REQUEST FOR PRODUCTION NO. 15:

Documents sufficient to show Your organizational structure, including, but not limited to, organization charts that show Your affiliates, subsidiaries, or divisions, or entities acting on Your behalf of or under Your direction, that are, or have been, involved in: (a) engineering, design, and research and development; (b) manufacture, fabrication and assembly; (c) exportation; (d) importation; and (e) marketing, sales and promotion of each of those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek will produce a copy of its organizational chart and its 2020 Annual Report. Otherwise, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist. MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products. MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 16:**

Documents concerning any testing of any of those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities, including testing instructions, testing results, studies, reports, notebooks, notes, videos, focus group reports, and/or memoranda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding domestic action of infringement to MediaTek.  MediaTek further objects to this Request as neither relevant to any claim or defense in this action nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, because the Asserted Patents do not concern the functions of any MediaTek products.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action. MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).  Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present.  *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request

35

for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

## REQUEST FOR PRODUCTION NO. 17:

Documents relating to the market for any of those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities, including, without limitation, all Documents concerning: (a) identification and characteristics of the market(s) in which the Infringing Instrumentalities are sold, including without limitation third party products that incorporate, comprise, or include the Infringing Instrumentalities; (b) Your market share and each of Your competitors in any market in which the Infringing Instrumentalities are sold, including, without limitation, identification and description of the demand for the Infringing Instrumentalities; (c) studies, capital plans, investment plans, consumer surveys, advertising campaigns, reports, market surveys, consumer surveys, focus group information, press release, market analyses, or forecast of customer demand or market shares in any market in which the Infringing Instrumentalities are sold; (d) Your decision to develop the market or otherwise enter the market in which the Infringing Instrumentalities are sold; (e) advantages of the Infringing Instrumentalities over other products in the markets in which the Infringing Instrumentalities are sold; and (f) the market and customer demand, need, or market potential or desirability of the Infringing Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek also objects to this Request as vague, ambiguous, overly broad, and/or unduly burdensome, in particular with regard to its use of the undefined phrase "the market for any of those products." MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding damages to MediaTek. The finding of the amount of damages for patent infringement is a question of fact on which the patent owner bears the burden of proof. *BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d 1214, 1217 (Fed. Cir. 1993). MediaTek further objects to this Request to the extent it seeks public documents that are equally available to Ocean, including public reports, industry white papers, etc. MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action. MediaTek further objects to this Request because it seeks information relating to expert discovery and is therefore premature. MediaTek will supplement this response as appropriate under the Court's scheduling order. MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States. U.S. patent law "makes no claim to extraterritorial effect." *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972). Conversely, territoriality is satisfied when and only when one of the domestic

actions of making, using, selling, or importing is proved to be present. *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist. MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products. MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 18:**

Documents relating to forecasts or projections of market size or market share for those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding damages to MediaTek. The finding of the amount of damages for patent infringement is a question of fact on which the patent owner bears the burden of proof. *BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d 1214, 1217 (Fed. Cir. 1993). MediaTek further objects to this Request to the extent it seeks public documents that are equally available to

Ocean, including public reports, industry white papers, etc.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information relating to expert discovery and is therefore premature. MediaTek will supplement this response as appropriate under the Court's scheduling order.  MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect." *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).  Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present. *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this

Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 19:**

Documents related to any technical support (including any technical support emails), online support (including through the technical support forums and customer support center available on Your website), and/or customer services You, or any third party contracted by, for, or on behalf of, You, provides for those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding domestic action of infringement to MediaTek. MediaTek further objects to this Request as neither relevant to any claim or defense in this action nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, because the Asserted Patents do not concern the functions of any MediaTek products. MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action. MediaTek further objects to this Request because it seeks information relating to MediaTek's

activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).  Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present.  *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

## REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to identify Your accounting methods for revenues, cost allocation, and profits for those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities, including accounting procedures manuals and charts of accounts.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of

proof regarding damages to MediaTek.   The finding of the amount of damages for patent infringement is a question of fact on which the patent owner bears the burden of proof.  *BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d 1214, 1217 (Fed. Cir. 1993).   MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions.   MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.   MediaTek further objects to this Request because it seeks information relating to expert discovery and is therefore premature. MediaTek will supplement this response as appropriate under the Court's scheduling order.   MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.   U.S. patent law "makes no claim to extraterritorial effect." *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).  Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present. *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself,

nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products. MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 21:**

