# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>        Plaintiff<br><br>   v.<br><br>MediaTek Inc. and MediaTek USA Inc. ("MediaTek"),<br><br>        Defendants. | Civil Action No.: 6:20-cv-1210-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>        Plaintiff<br><br>   v.<br><br>NVIDIA Corporation,<br><br>        Defendant. | Civil Action No.: 6:20-cv-01211-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>        Plaintiff<br><br>   v.<br><br>NXP USA, Inc.<br><br>        Defendants. | Civil Action No.: 6:20-cv-1212-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>Renesas Electronics Corporation and Renesas Electronics America, Inc.,<br><br>　　　　　Defendants. | Civil Action No.: 6:20-cv-1213-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>Silicon Laboratories Inc.,<br><br>　　　　　Defendant. | Civil Action No.: 6:20-cv-1214-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>STMicroelectronics, Inc.,<br><br>　　　　　Defendant. | Civil Action No.: 6:20-cv-1215-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>     Plaintiff<br><br> v.<br><br>Western Digital Technologies, Inc.<br><br>     Defendant. | Civil Action No.: 6:20-cv-1216-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**PLAINTIFF OCEAN SEMICONDUCTOR LLC'S
UNOPPOSED MOTION FOR ISSUANCE OF LETTERS ROGATORY**

Pursuant to Federal Rule of Civil Procedure 4(h)(2) and 4(f)(2)(B), and the Consular Convention between Japan and the United States of America, Plaintiff Ocean Semiconductor LLC ("Ocean") respectfully requests that this Court issue Letters Rogatory in the form attached hereto as Exhibit A to the addressed to the appropriate Central Authority for Japan, compelling the production of documents and testimony from third party Kioxia Corporation ("Kioxia"). Ocean brings this motion in order to obtain relevant evidence not available to it by any other means. Defendants were contacted about the substance of this Motion and stated that they do not oppose. A Proposed Order has been submitted in connection with the present motion.

**I. BACKGROUND**

Following the opening of discovery in the above-captioned cases on December 9, 2021, Ocean promptly served subpoenas in each of the seven captioned actions containing identical requests for production and deposition topics ("Discovery Requests") to Kioxia's subsidiary Kioxia America, Inc. ("Kioxia America") on December 22, 2021. (Ex. B.)[1] After receiving a

---

[1] Exhibits B, E and G are the Subpoenas served on Kioxia America and Exhibit H is the Responses and Objections served by Kioxia America in case No. 6:20-cv-1210-ADA. Substantively identical subpoenas and responses were served in cases No. 6:20-cv-1211-ADA,

1

requested extension of its deadline to respond until January 14, 2022, Kioxia America filed motions to quash the subpoenas in the Northern District of California on January 13, 2022. (Ex. C.)[2] In response, Ocean withdrew its subpoenas and Kioxia America withdrew its motions on January 18, 2022. (Ex. D.) Ocean subsequently served amended subpoenas in each of the actions on counsel for Kioxia America on January that addressed the grounds for Kioxia's withdrawn motions to quash. (Ex. E.) Nevertheless, Kioxia's counsel responded that, based on the content of the amended subpoenas, "we presume you intend to stand by your overreaching demands" and that "[i]f that is the case, we will refile our motions to quash." (Ex. F.)

In response, Ocean narrowed the definitions in the Amended Subpoena and reduced the number of Requests for Production ("RFPs") by half, from forty-four to twenty-two in a second set of amended subpoenas (the "Subpoenas") served on January 26, 2022. (Ex. G.) Kioxia America served Responses and Objections to the Subpoenas on February 16, 2022. (Ex. H.) To each of the RFPs, Kioxia America responded that it "has no documents responsive to this request in its possession, custody, or control." (*Id.*)

As set forth in the Complaints filed in the above-captioned Actions (*see, e.g.,* Docket No. 1 in case No. 6:20-cv-1216-ADA at ¶¶ 7-19), Ocean has reason to believe that Kioxia is in possession of information that is relevant to Ocean's claims of infringement under 35 U.S.C. § 271(g). Accordingly, Ocean respectfully requests that the Court issue Letters of Request seeking to compel Kioxia to produce all documents that are responsive to Ocean's requests for production, and a witness to testify on each of the deposition topics, as set forth in Exhibit A.

---

No. 6:20-cv-1212-ADA, No. 6:20-cv-1213-ADA, No. 6:20-cv-1214-ADA, No. 6:20-cv-1215-ADA, and No. 6:20-cv-1216-ADA.
[2] Exhibits C and D are, respectively, the motion to quash and its withdrawal of that motion related to the subpoena issued in case No. 6:20-cv-1210-ADA. Substantively identical motions and withdrawals were filed for the subpoenas issued in the other six cases.

