# EXHIBIT C

| | |
|---|---|
| 1 | JARED D. SCHUETTENHELM (SBN 267885) |
| 2 | jared.schuettenhelm@bracewell.com<br>BRACEWELL LLP |
| 3 | 701 Fifth Avenue, Suite 6200<br>Seattle, Washington 98104-7018 |
| 4 | +1.206.204.6200 |
| 5 | +1.800.404.3970 |
| 6 | Attorney for<br>KIOXIA AMERICA, INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SUBPOENAS FROM OCEAN SEMICONDUCTOR LLP | Misc. Case No.<br><br>Action Currently Pending in the U.S. District Court for W.D. Texas (Case No. 6:20-cv-01210-ADA)<br><br>KIOXIA AMERICA, INC.'S NOTICE AND MOTION TO QUASH OCEAN SEMICONDUCTOR LLP'S SUBPOENA<br><br>Date: 01/13/2022<br>Time: TBD<br>Place: TBD |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on _____, 2022, at _____, before a Judge to be assigned by the Clerk's Office, KIOXIA America, Inc. will, and hereby does, move for an Order granting its Motion to Quash Ocean Semiconductor LLP's Subpoena To Testify at a Deposition in a Civil Action and produce documents.

The Motion will be based on this Notice and Motion, the Memorandum of Points and Authorities below, the Declaration of Jared D. Schuettenhelm, Esq., all exhibits attached thereto, all other pleadings and documents on file in this matter, and any evidence as may be presented at any hearing on this Motion.

CASE No.                          1                         MOTION TO QUASH

## ISSUES TO BE DECIDED

**1.** Whether to grant the motion to quash the document subpoena for violations of Fed. R. Civ. P. 45(a)(2), (d)(3)(ii), and (d)(3)(iv).

**2.** Whether to grant the motion to quash the deposition subpoena for violations of Fed. R. Civ. P. 45(a)(2), (d)(3)(ii), and (d)(3)(iv).

## RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 45(d)(3)(A), KIOXIA America, Inc. ("KAI") respectfully requests that the Court quash the improper subpoena served by Ocean Semiconductor LLC ("Ocean") seeking documents and testimony in support of its case against MediaTek, Inc. and Mediatek USA, Inc., currently pending in the Federal District Court for the Western District of Texas (Civil Action No. 6:20-cv-01210-ADA). As explained below, Ocean's subpoena, on its face and by its terms, violates at least Fed. R. Civ. P. 45(d)(3)(A)(ii) and Fed. R. Civ. P. 45(d)(3)(A)(iv). KAI further requests that the Court enter an Order, as required by Fed. R. Civ. P. 45(d)(1), imposing an appropriate sanction against Ocean for its failure to take "reasonable steps to avoid imposing undue burden or expense" on third-party KAI in the form of an award of attorneys' fees and costs.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

On December 30, 2021, Ocean served KAI with the subpoena that is the subject of this motion to quash, as well as seven other subpoenas (which are the subject of concurrently-filed motions to quash in this Court and a motion to relate pursuant to Local Rule 3-12), in connection with a series of patent infringement lawsuits that Ocean has filed in the Western and Eastern Districts of Texas. The subpoena must be quashed for two independent reasons set forth in Fed. R. Civ. P. 45(d)(3)(A).

First, although KAI is a California corporation, headquartered in this District, and was served with the subpoena by Ocean in California, Ocean's subpoena seeks the production of documents, as well as production of a witness for deposition, nearly 3,000 miles away at the office of Ocean's counsel in the District of Delaware. This is a flagrant violation of the 100-mile limitation

1  under Fed. R. Civ. P. 45(c)(1)(A) and (c)(2)(A) and a <u>mandatory</u> basis to quash the subpoena
2  pursuant to Fed. R. Civ. P. 45(d)(3)(A)(ii).

3       Second, as a third party with no interest or involvement in Ocean's litigation campaign, KAI
4  must be protected under the Federal Rules from "undue burden." Here, the undue burden of Ocean's
5  subpoena is self-evident from Ocean's 37-page demand, which seeks compliance by third-party
6  KAI with 44 expansive requests for production regarding thousands of products accused in ten
7  different underlying lawsuits (two of which are currently stayed), as well as other broad categories
8  of information concerning KAI's relationships with other third-parties. Ocean has further demanded
9  that KAI provide deposition testimony on 11 similarly overbroad topics. The vast overreach of
10 Ocean's requests provides a wholly independent, and <u>mandatory</u>, basis under Fed. R. Civ. P.
11 45(d)(3)(A)(iv) for quashing Ocean's subpoena.

