# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

**OCEAN SEMICONDUCTOR LLC,**

       **Plaintiff,**

    **v.**

**MEDIATEK INC., AND MEDIATEK
USA INC.,**

       **Defendants.**

**Civil Action No. 6:20-cv-1210-ADA**

### NON-PARTY KIOXIA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF OCEAN SEMICONDUCTOR LLC'S DOCUMENT SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Kioxia America, Inc. ("KAI") hereby serves its responses and objections to Ocean Semiconductor LLP's ("Ocean") Subpoena to Testify at a Deposition in a Civil Action, as amended by Ocean's counsel and provided to the undersigned counsel on January 26, 2022 (the "Subpoena").

### GENERAL OBJECTIONS

1.    KAI objects to the definitions of "Kioxia," "You," and "Your" to the extent such definitions encompass entities other than KAI over which KAI exercises no control.  KAI objects to Ocean's use of these overly broad definitions to the extent Ocean has done so in order to seek information and/or documents outside the possession, custody, and control of KAI by conflating KAI, a distinct, standalone legal entity, with separate, legally distinct parents, subsidiaries, affiliates, predecessors, successors, assigns, and partners.  KAI is responding to these requests only on behalf of itself and only to the extent it has possession, custody, or control over the subpoenaed information, and its response to each demand for information should be understood to necessarily exclude information over which KAI has no possession, custody, or control, notwithstanding Ocean's overly broad definitions of the terms "Kioxia," "You," and "Your."

2.    KAI objects to the definition of "Plaintiff" (and the corresponding terms) on the grounds that KAI is unaware of any past or present individuals or entities in any way associated

with Ocean and therefore cannot respond based on Ocean's supplied definition.  To the extent there are specific individuals or entities that Ocean would like KAI to consider, KAI requests that Ocean identify them with specificity.

3.     KAI objects to the definitions of "ASML," "Applied Materials," "PDF Solutions," and "Defendant" / "Defendants" to the extent Ocean's definitions seek to include any past or present individuals or entities in any way associated with each of the defined entities with which KAI is not familiar.

4.     KAI objects to the definition of "Western Digital Infringing Instrumentalities" (and by extension, "Infringing Instrumentalities" and "Product" / "Products") on the basis that the terms "automotive products," "connected home products," "industrial and IoT products," "mobile products," "surveillance products," and "flash memory" are ambiguous, overbroad, and unduly burdensome in violation of Fed. R. Civ. P. 45(d)(1) to the extent they are neither defined nor limited to any specific entity's products or any specifically identified products.  Indeed, as drafted, the definitions are not limited to products of Western Digital Technologies, Inc. ("Western Digital") or those of any of the parties to the Actions, but instead would apply to all information related to all such products (an equally ambiguous, overbroad, and unduly burdensome description) and any "similar systems, products, devices, and integrated circuits" (an equally ambiguous, overbroad, and unduly burdensome description) of any company.  KAI therefore interprets the defined terms as referring to the Western Digital products cited as examples in the Subpoena, assuming that the various "e.g." references are in fact to a Western Digital product and can be identified as such based on the names provided in the definitions.

5.     KAI objects to the definition of "Huawei Infringement Instrumentalities" (and by extension "Infringing Instrumentalities" and "Product" / "Products") on the basis that the terms "SoC chipsets and solutions," "processors," "TV solutions," "Kirtin solutions," "Ascend solutions," "Balong solutions" are ambiguous, overbroad, and unduly burdensome in violation of Fed. R. Civ. P. 45(d)(1) to the extent they are neither defined nor limited to any specific entity's products or any specifically identified products.  Indeed, as drafted, the definitions are not limited

to products of Huawei Device USA, Inc., Huawei Device Co., Ltd., or HiSilicon Technologies Co., Ltd. (collectively, "Huawei") or those of any of the parties to the Actions, but instead would apply to information related to all such products (an equally ambiguous, overbroad, and unduly burdensome description) and any "similar systems, products, devices, and integrated circuits" (an equally ambiguous, overbroad, and unduly burdensome description) of any company.  KAI therefore interprets the defined terms as referring to the Huawei products cited as examples in the Subpoena, assuming that the various "e.g." references are in fact to a Huawei product and can be identified as such based on the names provided in the definitions.

