# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **OCEAN SEMICONDUCTOR LLC,** | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | NO. 6:20-cv-01214-ADA |
| **SILICON LABORATORIES INC.** | § § | |
| *Defendant*. | § § § | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Ocean Semiconductor LLC and Defendant Silicon Laboratories Inc., hereafter referred to individually as a "Party" and collectively as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document,

information, or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.  Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this Order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.  With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE," individually and collectively.

        pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

    (a) Outside counsel of record in this Action for the Parties.

(b)   Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)   In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)   Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)   Outside consultants or experts (including support staff) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of all companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) business days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.   The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) business days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order.  While support staff are not required to complete the Undertaking for purposes of disclosure of Protected Material, the expert or consultant is required to ensure compliance from his or her support staff with all provisions of this Order.

(f)   Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly

        disclose Protected Material and to keep any information concerning Protected Material confidential.

    (h)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

    (i)    Any other person with the prior written consent of the producing Party.

    (j)    The Court and its personnel.

6.    A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.    Documents, information, or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Subject to other provisions in this Order, any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL

- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" where appropriate, or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases, including mask and layout files as they reside in a database (*e.g.*, GDS, .sip formats), process flow documents and/or recipes, and design rule manuals) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL - SOURCE CODE."

9. For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–j); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10. For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–j).

11. For Protected Material designated CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

    (a)  Access to a Party's Source Code Material shall be provided, at the producing Party's election:

        i. on (1) a secured computer having disk encryption and password protection in a secured room without Internet access or network access to other computers, such that all persons entering the secured room containing the source code are subject to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secured room; or (2) on a Linux-based networked computer configured to connect (via a Virtual Private Network or Virtual Network Computing connection) to a source code review environment hosted on a remote server maintained by the producing Party.

6

> OR
>
> ii. on secured computer(s) connected only to (1) a printer, (2) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 11(h) and 11(k) below, or (3) at the producing Party's discretion, a secure repository through a remote network connection.

The (1) secured computer(s) and (2) the Linux-based networked computer are referenced herein as the "Source Code Computer." The Source Code Computer will be configured to prevent additional peripheral devices (*e.g.*, USB thumb drives) from being connected to them. Additionally, except as provided in paragraph 11(k) below, the Source Code Computer may only be located at the offices of the producing Party's outside counsel or its vendors. If requested by the receiving Party, the producing party shall install tools that are reasonably necessary to review the source code on the Source Code Computers including, but not limited to: Grep, Understand C, Visual Slick Edit, Source-Navigator, PowerGrep and/or ExamDiff Pro. If the producing Party does not possess an appropriate license to any such software tools, the requesting Party may provide the producing Party with a licensed copy of such software tools, and the producing Party shall install such software tools on the source code computers. Use or possession of removable media, recordable devices, or other input/output devices, including, without limitation, cameras, sound recorders, peripheral equipment, floppy disks, CDs, DVDs, USB memory sticks, mobile phones or tablets, cameras or any camera-enabled devices, portable hard drives, laptops, or any device of any kind that can (1) copy, remove, or otherwise transfer any portion of the Source Code Material or (2) access the Internet or any other network or external system, shall be prohibited in the source code review room and while accessing the Source Code Computer. The receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or recordable device from the Source Code Computer. Written notes relating to the Source Code Material may be taken only in spiral- or permanently-bound notebooks and shall be designated CONFIDENTIAL – SOURCE CODE. The Source Code Material may not be copied into the notes. Any handwritten notes or other work product, created by the receiving Party reflecting Source Code Material shall be marked as "CONFIDENTIAL – SOURCE CODE." No other written or electronic record of the source code is permitted except as otherwise provided herein. The producing Party may visually monitor the activities of the receiving Party's representatives during any review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material.

(b) The receiving Party shall provide notice five (5) business days in advance of its request to access a Party's Source Code Material. The receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer to normal business hours, which for purposes of this paragraph shall be

        8:00 a.m. through 6:00 p.m., local time, on regular business days. The producing Party may require that any individuals reviewing Source Code Material on behalf of the receiving Party be (1) disclosed five (5) business days in advance of the review; (2) required to sign in at the time of the review; and (3) monitored during the review for purposes of ensuring compliance with this Order. The parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer.

(d)     To the extent the material exists in computer searchable format and may be reasonably provided for inspection in such form, the producing Party will produce Source Code Material in computer searchable format on the Source Code Computer as described above.

