# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

OCEAN SEMICONDUCTOR LLC,

    Movant,

v.

TAIWAN SEMICONDUCTOR
MANUFACTURING COMPANY, LTD.,

    Respondent.

C.A. No. _____

## OPPOSED MOTION TO EXPEDITE BRIEFING FOR OCEAN SEMICONDUCTOR, LLC'S MOTION TO COMPEL THIRD-PARTY DISCCOVERY FROM TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LTD.

Dated: February 25, 2022

    Timothy Devlin (4241)
    tdevlin@devlinlawfirm.com
    Joel Glazer (6663)
    jglazer@devlinlawfirm.com
    Peter Mazur (6732)
    pmazur@devlinlawfirm.com
    DEVLIN LAW FIRM LLC
    1526 Gilpin Avenue
    Wilmington, Delaware 19806
    Telephone: (302) 449-9010
    Facsimile: (302) 353-4251

    *Attorneys for Movant Ocean Semiconductor LLC.*

Ocean Semiconductor LLC ("Ocean") hereby moves under D. Del. L.R. 7.1.2 ("Expedited Motion") for expedited briefing on, and resolution of, the contemporaneously-filed Motion to Compel Third-Party Discovery from Taiwan Semiconductor Manufacturing Company, Ltd. ("Motion to Compel"). Specifically, Ocean requests that briefing on the Motion to Compel take place on the following schedule:

Answering Brief: March 4, 2022 (7 days from the filing of the Motion to Compel); and

Reply Brief: March 9, 2022 (5 days from the Answering Brief deadline).

Under Fed. R. Civ. P. 16(b)(4) and Fed. R. Civ. P. 6(b)(1)(A), the Court may modify scheduling deadlines for good cause upon a party's motion. "Good cause" exists under Rule 16(b)(4) "when the ordered schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Leader Techs., Inc. v. Facebook, Inc.*, C.A. No. 08-862-LPS, 2010 U.S. Dist. LEXIS 63493, at *9 (D. Del. June 24, 2010). This analysis "hinges on diligence of the movant, and not on prejudice to the non-moving party." *Id.*

It is also established that the Court may expedite a ruling relating to the enforcement of subpoenas directed toward third-parties, such as in the accompanying Motion to Compel. *See In re Bestwall LLC*, C.A. No. 21-141-CFC, 2021 U.S. Dist. LEXIS 102452, at *19 (D. Del. June 1, 2021).

Pursuant to the Scheduling Orders in the seven co-pending district court actions in the Western District of Texas[1] ("WDTX Actions") and the one co-pending district court proceeding

---

[1] *Ocean Semiconductor LLC v. MediaTek Inc., MediaTek USA, Inc.*, No. 6:20-cv-1210-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. Nvidia Corporation*, No. 6:20-cv-1211-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. NXP USA, Inc.*, No. 6:20-cv-1212-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. Renesas Electronics Corp., Renesas Electronics America, Inc.*, No. 6:20-cv-1213-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. Silicon Laboratories, Inc.*, No. 6:20-cv-

1

in the Eastern District of Texas[2] ("EDTX Action"), on December 16, 2021, Ocean served third-party subpoenas under Fed. R. Civ. P. 45 on Respondent Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC") (collectively, the "TSMC Subpoenas") as well as on its subsidiary, TSMC North American ("TSMC-NA"). (The subpoenas served on TSMC-NA have been withdrawn and are not at issue in the present Motion to Compel).

The TSMC Subpoenas seek documents that are directly related to defendants' liability, infringement, and damages in the EDTX and WDTX actions. (*See* Ex. 9.)[3]

Ocean moves for expedited briefing on its Motion to Compel because Ocean served the TSMC Subpoena more than two months ago on December 16, 2021 (Ex. 3 at 10-11), but has yet to receive the discovery to which it is entitled and, as discussed below, substantial case deadlines are quickly coming due.

