# EXHIBIT 4

# Joel Glazer

| | |
|---|---|
| **From:** | Puknys, Erik <erik.puknys@finnegan.com> |
| **Sent:** | Friday, March 25, 2022 3:58 AM |
| **To:** | Joel Glazer |
| **Cc:** | oceansemi-dlf; Selburn, Gail; Bhansali, Unnat; Davies, Ryan; stephanie sivinski; drewholmes; seanpak@quinnemanual.com; TBowen; PMorin; eric green; marc collier; Patrick Colsher; Kieran Kieckhefer; Ahmed ElDessouki |
| **Subject:** | Re: Ocean Semi v. MediaTek et al. - ASML US Subpoenas |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Hi Joel,

The two witnesses will be senior engineers who have in-depth knowledge of the tools.

Best regards,

Erik

Sent from my iPad

> On Mar 23, 2022, at 5:06 PM, Joel Glazer <jglazer@devlinlawfirm.com> wrote:
>
> **EXTERNAL Email:**
>
> Erik,
>
> While we certainly want to schedule these depositions as soon as possible, we are still in the process of reviewing ASML's production. After we have completed our review, we will follow up regarding your offer and possibly set up a date for the deposition. In the meantime, can you please let us know the general background of the two witnesses who would be offered?
>
> Thank you,
> Joel
>
> 
>
> **From:** Puknys, Erik <erik.puknys@finnegan.com>
> **Sent:** Wednesday, March 16, 2022 12:44 PM
> **To:** Joel Glazer <jglazer@devlinlawfirm.com>
> **Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>;

1

Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Hi all,

If the depositions are to occur, we need to make arrangements for them, so please confirm that our offer of deposition witnesses is acceptable. We assume the depositions will be conducted remotely, but if not please let me know. FYI – the two witnesses who would testify do not need interpreters.

Best regards,

Erik

---

**From:** Puknys, Erik
**Sent:** Wednesday, March 9, 2022 10:10 AM
**To:** Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Dear Joel,

Your email is incorrect in many respects and incomplete in others.

For instance, it omits the most important aspect of our discussion, one I repeatedly emphasized. There is no subpoena of ASML-NL. So ASML-NL is not obligated to provide any information, answer any questions, or provide any witnesses. Relevancy has nothing to do with it.

The email also omits the compromise ASML-NL offered: If Ocean and the defendants will state in writing that they are satisfied with the documents ASML-US and ASML-NL have produced so far and if we can agree that the depositions will be limited to the topics of how the TWINSCAN and YieldStar tools work in relation to the asserted claims, ASML-NL will be willing to provide witnesses on those topics. (We also discussed authentication, but it sounds like we agree that a stipulation is better.)

During our call, I discussed the obvious advantages of such a compromise for the parties. These include the fact that ASML-US has very little responsive information other than the evidence that it already produced showing that the TWINSCAN was on sale and sold in the United States more than a year before the '651 patent was filed. In contrast, ASML-NL has in its possession everything relevant that ASML-US might have in its possession, and more. Most significantly, no ASML-US employee can testify in nearly as much detail about the operation of the TWINSCAN and YieldStar tools as the witnesses ASML-NL would produce if an agreement can be reached.

This compromise would moot most of the specifics of your email, but in the interest of completeness and to emphasize the advantages of ASML-NL's offer, I will address your summary.

- First, Ocean understands that the Responses and Objections served on January 25, 2022, are on behalf of the US-based ASML entities ("ASML-US") and not from the ASML entity located in the Netherlands ("ASML-NL"). While the Responses and Objections were not on behalf of ASML-NL, you indicated that the Responses are representative of how ASML-NL would have responded, if the subpoenas were directed toward it.

The subpoenas were served only on ASML-US, so ASML-NL is not obligated to respond. But in order to reach a compromise of acceptable scope, we responded to the substance of the request even if ASML-US might have had no responsive documents in its possession.

- With respect to RFP Nos. 1, 5, 9, 10, 14-21, and 29, ASML-US represented that it will ***not*** be producing documents in response to these RFPs. You represented that production on behalf of both ASML-US and ASML-NL is now substantially complete and Ocean should not expect any further production of documents related to these Requests.

This statement is not quite correct. As I told you, the ASML-NL production included anything that ASML-US might have produced in response to these RFPs (e.g., the catalogs).

You are correct that I said we believed the production from ASML-US and ASML-NL is substantially complete. But after further search, we located a number of documents relating to the wafer stage used in a tool called the PAS 5500, a machine that predated the TWINSCAN. The TWINSCAN's wafer stage is substantially similar to the wafer stage used in the PAS 5500, so we will be producing some additional materials, including information about the PAS 5500 wafer stage and proof of US sales of the PAS 5500 that occurred before the year 2000. Other than those documents, which will be produced shortly, we believe the production to be complete.

