UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| OCEAN SEMICONDUCTOR LLC, | Case No. 6:20-CV-1214-ADA |
| Plaintiff, | |
| v. | **FILED UNDER SEAL** |
| SILICON LABORATORIES INC., | |
| Defendant. | |

**SILICON LABORATORIES INC.'S
ANSWER, AND DEFENSES**

Subject to Defendant Silicon Laboratories, Inc.'s ("Defendant" or "Silicon Labs") pending motion to dismiss, Dkt. 14, Silicon Labs answers and asserts defenses to Plaintiff Ocean Semiconductor LLC's ("Plaintiff" or "Ocean") Original Complaint and asserts counterclaims against Plaintiff/Counter-Defendant Ocean as follows:

**SILICON LABORATORIES' ANSWER TO OCEAN'S COMPLAINT**

**NATURE OF THE ACTION**

1.      Paragraph 1 purports to describe the existence of Plaintiff's allegations and claims, to which no response is required. To the extent a response is required, Silicon Labs denies the allegations of Paragraph 1.

**THE PARTIES**

2.      Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3.      Silicon Labs admits the allegations in Paragraph 3.

4.      In response to Paragraph 4, Silicon Labs admits that it sells, offers to sell, and/or uses products within the United States. The remaining allegations in Paragraph 4 purport to state

**CONFIDENTIAL**

conclusions of law, to which no responses are required. To the extent a response is required, Silicon Labs denies the remaining allegations of Paragraph 4.

5.      In response to Paragraph 5, Silicon Labs admits that U.S. Patent Nos. 6,660,651, 6,907,305, 6,725,402, 6,968,248, 7,080,330, 6,836,691, and 8,676,538 (collectively, the "Asserted Patents") are the patents asserted in the Complaint and infringement contentions, though Ocean has since dropped certain allegations relating to 8,676,538. For the remaining allegations in Paragraph 5, Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies them.

6.      Paragraph 6 purports to describe the remedies and damages sought by Plaintiff, to which no response is required. To the extent a response is required, Silicon Labs denies any liability to Plaintiff and further denies that Plaintiff is entitled to the relief it seeks or to any other relief against Silicon Labs

7.      In response to Paragraph 7, Silicon Labs admits it is a semiconductor company. The remaining statements in this Paragraph are unfairly vague and thus Silicon Labs denies the remaining allegations in Paragraph 7.

8.      In response to Paragraph 8, Silicon Labs admits it is headquartered in Austin, Texas. Silicon Labs further admits it contracts with Taiwan Semiconductor Manufacturing Company Ltd. ("TSMC") to manufacture semiconductor products. The remaining statements in this Paragraph are unfairly vague and thus Silicon Labs denies the remaining allegations in Paragraph 8.

9.      Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, including because the allegations are unfairly vague, and therefore denies them.

**CONFIDENTIAL**

10.     Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11.     Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12.     Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13.     Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

14.     Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15.     Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.     Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17.     Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18.     Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies them.

19.     Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20.     Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

**CONFIDENTIAL**

21.     In response to Paragraph 21, Silicon Labs admits it is a leading wireless SoC and silicon solution provider.  The remaining allegations in this paragraph are unfairly vague, and thus Silicon Labs denies the remaining allegations in Paragraph 21.

## JURISDICTION AND VENUE

22.     Paragraph 22 purports to describe the existence of Plaintiff's allegations and claims, to which no response is required. To the extent a response is required, Silicon Labs denies the allegations of Paragraph 22.

23.     Paragraph 23 purports to establish the basis for subject matter jurisdiction over Plaintiff's allegations and claims, to which no response is required. To the extent a response is required, Silicon Labs states that it is not challenging subject matter jurisdiction in this case.

24.     Paragraph 24 purports to describe the Court's general personal jurisdiction over Silicon Labs, to which no response is required. To the extent a response is required, Silicon Labs states that it is not challenging personal jurisdiction in this case.

25.     Paragraph 25 purports to describe the Court's general and specific personal jurisdiction over Silicon Labs, to which no response is required. To the extent a response is required, Silicon Labs states that it is not challenging personal jurisdiction in this case.

