**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>    Plaintiff<br><br> v.<br><br>MediaTek Inc. and MediaTek USA Inc.,<br><br>    Defendants. | Civil Action No.: 6:20-cv-1210-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>    Plaintiff<br><br> v.<br><br>NXP USA, Inc.<br><br>    Defendant. | Civil Action No.: 6:20-cv-1212-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>    Plaintiff<br><br> v.<br><br>Silicon Laboratories Inc.,<br><br>    Defendant. | Civil Action No.: 6:20-cv-1214-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>    Plaintiff<br><br> v.<br><br>STMicroelectronics, Inc.,<br><br>    Defendant. | Civil Action No.: 6:20-cv-1215-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>                Plaintiff<br><br>   v.<br><br>Western Digital Technologies, Inc.<br><br>                Defendant. | Civil Action No.: 6:20-cv-1216-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**DEFENDANTS' OPPOSED MOTION TO MODIFY SCHEDULING ORDER**

I.     **INTRODUCTION**

This is an unusual case. Across seven cases filed in this Court, Plaintiff Ocean Semiconductor LLC ("Ocean") alleges infringement of seven common patents and an eighth patent as to two parties. Ocean asserts over 70 claims and refuses to narrow its assertions, despite unfavorable claim constructions. Further compounding these complexities, Ocean admits that "much of the information necessary for both infringement and invalidity issues is in the hands of third parties rather than of the parties." Declaration of Janice Ta ("Ta Decl.") Ex. A (Jan. 6, 2022 email from Ocean's counsel to defendants' counsel).

The Court's OGP usually affords 22 weeks after final infringement contentions to narrow and focus the case and to complete fact discovery. On March 29, Ocean successfully moved the Court to postpone the due date for final infringement contentions by an additional eight weeks *after* having obtained a first agreed extension of eight weeks. Under the current schedule, defendants would have less than seven weeks after Ocean's final infringement contentions to complete fact discovery and serve opening expert reports. This compressed post-final contention window wreaks havoc on the case schedule as to all parties but especially prejudices defendants. First, as defendants have repeatedly explained to Ocean in great detail, its deficient preliminary infringement contentions impede defendants' efforts to develop their cases. Second, Ocean's infringement allegations are aimed at manufacturing tools and software that defendants did not develop and in most cases do not own or use. It is critical that defendants understand Ocean's theories of the case before taking important third-party depositions and discovery. Even worse, Ocean now concedes it will likely try to **expand** its infringement allegations to add eight additional new systems and processes implicating new third-party suppliers and vendors. Decl. of Henrik

Parker ("Parker Decl."), Dkt. 66[1] at ¶¶ 71–73.  This would require extensive third-party discovery, including subpoenas, depositions, and potential motions practice in other jurisdictions, all within a matter of weeks.

To restore the lost balance in the opportunity for both sides to prepare their case, Defendants[2] request the schedule be extended by at least three months to ensure a meaningful interval between final infringement contentions and the close of fact discovery.

## II.   BACKGROUND

On December 31, 2020, Ocean filed suit against seven defendants,[3] alleging infringement of seven common patents—U.S. Patents Nos. 6,660,651; 6,907,305; 6,725,402; 6,968,248; 7,080,330; 6,836,691; and 8,676,538.  Ocean also alleged infringement of U.S. Patent No. 6,420,097 against STMicroelectronics, Inc. ("ST Inc.") and NXP USA, Inc.  Collectively, these patents are referred to as the "Asserted Patents."

On July 15, 2021, the Court entered a scheduling order setting a February 2, 2022 deadline for serving final infringement and invalidity contentions, and a July 6, 2022 deadline for the close of fact discovery.  Dkt. 34.  Ocean served its preliminary infringement contentions in July 2021, alleging infringement of over 70 claims (nearly 90 claims for some defendants).  From the beginning and throughout this case, defendants have repeatedly pointed out the deficiencies in

---

[1] For ease of reference, all docket numbers relate to *Ocean Semiconductor LLC v. ST Microelectronics, Inc.*, No. 6:20-cv-1215-ADA.  The same or similar filings can be found in each of the parallel cases.

