# Exhibit A

| | |
|---|---|
| **From:** | Henrik Parker |
| **To:** | OceanSemi-WDTX Defs@devlinlawfirm.com; ge-nvidia-oceansemiconductor |
| **Cc:** | oceansemi-dlf; Timothy Devlin |
| **Subject:** | Ocean Semiconductor Cases in W.D. Tex. (Nos. 20-cv-01210 through 20-cv-01216) |
| **Date:** | Thursday, January 6, 2022 3:57:57 PM |
| **Attachments:** | image001.png |

Counsel:

As you know, fact discovery in these actions only opened on December 9, 2021, but the Scheduling Order sets February 2, 2022—less than eight weeks later—as the deadline for the parties to serve final infringement contentions and final invalidity contentions, despite the fact that fact discovery continues for more than five more months thereafter (until July 6, 2022). Under the current schedule, a party will be required to seek leave of the Court to amend their contentions after the February 2 deadline.

As you also know, Ocean has served subpoenas on various third-party tool manufacturers and foundries, several of which are foreign entities (e.g., TSMC, UMC, and ASML). Similarly, Ocean has seen that many of the defendants have served (or are attempting to serve) third party subpoenas directed, at least in part, to invalidity issues (e.g., those to AMD, ASML, Texas Instruments, and the University of New Mexico). Ocean was informed yesterday that additional subpoenas to at least ASML will be served soon. Perhaps more such subpoenas are also forthcoming. At least some of these subpoenas have deposition return dates after February 2.

In its communications with the third parties that Ocean has subpoenaed about their obligations to promptly respond to the subpoenas, several of the third parties have expressed that they cannot reasonably fully respond, complete document production, and provide a witness for deposition thereafter within a time frame that allows for Ocean to prepare comprehensive infringement contentions by February 2. Ocean suspects that the defendants may be in a similar situation with respect to their subpoenas and their invalidity contentions.

In order to alleviate these timing issues, which are essentially an anomaly of these actions where much of the information necessary for both infringement and invalidity issues is in the hands of third parties rather than of the parties, Ocean proposes that the parties jointly agree to extend the February 2 deadline to a date in the latter half of March, e.g., March 30. Although the Court undoubtedly would be receptive to a party's seeking leave to amend their contentions when the reason is the difficulty of obtaining information from third parties (several of them foreign), it would be more efficient for all involved to avoid the need for such motion practice. At the same time, a March 30 deadline still leaves over three months before the close of fact discovery.

Please let Ocean know as soon as possible whether or not the defendants are willing to jointly approach the Court with such a proposal.

Best regards,
    Rik



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.