Documents relating to Your internal and external financial statements, profitability studies and reports, gross-margin studies and reports, and turnover studies and reports for each of those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities, since December 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding damages to MediaTek. The finding of the amount of damages for patent infringement is a question of fact on which the patent owner bears the burden of proof. *BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d 1214, 1217 (Fed. Cir. 1993). MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. MediaTek further objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents related to an irrelevant time period. In particular, this Request seeks documents relating to financial information since December 2014, including information before

43

October 2020, when Ocean sent its first demand letter to MediaTek.  Patentees may not recover under § 271(g) for any product in the possession of or in transit to the alleged infringer before notice of infringement.   35 U.S.C. § 287(b).   Financial information before October 2020 is therefore not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions.   MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972). Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present.  *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 22:**

Documents relating to Your profit and margin information, including gross profits, operating profits, net profits, and profits before taxes, for those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities since 2014, broken down by quarter and by U.S. versus worldwide sales and revenue, including documents sufficient to explain any acronyms or terminology employed by Your accounting system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

MediaTek incorporates its General Objections and Qualifications as set forth above.  MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding damages to MediaTek.  The finding of the amount of damages for patent infringement is a question of fact on which the patent owner bears the burden of proof. *BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d 1214, 1217 (Fed. Cir. 1993).  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  MediaTek further objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents related to an irrelevant time period.  In particular, this Request seeks documents relating to financial information since December 2014, including information before October 2020, when Ocean sent its first demand letter to MediaTek.  Patentees may not recover under § 271(g) for any product in the possession of or in transit to the alleged infringer before notice of infringement.  35 U.S.C. § 287(b).  Financial information before October 2020 is therefore not relevant to any claim or defense in this action.  MediaTek further objects to this

Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions.   MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.   MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.   U.S. patent law "makes no claim to extraterritorial effect."   *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972). Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present.   *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.   MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.   MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 23:**

Documents relating to Your sales and revenue information for those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities since December 2014, broken down by quarter and by U.S. versus worldwide sales and revenue,

including documents sufficient to explain any acronyms or terminology employed by Your accounting system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding damages to MediaTek. The finding of the amount of damages for patent infringement is a question of fact on which the patent owner bears the burden of proof. *BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d 1214, 1217 (Fed. Cir. 1993). MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. MediaTek further objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent that it seeks documents related to an irrelevant time period. In particular, this Request seeks documents relating to financial information since December 2014, including information before October 2020, when Ocean sent its first demand letter to MediaTek. Patentees may not recover under § 271(g) for any product in the possession of or in transit to the alleged infringer before notice of infringement. 35 U.S.C. § 287(b). Financial information before October 2020 is therefore not relevant to any claim or defense in this action. MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action. MediaTek further objects to this Request because it seeks information

relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).  Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present.  *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 24:**

Documents and Communications relating to patent royalties actually or customarily paid in the industry involving or relating to any of those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek also objects to this Request as vague, ambiguous, overly broad, and/or unduly burdensome, in particular with regard to its use of the undefined phrase "patent royalties actually

… paid in the industry".  MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity. Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity.  MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding damages to MediaTek.  The finding of the amount of damages for patent infringement is a question of fact on which the patent owner bears the burden of proof.  *BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d 1214, 1217 (Fed. Cir. 1993). MediaTek further objects to this Request to the extent it seeks documents not reasonably available to MediaTek.  Specifically, this request seeks documents that are in third parties' possession.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions.  MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information relating to expert discovery and is therefore premature. MediaTek will supplement this response as appropriate under the Court's scheduling order.  MediaTek further objects to this

Request because it seeks information relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).  Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present.  *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 25:**

Documents concerning or reflecting royalties paid by, or to, You for a patent license involving any of those products identified Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities, including all license agreements, covenants not to sue, royalty agreements, settlement agreements, technology transfer, authorization-to-use agreements and/or any other agreements, wherein You licensed any right or interest in any of the Infringing Instrumentalities; and documents sufficient to identify with particularity: (i) the person with whom the agreement was made; (ii) the technology licensed; (iii) the license rate;