## II.   ARGUMENT

"Federal courts may issue letters rogatory to foreign tribunals, agencies, or officers in order to seek 'assistance in the production of evidence located in the foreign country.'" *Blitzsafe Tex. v. Jaguar Land Rover,* No. 2:17-CV-00424-JRG, 2019 U.S. Dist. LEXIS 240026, at *2 (quoting *United States v. El-Mezain*, 664 F.3d 467, 516-17 (5th Cir. 2011), as revised (Dec. 27, 2011)).  Federal courts have "inherent power" to issue letters rogatory.  *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.,* 2 F.3d 1397, 1408 (5th Cir. 1993); *accord* 28 U.S.C. § 1781.  In the Fifth Circuit, "[t]he decision to issue a letter rogatory is . . . entrusted to the sound discretion of the district court . . . ." *El-Mezain*, 664 F.3d at 517.  Further, there "must be a 'good reason' to deny a request for letters rogatory, at least when the request is made pursuant to Fed. R. Civ. P. 28(b)." *Triump Aerostructures v. Comau, Inc.*, No. 3:14-cv-2329-L, 2015 U.S. Dist. LEXIS 125347, at *8 (N.D. Tex. Sep. 18, 2015) (internal citations omitted); *see also id*. at *9 (stating that letters rogatory or letters of request should be consistent with Rule 26(b)(1)).

Ocean's Discovery Requests are within the scope of discovery as defined by Rule 26.  Specifically, they narrowly seek information relating to Kioxia's use of certain manufacturing tools, systems, platforms, software and equipment used to manufacture or fabricate integrated circuits (including all of the infringing products) on behalf of MediaTek Inc., MediaTek USA Inc., NVIDIA Corporation, NXP USA, Inc., Renesas Electronics Corporation, Renesas Electronics America, Inc., STMicroelectronics, Inc., Silicon Laboratories Inc. and Western Digital Technologies, Inc.—all of whom are defendants in the above-captioned actions before this Court ("Defendants").

The requests and topics also seek information related to: (a) Kioxia's business

relationships with both Defendants and the manufacturers of the infringing tools; (b) sale of infringing instrumentalities; and (c) importation of infringing instrumentalities into the United States. All of this information is directly relevant to Ocean's claims of infringement under 35 U.S.C. § 271(g).

The requests for production also seek information related to: (a) Defendants' control over Kioxia with respect to Kioxia's manufacture of integrated circuits, including all infringing products, for Defendants; (b) knowledge of the patents at issue in these cases; (c) agreement to be indemnified or to indemnify Defendants or manufacturers of infringing, tools, systems, platforms, software and equipment with respect to infringement of the patents at issue in these cases; and (d) information on production costs and sales volume of infringing integrated circuits. All of these topics are also relevant to Ocean's claims of indirect infringement and to the calculation of reasonable damages.

There are no alternative means of obtaining the requested information from Kioxia as Kioxia America has responded to each RFP in the Subpoenas that it "has no documents responsive to this request in its possession, custody, or control." (Ex. F.) Based on Kioxia America's stated inability to produce ***any*** of the categories of documents sought, even when presented with a narrowed version of the original subpoena, there are no alternative means of obtaining the discovery that Ocean seeks. This is particularly true where no Defendant has acknowledged that it possesses information relating to Kioxia's use of certain manufacturing tools, systems, platforms, software and equipment for manufacturing or fabricating any of Defendants' infringing products. (*See, e.g.* Ex. G, Defendant Western Digital Technologies Inc.'s Objections and Responses to Plaintiff's First Set of Requests for Production at 22-23: "Due to the overbreadth of Plaintiff's definition of "Infringing Instrumentalities," which

specifically identifies by name more than fifty products and by its terms likely covers additional, unspecified products, WDT is still investigating which products were manufactured using a process that incorporates any one of the tools specifically named in the Complaint and Preliminary Infringement Contentions and were sold in the United States during the relevant time period.")

The requests for production and deposition topics in Attachment A are substantially the same as those in the Subpoenas that Ocean previously served on Kioxia America and represent a good-faith attempt to reduce any burden that responding might place on Kioxia.

Ocean respectfully requests that the Court return: (a) the original copy of the signed and issued Letters Rogatory; and (b) one certified copy to the undersigned counsel.   Ocean will transmit the issued Letters Rogatory to the United States Department of State to oversee transmission of the Letters Rogatory to Taiwan through diplomatic channels as provided in 28 U.S.C. § 1781(a)(2).

### III. CONCLUSION

The Court should issue an order issuing Letters Rogatory directed to the appropriate Central Authority of Japan.  The information sought through this Motion and Letters Rogatory is within the scope of discovery and is necessary for Ocean properly to prosecute its claims in the above-captioned actions.

Dated: March 4, 2022               */s/ Alex Chan*
Timothy Devlin
tdevlin@devlinlawfirm.com
Henrik D. Parker
hparker@devlinlawfirm.com
Alex Chan (State Bar No. 24108051)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*Ocean Semiconductor LLC*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), the undersigned hereby certifies that counsel for Plaintiff contacted counsel for each of the Defendants and was informed that the Defendants do not oppose the relief sought in this Motion.

                                                */s/ Alex Chan*
                                                Alex Chan

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that, on March 4, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a).

                                                  */s/ Alex Chan*
                                                  Alex Chan