## FACTUAL BACKGROUND

13      Ocean launched a litigation campaign, primarily in Texas and entirely outside this District,
14 alleging patent infringement against fifteen defendants across ten lawsuits.[1] In each lawsuit, Ocean
15 asserts some combination of ten patents that it has acquired from third parties. With one exception,[2]
16 Ocean's cases are in the infancy of discovery[3] and two cases are stayed pending *inter partes* review
17 of Ocean's patents.[4]

18      KAI is a California company headquartered in San Jose, California, with no involvement in
19 Ocean's underlying litigation campaign. *See* Schuettenhelm Decl., ¶¶ 4-5, Exs. C and D. KAI is
20 not a defendant or named party in any of Ocean's ten lawsuits. *See id.* ¶ 4.

---

[1] Ocean's cases are identified in the definition of "Actions" included with the subpoena. Schuettenhelm Decl., Ex. A, at A-2, Definition No. 6.
[2] The sole exception is *Ocean Semiconductor LLC v. Huawei Device USA Inc., et al.*, No. 4:20-cv-991, pending in the Eastern District of Texas. In that case, a mere thirty-six documents have been filed with court and the discovery period closes on April 6, 2022 according to the current scheduling order. *Id.*, Dkt. 22 (Aug. 3, 2021).
[3] *See, e.g.*, *Ocean Semiconductor LLC v. MediaTek Inc., et al.*, No. 6:20-cv-01210, Dkt. 32, (July 15, 2021, W.D. Tex.) (fact discovery opens December 9, 2021; closes July 6, 2022).
[4] *See Ocean Semiconductor LLC v. Analog Devices, Inc.*, No. 1:20-cv-12310, Dkt. 37 (Sept. 20, 2021, D. Mass.) (granting stay prior to discovery); *Ocean Semiconductor LLC v. Infineon Tech. AG, et al.*, No. 1:20-cv-12310, Dkt. 38 (Sept. 20, 2021, D. Mass.) (same).

CASE No.                        3                        MOTION TO QUASH

On December 22, 2021, Ocean's counsel caused eight subpoenas to be issued to KAI in connection with its lawsuits in the Western and Eastern District of Texas. *See id.* ¶ 2, Ex. A. Ocean then delayed service of those subpoenas, waiting until December 30, 2021, to effect service on KAI via its corporate agent in Glendale, California. *See id.*, Ex. A. Each subpoena demanded document production by January 5, 2022, and a deposition on January 19, 2022. *See id*. The subpoenas each specified the office of Ocean's counsel in Wilmington, Delaware as the place of production and deposition. *See id*.

On January 3, 2022, KAI retained the undersigned counsel, who contacted Ocean's counsel seeking the courtesy of an extension of time to sort through Ocean's voluminous requests. *See id.*, Ex. B (email from Doug Stewart, dated Jan. 4, 2022). In response, and despite having delayed service of the subpoena for eight days, leaving KAI only three business days to respond, Ocean's counsel sought to condition any extension of the subpoena's unreasonably short time frame on an agreement to produce documents by a date certain without objection.[5] *See id.* (email from Joel Glazer, dated Jan. 4, 2022). KAI's counsel declined to assent to Ocean's proposed waiver of objections and mandatory production. *See id.* (email from Doug Stewart, dated Jan. 5, 2022). Ocean's counsel only relented and agreed to an unconditional nine-day extension of time until January 14 on the morning of January 5—the date set for compliance in the subpoena. *See id.* (email from Joel Glazer, dated Jan. 5, 2020).

A. **Legal Standards**

Fed. R. Civ. P. 45(d)(1) commands that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Accordingly, "the court 'must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.'" *Personal Audio LLC v. Togi Ent'mt, Inc*., No. 14–mc–80025 RS (NC), 2014 WL 1318921, at *1 (N.D. Cal. Mar. 31, 2014) (citing Fed. R. Civ. P. 45(d)(2)(B)(ii)). Consistent with this command, "[t]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the

---

[5] Despite the actual case schedules noted above, Ocean's counsel claimed that "the time sensitive nature of the active litigations" justified its refusal to agree to a reasonable extension. Schuettenhelm Decl., Ex. B (email from Joel Glazer, dated January 4, 2020).