6.    KAI objects to the definitions of "YieldStar," "TWINSCAN," "E3," "Smart Factory," and "Extensio" (and by extension "Manufacturing Equipment") to the extent such definitions seek to encompass systems, products, and/or models other than those actually identified by Ocean.  Specifically, the use of "any and all . . . systems designed, developed, assembled, and/or manufactured" is ambiguous, overbroad, and unduly burdensome in violation of Fed. R. Civ. P. 45(d)(1).

7.    KAI objects to the definition of "Equipment Manufacturers" to the extent it is not limited to the identified companies—ASML, Applied Materials, and PDF Solutions.  KAI further incorporates General Objection No. 3 by reference.

8.    KAI objects to the definitions of "Identify," "identify," "Describe," and "Date" to the extent such definitions require KAI to "state" information other than information contained in any documents which may be produced or as specifically requested in connection with any of the specific deposition topics in the Subpoena.

9.    KAI objects to the fact that Ocean has failed to limit its requests to any specific time period (with the exception of Request No. 10), thus rendering the Subpoena overbroad and unduly burdensome in violation of Fed. R. Civ. P. 45(d)(1).

10.    KAI objects to the location of compliance on the ground that it violates Fed. R. Civ. P. 45(d)(1).  Although KAI maintains a place of business in Austin, Texas, Ocean withdrew and re-served a subpoena on KAI with a location of compliance in San Francisco, California based on

facts disclosed by KAI in connection with a motion to quash the original subpoena. That motion placed Ocean on notice that any relevant documents and witnesses would be located in California. Nonetheless, Ocean subsequently amended the Subpoena and changed the location of compliance to Austin, Texas (but failed to properly re-serve the Subpoena or ask undersigned counsel to accept service of the Subpoena) despite knowing that doing so would increase the burden to KAI.

11.     KAI objects to the subpoena in this case because, under the definitions of Actions, Defendants, and Infringing Instrumentalities, none of the information is relevant to the underlying action for which the subpoena issued, and therefore improperly burdens a non-party in violation of Fed. R. Civ. P. 45.

12.     To the extent that KAI responds to any demands covered by these General Objections, KAI's response is without waiver and without prejudice concerning these objections, and expressly incorporates by reference each relevant objection to any definition where that defined term is used in a request.

## **SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS**

## **REQUEST FOR PRODUCTION NO. 1**

Documents sufficient to show the use, utilization, installation, implementation, and/or deployment of any Manufacturing Equipment in any of Your manufacturing and/or fabrication facility in connection with Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities for any Defendant, including the identification of all versions and models of any such system and the location of such use, utilization, installation, implementation, and/or deployment including the location of any and all such fabrication facilities.

### **RESPONSE:**

KAI objects to this request as overbroad and unduly burdensome because, although it seeks documents "sufficient to show," it repeatedly uses the terms "any" and "all" in connection with multiple sub-requests and therefore improperly seeks all such documents. KAI also objects to the term "such system," which lacks antecedent basis in the request; no "system" is defined in connection with the request.

Subject to these objections and the foregoing General Objections, KAI states that it does not have manufacturing and/or fabrication facilities and does not manufacture, fabricate, and/or assemble any of the Infringing Instrumentalities, nor does KAI use, utilize, install, implement, or deploy any versions or models of any "system," and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2**

Purchase or sales orders, invoices, purchase agreements, sales agreements, and/or supplier agreements relating to any Manufacturing Equipment.

**RESPONSE:**

KAI objects to this request for failing to limit the burden on a non-party as required by Fed. R. Civ. P. 45. These documents should be requested from a party or the Equipment Manufacturers. KAI further objects to this request as beyond the scope of discovery on a non-party under Fed. R. Civ. P. 45 because the topic has no legitimate bearing on issues relevant to the Actions. KAI also objects because it has no Manufacturing Equipment.