(e)     Access to Source Code Material shall be limited to outside counsel of record and their employees as set forth in paragraphs 5(a) and 5(b) above and up to four (4) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that (1) the Source Code Exhibits are appropriately marked under this Order and restricted to those who are entitled to have access to them as specified herein; and (2) if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(f)     To the extent portions of Source Code Material are quoted, summarized, or described in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted, summarized, or described Source Code Material will be separately stamped and treated as CONFIDENTIAL - SOURCE CODE.

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and support staff, such that the disclosure to a consultant or expert who employs direct reports and support staff within his or her firm to help in his or her analysis, including source code analysis, shall count as a disclosure to a single consultant or expert, provided that all such direct reports and support staff helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

(g) No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, or orders, must be filed or served electronically. Any permissible electronic copies shall be labeled "CONFIDENTIAL – SOURCE CODE" and shall be treated as such.

(h) The receiving Party shall be permitted to request printouts of a reasonable number of pages of Source Code Material, which shall presumptively be no more than 25 consecutive pages of Source Code Material, with a total limit of 500 pages, and five (5) copies of those pages, all of which shall be Bates-stamped and designated and clearly labeled "CONFIDENTIAL - SOURCE CODE" on each page by the producing Party, and the receiving Party shall maintain a log of all such printouts, identifying each person who reviews the printouts, the review dates, and the printout volume(s) reviewed. The producing Party shall be entitled to obtain a copy of the log within five (5) business days upon request. The receiving Party shall not request printing of Source Code in order to review blocks of Source Code elsewhere in the first instance. Except as explicitly permitted herein, the receiving Party is prohibited from making additional copies or scanning the printouts. The receiving Party is prohibited from keeping copy sets.

(i) If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material as set forth in paragraph 11(h) above, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. If the receiving Party's outside counsel, consultants, or experts obtain permissible electronic copies of Source Code Material as set forth in paragraph 11(g) above, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the permissible electronic copies as set forth in paragraph 11(g) above in a secure and encrypted electronic location. The receiving Party may also temporarily keep the printouts as set forth in paragraph 11(h) above or permissible electronic copies as set forth in paragraph 11(g) above at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts as set forth in paragraph 11(h) above or permissible electronic copies as set forth in paragraph 11(g) above (*e.g.*, a hotel prior to a Court proceeding or deposition).

(j) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet by the receiving Party.

    (k)    The producing Party shall produce printouts of Source Code Material requested by the receiving Party within five (5) business days of the request.

12. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a post-grant review proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in the drafting or amendment of any claim(s).

13. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such

production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, sender, addressee, or copy recipient of such information; (iii) although not identified as an author, sender, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or

former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to other paragraphs of this Order); (vi) a consultant or expert, as defined in paragraph 5(e) above, retained for the purpose of this litigation (subject to other paragraphs of this Order); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) calendar days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript or portion thereof so designated shall be limited in accordance with the terms of this Order. Until expiration of the thirty (30) day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

17. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform

to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18. This Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to re-designation within ten (10) business days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert, as defined above in paragraph 5(e), to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order.  A copy of

the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties or any other Party may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL - SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) business days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

23. Within thirty (30) calendar days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request, within ten (10) business days of such request.

24. The failure to designate documents, information, or material in accordance with this Order

and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement within two (2) weeks of receiving such notification may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. DESIGNATED MATERIAL shall be subject to all applicable laws and regulations relating to the export of technical data contained in such information, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving DESIGNATED MATERIAL shall comply with all applicable export

control statutes and regulations. *See, e.g.*, 15 CFR § 734.3. No DESIGNATED MATERIAL subject to export control laws or regulations may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to DESIGNATED MATERIAL (including copies) in physical and electronic form. The viewing of DESIGNATED MATERIAL subject to export control laws or regulations through electronic means outside the territorial limits of the United States of America is similarly prohibited. Nothing in this provision shall prevent outside counsel of record and their employees pursuant to paragraphs 5(a) and 5(b) and outside experts or consultants (and their support staff) disclosed pursuant to paragraph 5(e) from living or travelling outside the territorial limits of the United States with their personal electronic devices, including laptops and/or cellphones, or securely reviewing DESIGNATED MATERIAL on such devices while living or traveling abroad. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Notwithstanding this prohibition, and to the extent otherwise permitted by law, DESIGNATED MATERIAL may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

29. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **OCEAN SEMICONDUCTOR LLC,** | § § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | NO. 6:20-cv-01214-ADA |
| **SILICON LABORATORIES INC.** | § § § | |
| *Defendant.* | § § § | |

### APPENDIX A
### UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of this action, I will return all documents and things designated

as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____