Despite multiple attempts by Ocean to reduce the number of discovery disputes with TSMC—including, *inter alia*, meet and confers on February 3 and February 8 and various emails between the Parties (*see e.g.*, Exs. 3, 4, and 11)—TSMC continues to refuse to produce documents that are responsive to the TSMC Subpoenas.

Final infringement contentions in the WDTX Actions are due in just over a month, on March 30, 2022. Defendants in the WDTX Actions have already represented that they will not

---

1214-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. STMicroelectronics, Inc.*, No. 6:20-cv-1215-ADA (W.D. Tex.); *Ocean Semiconductor LLC v. Western Digital Technologies, Inc.*, No. 6:20-cv-1216-ADA (W.D. Tex.).
[2] *Ocean Semiconductor LLC v. Huawei Device USA, Inc., Huawei Device Co., Ltd., HiSilicon Technologies Co., Ltd.*, No. 4:20-cv-00991-ALM (E.D. Tex.).
[3] Citations to Exhibits in this brief refer to the Exhibits attached to the co-filed Declaration of Peter Mazur in Support of Movant Ocean Semiconductor LLC's Motion to Compel the Production of Documents from Taiwan Semiconductor Manufacturing Company, Ltd.

agree to any extension that would go beyond this deadline. (*See* Ex. 12 at 1.) Similarly, fact discovery in the EDTX Action will close shortly thereafter, on April 20, 2022.

In order for Ocean to timely serve its final infringement contentions in the WDTX Actions and to prepare for fact depositions and expert reports in the EDTX Action, Ocean must be provided the discovery properly and timely sought in the TSMC Subpoena as soon as practicable.

Granting this Expedited Motion is appropriate because Ocean has been diligent in seeking the discovery at issue in the Motion to Compel for more than two months. Even so, and even given the quickly approaching substantive deadlines in both WDTX and EDTX Actions, TSMC has refused to cooperate with Ocean to produce information vital to Ocean's claims of patent infringement.

As discussed in the co-filed Motion to Compel, for many of the Requests for Production named in the TSMC subpoenas, ***TSMC has refused to even begin a diligent search for documents***. Because of TSMC's delay in producing relevant documents and conducting reasonable searched for information, "the ordered schedule [in the WDTX Actions] cannot reasonably be met despite [Ocean's] diligence . . . ." *Leader Techs.*, 2010 U.S. Dist. LEXIS 63493, at *9. Ocean therefore submits that good cause exists to expedite the hearing for Ocean's Motion to Compel.

Granting this Motion will present no hardship to TSMC. The parties have met and conferred on multiple occasions—through numerous email communications and telephonically on at least December 22, 2021, February 3, 2022, and February 8, 2022—on the information sought in the TSMC Subpoenas and TSMC is familiar with the ongoing factual and legal disputes. TSMC has had well over two months to collect the sought discovery.

3

Ocean believes that there is no need for a hearing on the Motion to Compel and, given the time pressures in play, that the Court should decide the Motion to Compel on the briefing. (Of course, should the Court desire oral argument, Ocean is happy to present argument at the Court's discretion.)

WHEREFORE, Ocean respectfully requests that the Court enter the attached order expediting briefing on the Motion to Compel and that the Motion to Compel be decided on the briefing.

Dated: February 25, 2022

/s/ Timothy Devlin_____
Timothy Devlin (4241)
tdevlin@devlinlawfirm.com
Joel Glazer (6663)
jglazer@devlinlawfirm.com
Peter Mazur (6732)
pmazur@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Movant*
OCEAN SEMICONDUCTOR LLC

4

## CERTIFICATE OF CONFERENCE

Counsel for Ocean has, per D. Del. L.R. 7.1.1, conferred with counsel for the Respondent on February 25, 2022 regarding the contents of this Motion to Expedite.

>        */s/ Timothy Devlin*\_\_\_\_\_
>        Timothy Devlin

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I caused a copy of this document to be served by transmitting it via e-mail or electronic transmission to counsel of record for Respondent.

>        */s/ Timothy Devlin*\_\_\_\_\_
>        Timothy Devlin