3

- With respect to RFP Nos. 2-4, 6-8, 22, and 24-26, you represented that ASML-US and ASML-NL will not produce the sought agreements and communications with Defendants as, according to you, they are obtainable from Defendants.

As we discussed, it is a violation of Rule 45 to burden a third party with demands that it produce information that can be obtained from a party. I don't recall anyone on the Ocean team disagreeing with that premise. Further, I explained that we considered agreements relating to the purchase and use of the tools to be irrelevant in this case, which identifies as infringing acts the importation of semiconductor chips. Again, I don't recall anyone from Ocean articulating any theory to support its bare, claim of relevance.

- You stated that you would confer with Defendants to confirm that no confidentiality agreements prevented Defendants from producing such agreements. Please inform us of the result of that conference. To be clear, you made no representation that such agreements and communications do not exist, just that the ASML entities will not produce such documents. You further represented that ASML-US has never been involved in sales of TWINSCAN and/or YieldStar systems to, or the use of such systems by, TSMC, UMC, or Kioxia.

What I said was, if this issue comes up, I would discuss any concerns about duties with regard to ASML confidential materials with any defendant's counsel. So far, other than Ocean's supposition that these kind of concerns might be preventing the defendants from producing information, nothing specific has come to my attention.

- On behalf of ASML-NL, however, you represented that it has produced such agreements between ASML-NL and entities that are not Defendants, but with the purchasing entities redacted.

I don't understand this sentence. We produced three spreadsheets showing what tools have been sold to TSMC, UMC, and Kioxia. Their names were not redacted.

- You represented that ASML-NL had already produced documents tying the Accused Tools to Defendants and that, to the extent that it had not, ASML-NL will not produce further agreements or communications with Defendants as, according to you, those documents are obtainable from Defendants.

I don't understand this sentence either. As I have repeatedly said, Ocean has a duty to minimize the burden of its subpoena on third parties. So, any information that can be obtained from the defendants, should be obtained from the defendants.

- With regard to the redactions in the mentioned documents, you represented that ASML-NL will not produce unredacted versions as those entity names are protected under European law. Please confirm whether or not it is still ASML-NL's position that it will not produce any further

4

documents tying the use of the Accused Tools to specific Defendants or, alternatively, if such documents have already been produced, the Bates ranges of the documents providing this information.

Most of the redactions in the documents ASML-NL produced are individuals' names and were made to comply with the EU's privacy laws. During the call, you asked about the redaction of the document produced as Bates No. ASML-NL 00004295. We have reviewed that document. The redaction is of a third party customer who is neither a defendant nor one of the three third-party foundries (TSMC, UMC, Kioxia). That is the only redacted "entity name," I am aware of.

We are willing to reconsider redactions if Ocean were to explain why it needs the information, why it cannot get the information from a party, and why the EU privacy laws do not require the redactions ASML made.

- For RFP Nos. 11-13, 27, 28, and 30, you represented that no such documents were in ASML-US's possession or control and, on behalf of ASML-NL, that, if any such documents exist, they are privileged or irrelevant. Despite Ocean pointing out that each of these RFPs relate to an "Asserted Patent" or the design of a tool capable of infringing the Asserted Patents, you maintained the position on behalf of ASML-NL that the requests are irrelevant. Ocean asked whether or not documents related to these Requests exist and you represented that, if they did exist, even their existence was confidential and the ASML entities would not provide an answer. Please confirm whether or not ASML maintains the position it will not even confirm or deny the mere existence of documents relevant to these requests.

These sentences lump together RFPs on totally disconnected subjects. I don't recall discussing the relevance of them. In any event, RFP Nos. 11-13 ask for documents about ASML tools that perform etching or deposition. ASML does not make etching or deposition tools. The fact Ocean included these RFPs in its subpoenas to ASML-US amounts to admission it did not perform an adequate investigation and is using these subpoenas as a fishing expedition.

RFP Nos. 27, 28, and 30 ask for analyses of the asserted patents. You are correct that ASML-US does not have any such documents in its possession. Since there is no subpoena for ASML-NL, you have no basis for asking whether it has that kind of information.

- With respect to RFP No. 23, you represented that the requested documents are irrelevant. Despite Ocean indicating that licensing information is relevant to, among other things, which parties—specifically Defendants—are in possession of the TWINSCAN and/or YieldStar systems, you maintained that such documents are irrelevant but that, if such licenses or communications with Defendants exist, they are in the possession of Defendants and that, consequently, ASML-NL would not produce such documents in a manner similar to that discussed above.