26.     Paragraph 26 purports to establish the basis for venue, to which no response is required. To the extent a response is required, Silicon Labs states that it does not contend that venue is improper in this district but maintains the positions asserted in its Opposed Motion for Intradistrict Transfer (ECF No. 36).

27.     Silicon Labs admits the allegations in Paragraph 27.

28.     Silicon Labs denies the allegations in Paragraph 28.

**CONFIDENTIAL**

**THE PATENTS-IN-SUIT**

29.     In response to Paragraph 29, Silicon Labs admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 6,660,651 ("the '651 Patent") and that on its face the document includes the title "Adjustable Wafer Stage, and a Method and System for Performing Process Operations Using Same." Silicon Labs denies that the '651 Patent is valid and enforceable. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 29, and therefore denies them.

30.     In response to Paragraph 30, Silicon Labs denies that it has infringed the '651 or any patent. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore denies them.

31.     Silicon Labs denies the allegations in Paragraph 31.

32.     Silicon Labs denies the allegations in Paragraph 32.

33.     Silicon Labs denies the allegations in Paragraph 33.

34.     Silicon Labs denies the allegations in Paragraph 34.

35.     In response to Paragraph 35, Silicon Labs admits that Exhibit B to the Complaint purports to be a copy of U.S. Patent No. 6,907,305 ("the '305 Patent") and that on its face the document includes the title "Agent Reactive Scheduling in an Automated Manufacturing Environment." Silicon Labs denies that the '305 Patent is valid and enforceable. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore denies them.

36.     In response to Paragraph 36, Silicon Labs denies that it has infringed the '305 or any patent. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 36, and therefore denies them.

37.     Silicon Labs denies the allegations in Paragraph 37.

**CONFIDENTIAL**

38.     Silicon Labs denies the allegations in Paragraph 38.

39.     Silicon Labs denies the allegations in Paragraph 39.

40.     Silicon Labs denies the allegations in Paragraph 40.

41.     In response to Paragraph 41, Silicon Labs admits that Exhibit C to the Complaint purports to be a copy of U.S. Patent No. 6,725,402 ("the '402 Patent") and that on its face the document includes the title "Method and Apparatus for Fault Detection of a Processing Tool and Control Thereof Using an Advanced Process Control (APC) Framework." Silicon Labs denies that the '402 Patent is valid and enforceable. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41, and therefore denies them.

42.     In response to Paragraph 42, Silicon Labs denies that it has infringed the '402 or any patent. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 42, and therefore denies them.

43.     Silicon Labs denies the allegations in Paragraph 43.

44.     Silicon Labs denies the allegations in Paragraph 44.

45.     Silicon Labs denies the allegations in Paragraph 45.

46.     Silicon Labs denies the allegations in Paragraph 46.

47.     In response to Paragraph 47, Silicon Labs admits that Exhibit D to the Complaint purports to be a copy of U.S. Patent No. 6,968,248 ("the '248 Patent") and that on its face the document includes the title "Agent Reactive Scheduling in an Automated Manufacturing Environment." Silicon Labs denies that the '248 Patent is valid and enforceable. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 47, and therefore denies them.

**CONFIDENTIAL**

48.     In response to Paragraph 48, Silicon Labs denies that it has infringed the '248 or any patent. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 48, and therefore denies them.

49.     Silicon Labs denies the allegations in Paragraph 49.

50.     Silicon Labs denies the allegations in Paragraph 50.

51.     Silicon Labs denies the allegations in Paragraph 51.

52.     Silicon Labs denies the allegations in Paragraph 52.

53.     In response to Paragraph 53, Silicon Labs admits that Exhibit E to the Complaint purports to be a copy of U.S. Patent No. 7,080,330 ("the '330 Patent") and that on its face the document includes the title "Concurrent Measurement of Critical Dimension and Overlay in Semiconductor Manufacturing." Silicon Labs denies that the '330 Patent is valid and enforceable. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 53, and therefore denies them.