[2] The following Defendants join this Motion and will collectively be referred to as "Defendants" for purposes of this Motion: MediaTek Inc. and MediaTek USA Inc. (No. 6:20-cv-1210-ADA); NXP USA, Inc. et al. (No. 6:20-cv-1212-ADA); Silicon Laboratories Inc. (No. 6:20-cv-1214-ADA); STMicroelectronics, Inc. (No. 6:20-cv-1215-ADA); and Western Digital Technologies, Inc. (No. 6:20-cv-1216-ADA).

[3] In addition to the Defendants joining this Motion, Ocean also filed suit against Renesas Electronics Corp. (No. 6:20-cv-1213-ADA), but Renesas does not join this Motion.  It is our understanding that NVIDIA Corporation (No. 6:20-cv-1211-ADA) plans to file a similar motion requesting an extension of the schedule based on the same schedule proposed here.

those contentions.  *E.g.*, Ta Decl. Ex. B (Aug. 11, 2021 letter from ST Inc.'s counsel to Ocean's counsel); Ex. C (Oct. 26, 2021 letter from ST Inc.'s counsel to Ocean's counsel); Ex. D (Feb. 15, 2022 letter from ST Inc.'s counsel to Ocean's counsel).

Around January 2022, Ocean reached out to defendants to extend the deadline to serve final infringement and invalidity contentions, citing alleged difficulty in obtaining discovery from third-party foundries and tool and software vendors.  Ocean acknowledged that "much of the information necessary for ***both infringement and invalidity issues*** is in the hands of third parties rather than of the parties," and thus proposed a two-month extension from February 2, 2022 to March 30, 2022 to serve mutual contentions.  Ta Decl. Ex. A (Jan. 6, 2022 email from Ocean's counsel to defendants' counsel) (emphasis added).

Defendants stated they would agree to this initial extension under two conditions:  (1) Ocean would reciprocate should defendants require adjustment to extend the Court's schedule; and (2) Ocean would agree that the March 30, 2022 extension to serve Ocean's final infringement contentions "will be final and will not expand the scope of the current case."  *E.g.*, Ta Decl. Ex. E (Jan. 21, 2022 email from ST Inc.'s counsel to Ocean's counsel); Ex. F (email from MediaTek's counsel to Ocean's counsel).  Defendants explained that any time pressure relating to the infringement contentions was a problem of Ocean's own making.  Despite knowing that it would need extensive third-party discovery since at least the filing of its Complaint—including foreign discovery—Ocean failed to diligently seek such discovery, waiting instead to serve subpoenas to some suppliers as late as five weeks after discovery opened in December 2021.  *Id.*  Defendants also expressed concerns about the effects that any extension would have on the remaining schedule in the case, including shortening the time for discovery after service of final contentions.  Ta Decl. Exs. E & F.  Nonetheless, as a courtesy, and based on reassurances from Ocean that it "ha[d] every

expectation that the March 30 extension [would] be sufficient and Ocean [would] diligently work to meet that deadline," defendants agreed to extend the deadline for final infringement and invalidity contentions to March 30, 2022. Ta Decl. Ex. G (Jan. 21, 2022 email from Ocean's counsel to defendants' counsel); Dkt. 55.

On March 24, 2022, four business days before final contentions were due, Ocean reached out to defendants proposing to extend the deadline for those contentions by another eight weeks from March 30 to May 27. Defendants promptly responded opposing the request, including because defendants had already agreed to an initial extension of eight weeks from February 2 to March 30. Some defendants offered to extend the final contentions deadline by 14 days if Ocean would agree to extend all case deadlines by the same two-week time period and confirm that it would not seek to broaden its infringement allegations in the case. Ta Decl. Ex. H (Mar. 28, 2022 email from defendants' counsel to Ocean's counsel); Ex. I (Mar. 28, 2022 email from NVIDIA's counsel to Ocean's counsel). Ocean rejected the compromise proposal. Ta Decl. Ex. J (Mar. 29, 2022 email from Ocean's counsel to defendants' counsel).