(iv) the amounts of money paid, annually or quarterly, and in total; and (v) any parties and Persons with knowledge of such licenses or agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding damages to MediaTek.   The finding of the amount of damages for patent infringement is a question of fact on which the patent owner bears the burden of proof.   *BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d 1214, 1217 (Fed. Cir. 1993).   MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions.   MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.   MediaTek further objects to this Request because it seeks information relating to expert discovery and is therefore premature. MediaTek will supplement this response as appropriate under the Court's scheduling order.   MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.   U.S. patent law "makes no claim to extraterritorial effect."   *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).   Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present. *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 26:**

For each of those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities, all materials maintained on Your web site relating to those instrumentalities, including current and archival copies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent it seeks public documents that are equally available to Ocean, including materials on MediaTek's web site.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case because it seeks

"all materials … including current and archival copies" when a subset of documents will suffice to provide the requested information.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions.  MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek has or will produce responsive, relevant, and non-privileged documents from its website, related to the named Infringing Instrumentalities, that are within its possession, custody, or control and that are located after a reasonable search, should any such documents exist.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

## REQUEST FOR PRODUCTION NO. 27:

Documents relating to whether any of those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities or component thereof was, or was not, made or adapted for use in any third-party product, including, without limitation, Your awareness thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek also objects to this Request as vague, ambiguous, overly broad, and/or unduly burdensome, in particular with regard to its use of the undefined phrase "made or adapted for use." MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding domestic action of infringement to MediaTek. MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions. MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action. MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States. U.S. patent law "makes no claim to extraterritorial effect." *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972). Conversely, territoriality is satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present. *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist. MediaTek is unable to identify products pursuant to Request

for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to show the date of Your first awareness of each of the Asserted Patents, including Documents identifying the date, circumstances, and Person(s) through which You first learned of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding willful infringement to MediaTek.  A patentee bears the burden of proving willful infringement by a preponderance of the evidence.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 107 (2016).  MediaTek further objects to this Request to the extent it seeks documents

that are equally available to Ocean, including Ocean's notice letter to MediaTek.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek has or will produce the letters that MediaTek received from Ocean on October 15, 2020 and November 24, 2020.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 29:**

Documents and Communications relating to actions that You took upon becoming aware of the existence of the Asserted Patents, including, without limitation, Documents and non-privileged Communications relating to any assessments or analyses made relating to potential infringement of the Asserted Patents by those products identified in Request to Production No. 1 and the validity or enforceability of the Asserted Patents, and Your Communications with Third-Party Manufacturers and/or Equipment Manufacturers regarding the manufacture, fabrication, and/or assembly of those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding willful infringement to MediaTek.  A patentee bears the burden of proving willful infringement by a preponderance of the evidence.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 107 (2016).  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  MediaTek further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions.  MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.  MediaTek further objects to this Request because it seeks information relating to MediaTek's activities outside of the United States.  U.S. patent law "makes no claim to extraterritorial effect." *Deepsouth Packing Co. v. Laitram Corp.*, 406 U. S. 518, 531 (1972).  Conversely, territoriality is

satisfied when and only when one of the domestic actions of making, using, selling, or importing is proved to be present. *Carnegie Mellon Univ. v. Marvel Tech. Grp.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015).

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it does not have responsive, relevant, and non-privileged documents within its possession, custody, or control.  With respect to the portion of this Request relating to "those products identified in Request to Production No. 1," MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 30:**

Documents and Communications between You and Other Defendants, including any joint defense agreement and/or common interest agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition

of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine. MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it does not have responsive, relevant, and non-privileged documents within its possession, custody, or control. MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 31:**

Documents and Communications relied upon by You in the preparation of any discovery response served in this lawsuit or any response or supplemental response to any interrogatory, request for admission, or other discovery request served in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek also objects to this Request as vague, ambiguous, overly broad, and/or unduly burdensome, in particular with regard to its use of the undefined phrases "relied upon." MediaTek further objects to this Request to the extent that it calls for documents protected from

discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it does not have responsive, relevant, and non-privileged documents within its possession, custody, or control.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 32:**

Documents and Communications relating to Ocean, the Asserted Patents, the named inventors on any of the Asserted Patents, or this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from

discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity. Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine. MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding willful infringement to MediaTek. A patentee bears the burden of proving willful infringement by a preponderance of the evidence. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 107 (2016). MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek has or will produce the letters that MediaTek received from Ocean on October 15, 2020 and November 24, 2020. MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 33:**