CASE No. 4 MOTION TO QUASH

courts." *Lemberg L. LLC v. Hussin,* No. 16-MC-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016).

Fed. R. Civ. P. 45(d)(3) mandates that a court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

**B.  Quashing the subpoena is mandatory due to its violation of the 100-mile geographical compliance limitation.**

Ocean's subpoena (and its seven other identical subpoenas) must be quashed pursuant to Fed. R. Civ. P. 45(d)(3)(ii) because it demands KAI's compliance "beyond the geographical limits specified in Rule 45(c)." Rule 45(c)(2)(A) provides that a subpoena to produce documents may only require compliance "at place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Similarly, Rule 45(c)(1)(A) provides that the place of compliance for a subpoena to appear for a deposition must be "within 100 miles of where the person resides, is employee, or regularly transacts business in person."

KAI is a California corporation that is headquartered in San Jose, California, and therefore it resides in this District. Schuettenhelm Decl., ¶ 5, Exs. C and D. KAI does not reside, have employees in, or regularly transact business in Delaware. *Id.*, ¶ 6. Ocean's subpoena unequivocally violates Rule 45(c) by dictating production and appearance for deposition in Wilmington, Delaware, and therefore must be quashed under Rule 45(d)(3)(ii).

**C.  The subpoena must be quashed because it imposes an undue burden on KAI.**

Ocean's subpoena (and its seven other identical subpoenas) also violates Rule 45(d)(1)'s command that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and, as a result, must be quashed under Rule 45(d)(3)(iv). To determine whether a subpoena would impose undue burden under Rule 45, courts "weigh the burden to the subpoenaed party against the value of the information to the serving party" by considering "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *AngioScore, Inc. v.*

CASE No. 5 MOTION TO QUASH

*TriReme Med., Inc.*, No. 12-CV-03393, 2014 WL 6706873, at *2 (N.D. Cal. Nov. 25, 2014). Here, all of the applicable factors confirm the undue burden Ocean's subpoena would impose on third-party KAI.

### 1. Ocean's subpoena is exceedingly overbroad in scope and time period.

The document subpoena includes 44 requests primarily directed to any conceivable involvement by KAI with scores of different products made by three non-party "Equipment Manufacturers" in connection with the alleged manufacture of thousands of the underlying Defendants' allegedly infringing products. *See* Schuettenhelm Decl., Ex. A at A-1 – A-2 (definitions of the three non-parties); A-3 – A-16 (over a dozen pages listing thousands of allegedly infringing products); A-18 – A-19 (listing scores of the Equipment Manufacturer's products). In addition, Request for Production No. 13 seeks any documents related to KAI's "in-house and/or proprietary" products. *See id.*, Ex. A at A-27. The document subpoena also seeks every conceivable contract and sale-related document corresponding to the foregoing amalgam of products. *See id.*, Ex. A at A-24 – A-29. The deposition subpoena contains 11 overly broad topics seeking testimony similar to that requested by the document subpoena, as well as on "the context or content" of every subpoenaed document. *See id.*, Ex. A at A-36.

Ocean's requests far exceed the burden that can be reasonably imposed on a third-party. *See Straight Path IP Group, Inc. v. Blackberry Ltd.*, No. C 14–80150 WHA, 2014 WL 3401723, at * (N.D. Cal. July 8, 2014) (ruling that a subpoena containing 46 document requests was "oppressive," a "fishing expedition too burdensome to impose on a third party," and an abuse of the discovery process); *Angioscore*, 2014 WL 6706873, at *3 (ruling that subpoenas requesting 9 deposition topics and categories of irrelevant documents was overbroad).