Subject to these objections and the foregoing General Objections, KAI states that it has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3**

Documents relating to the design, development, operation, and/or implementation of any APC and/or FDC hardware, software, systems, components, and/or modules by any entity other than Applied Materials or PDF Solutions that are/were used, utilized, installed, implemented and/or deployed in Your manufacturing, fabrication, and/or assembly tool, equipment, and/or facility in connection with Your manufacturing, fabrication, and/or assembly of any Infringing Instrumentalities, including any in-house and/or proprietary APC and/or FDC hardware, software, systems, components, and/or modules designed, developed, operated, and/or implemented by You.

**RESPONSE:**

KAI objects to this request as ambiguous, overbroad, and unduly burdensome in violation of Fed. R. Civ. P. 45(d)(1) on that ground that it seeks an unlimited scope of APC- and FDC-

related documents from every entity *except for* Applied Materials and PDF Solutions (as KAI interprets those definitions in accordance with its General Objections).  KAI further objects to this request as beyond the scope of discovery of a non-party under Fed. R. Civ. P. 45 because the topic has no legitimate bearing on issues relevant to the Actions.  KAI further objects to the phrase "and/or assembly tool, equipment and/or facility" on the ground that, as used in the request, the meaning is ambiguous.  KAI interprets the request as seeking documents in connection with alleged KAI manufacturing or fabrication facilities (including tools or equipment located therein and used in connection with the manufacturing, fabrication, and/or assembly of the Infringing Instrumentalities (as KAI interprets that definition in accordance with its General Objection).

Subject to these objections and the foregoing General Objections, KAI states that it does not have manufacturing and/or fabrication facilities; does not manufacture, fabricate, and/or assemble any of the Infringing Instrumentalities; and does not use, utilize, install, implement, or deploy any APC and/or FDC hardware, systems, components, and/or modules created by any entity  whatsoever, whether in-house or not, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to show the identity and role played by any and all Defendants in the design, development, manufacture, testing, and/or importation of the Infringing Instrumentalities that are/were fabricated, manufactured, and/or assembled by You using any Manufacturing Equipment.

**RESPONSE:**

Subject to the foregoing General Objections, KAI states that it does not fabricate, manufacture, or assemble any of the Infringing Instrumentalities using any Manufacturing Equipment or otherwise, nor does KAI design, develop, manufacture, test, or import the Infringing Instrumentalities, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to identify any and all systems, devices, components, or integrated circuits manufactured, fabricated, and/or assembled on behalf of any and all Defendants using any Manufacturing Equipment, including the identification of any and all applicable technology node(s) for which each such system is/was used.

**RESPONSE:**

KAI objects to this request on the ground that the phrase "applicable technology node(s)" is undefined and ambiguous.  KAI further objects to this request as vague, overbroad, and unduly burdensome to the extent it seeks "any and all systems, devices, components, or integrated circuits" made or assembled on behalf of the Defendants regardless of whether that manufacturing, fabrication, or assembly involves the Infringing Instrumentalities, thus potentially sweeping in completely unrelated products.  Moreover, this request impermissibly places the burden of identifying infringing products on a non-party, rather than the party alleging infringement of a patent claim.

Subject to these objections and the foregoing General Objections, and although the request fails to specifically refer to the cited actions as being taken by KAI, KAI states that it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using any Manufacturing Equipment or otherwise, and that it has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6**

Documents relating to Your agreement or contract with any and all Defendants to fabricate, manufacture, and/or assemble those systems, devices, components, and/or integrated circuits described in Request for Production No. 17, including, without limitation, master service agreements, partnership agreements, development agreements, contract manufacturing agreements, manufacturing supply agreements, supplier agreements, distribution agreements, manufacturing contract service level agreements, and semiconductor purchase agreements.

**RESPONSE:**

KAI objects to this request on the basis that it does not understand how Request for

Production No. 17 relates to this request.  KAI further objects to this request to the extent Ocean's use of the inclusive phrasing "including, without limitation, . . . and" seeks exemplars of each type of document identified without regard to whether such documents exist.