5

ASML produced information showing which TWINSCAN and YieldStar tools have been purchased by TSMC, UMC, and Kioxia. Any information about the defendants' purchases of those tools should be obtained from the defendants.

During our call, no one from Ocean explained how any licensing information in ASML's possession would be relevant to any issue in the case. Someone during the call mentioned secondary considerations, but the TWINSCAN is a prior-art tool, so, as a matter of law, nothing about it can be used to support any argument about the purported non-obviousness of the asserted patents.

- With respect to the Deposition Topics, you represented that ASML-NL is still willing to produce a witness to provide testimony to certain Deposition Topics, provided that such Topics are specified and further narrowed prior to the deposition. Specifically, you represented that ASML-NL would be willing to provide a witness to be deposed on at least Deposition Topic Nos. 1, 3-5, 7, 8, 11, 17, and 29.

As I said previously, ASML-NL is willing to provide witnesses who can testify about how the TWINSAN and YieldStar tools work in relation to the asserted claims. But only if the parties agree that the document production and proffered testimony is sufficient. This offer moots all the other issues you raised about deposition topics.

- You further represented that an ASML-NL witness would be available to be deposed by the end of March at the latest, but that you would confer with your client about earlier dates. Please inform us of the earliest date that a representative of ASML-NL is available to be deposed. Assuming that the parties can work out any document issues, Ocean would prefer the deposition to occur at least a week before the end of the month in order to allow it to best comply with its Court-ordered obligations as to its infringement contentions.

Given the late date of these communications, weeks after our initial discussion, and taking the schedules of the witnesses and counsel into account, ASML-NL witnesses will be available for deposition during the first full week of April (April 4-8), probably later in that week. They cannot be deposed any earlier.

- With respect to Deposition Topic No. 2, you represented that a declaration should be sufficient. Ocean agrees and will circulate a draft declaration of authentication once the other document issues have been resolved.

Agreed.

- With respect to Deposition Topic Nos. 13-16, 18, 19, and 24-28, you represented that no ASML-NL witness would be provided because, according to you, the issues are not relevant to any issue in the actions. When Ocean asked whether or not ASML-NL would produce a witness to provide testimony related only to Defendants and only to the

6

- Accused Tools, you maintained the position that such testimony is irrelevant, or that it is obtainable from Defendants and would not be produced by ASML-NL, as discussed above.
- With respect to Deposition Topic Nos. 6, 9, 10, 12, and 23, you represented that, consistent with the above, relevant testimony is obtainable from Defendants and would not be provided by ASML-NL.
- Finally, with respect to Deposition Topic Nos. 20-22, you represented that such information does not exist or that, if it does exist, even the existence of such information is confidential.  Please confirm whether or not ASML-NL maintains the position that the mere existence of information relevant to these Topics will not be confirmed or denied.

All of these issues are either addressed by the comments above addressing the corresponding RFPs or by ASML-NL's offer of compromise. Please let me know if you accept the offer.

Best regards,

Erik

---

**From:** Joel Glazer <jglazer@devlinlawfirm.com>
**Sent:** Friday, March 4, 2022 9:43 AM
**To:** Puknys, Erik <erik.puknys@finnegan.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

*EXTRACTED* **Email:**

Erik,

Thank you for meeting with us (telephonically) on February 16 regarding ASML's production in response to Ocean's subpoenas.  I write to briefly summarize the call, as a basis for further discussion of the issues.

First, Ocean understands that the Responses and Objections served on January 25, 2022, are on behalf of the US-based ASML entities ("ASML-US") and not from the ASML entity located in the Netherlands ("ASML-NL").  While the Responses and Objections were not on behalf of ASML-NL, you indicated that the Responses are representative of how ASML-NL would have responded, if the subpoenas were directed toward it.

With respect to RFP Nos. 1, 5, 9, 10, 14-21, and 29, ASML-US represented that it will *not* be producing documents in response to these RFPs.  You represented that production on behalf of both ASML-US and

7

ASML-NL is now substantially complete and Ocean should not expect any further production of documents related to these Requests.

With respect to RFP Nos. 2-4, 6-8, 22, and 24-26, you represented that ASML-US and ASML-NL will not produce the sought agreements and communications with Defendants as, according to you, they are obtainable from Defendants. You stated that you would confer with Defendants to confirm that no confidentiality agreements prevented Defendants from producing such agreements. Please inform us of the result of that conference. To be clear, you made no representation that such agreements and communications do not exist, just that the ASML entities will not produce such documents. You further represented that ASML-US has never been involved in sales of TWINSCAN and/or YieldStar systems to, or the use of such systems by, TSMC, UMC, or Kioxia.