54.     In response to Paragraph 54, Silicon Labs denies that it has infringed the '330 or any patent. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 54, and therefore denies them.

55.     Silicon Labs denies the allegations in Paragraph 55.

56.     Silicon Labs denies the allegations in Paragraph 56.

57.     Silicon Labs denies the allegations in Paragraph 57.

58.     Silicon Labs denies the allegations in Paragraph 58.

59.     In response to Paragraph 59, Silicon Labs admits that Exhibit F to the Complaint purports to be a copy of U.S. Patent No. 6,836,691 ("the '691 Patent") and that on its face the document includes the title "Method and Apparatus for Filtering Metrology Data Based on

**CONFIDENTIAL**

Collection Purpose." Silicon Labs denies that the '691 Patent is valid and enforceable. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 59, and therefore denies them.

60.     In response to Paragraph 60, Silicon Labs denies that it has infringed the '691 or any patent. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 60, and therefore denies them.

61.     Silicon Labs denies the allegations in Paragraph 61.

62.     Silicon Labs denies the allegations in Paragraph 62.

63.     Silicon Labs denies the allegations in Paragraph 63.

64.     Silicon Labs denies the allegations in Paragraph 64.

65.     In response to Paragraph 65, Silicon Labs admits that Exhibit G to the Complaint purports to be a copy of U.S. Patent No. 8,676,538 ("the '538 Patent") and that on its face the document includes the title "Adjusting Weighting of a Parameter Relating to Fault Detection Based on a Detected Fault." Silicon Labs denies that the '538 Patent is valid and enforceable. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 65, and therefore denies them.

66.     In response to Paragraph 66, Silicon Labs denies that it has infringed the '538 or any patent. Silicon Labs is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 66, and therefore denies them.

67.     Silicon Labs denies the allegations in Paragraph 67.

68.     Silicon Labs denies the allegations in Paragraph 68.

69.     Silicon Labs denies the allegations in Paragraph 69.

70.     Silicon Labs denies the allegations in Paragraph 70.

**CONFIDENTIAL**

## COUNT I: INFRINGEMENT OF THE '651 PATENT

71.     Silicon Labs restates and incorporates by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

72.     Silicon Labs denies the allegations in Paragraph 72.

73.     Silicon Labs denies the allegations in Paragraph 73.

74.     Paragraph 74 purports to state what the Plaintiff "expect[s] to uncover," to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 74.

75.     Silicon Labs denies the allegations in Paragraph 75.

76.     Silicon Labs denies the allegations in Paragraph 76.

77.     In response to Paragraph 77, Silicon Labs admits that Exhibit H to the Complaint appears to be a claim chart containing certain allegations related to the '651 Patent. Silicon Labs denies that it has infringed any patents. Silicon Labs denies the remaining allegations in Paragraph 77.

78.     Silicon Labs denies the allegations in Paragraph 78.

79.     Silicon Labs denies the allegations in Paragraph 79.

80.     In response to Paragraph 80, Silicon Labs states that its website speaks for itself. The remaining statements in this Paragraph are unfairly vague and thus Silicon Labs denies the remaining allegations in Paragraph 80.

81.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 81.

82.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 82.

83.     Silicon Labs denies the allegations in Paragraph 83.

**CONFIDENTIAL**

84.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 84.

85.     Silicon Labs denies the allegations in Paragraph 85.

86.     Silicon Labs denies the allegations in Paragraph 86.

87.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 87.

88.     Silicon Labs denies the allegations in Paragraph 88.

89.     Silicon Labs denies the allegations in Paragraph 89.

90.     Paragraph 90 contains various conclusory statements and reservations of rights, to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 90.

## COUNT II: INFRINGEMENT OF THE '402 PATENT

91.     Silicon Labs restates and incorporates by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

92.     Silicon Labs denies the allegations in Paragraph 92.

93.     Silicon Labs denies the allegations in Paragraph 93.

94.     Paragraph 94 purports to state what the Plaintiff "expect[s] to uncover," to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 94.