On March 29, 2022, the day before final contentions were due, Ocean filed an 18-page opposed motion (which exceeds the page limit for non-dispositive motions) to extend the final contentions deadline from March 30 to May 27. Dkt. 65. Ocean also submitted a lengthy counsel declaration and 86 pages of exhibits. That declaration named eight more manufacturing processes and software products as well as new suppliers and vendors that Ocean plans to add to its final infringement contentions. Within minutes of filing, the Court granted the opposed motion. Dkt. 67. Defendants had no opportunity to respond. The deadline for the close of fact discovery (July 6, 2022), the deadline for opening expert reports (July 13, 2022), and all other case deadlines remain unchanged. *Id*.

**III.   ARGUMENT**

A request for an extension is proper when additional time is needed "to avoid prejudice from another party's discovery timing or conduct."  Order Granting Theta IP, LLC's Request for Discovery Concerning Sales and Importation of Accused Products at 2, *Theta IP, LLC v. Samsung Elecs. Co.*, No. WA:20-CV-00160-ADA (W.D. Tex. Aug. 31, 2021), ECF No. 111.  Defendants have suffered prejudiced ever since receiving Ocean's deficient preliminary infringement contentions in July 2021, as they have repeatedly pointed out to Ocean.  *E.g.*, Ta Decl. Ex. B (Aug. 11, 2021 letter from ST Inc.'s counsel to Ocean's counsel); Ex. C (Oct. 26, 2021 letter from ST Inc.'s counsel to Ocean's counsel); Ex. D (Feb. 15, 2022 letter from ST Inc.'s counsel to Ocean's counsel).  Defendants have also noted Ocean's failure to provide its understanding and application of the plain and ordinary meaning of claim terms.  Ta Decl. Ex. D (Feb. 15, 2022 letter from ST Inc.'s counsel to Ocean's counsel) ("Ocean has not served final infringement contentions or expert reports to indicate how broadly or narrowly Ocean will seek to interpret the plain and ordinary meaning of claim terms.  Ocean's muddled PICs provide no such information.").  Ocean has neither withdrawn its deficient allegations nor taken steps to remedy them.  And it now has almost two more months before the service deadline for final infringement contentions.

Waiting for final contentions leaves Defendants in limbo and exacerbates the prejudice caused by Ocean's deficient preliminary infringement contentions.  Defendants cannot complete discovery regarding infringement, validity, or damages issues, including third-party discovery (from suppliers of accused systems, foundries, and potential sources of prior art), without an understanding of Ocean's actual infringement contentions and the claim interpretations Ocean adopts in those contentions.  The Court's default schedule proves the point.  The OGP contemplates ***22 weeks*** between the service of final infringement contentions and the end of fact


...


discovery—nearly four times longer than the time period provided in the current case schedule. *See* OGP 4.0.

The compressed post-final contention window leaves little time not only for the Defendants to complete fact discovery but to concurrently prepare and serve opening expert reports. Depending on the content of Ocean's final infringement contentions, including whether Ocean adds any of the eight new processes or systems it referenced in its request for an extension, Defendants will need to conduct extensive third-party discovery, including subpoenas, depositions, and potential motion practice in other jurisdictions, all within a matter of less than six weeks. Worse, Defendants must conduct such discovery and simultaneously prepare their opening expert reports within the seven weeks after Ocean, *for the first time*, provides its actual infringement theories and claim interpretations.

An extension would provide Defendants time to digest Ocean's final infringement contentions (and Ocean time to assess Defendant's final invalidity contentions) and allow the parties to engage in discovery necessitated by the allegations, such as third-party discovery relating to alleged infringement or invalidity. The "unusual circumstances" and complexities of this case reinforce the need for an extension. Ocean asserts eight patents against seven different defendants and admits that "much of the information necessary for both infringement and invalidity issues is in the hands of third parties rather than of the parties." Ta Decl. Ex. A (Jan. 6, 2022 email from Ocean's counsel to defendants' counsel); *see also* Dkt. 65 at 2–4 (Ocean recognizing that accused systems are designed and manufactured by third parties).