All English translations of any foreign language documents produced in response to these Requests for Production to the extent that such English translation is in Your possession, custody, or control, including translations prepared for use in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity. Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine. MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek has or will produce responsive, relevant, and non-privileged documents that are within its possession, custody, or control and that are located after a reasonable search, should any such documents exist. MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as

may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 34:**

Documents and Communications relating to identifying or describing Your past and present procedures and policies for generating, maintaining, retaining, and disposing of documents, whether maintained in paper form or by other storage methods, such as microfilm or electronically.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek has or will produce responsive, relevant, and non-privileged documents that are within its possession,

custody, or control and that are located after a reasonable search, should any such documents exist.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 35:**

All board of director minutes and presentations by You discussing Ocean, this Action, Third-Party Manufacturers, Equipment Manufacturers, any of the named inventors of the Asserted Patents, or any of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding willful infringement to MediaTek.  A patentee bears the burden of proving willful infringement by a preponderance of the evidence. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 107 (2016).  MediaTek further objects to this Request as neither relevant to any claim or defense in this action nor proportional to the needs of the case, considering the importance of the

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, to the extent the board of director minutes and presentations discuss Third-Party Manufacturers or Equipment Manufacturers independent of Ocean, this Action, any of the Asserted Patents, or any of the named inventors of the Asserted Patents. MediaTek will not produce such documents. MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case because it seeks "all board of director minutes and presentations" when a subset of documents will suffice to provide the requested information.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek has or will produce responsive, relevant, and non-privileged documents that are within its possession, custody, or control and that are located after a reasonable search, should any such documents exist. MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 36:**

Documents and Communications relating to how customers value any of the Infringing Instrumentalities, Third-Party Manufacturers, and/or Equipment Manufacturers, including any studies, surveys, market analyses, or valuations relating to any features of those products identified in Request for Production No. 1 including, but not limited to, the Infringing Instrumentalities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek also objects to this Request as vague, ambiguous, overly broad, and/or unduly burdensome, in particular with regard to its use of the undefined phrase "how customers value." MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity. Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine. MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding damages to MediaTek. The finding of the amount of damages for patent infringement is a question of fact on which the patent owner bears the burden of proof. *BIC Leisure Prods. v. Windsurfing Int'l*, 1 F.3d 1214, 1217 (Fed. Cir. 1993). MediaTek further objects to this Request to the extent it seeks documents not reasonably available to MediaTek. Specifically, this request seeks documents that are in Third-Party Manufacturer and Equipment Manufacturer's possession. MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The Request seeks information on products, features, or functionality that are not accused of infringement and therefore are not relevant to any claim or defense in this case. MediaTek

further objects to this Request because it seeks information about Instrumentalities that were not accused in this action, either in Ocean's Complaint or its Infringement Contentions.  MediaTek will not provide information about these unaccused instrumentalities as they are not relevant to any claim or defense in this action.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek asserts that it is unable to identify responsive documents within its possession, custody, or control, should any such documents exist.  MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 37:**

Documents and Communications received by You from any third party as part of this litigation, that relate to this litigation, and/or that are responsive to any outstanding request for production served on You, including, but not limited to, any Documents received pursuant to a subpoena.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege,

joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request to the extent it seeks documents that are equally available to Ocean, including documents Ocean may request in its third-party subpoenas. With respect to the portion of this Request relating to "those products identified in Request to Production No. 1," MediaTek is unable to identify products pursuant to Request for Production No. 1 because it does not manufacture, fabricate, or assemble any product itself, nor does it have knowledge as to what equipment is involved in the manufacturing, fabrication, or assembly of its products.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek has or will produce responsive, relevant, and non-privileged documents that are within its possession, custody, or control received pursuant to a subpoena, should any such documents exist. MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 38:**

Documents related to Your contentions that the Asserted Patents, or any claims therein, are invalid or unenforceable, including any alleged prior art.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request to the extent it seeks public documents that are equally available to Ocean.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek has or will produce responsive, relevant, and non-privileged documents that are within its possession, custody, or control and that are located after a reasonable search, should any such documents exist.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 39:**