Ocean's expansive definitions further amplify the overbreadth of its requests by "broaden[ing] the horizons of [Ocean's] oppressive subpoena[s]." *Straight Path*, 2014 WL 3401723, at *4; *see also Convolve, Inc. v. Dell, Inc.*, No. C 10–80071, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("To further broaden the horizons of this already expansive purview, the subpoena includes exhaustive definitions."). Ocean's definition of the individual "Infringing Instrumentalities" alone spans 15 pages, encompasses broad categories of products allegedly

supplied by the Defendants, and purports to identify **thousands of exemplary product model numbers** of the Defendants. *See* Schuettenhelm Decl., Ex A at A-3 – A-16. Each definition of accused instrumentality further concludes with boilerplate, catch-all language for any other "similar systems, products, devices, and integrated circuits." *Id.* Ocean's definitions for the various "Equipment Manufacturers" and "Manufacturing Equipment" are similarly expansive, describing broad categories of systems and identifying numerous exemplary products. *See id.*, Ex, A at A-1 – A-2, A-18 – A-19. Likewise, Ocean's definition of individual "Defendants" includes 15 distinct companies, as well as "all predecessors, successors, assigns, parents, subsidiaries and divisions, affiliates, partners of any of the foregoing, and all persons acting, or purporting to act, on behalf of any of the foregoing." *See id.*, Ex. A at A-2 – A-3.

Further compounding the undue burden of Ocean's overbroad requests and topics, Ocean fails to place any temporal limitations on its requests. *See Angioscore*, 2014 WL 6706873, at *2 (identifying that "the period covered by [a subpoena]" is a factor to assess undue burden). The complete absence of any temporal limitations warrants quashing the subpoena under Rule 45(d)(3)(A)(iv). *See id.* (precluding enforcement of subpoenas requesting information from a five-year period).

### 2. Ocean improperly burdens KAI with discovery that can and should be obtained from the Defendants in the underlying lawsuits.

Ocean violates its obligations under Rule 45 by subpoenaing KAI without first seeking to obtain any of the information from the Defendants in the underlying lawsuits. Numerous of Ocean's requests for production are plainly directed to information within the Defendants' possession, such as the "role played by any and all Defendants" in the design, development, manufacture, testing, importation of the accused products; all products allegedly manufactured for the Defendants; and any agreements and contracts with the Defendants. *See, e.g.*, Schuettenhelm Decl., Ex. A, Requests for Production Nos. 3, 4, 5, 9, 11, 16, and 18. Ocean is required to ask for this information from Defendants, not KAI. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoenas because "the vast majority of the discovery sought from TPGI is discovery obtainable from a source more direct, convenient, and less burdensome-namely, from Defendants");

CASE No. 7 MOTION TO QUASH

*Personal Audio*, 2014 WL 1318921, at *3 ("There is no reason to burden non-party EFF when the information sought should be in the possession of the party defendants.").

Discovery has just begun in Ocean's seven cases in the Western District of Texas. Ocean's single case in the Eastern District of Texas against Huawei, which does not reference KAI in the complaint, appears to be further along, yet Ocean made no attempt to serve the subpoena at an earlier time and nothing suggests that Ocean's recently obtained discovery in that case would justify its subpoena. Ocean must first seek information from the Defendants in order to determine what, if any, relevant and non-cumulative information could possibly be in the possession of KAI in this District. *See Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-CV-04165, 2019 WL 4166780, at *5 (N.D. Cal., Sept. 3, 2019) ("[S]erving such broad subpoenas to third parties at such an early juncture in the case would subject those parties to unnecessary expense and undue burden to the extent that some or all of the necessary information can be secured from the other party to the action."). Without first obtaining information from the Defendants in the underlying lawsuits, it is impossible for Ocean to make appropriate, narrowly tailored requests of KAI.

At this juncture, it is apparent from the lack of particularity and overbreadth of Ocean's requests that it has not determined any reason to believe that KAI, specifically, would have non-duplicative information that is relevant to Ocean's claims. Rule 45 cannot authorize Ocean to engage in third party discovery without first obtaining available information from the Defendants concerning any alleged role that Ocean believes KAI has with respect to its allegations in the underlying cases. *See Straight Path*, 2014 WL 340172, at *7 ("This is a fishing expedition too burdensome to impose on a third party.").

Accordingly, Ocean cannot justify its subpoena requests where it has not attempted to first obtain discovery by less burdensome means, as required under Rule 45.

**3. Ocean cannot make a showing that its grossly overbroad requests are relevant.**

Ocean must "demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Angioscore*, 2014 WL 6706873, at *3. Moreover, because KAI is a non-party, "it is a generally accepted rule" that Ocean must make "a

1 stronger showing of relevance than for simple party discovery." *Monster Energy Co., v. Vital Pharm., Inc.*, No. 5:18-cv-01882, 2020 WL 2405295, at *6 (C.D. Cal. Mar. 10, 2020).