Subject to these objections and the foregoing General Objections, KAI states that it does not fabricate, manufacture, or assemble any of the Infringing Instrumentalities, nor does KAI have any agreement or contract with any Defendant to fabricate, manufacture, or assemble any system, device, component, or integrated circuits, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7**

Documents relating to any agreement between You and any Equipment Manufacturer or any of the Defendants to be indemnified by, or to indemnify, any Equipment Manufacturer or any of the Defendants for patent infringement in connection with Your use, utilization, installation, implementation, and/or deployment of any Manufacturing Equipment.

**RESPONSE:**

KAI objects to this request for failing to limit the burden on a non-party as required by Fed. R. Civ. P. 45.  These documents should be requested from a party or the Equipment Manufacturers.

Subject to this objection and the foregoing General Objections, KAI states that it does not use, install, implement, or deploy any Manufacturing Equipment and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to show the set-up, configuration, maintenance, and operation of the Manufacturing Equipment including describing how You set up, configure, maintain, and/or operate the Manufacturing Equipment involved in the manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities.

**RESPONSE:**

Subject to the foregoing General Objections, KAI states that it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using Manufacturing Equipment or

otherwise, nor does KAI set up, configure, maintain, and/or operate any Manufacturing Equipment, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9**

Documents sufficient to show technical, hardware, or software support requested by You and sent to any of the Equipment Manufacturers in connection with Your use, utilization, installation, implementation, and/or deployment of any and all Manufacturing Equipment.

**RESPONSE:**

Subject to the foregoing General Objections, KAI states that it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, nor does KAI use, install, implement, or deploy any Manufacturing Equipment, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10**

Documents sufficient to show the sales volume, revenues, costs of goods sold, gross profits, operating costs, operating profits, and/or net profits directly or indirectly related to the manufacture, fabrication, and/or assembly of systems, devices, components, or integrated circuits, including the Infringing Instrumentalities, that are/were manufactured, fabricated, and/or assembly on behalf of any and all Defendants in connection with Your use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment from 2014 to the present.

**RESPONSE:**

KAI objects to this request on the ground that it is overbroad and unduly burdensome to the extent it seeks documents related to any Defendant product rather than just the Infringing Instrumentalities. KAI objects to this request to the extent "and/or assembly" should read "and/or assembled."

Subject to these objections and the foregoing General Objections, KAI states that it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, nor does KAI use, install, implement, or deploy any

Manufacturing Equipment, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to show any manufacturing equipment, tool, and/or platform used, utilized, installed, implemented, and/or deployed in any of Your manufacturing and/or fabrication facilities that includes an adjustable wafer stage.

**RESPONSE:**

KAI objects to this request on the ground that it is not limited in any way, e.g., by product made or used to make, and therefore bears no direct relation to the Actions, which imposes an undue burden on a non-party in violation of Fed. R. Civ. P. 45.

Subject to this objection and the foregoing General Objections, KAI states that it does not have manufacturing or fabrication facilities and does not manufacture or fabricate products, nor use, install, implement, or deploy any manufacturing equipment, tool, or platform and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12**

Documents relating to identifying, detecting and/or determining whether a manufacturing-related fault exists in Your manufacturing and/or fabrication tool and/or equipment used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities, any subsequent remedial actions taken in response to a manufacturing related fault, as well as manufacturing-related actions taken by You in response to such manufacturing and/or fabrication tool and/or equipment being malfunctioned, inoperable, and/or defective during such manufacture, fabrication, and/or assembly.

**RESPONSE:**

KAI objects to this request as vague and ambiguous because the phrases "subsequent remedial actions" and "manufacturing-related actions" are undefined and unclear on their own or in comparison to one another.  KAI further objects to this request as vague and ambiguous because the phrase "being malfunctioned" is undefined and unclear.

Subject to these objections and the foregoing General Objections, KAI states that it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, nor does KAI have, own, or operate any manufacturing or fabrication tools or equipment, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13**

Documents relating to the translation of communications or data connection protocols (e.g., SECS (SEMI equipment communication standard), TCP/IP, OPC (OLE for Process Control), TIBCO, and ODP (optical data profiling)) between Your manufacturing and/or fabrication tool and/or equipment and Your FDC system, platform, and/or framework.

**RESPONSE:**

KAI objects to this request as vague and ambiguous because the phrase "translation of communications or data connection protocols" is undefined and unclear.  KAI further incorporates its objections to Request No. 3 as if fully stated herein.

Subject to these objections and the foregoing General Objections, KAI states that it does not have any manufacturing or fabrication tools or equipment, nor does KAI have a FDC system, platform, or framework, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14**

Documents sufficient to show the scheduling of factory events, preventive maintenance ("PMs"), manufacturing tasks and/or qualification tests ("Quals") in connection with Your manufacturing and/or fabrication tool and/or equipment used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities, including, without limitation, scheduling of processing for lots and/or wafers, manufacturing and/or fabrication tool and/or equipment, PMs and Quals, and/or manufacturing resources in connection with Your manufacture, fabrication and/or assembly of the Infringing Instrumentalities.

**RESPONSE:**

KAI objects to this request as vague and ambiguous because the phrase "factory events" is undefined, unclear, and overbroad and the phrase "manufacturing and/or fabrication tool and/or equipment used" is unclear.

Subject to these objections and the foregoing General Objections, KAI states that it does not have any manufacturing or fabrication tools or equipment, does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, and does not schedule factory events, PMs, manufacturing tasks, or Quals, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15**

Documents sufficient to show Your manufacturing execution system ("MES") used, utilized, installed, implemented, and/or deployed at any of Your manufacturing and/or fabrication facilities in connection with Your manufacturing and/or fabrication tool and/or equipment used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities.

**RESPONSE:**

KAI objects to this request as overbroad and unduly burdensome because it requests documents for "any and all" Infringing Instrumentalities for an unlimited time period.

Subject to this objection and the foregoing General Objections, KAI states that it does not have manufacturing or fabrication facilities and does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, nor does KAI utilize, install, implement, or deploy any MES in any facility, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16**

Documents sufficient to show Your measurement of critical dimension ("CD") and/or overlay in connection with any and all semiconductor wafers used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities.

**RESPONSE:**

KAI objects to this request as overbroad and unduly burdensome because it requests

documents for "any and all" semiconductor wafers for Infringing Instrumentalities for an unlimited time period.

Subject to this objection and the foregoing General Objections, KAI states that it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, nor does KAI measure CD or overlay in any manner, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17**

Documents relating to Your collection of metrology data used in connection with Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities, including monitoring semiconductor wafers, modifying operating recipes, processing such metrology data such as, without limitation, data filtering, and/or controlling Your manufacturing and/or fabrication tool and/or equipment used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities.

**RESPONSE:**

KAI objects to this request as overbroad and unduly burdensome because it requests metrology data for "any and all" Infringing Instrumentalities for an unlimited time period.

Subject to this objection and the foregoing General Objections, KAI states that it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, nor does KAI collect metrology data of any type, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18**

Documents sufficient to show how You determine whether a manufacturing-related fault identified, detected, and/or determined to exist in Your manufacturing and/or fabrication tool and/or equipment used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities is a false positive or false negative, a fault that requires You to remediate, rectify, cure, or correct such a fault.

**RESPONSE:**

KAI objects to this request as overbroad and unduly burdensome because, although using the phrase "sufficient to show," it nevertheless requests information regarding each and every fault in any manufacturing or fabrication tool or manufacturing or fabrication equipment used in connection with "any and all" Infringing Instrumentalities for an unlimited time period. KAI further objects because the phrase "false positive or false negative, a fault that requires . . . such a fault" is vague and ambiguous.

Subject to these objections and the foregoing General Objections, KAI states that it does not have manufacturing or fabrication facilities and does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, nor is KAI involved in the identification, detection, determination, remediation, rectification, cure, or correction of any type of manufacturing-related fault, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19**

Documents sufficient to show any adjustment or modification to any fault detection analysis as described in Request for Production No. 40, including any adjustment or modification of any parameters that contribute to the identification, detection, and/or determination as to whether a manufacturing-related fault exists in Your manufacturing and/or fabrication tool and/or equipment used for Your manufacture, fabrication, and/or assembly of any and all Infringing Instrumentalities.

**RESPONSE:**

KAI objects to this request because Request for Production No. 40 was removed from the amended subpoena and therefore the internal cross-reference is non-existent. KAI further objects to this request as overbroad and unduly burdensome because, although using the phrase "sufficient to show," it nevertheless requests information regarding "any" fault detection analysis for an unlimited time period.

Subject to these objections and the foregoing General Objections, KAI states that it does not have manufacturing or fabrication facilities and does not manufacture, fabricate, or assemble

any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, and therefore makes no adjustments or modifications to any type of fault detection analysis, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20**

Documents relating to the importation into the United States and/or offer for sale, sale, or use within the United States of any and all systems, devices, components, and/or integrated circuits that are/were manufactured, fabricated, or assembled by You on behalf of any and all Defendants in connection with the use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment.

**RESPONSE:**

KAI objects to this request as overbroad and unduly burdensome because any of the requested records, which relate solely to Defendants' products, should be requested from Defendants, rather than a non-party in order to comply with Fed. R. Civ. P. 45. KAI also objects to this request as overbroad and unduly burdensome because it seeks documents for "any and all" of Defendants' products for an unlimited time period.

Subject to these objections and the foregoing General Objections, KAI states that it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21**

Documents relating to the importation into the United States and/or offer for sale, sale, or use within the United States of any and all systems, devices, components, and/or integrated circuits that are/were manufactured, fabricated, or assembled by You on behalf of any entity or entities other than Defendants, including but not limited to MediaTek Inc., MediaTek USA Inc., NVIDIA Corporation, NXP USA, Inc., Renesas Electronics Corporation, Renesas Electronics America, Inc., Silicon Laboratories Inc., and STMicroelectronics, Inc., in connection with the use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment.

**RESPONSE:**

KAI objects to this request as overbroad and unduly burdensome because it seeks records for "any and all" products for "any entity or entities other than Defendants" and, while providing certain examples of such entities, is expressly not limited to those examples. The request therefore seeks every conceivable importation and sale record for an unlimited time period. Moreover, such a request bears no relevance to the Actions (or related actions) and is therefore improper and a violation of Fed. R. Civ. P. 45.

Subject to these objections and the foregoing General Objections, KAI states that it does not manufacture, fabricate, or assemble products using the Manufacturing Equipment or otherwise, nor does KAI use, utilize, install, implement, or deploy the Manufacturing Equipment, and therefore has no documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22**

Documents sufficient to show royalties You paid to any Equipment Manufacturers related to the use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment.

**RESPONSE:**

KAI objects to this request as overbroad and unduly burdensome because it seeks documents unrelated to the Infringing Instrumentalities for an unlimited time period. KAI further objects to this request because it improperly seeks to impose a burden on KAI rather than seeking the documents directly from the Equipment Manufacturers in violation of Fed. R. Civ. P. 45.

Subject to these objections and the foregoing General Objections, KAI states that it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, nor does KAI use, utilize, install, implement, or deploy the Manufacturing Equipment, and therefore has no documents responsive to this request in its possession, custody, or control.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPICS**

**Topic No. 1.**

Explanation of the context or content of the Documents that You produced in response to the Requests for Production of Documents.

**OBJECTION:**

KAI incorporates by reference each of its objections to the document requests and its General Objections as if fully stated herein.  KAI further objects to this topic on the basis that it has no documents responsive to the subpoena.  A deposition on this topic, for which KAI has no responsive information, is unwarranted and would be unduly burdensome.

**Topic No. 2.**

The source and authenticity of the Documents produced by You in response to the Requests for Production of Documents, including without limitation the processes, systems, persons and locations that are involved in creating, generating, storing, and/or maintaining any of the produced documents as business records.

**OBJECTION:**  KAI incorporates by reference each of its objections to the document requests and its General Objections as if fully stated herein.  KAI further objects to this topic because the need for a deposition to authenticate documents is unduly burdensome for a non-party and authentication can be more easily accomplished at significantly less burden and expense through other means.  KAI also objects to this topic on the basis that it has no documents responsive to the subpoena. A deposition on this topic, for which KAI has no responsive information, is unwarranted and would be unduly burdensome

**Topic No. 3.**

The extent and scope of use of any and all Manufacturing Equipment that is/was used, utilized, installed, implemented or deployed by You in connection with the manufacture, fabrication, and/or assembly of the Infringing Instrumentalities, including any and all contracts and/or agreements between You and Equipment Manufacturers relating to the use, utilization, installation, implementation, and/or deployment of the Manufacturing Equipment at Your manufacturing and/or fabrication facilities.

**OBJECTION:**

KAI incorporates by reference each of its objections to the document requests and its General Objections as if fully stated herein. KAI also objects to this topic on the basis that it has no documents responsive to the subpoena. KAI further objects to this topic because it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, nor does KAI use, utilize, install, implement, or deploy any Manufacturing Equipment, and therefore has no information responsive to this topic in its possession, custody, or control. A deposition on this topic, for which KAI has no responsive information, is unwarranted and would be unduly burdensome.

**Topic No. 4.**

Your use, utilization, installation, implementation, deployment, operation, testing, qualification, configuration, and maintenance of any and all Manufacturing Equipment, and/or any in-house or proprietary tool and/or equipment used in your manufacturing and/or facility to manufacture, fabricate, and/or assemble the Infringing Instrumentalities.

**OBJECTION:**

KAI incorporates by reference each of its objections to the document requests and its General Objections as if fully stated herein. KAI also objects to this topic on the basis that it has no documents responsive to the subpoena. KAI further objects to this topic because it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, nor does KAI use, utilize, install, implement, deploy, operate, test, qualify, configure, or maintain any Manufacturing Equipment, and therefore has no information responsive to this topic in its possession, custody, or control. A deposition on this topic, for which KAI has no responsive information, is unwarranted and would be unduly burdensome.

**Topic No. 5.**

Manufacturing facilities owned, controlled or operated by or on Your behalf or Your subsidiaries where the Manufacturing Equipment is/was used, utilized, installed, implemented and/or deployed.

**OBJECTION:**

KAI incorporates by reference each of its objections to the document requests and its General Objections as if fully stated herein.  KAI also objects to this topic on the basis that it has no documents responsive to the subpoena.  KAI further objects to this topic because it does not own, control, or operate any manufacturing or fabrication facilities and does not use, install, implement, or deploy the Manufacturing Equipment, and therefore has no information responsive to this topic in its possession, custody, or control.  A deposition on this topic, for which KAI has no responsive information, is unwarranted and would be unduly burdensome.

**Topic No. 6.**

Any making, using, selling, or offers to sell the Infringing Instrumentalities within the United States, or importing into the United States of the Infringing Instrumentalities, including any and all contracts and/or agreements between You and any and all Defendants governing Your making, using, selling, offering to sell, or importation of the Infringing Instrumentalities.

**OBJECTION:**

KAI incorporates by reference each of its objections to the document requests and its General Objections as if fully stated herein.  KAI does not make, use, sell or offer to sell, or import the Infringing Technologies and therefore does not have any contracts or agreements with the Defendants governing the making, using, selling, or offering to sell or importation of any Infringing Technology.  A deposition on this topic, for which KAI has no responsive information, is unwarranted and would be unduly burdensome.

**Topic No. 7.**

Your first awareness of the Asserted Patents.

**OBJECTION:**

KAI incorporates by reference its General Objections as if fully stated herein.  KAI further objects to this topic on the basis that the phrase "awareness" is vague, ambiguous, and appears to call for a legal conclusion regarding notice of an allegation of infringement.   KAI objects on the basis that the topic has no relevance to the issues in the Actions; Ocean provides no indication as

to why KAI's knowledge of any patents (or lack thereof) is pertinent to any issue in the Actions, let alone to an extent that warrants burdening a non-party with deposition discovery. A deposition on this topic, for which KAI has no responsive, non-privileged information, is unwarranted and would be unduly burdensome.

**Topic No. 8.**

The means by which You identify each of the Infringing Instrumentalities, including, but not limited to, any internal or external reference or part numbers used to identify such instrumentalities when sold to, or made for, any Defendant.

**OBJECTION:**

KAI incorporates by reference each of its objections to the document requests and its General Objections as if fully stated herein. KAI further objects to this topic on the basis that it seeks information readily obtainable from the Defendants and therefore improperly burdens a non-party with discovery in violation of Fed. R. Civ. P. 45. KAI also objects to this topic on the basis that it has no apparent relevance to the Actions, let alone to an extent that warrants burdening a non-party with deposition discovery. A deposition on this topic, for which KAI has no responsive information, is unwarranted and would be unduly burdensome.

**Topic No. 9.**

Revenue, costs and profits that You derive from the manufacture, fabrication, and/or assembly of the Infringing Instrumentalities.

**OBJECTION:**

KAI incorporates by reference each of its objections to the document requests and its General Objections as if fully stated herein. KAI further objects to this topic because it does not manufacture, fabricate, or assemble any of the Infringing Instrumentalities using the Manufacturing Equipment or otherwise, and therefore has no information responsive to this topic in its possession, custody, or control. A deposition on this topic, for which KAI has no responsive information, is unwarranted and would be unduly burdensome.

**Topic No. 10.**

Your customers, other than Defendants, whose products are/were manufactured, fabricated, and/or assembled using any and all Manufacturing Equipment.

**OBJECTION:**

KAI incorporates by reference each of its objections to the document requests and its General Objections as if fully stated herein.  KAI objects to this topic as beyond the scope of discovery on a non-party under Fed. R. Civ. P. 45 because the topic has no legitimate bearing on issues relevant to the Actions.  KAI further objects to this topic because it does not manufacture, fabricate, or assemble any products using the Manufacturing Equipment or otherwise, and therefore has no information responsive to this topic in its possession, custody, or control.  A deposition on this topic, for which KAI has no responsive information, is unwarranted and would be unduly burdensome.

**Topic No. 11.**

Any communications between You and any Equipment Manufacturer or any of the Defendants concerning these Actions, Ocean, the Asserted Patents, or any of the Infringing Instrumentalities.

**OBJECTION:**

KAI incorporates by reference each of its objections to the document requests and its General Objections as if fully stated herein.  KAI objects to this topic on the basis that, to the extent any such non-privileged communications exist, it seeks duplicative information readily obtainable from the Defendants which are already subject to ongoing discovery obligations and therefore improperly burdens a non-party with discovery in violation of Fed. R. Civ. P. 45. KAI further objects to this topic as vague and overbroad by seeking a deposition on "any" communications related to myriad products.

Dated: February 16, 2022            Respectfully submitted,

                                    /s/ *Douglas F. Stewart*
                                    Douglas F. Stewart
                                    Jared D. Schuettenhelm

Bracewell LLP
701 Fifth Avenue, Suite 6200
Seattle, Washington 98104-7018
(206) 204-6200 (t)
(800) 404-3970 (f)
Bracewell-IP@bracewell.com

David J. Ball
Bracewell LLP
1251 Avenue of the Americas, 49th Floor
New York, NY 10020-1100
(212) 508-6100 (t)
(800) 478-6271 (f)
Bracewell-IP@bracewell.com

*Attorneys for KIOXIA America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 16, 2022, a copy of the following: **NON-PARTY KIOXIA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF OCEAN SEMICONDUCTOR LLC'S DOCUMENT SUBPOENA** was served upon the following counsel via e-mail:

Peter Mazur
Email: pmazur@devlinlawfirm.com
Henrik Parker
Email: hparker@devlinlawfirm.com
Timothy Devlin
Email: tdevlin@devlinlawfirm.com
Devlin Law Firm LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Phone: 302-449-9010
oceansemi-dlf@devlinlawfirm.com

Dated: February 16, 2022

/s/ *Andrea Kato*
Andrea Kato