On behalf of ASML-NL, however, you represented that it has produced such agreements between ASML-NL and entities that are not Defendants, but with the purchasing entities redacted. You represented that ASML-NL had already produced documents tying the Accused Tools to Defendants and that, to the extent that it had not, ASML-NL will not produce further agreements or communications with Defendants as, according to you, those documents are obtainable from Defendants. With regard to the redactions in the mentioned documents, you represented that ASML-NL will not produce unredacted versions as those entity names are protected under European law. Please confirm whether or not it is still ASML-NL's position that it will not produce any further documents tying the use of the Accused Tools to specific Defendants or, alternatively, if such documents have already been produced, the Bates ranges of the documents providing this information.

For RFP Nos. 11-13, 27, 28, and 30, you represented that no such documents were in ASML-US's possession or control and, on behalf of ASML-NL, that, if any such documents exist, they are privileged or irrelevant. Despite Ocean pointing out that each of these RFPs relate to an "Asserted Patent" or the design of a tool capable of infringing the Asserted Patents, you maintained the position on behalf of ASML-NL that the requests are irrelevant. Ocean asked whether or not documents related to these Requests exist and you represented that, if they did exist, even their existence was confidential and the ASML entities would not provide an answer. Please confirm whether or not ASML maintains the position it will not even confirm or deny the mere existence of documents relevant to these requests.

With respect to RFP No. 23, you represented that the requested documents are irrelevant. Despite Ocean indicating that licensing information is relevant to, among other things, which parties—specifically Defendants—are in possession of the TWINSCAN and/or YieldStar systems, you maintained that such documents are irrelevant but that, if such licenses or communications with Defendants exist, they are in the possession of Defendants and that, consequently, ASML-NL would not produce such documents in a manner similar to that discussed above.

With respect to the Deposition Topics, you represented that ASML-NL is still willing to produce a witness to provide testimony to certain Deposition Topics, provided that such Topics are specified and further narrowed prior to the deposition. Specifically, you represented that ASML-NL would be willing to provide a witness to be deposed on at least Deposition Topic Nos. 1, 3-5, 7, 8, 11, 17, and 29. You further represented that an ASML-NL witness would be available to be deposed by the end of March at the latest, but that you would confer with your client about earlier dates. Please inform us of the earliest date that a representative of ASML-NL is available to be deposed. Assuming that the parties can work out any document issues, Ocean would prefer the deposition to occur at least a week before the end of the month in order to allow it to best comply with its Court-ordered obligations as to its infringement contentions.

With respect to Deposition Topic No. 2, you represented that a declaration should be sufficient.  Ocean agrees and will circulate a draft declaration of authentication once the other document issues have been resolved.

With respect to Deposition Topic Nos. 13-16, 18, 19, and 24-28, you represented that no ASML-NL witness would be provided because, according to you, the issues are not relevant to any issue in the actions.  When Ocean asked whether or not ASML-NL would produce a witness to provide testimony related only to Defendants and only to the Accused Tools, you maintained the position that such testimony is irrelevant, or that it is obtainable from Defendants and would not be produced by ASML-NL, as discussed above.

With respect to Deposition Topic Nos. 6, 9, 10, 12, and 23, you represented that, consistent with the above, relevant testimony is obtainable from Defendants and would not be provided by ASML-NL.

Finally, with respect to Deposition Topic Nos. 20-22, you represented that such information does not exist or that, if it does exist, even the existence of such information is confidential.  Please confirm whether or not ASML-NL maintains the position that the mere existence of information relevant to these Topics will not be confirmed or denied.

Because you had other commitments, the parties concluded their discussions during the February 16 teleconference at this point.  Based on our ongoing review of the documents produced by ASML-NL and your responses to the above inquiries, we will reach out to schedule another meet and confer to discuss any remaining issues.

Thank you,
Joel



Joel Glazer
1526 Gilpin Ave, Wilmington, DE 19806
(440) 667-7109

---

**From:** Puknys, Erik <erik.puknys@finnegan.com>
**Sent:** Thursday, February 10, 2022 3:49 PM
**To:** Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Ok, thanks.

**From:** Joel Glazer <jglazer@devlinlawfirm.com>
**Sent:** Thursday, February 10, 2022 12:45 PM
**To:** Puknys, Erik <erik.puknys@finnegan.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>;

Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

*EXTERNAL* **Email:**

Erik,

Ocean is available next Wednesday at 4:00pm ET for the meet and confer. I will send a calendar entry.

Thank you,
Joel



Joel Glazer
1526 Gilpin Ave, Wilmington, DE 19806
(440) 667-7109

**From:** Puknys, Erik <erik.puknys@finnegan.com>
**Sent:** Wednesday, February 9, 2022 5:17 PM
**To:** Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Not Monday or Tuesday. How about Wednesday after 4 Eastern or Thursday any time between noon and 3 Eastern?

**From:** Joel Glazer <jglazer@devlinlawfirm.com>
**Sent:** Wednesday, February 9, 2022 1:42 PM
**To:** Puknys, Erik <erik.puknys@finnegan.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

*EXTERNAL* **Email:**

Erik,

Unfortunately, tomorrow and Friday at the times provided do not work for Ocean. Are you available Monday afternoon?

Thank you,
Joel



---

**From:** Puknys, Erik <erik.puknys@finnegan.com>
**Sent:** Wednesday, February 9, 2022 2:31 PM
**To:** Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Joel,

I have added the counsel for the defendants who served subpoenas, since we do not intend to do this multiple times.

I am available between 10:00 and 1:00 tomorrow or between 10 and noon Friday (all times Pacific). Please let me know if I should provide times for next week.

ASML-NL has not yet agreed to provide a witness. As I have explained, its willingness to volunteer information depends on how reasonable the parties are with regard to withdrawing or at least substantially narrowing the subpoenas to ASML-US, which has very little information. I thought our discussion in January was productive, and hope our future discussions continue to be. We can include the discussion of whether ASML-NL will provide a witness on the agenda for the meet and confer.

Best regards,

Erik


**Erik R. Puknys** | Bio
Partner
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Stanford Research Park
3300 Hillview Avenue, Palo Alto, CA 94304-1203
650.849.6644 | fax: 650.849.6666 | erik.puknys@finnegan.com | www.finnegan.com |
LinkedIn Profile

**FINNEGAN**

**From:** Joel Glazer <jglazer@devlinlawfirm.com>
**Sent:** Tuesday, February 8, 2022 2:37 PM
**To:** Puknys, Erik <erik.puknys@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Selburn, Gail <Gail.Selburn@finnegan.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

**EXTERNAL** Email:

Counsel,

We have reviewed ASML's objections and responses to Ocean's subpoena as recently served. Please provide us with your availability to meet and confer regarding ASML's responses and document production. ASML's production appears to be deficient, particularly with respect to those RFPs that ASML stated it will not produce documents in response. We would also like to discuss ASML's responses to deposition topics where ASML indicates that it will not provide a witness. Finally, we would like to schedule a date for when ASML-NL's witness will be available for a deposition, as ASML-NL indicates it is able to provide in its responses.

Thank you,
Joel



Joel Glazer
1526 Gilpin Ave, Wilmington, DE 19806
📱 (440) 667-7109

**From:** Selburn, Gail <Gail.Selburn@finnegan.com>
**Sent:** Tuesday, January 25, 2022 7:36 PM
**To:** Alex Chan <achan@devlinlawfirm.com>; adavidson@coleschotz.com; vpatel@coleschotz.com; david mccombs <david.mccombs@haynesboone.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; bshelton <bshelton@sheltoncoburn.com>; coburn <coburn@sheltoncoburn.com>; DG-RenesasDC <DG-RenesasDCt@goodwinlaw.com>; CSCampbell <CSCampbell@perkinscoie.com>; JTa <JTa@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; TBowen <TBowen@perkinscoie.com>; YKim <YKim@perkinscoie.com>; David Harper <david.harper@haynesboone.com>; oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Peter Mazur <PMazur@devlinlawfirm.com>; Joel Glazer <jglazer@devlinlawfirm.com>; marc collier <marc.collier@nortonrosefulbright.com>; eric green <eric.green@nortonrosefulbright.com>; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; scott cole <scottcole@quinnemanuel.com>; PMcCarthy@goodwinlaw.com; David Whittlesey <David.Whittlesey@Shearman.com>
**Cc:** Puknys, Erik <erik.puknys@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>
**Subject:** Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Counsel:

Please see the attached Non-parties ASML US, LLC's and ASML US, LP's Objections and Responses to Plaintiff's Subpoena to Testify at a Deposition in a Civil Action and to Produce Documents.

Thank you.

**Gail Selburn**
Litigation Legal Assistant
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue, Palo Alto, CA 94304-1203
650.849.6712 | fax 650.849.6666 | gail.selburn@finnegan.com | www.finnegan.com

FINNEGAN

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.