95.     Silicon Labs denies the allegations in Paragraph 95.

96.     Silicon Labs denies the allegations in Paragraph 96.

97.     In response to Paragraph 97, Silicon Labs admits that Exhibits I and J to the Complaint appear to be claim charts containing certain allegations related to the '402 Patent.

Silicon Labs denies that it has infringed any patents. Silicon Labs denies the remaining allegations in Paragraph 97.

98.     Silicon Labs denies the allegations in Paragraph 98.

99.     Silicon Labs denies the allegations in Paragraph 99.

100.     In response to Paragraph 100, Silicon Labs states that its website speaks for itself. The remaining statements in this Paragraph are unfairly vague and thus Silicon Labs denies the remaining allegations in Paragraph 100.

101.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 101.

102.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 102.

103.     Silicon Labs denies the allegations in Paragraph 103.

104.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 104.

105.     Silicon Labs denies the allegations in Paragraph 105.

106.     Silicon Labs denies the allegations in Paragraph 106.

107.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 107.

108.     Silicon Labs denies the allegations in Paragraph 108.

109.     Silicon Labs denies the allegations in Paragraph 109.

110.     Paragraph 110 contains various conclusory statements and reservations of rights, to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 110.

**CONFIDENTIAL**

## COUNT III: INFRINGEMENT OF THE '305 PATENT

111.     Silicon Labs restates and incorporates by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

112.     Silicon Labs denies the allegations in Paragraph 112.

113.     Silicon Labs denies the allegations in Paragraph 113.

114.     Paragraph 114 purports to state what the Plaintiff "expect[s] to uncover," to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 114.

115.     Silicon Labs denies the allegations in Paragraph 115.

116.     Silicon Labs denies the allegations in Paragraph 116.

117.     In response to Paragraph 117, Silicon Labs admits that Exhibit K to the Complaint appears to be a claim chart containing certain allegations related to the '305 Patent. Silicon Labs denies that it has infringed any patents. Silicon Labs denies the remaining allegations in Paragraph 117.

118.     Silicon Labs denies the allegations in Paragraph 118.

119.     Silicon Labs denies the allegations in Paragraph 119.

120.     In response to Paragraph 120, Silicon Labs states that its website speaks for itself. The remaining statements in this Paragraph are unfairly vague and thus Silicon Labs denies the remaining allegations in Paragraph 120.

121.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 121.

122.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 122.

123.     Silicon Labs denies the allegations in Paragraph 123.

**CONFIDENTIAL**

124.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 124.

125.    Silicon Labs denies the allegations in Paragraph 125.

126.    Silicon Labs denies the allegations in Paragraph 126.

127.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 127.

128.    Silicon Labs denies the allegations in Paragraph 128.

129.    Silicon Labs denies the allegations in Paragraph 129.

130.    Paragraph 130 contains various conclusory statements and reservations of rights, to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 130.

### COUNT IV: INFRINGEMENT OF THE '248 PATENT

131.    Silicon Labs restates and incorporates by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

132.    Silicon Labs denies the allegations in Paragraph 132.

133.    Silicon Labs denies the allegations in Paragraph 133.

134.    Paragraph 134 purports to state what the Plaintiff "expect[s] to uncover," to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 134.

135.    Silicon Labs denies the allegations in Paragraph 135.

136.    Silicon Labs denies the allegations in Paragraph 136.

137.    In response to Paragraph 137, Silicon Labs admits that Exhibit L to the Complaint appears to be a claim chart containing certain allegations related to the '248 Patent. Silicon Labs

**CONFIDENTIAL**

denies that it has infringed any patents. Silicon Labs denies the remaining allegations in Paragraph 137.

138.     Silicon Labs denies the allegations in Paragraph 138.

139.     Silicon Labs denies the allegations in Paragraph 139.

140.     In response to Paragraph 140, Silicon Labs states that its website speaks for itself. The remaining statements in this Paragraph are unfairly vague and thus Silicon Labs denies the remaining allegations in Paragraph 140.

141.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 141.

142.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 142.

143.     Silicon Labs denies the allegations in Paragraph 143.

144.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 144.

145.     Silicon Labs denies the allegations in Paragraph 145.

146.     Silicon Labs denies the allegations in Paragraph 146.

147.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 147.

148.     Silicon Labs denies the allegations in Paragraph 148.

149.     Silicon Labs denies the allegations in Paragraph 149.

150.     Paragraph 150 contains various conclusory statements and reservations of rights, to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 150.

**CONFIDENTIAL**

## COUNT V: INFRINGEMENT OF THE '330 PATENT

151.    Silicon Labs restates and incorporates by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

152.    Silicon Labs denies the allegations in Paragraph 152.

153.    Silicon Labs denies the allegations in Paragraph 153.

154.    Paragraph 154 purports to state what the Plaintiff "expect[s] to uncover," to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 154.

155.    Silicon Labs denies the allegations in Paragraph 155.

156.    Silicon Labs denies the allegations in Paragraph 156.

157.    Silicon Labs denies the allegations in Paragraph 157.

158.    In response to Paragraph 158, Silicon Labs admits that Exhibit M to the Complaint appears to be a claim chart containing certain allegations related to the '330 Patent. Silicon Labs denies that it has infringed any patents. Silicon Labs denies the remaining allegations in Paragraph 158.

159.    Silicon Labs denies the allegations in Paragraph 159.

160.    Silicon Labs denies the allegations in Paragraph 160.

161.    In response to Paragraph 161, Silicon Labs states that its website speaks for itself. The remaining statements in this Paragraph are unfairly vague and thus Silicon Labs denies the remaining allegations in Paragraph 161.

162.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 162.

163.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 163.

**CONFIDENTIAL**

164.     Silicon Labs denies the allegations in Paragraph 164.

165.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 165.

166.     Silicon Labs denies the allegations in Paragraph 166.

167.     Silicon Labs denies the allegations in Paragraph 167.

168.     The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 168.

169.     Silicon Labs denies the allegations in Paragraph 169.

170.     Silicon Labs denies the allegations in Paragraph 170.

171.     Paragraph 171 contains various conclusory statements and reservations of rights, to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 171.

## COUNT VI: INFRINGEMENT OF THE '691 PATENT

172.     Silicon Labs restates and incorporates by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

173.     Silicon Labs denies the allegations in Paragraph 173.

174.     Silicon Labs denies the allegations in Paragraph 174.

175.     Paragraph 175 purports to state what the Plaintiff "expect[s] to uncover," to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 175.

176.     Silicon Labs denies the allegations in Paragraph 176.

177.     Silicon Labs denies the allegations in Paragraph 177.

178.     In response to Paragraph 178, Silicon Labs admits that Exhibits N and O to the Complaint appear to be claim charts containing certain allegations related to the '691 Patent.

**CONFIDENTIAL**

Silicon Labs denies that it has infringed any patents. Silicon Labs denies the remaining allegations in Paragraph 178.

179.    Silicon Labs denies the allegations in Paragraph 179.

180.    Silicon Labs denies the allegations in Paragraph 180.

181.    In response to Paragraph 181, Silicon Labs states that its website speaks for itself. The remaining statements in this Paragraph are unfairly vague and thus Silicon Labs denies the remaining allegations in Paragraph 181.

182.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 182.

183.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 183.

184.    Silicon Labs denies the allegations in Paragraph 184.

185.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 185.

186.    Silicon Labs denies the allegations in Paragraph 186.

187.    Silicon Labs denies the allegations in Paragraph 187.

188.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 188.

189.    Silicon Labs denies the allegations in Paragraph 189.

190.    Silicon Labs denies the allegations in Paragraph 190.

191.    Paragraph 191 contains various conclusory statements and reservations of rights, to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 191.

**CONFIDENTIAL**

## COUNT VII: INFRINGEMENT OF THE '538 PATENT

192.    Silicon Labs restates and incorporates by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

193.    Silicon Labs denies the allegations in Paragraph 193.

194.    Silicon Labs denies the allegations in Paragraph 194.

195.    Paragraph 195 purports to state what the Plaintiff "expect[s] to uncover," to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 195.

196.    Silicon Labs denies the allegations in Paragraph 196.

197.    Silicon Labs denies the allegations in Paragraph 197.

198.    In response to Paragraph 198, Silicon Labs admits that Exhibits P and Q to the Complaint appear to be claim charts containing certain allegations related to the '538 Patent. Silicon Labs denies that it has infringed any patents. Silicon Labs denies the remaining allegations in Paragraph 198.

199.    Silicon Labs denies the allegations in Paragraph 199.

200.    Silicon Labs denies the allegations in Paragraph 200.

201.    In response to Paragraph 201, Silicon Labs states that its website speaks for itself. The remaining statements in this Paragraph are unfairly vague and thus Silicon Labs denies the remaining allegations in Paragraph 201.

202.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 202.

203.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 203.

204.    Silicon Labs denies the allegations in Paragraph 204.

**CONFIDENTIAL**

205.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 205.

206.    Silicon Labs denies the allegations in Paragraph 206.

207.    Silicon Labs denies the allegations in Paragraph 207.

208.    The statements in this Paragraph are unfairly vague and thus Silicon Labs denies the allegations in Paragraph 208.

209.    Silicon Labs denies the allegations in Paragraph 209.

210.    Silicon Labs denies the allegations in Paragraph 210.

211.    Paragraph 211 contains various conclusory statements and reservations of rights, to which no response is required. To the extent a response is required, Silicon Labs denies the allegations in Paragraph 211.

## RELIEF REQUESTED

Plaintiff's "Relief Requested" paragraph does not contain allegations of fact, and therefore no responsive pleading is required. To the extent a response is necessary, Silicon Labs denies that Plaintiff is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

## JURY DEMAND

Plaintiff's Jury Demand does not contain allegations of fact, and therefore no responsive pleading is required. To the extent a response is necessary, Silicon Labs admits that Plaintiff has requested a jury trial.

## SILICON LAB'S AFFIRMATIVE DEFENSES

1.    Silicon Labs incorporates by reference as if fully set forth herein its foregoing responses to Ocean's Complaint. Silicon Labs denies any allegations in the Complaint not expressly admitted above. Without assuming any burden other than that imposed by operation of law and without reducing or removing Ocean's burdens of proof on its affirmative claims, Silicon

Labs alleges and asserts the following defenses in response to Ocean's Complaint and its assertion that Silicon Labs infringes the Asserted Patents. In addition, Silicon Labs reserves the right to amend its Answer to add additional Defenses and Counterclaims that become known as a result of discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

2.      Plaintiff's Complaint fails to state a claim upon which relief can be granted because, *inter alia*, it has not alleged plausible or cognizable allegations of infringement, including under 35 U.S.C. § 271(g).  *See*, *e.g.*, Dkt. 14 (Silicon Lab's motion to dismiss).

### SECOND AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

3.      Silicon Labs has not and does not infringe, under any theory of infringement, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), willfully, or otherwise, any valid and enforceable claim of the Asserted Patents.

### THIRD AFFIRMATIVE DEFENSE: INVALIDITY

4.      Each claim of the Asserted Patents is invalid for failing to comply with one or more of the requirements of the United States Code, Title 35, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules and regulations pertaining thereto.

### FOURTH AFFIRMATIVE DEFENSE: NO DOCTRINE OF EQUIVALENTS

5.      Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel, the doctrine of recapture, and/or prosecution disclaimer. Specifically, Plaintiff is precluded from construing any valid claim of the patents-in-suit to be infringed, literally or under the doctrine of equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the patents-in-suit, (b) in the specification and claims of the patents-in-suit, and/or (c) during the prosecution of patents and applications related to the patents-in-suit.  For example, the Plaintiff may not use the

doctrine of equivalents to expand the scope of the term "pneumatic cylinder" beyond what is literally claimed in the '651 Patent.

## FIFTH AFFIRMATIVE DEFENSE: EQUITY

6.      Plaintiff's claims for relief are barred by doctrines of equity, including, without limitation, laches, estoppel, waiver, ratification, unclean hands and/or inequitable conduct.

## SIXTH AFFIRMATIVE DEFENSE: LIMITATIONS ON DAMAGES

7.      Plaintiff's claims for relief are barred in whole or in part by 35 U.S.C. §§ 286 and 287, including because Plaintiff has not provided adequate notice of infringement, as required in § 287(b)(2).

## SEVENTH AFFIRMATIVE DEFENSE: NO ENHANCED DAMAGES

8.       Plaintiff's demand for enhanced damages is barred because Silicon Labs has had and continues to have an objectively reasonable basis to believe that the Accused Products do not infringe any valid and enforceable claim of the Asserted Patents, and because Silicon Labs has not engaged in any egregious conduct with regard to the Asserted Patents.

## EIGHTH AFFIRMATIVE DEFENSE: LICENSE

9.      Plaintiff's claims of infringement are barred, in whole or part, because the Plaintiff and/or one of its predecessors in interest in the Asserted Patents granted a license to one or more of the Asserted Patents to Taiwan Semiconductor Manufacturing Company, Ltd., which manufactures the products alleged to infringe.

## NINTH AFFIRMATIVE DEFENSE: UNENFORCEABILITY AND INEQUITABLE CONDUCT

10.     All claims of the '402 Patent are unenforceable due to inequitable conduct.

11.     On information and belief, ███████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

**CONFIDENTIAL**

12. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████

13. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

14. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

15. ████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████

16. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

17. ████████████████████████████████████████████

████████████████████████████████████████████████████

---

[1] ████████████████████████████████████████████████

██████

**CONFIDENTIAL**

18.

19.

20.

21.

**CONFIDENTIAL**

████████████████████████████████████████████████

████████████████████████

22.   ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

23.   ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

24.   ████████████████████████████████████████

████████████████████████████████████████████

25.   ████████████████████████████████████████

████████████████████████████████████████████

26.   ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████

27.   ████████████████████████████████████████

████████████████████████████████████████████████

██████

**CONFIDENTIAL**

28. ████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

29. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

30. ████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

31. ████████████████████████████████████████

██████████████████████████████

32. ████████████████████████████████████████

████████████████████████████████████████████

████████████



**CONFIDENTIAL**



**CONFIDENTIAL**



33. ██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

**CONFIDENTIAL**

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████

   ■   ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████

   ■   ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

36.   ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

**CONFIDENTIAL**

37. ██████████████████████████████████
████████████████████████████████████████████
██████

## RESERVATION OF RIGHTS

Silicon Labs reserves the right to supplement or amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or may become available during the course of litigation.

## REQUEST FOR RELIEF

Wherefore, Silicon Labs respectfully seeks the following relief:

A. a judgment that Silicon Labs is not liable for infringement and that Ocean Semiconductor takes nothing by way of the Complaint;

B. a finding that Ocean Semiconductor's assertion of its claims renders this case an exception under 35 U.S.C. § 285 and a judgment awarding Silicon Labs its reasonable attorneys' fees, expenses, and costs incurred in this action; and

C. any further relief that the Court deems just and proper.

**CONFIDENTIAL**

Dated:  March 30, 2022

Respectfully submitted,

*/s/ Marc B. Collier*

Marc     B.     Collier     (SBN     00792418)
marc.collier@nortonrosefulbright.com
Eric C. Green (SBN 24069824)
eric.green@nortonrosefulbright.com
Catherine Garza (SBN 24073318)
cat.garza@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Tel:  (512) 474-5201
Fax:  (512) 536-4598

Richard S. Zembek (SBN 00797726)
richard.zembek@nortonrosefulbright.com
Darren Smith (SBN 24088433)
darren.smith@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151
Fax: (713) 651-5246

*Counsel for Defendant Silicon Laboratories Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 30, 2022, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF TEXAS, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this notice as service of this document by electronic means.  Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

*/s/ Eric C. Green*
Eric C. Green

**CONFIDENTIAL**