In addition, an extension is particularly appropriate when a plaintiff seeks to expand the scope of a case. *See* Minute Entry, *Sonos, Inc. v. Google LLC*, No. 6-20-cv-00881-ADA (W.D. Tex. Jan. 29, 2021), ECF No. 45. The parties' deadline for the first of two meet and confers to

"significantly narrow" the case is scheduled for June 8, 2022, less than two weeks after Ocean serves its final infringement contentions. But instead of narrowing the case, Ocean has stated it is likely to seek to expand the case to include *additional* systems and infringement allegations. Dkt. 65 at 16–17.

To alleviate the compressed schedule, Defendants request an extension of case deadlines by approximately three months, as shown in the chart below. The requested extension is less than the four months that Ocean has already obtained for the final contentions deadline.

| Item | Current deadline | Extended deadline |
|---|---|---|
| Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. | June 8, 2022 | September 7, 2022 |
| Close of Fact Discovery. | July 6, 2022 | October 5, 2022 |
| Opening Expert Reports. | July 13, 2022 | October 12, 2022 |
| Rebuttal Expert Reports. | August 10, 2022 | November 9, 2022 |
| Close of Expert Discovery. | August 31, 2022 | November 30, 2022 |
| Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. | September 7, 2022 | December 7, 2022 |
| Dispositive motion deadline and Daubert motion deadline. | September 14, 2022 | December 14, 2022 |
| Serve Pretrial Disclosures | September 28, 2022 | January 11, 2023 |
| Serve objections to pretrial disclosures/rebuttal disclosures. | October 12, 2022 | January 25, 2023 |
| Serve objections to rebuttal disclosures and File Motions *in limine*. | October 19, 2022 | February 1, 2023 |
| File Joint Pretrial Order and Pretrial Submissions; file oppositions to motions *in limine* | October 26, 2022 | February 8, 2023 |
| File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. | November 2, 2022 | February 15, 2023 |
| File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. | November 11, 2022 | February 24, 2023 |

| Item | Current deadline | Extended deadline |
|---|---|---|
| Final Pretrial Conference. | November 16, 2022 | Subject to the convenience of the Court's calendar |
| Jury Selection/Trial. | December 7, 2022 | Subject to the convenience of the Court's calendar |

There is no legitimate reason for Ocean to oppose the requested relief given the sprawling nature of these cases and Ocean's own stated plans to broaden this case just weeks before the close of fact discovery. In fact, Ocean has acknowledged that an extension of at least the discovery period may be warranted. Ta Decl. Ex K (Apr. 6, 2022 email from Ocean's counsel to defendants' counsel). But Ocean also proposed compressing the remainder of the already tight schedule to accommodate any extension of discovery. Defendants should not bear the burden of Ocean's extension of time to serve final contentions either with a truncated discovery period or a further compressed case schedule.

Moreover, defendants agreed to Ocean's initial request for an eight-week extension with the understanding that Ocean would extend the same courtesy were defendants to request an extension. Ta Decl. Ex E (Jan. 21, 2022, email from ST Inc.'s counsel to Ocean's counsel). It is beyond reasonable dispute that Defendants will need more time after receiving Ocean's final infringement contentions to conduct third-party discovery, prepare expert reports, and develop their defenses. It would also be unfair to grant Ocean a reprieve on the final contentions deadline without similar adjustment of case deadlines that follow.

IV.    **CONCLUSION**

For the foregoing reasons, Defendants request that the Court grant the proposed extension of case deadlines. Defendants also request that the Court grant a hearing to hear argument on this Motion.

Dated: April 14, 2022                                Respectfully submitted,

|  | /s/ Tyler R. Bowen<br>Janice L. Ta, Texas 24075138<br>JTa@perkinscoie.com<br>PERKINS COIE LLP<br>405 Colorado St., Suite 1700<br>Austin, TX 78701<br>Tel: (737) 256-6100<br>Fax: (737) 256-6300<br><br>Chad S. Campbell (*admitted pro hac vice*)<br>CSCampbell@perkinscoie.com<br>Tyler R. Bowen (*admitted pro hac vice*)<br>TBowen@perkinscoie.com<br>PERKINS COIE LLP<br>2901 North Central Avenue, Suite 2000<br>Phoenix, AZ  85012<br>Tel: (602) 351-8000<br>Fax: (602) 648-7000<br><br>Philip A. Morin (*admitted pro hac vice*)<br>PMorin@perkinscoie.com<br>PERKINS COIE LLP<br>11452 El Camino Real, Suite 300<br>San Diego, CA  92130-2020<br>Tel: (858) 720-5700<br>Fax: (858) 720-5799<br><br>*Counsel for Defendant STMicroelectronics, Inc.* |
|---|---|
|  | /s/ L. Kieran Kieckhefer<br>L. Kieran Kieckhefer (*pro hac vice*)<br>SHEARMAN & STERLING LLP<br>535 Mission Street, 25th Floor<br>San Francisco, CA 94105<br>Tel: (415) 616-1124<br>Fax: (415) 616-1199<br>Kieran.Kieckhefer@Shearman.com<br><br>David P. Whittlesey<br>SHEARMAN & STERLING LLP<br>300 West 6th Street, 22nd Floor<br>Austin, TX 78701<br>Tel: (512) 647-1907 |

|  | Fax: (512) 857-6602<br>David.Whittlesey@Shearman.com<br><br>Matthew G. Berkowitz (*pro hac vice*)<br>Patrick Colsher (*pro hac vice*)<br>Yue (Joy) Wang (*pro hac vice*)<br>SHEARMAN & STERLING LLP<br>1460 El Camino Real, 2nd Floor<br>Menlo Park, CA 94025<br>Tel: (650) 838-3737<br>Fax: (650) 838-5141<br>Matt.Berkowitz@Shearman.com<br>Patrick.Colsher@Shearman.com<br>Joy.Wang@Shearman.com<br><br>Ahmed ElDessouki (*pro hac vice*)<br>SHEARMAN & STERLING LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 848-4908<br>Ahmed.ElDessouki@Shearman.com<br><br>*Counsel for Defendant Western Digital Techs., Inc.* |
|  | */s/ Stephanie N. Sivinski*<br>David H. Harper<br>Texas Bar No. 09025540<br>david.harper@haynesboone.com<br>David L. McCombs<br>Texas Bar No. 13438700<br>david.mccombs@haynesboone.com<br>Stephanie N. Sivinski<br>Texas Bar No. 24075080<br>stephanie.sivinski@haynesboone.com<br>HAYNES AND BOONE, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>Tel: (214) 651-5000<br>Fax: (214) 200-0615<br><br>*Counsel for Defendants MediaTek Inc. and MediaTek USA Inc.* |
|  | */s/ Marc B. Collier*<br>Marc B. Collier (SBN 00792418) |

|  | marc.collier@nortonrosefulbright.com<br>Eric C. Green (SBN 24069824)<br>eric.green@nortonrosefulbright.com<br>Catherine Garza (SBN 24073318)<br>cat.garza@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701<br>Tel: (512) 474-5201<br>Fax: (512) 536-4598<br><br>Richard S. Zembek (SBN 00797726)<br>richard.zembek@nortonrosefulbright.com<br>Darren Smith (SBN 24088433)<br>darren.smith@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095<br>Tel: (713) 651-5151<br>Fax: (713) 651-5246<br><br>*Counsel for Defendant Silicon Laboratories Inc.* |
|  | */s/ Bradley D. Coburn*<br>Barry K. Shelton<br>Texas Bar No. 24055029<br>Bradley D. Coburn<br>Texas Bar No. 24036377<br>WINSTON & STRAWN LLP<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201<br>bshelton@winston.com<br>bcoburn@winston.com<br>Tel: (512) 453-6402<br>Fax: (214) 453-6400<br><br>*Counsel for Defendant NXP USA, Inc.* |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), the undersigned hereby certifies that between April 4, 2022, and April 12, 2022, counsel for the parties conferred by email and could not agree on a schedule extension acceptable to all parties.

/s/ Eric C. Green
Eric C. Green

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on April 14, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ Eric C. Green
Eric C. Green