Documents related to any contention by You that Your infringement of the Asserted Patents is not willful and that enhanced damages should not be awarded, including any opinion of counsel that You intend to rely on in support of Your contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof regarding willful infringement and enhanced damages to MediaTek.  A patentee bears the burden of proving willful infringement by a preponderance of the evidence.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 107 (2016).  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  MediaTek further objects to this Request because it seeks information relating to MediaTek's proof should Ocean overcome its evidentiary burden on willful infringement and is therefore premature.  MediaTek will supplement this response as appropriate under the Court's scheduling order.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek has or will produce responsive, relevant, and non-privileged documents that are within its possession,

custody, or control and that are located after a reasonable search, should any such documents exist.   MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

**REQUEST FOR PRODUCTION NO. 40:**

Documents and Things related to this litigation that were provided to, reviewed by, or considered by any expert who will testify or provide an expert report for, or on behalf of, You in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request because it seeks information relating to expert discovery and is therefore premature.  MediaTek will supplement this response as appropriate under the Court's scheduling order. MediaTek further objects to this Request because it seeks information that is not discoverable under Fed. R. Civ. P. 26 including materials relating to consulting experts, draft

reports, and communications between counsel and any expert and MediaTek will not produce that information.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek has or will produce responsive, relevant, and non-privileged documents that any testifying expert relies upon in forming his or her opinion in this Action, should any such documents exist.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

## REQUEST FOR PRODUCTION NO. 41:

Documents that You intend to rely upon at trial, in support of any motion, or to present to the Court for any purpose in this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek also objects to this Request as vague, ambiguous, overly broad, and/or unduly burdensome, in particular with regard to its use of the undefined phrase "rely upon."  MediaTek further objects to this Request to the extent it seeks public documents that are equally available to Ocean, including documents filed through the Court's ECF system.  MediaTek further objects to this Request because it seeks information relating to future motion, trial, or presentation to the Court and is therefore premature.  MediaTek will supplement this response as appropriate under the Court's scheduling order. MediaTek further objects to this Requests information that is solely

related to the impeachment of any witness and is not required to be produced. MediaTek will not produce information solely related to impeachment.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek has or will produce responsive, relevant, and non-privileged documents that are within its possession, custody, or control and that are located after a reasonable search, should any such documents exist.   MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.

## REQUEST FOR PRODUCTION NO. 42:

Documents and Communications relating to the facts alleged in any complaint, answer, or counter-claim in this Action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

MediaTek incorporates its General Objections and Qualifications as set forth above. MediaTek further objects to this Request to the extent that it calls for documents protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, joint defense privilege, or any other applicable privilege or immunity.  Specifically, MediaTek objects to this request as requesting communications with counsel related to counsel's rendition of legal advice and legal services or documents that are work product prepared in anticipation of litigation and are therefore privileged and/or fit within the scope of work product immunity. MediaTek will not produce documents protected by any privilege or other doctrine.  MediaTek further objects to this Request to the extent it impermissibly shifts Ocean's burden of proof

regarding infringement to MediaTek.  MediaTek further objects to this Request to the extent it seeks public documents that are equally available to Ocean, including Documents and Communications relating to facts alleged in Ocean's Complaint.  MediaTek further objects to this Request as overly broad, unduly burdensome and not proportionate to the needs of the case, considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the General Objections and Qualifications, as well as the specific objections above, and to the extent MediaTek understands this request, MediaTek has or will produce responsive, relevant, and non-privileged documents that are within its possession, custody, or control and that are located after a reasonable search, should any such documents exist.  MediaTek is continuing to investigate the subject matter of this Request and will supplement, amend, or revise its response to this Request pursuant to Fed. R. Civ. P. 26(e) or as may be warranted in light of ongoing discovery, to the extent any non-privileged, relevant documents responsive to this Request are located.


Dated:  January 24, 2022

Respectfully submitted,

/s/ Stephanie Sivinski
David Harper
Texas Bar No. 09025540
david.harper@haynesboone.com
Stephanie Sivinski
Texas Bar No. 24075080
stephanie.sivinski@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219

(214) 651-5000 (telephone)
(214) 200-0615 (fax)

COUNSEL FOR DEFENDANT MEDIATEK INC. AND
MEDIATEK USA INC.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 24, 2022, a true and correct copy of the foregoing was served on all counsel of record via email.

<u>*/s/ Stephanie Sivinski*                              </u>
Stephanie Sivinski