The overbreadth of Ocean's requests demonstrate that Ocean is on an improper fishing expedition, unjustified by any reasonable belief that the information sought is relevant to the claims. An evaluation of Ocean's infringement allegations (which have not been provided) is not necessary to conclude that Ocean's subpoenas request information that is irrelevant.

As explained above, much of the information that Ocean requests is directed to KAI's relationships to third-party "Equipment Manufacturers," use of third-party "Manufacturing Equipment," and other manufacturing processes. *See, e.g.*, Schuettenhelm Decl., Ex. A at Requests for Productions Nos. 1-11, 13-19, 20-43. Ocean even requests indemnity agreements between KAI and third-party "Equipment Manufacturers." *Id.*, Requests for Production Nos. 6, 12, 19, 20. However, any contractual indemnity between KAI, as a non-party, and other third-parties is irrelevant to whether Defendants can be held liable for patent infringement. Similarly, whether KAI generally uses a variety of other third-party manufacturing equipment or other broad manufacturing processes has no relevance to any cognizable theory of infringement <u>by the Defendants</u>. Critically, Ocean's definition of "Infringing Instrumentalities" does not identify any manufacturing methods or processes; it instead identifies thousands of allegedly infringing products supplied by the Defendants.

Accordingly, Ocean cannot establish the relevance of its requests, much less demonstrate that any relevance is significant enough to justify Ocean's unduly burdensome requests.

**D. Ocean's subpoenas violate litigation stays in two cases.**

Ocean's subpoena encompasses two cases in the District of Massachusetts—filed against Analog Devices and Infineon Technologies—in its definition of "Actions" and includes accused products manufactured by those two defendants among its requests and topics. *See* Schuettenhelm Decl., Ex. A at A-2, A-13 – A-16. Neither the subpoena at issue in this motion, nor the seven other subpoenas, were issued from the District of Massachusetts. In fact, because both cases are currently stayed pending the resolution of petitions for *inter partes* review, no subpoena could properly issue from that Court in either of those cases. *See id.*, Ex. E (Order staying *Ocean Semiconductor LLC v.*

*Analog Devices, Inc.*, 1:20-cv-12310-PBS (D. Mass.)); Ex. F (Order staying *Ocean Semiconductor LLC v. Infineon Techs. AG, et al.*, 1:20-cv-12311-PBS (D. Mass.)).

Ocean's circumvention of the stays in place in the Massachusetts cases, even if the unintentional result of over expansive definitions, is an abuse of process. *See Essociate, Inc. v. Blue Whaler Investments, LLC*, No. CV 10–2107–JVS (MLGx), 2012 WL 12953823, at *3 (C.D. Cal. Apr. 12, 2012) (granting motion to quash where issuing party attempted to serve a subpoena in circumvention of a scheduling order); *see also Elite Lighting v. DMF*, Inc., No. CV 13-1920 JC, 2013 WL 12142840, at *3 (C.D. Cal. May 6, 2013) (quashing subpoenas that were not authorized by the federal rules, stipulation, or court order). Ocean's subpoenas also should be quashed for this independent reason.

## CONCLUSION

For the reasons stated above, Rule 45 mandates that the Court quash Ocean's subpoena because it violates the 100-mile limitation for compliance. Ocean's subpoena must also be quashed under Rule 45 because the information sought is grossly overbroad, and would impose a burden on KAI far in excess of what can be reasonably expected of a non-party, particularly where Ocean has not attempted to first obtain the information from the parties to its lawsuits.

| | | |
|---|---|---|
| 1 | Dated: January 13, 2022 | Respectfully submitted, |
| 2 | | BRACEWELL LLP |
| 3 | | |
| 4 | | By: /s/ *Jared D. Schuettenhelm*<br>Jared Schuettenhelm (SBN 267885) |
| 5 | | jared.schuettenhelm@bracewell.com<br>Bracewell LLP |
| 6 | | 701 Fifth Avenue, Suite 6200<br>Seattle, Washington 98104-7018 |
| 7 | | (206) 204-6200 (t)<br>(800) 404-3970 (f) |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |