# Exhibit H

| | |
|---|---|
| **From:** | Green, Eric |
| **To:** | Brice Lynch; Henrik Parker; Olga Slobodyanyuk; Ahmed ElDessouki; Barry Shelton; Bradley Coburn; Garza, Cat; Campbell, Chad (PHX); dadams; Smith, Darren; David Harper; david mccombs; David Whittlesey; DG-RenesasDC; Drew Holmes; Joy Wang; Ta, Janice (AUS); kevin@radip.com; Kieran Kieckhefer; Collier, Marc; Matt Berkowitz; Patrick Colsher; Morin, Philip A. (SDO); Zembek, Richard; Scott Cole; Sean Pak; Sivinski, Stephanie; Bowen, Tyler R. (PHX); qe-nvidia-oceansemiconductor; SiLabs_Ocean_NRF |
| **Cc:** | oceansemi-dlf; Timothy Devlin |
| **Subject:** | RE: Ocean Semi v. MediaTek, 20-cv-1210; NVIDIA., 20-cv-1211; NXP, 20-cv-1212; Renesas, 20-cv-1213; Silicon Labs, 20-cv-1214; STMicroelectronics, 20-cv-1215; and Western Digital, 20-cv-1216 |
| **Date:** | Monday, March 28, 2022 4:33:32 PM |
| **Attachments:** | image001.png<br>image002.png |

Rik,

I write on behalf of Silicon Labs, Western Digital, ST, and NXP. As you know, we have already agreed to one extension of these deadlines with the caveat that Defendants would not agree to further extensions.

We disagree with your contentions below that Ocean has proceeded diligently or that Ocean's delays are somehow Defendants' fault. The delay Ocean seeks would be particularly unreasonable if the resulting extension is used to broaden as opposed to narrowing the litigation. Therefore, Defendants will agree to a 14-day extension of the case schedule if Ocean confirms it will not seek further extensions of the infringement contention deadline or add new accused products in its final contentions. Otherwise, we oppose Ocean's request.

Regards,

Eric


**Eric Green** | Partner
Norton Rose Fulbright US LLP
Tel +1 512 536 3009
eric.green@nortonrosefulbright.com

---

**From:** Brice Lynch <bricelynch@quinnemanuel.com>
**Sent:** Monday, March 28, 2022 6:16 PM
**To:** Henrik Parker <hparker@devlinlawfirm.com>; Olga Slobodyanyuk <olgaslobodyanyuk@quinnemanuel.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>; Barry Shelton <bshelton@winston.com>; Bradley Coburn <bcoburn@winston.com>; Garza, Cat <cat.garza@nortonrosefulbright.com>; CSCampbell <CSCampbell@perkinscoie.com>; dadams <dadams@sgbfirm.com>; Smith, Darren <darren.smith@nortonrosefulbright.com>; David Harper <david.harper@haynesboone.com>; david mccombs <david.mccombs@haynesboone.com>; David Whittlesey <David.Whittlesey@Shearman.com>; DG-RenesasDC <DG-RenesasDCt@goodwinlaw.com>; Drew Holmes <drewholmes@quinnemanuel.com>; Green, Eric <eric.green@nortonrosefulbright.com>; Joy Wang <Joy.Wang@Shearman.com>; JTa <JTa@perkinscoie.com>; kevin@radip.com; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; Collier, Marc

<marc.collier@nortonrosefulbright.com>; Matt Berkowitz <Matt.Berkowitz@Shearman.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; PMorin <PMorin@perkinscoie.com>; Zembek, Richard <richard.zembek@nortonrosefulbright.com>; Scott Cole <scottcole@quinnemanuel.com>; Sean Pak <seanpak@quinnemanuel.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; TBowen <TBowen@perkinscoie.com>; qe-nvidia-oceansemiconductor <qe-nvidia-oceansemiconductor@quinnemanuel.com>; SiLabs_Ocean_NRF <SiLabs_Ocean_NRF@nortonrosefulbright.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** RE: Ocean Semi v. MediaTek, 20-cv-1210; NVIDIA., 20-cv-1211; NXP, 20-cv-1212; Renesas, 20-cv-1213; Silicon Labs, 20-cv-1214; STMicroelectronics, 20-cv-1215; and Western Digital, 20-cv-1216

**[External Email – Use Caution]**

Rik,

I write on behalf of NVIDIA, noting that MediaTek and Renesas share the same views.

As you know, we already agreed to one long extension of these deadlines with the caveat that we would not agree to further extensions.  We continue to disagree with the premise of this request – namely that plaintiffs' are entitled to full discovery as a prerequisite to finalizing your infringement contentions.  If that were true, Judge Albright's schedule would not have final infringement contentions due a mere thirty days after discovery opens – a time period that allows for essentially no discovery to be complete.

Please explain why you believe otherwise.  Respectfully, we made our position on this clear when we extended the professional courtesy of the prior extension.

Please let us know how you intend to proceed.

Best,
Brice

**Brice Lynch**
Silicon Valley | Quinn Emanuel Urquhart & Sullivan, LLP
Direct: (650) 801-5104 | bricelynch@quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Henrik Parker <hparker@devlinlawfirm.com>
**Sent:** Monday, March 28, 2022 10:56 AM
**To:** Olga Slobodyanyuk <olgaslobodyanyuk@quinnemanuel.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>; Barry Shelton <bshelton@winston.com>; Bradley Coburn <bcoburn@winston.com>; cat garza <cat.garza@nortonrosefulbright.com>; CSCampbell <CSCampbell@perkinscoie.com>; dadams <dadams@sgbfirm.com>; darren smith <darren.smith@nortonrosefulbright.com>; David Harper <david.harper@haynesboone.com>; david mccombs <david.mccombs@haynesboone.com>; David Whittlesey <David.Whittlesey@Shearman.com>; DG-RenesasDC <DG-RenesasDCt@goodwinlaw.com>; Drew Holmes <drewholmes@quinnemanuel.com>; eric green <eric.green@nortonrosefulbright.com>; Joy Wang <Joy.Wang@Shearman.com>; JTa <JTa@perkinscoie.com>; kevin@radip.com; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; marc collier <marc.collier@nortonrosefulbright.com>; Matt Berkowitz <Matt.Berkowitz@Shearman.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; PMorin <PMorin@perkinscoie.com>; richard zembek <richard.zembek@nortonrosefulbright.com>; Scott Cole <scottcole@quinnemanuel.com>; Sean Pak <seanpak@quinnemanuel.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; TBowen <TBowen@perkinscoie.com>; qe-nvidia-oceansemiconductor <qe-nvidia-oceansemiconductor@quinnemanuel.com>; SiLabs_Ocean_NRF@nortonrosefulbright.com
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** RE: Ocean Semi v. MediaTek, 20-cv-1210; NVIDIA., 20-cv-1211; NXP, 20-cv-1212; Renesas, 20-cv-1213; Silicon Labs, 20-cv-1214; STMicroelectronics, 20-cv-1215; and Western Digital, 20-cv-1216

**[EXTERNAL EMAIL from hparker@devlinlawfirm.com]**

Counsel:

Ocean has not heard from any of you in response to the email below from last Thursday.

Can you please provide your positions?

Best regards,

    Rik

*************************************************************

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all

copies thereof, including all attachments.

---

**From:** Henrik Parker
**Sent:** Thursday, March 24, 2022 9:55 PM
**To:** Olga Slobodyanyuk <olgaslobodyanyuk@quinnemanuel.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>; Barry Shelton <bshelton@winston.com>; Bradley Coburn <bcoburn@winston.com>; cat garza <cat.garza@nortonrosefulbright.com>; CSCampbell <CSCampbell@perkinscoie.com>; dadams <dadams@sgbfirm.com>; darren smith <darren.smith@nortonrosefulbright.com>; David Harper <david.harper@haynesboone.com>; david mccombs <david.mccombs@haynesboone.com>; David Whittlesey <David.Whittlesey@Shearman.com>; DG-RenesasDC <DG-RenesasDCt@goodwinlaw.com>; drewholmes <drewholmes@quinnemanuel.com>; eric green <eric.green@nortonrosefulbright.com>; Joy Wang <Joy.Wang@Shearman.com>; JTa <JTa@perkinscoie.com>; kevin@radip.com; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; marc collier <marc.collier@nortonrosefulbright.com>; Matt Berkowitz <Matt.Berkowitz@Shearman.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; PMorin <PMorin@perkinscoie.com>; richard zembek <richard.zembek@nortonrosefulbright.com>; scott cole <scottcole@quinnemanuel.com>; seanpak <seanpak@quinnemanuel.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; TBowen <TBowen@perkinscoie.com>; qe-nvidia-oceansemiconductor <qe-nvidia-oceansemiconductor@quinnemanuel.com>; SiLabs_Ocean_NRF@nortonrosefulbright.com
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Ocean Semi v. MediaTek, 20-cv-1210; NVIDIA., 20-cv-1211; NXP, 20-cv-1212; Renesas, 20-cv-1213; Silicon Labs, 20-cv-1214; STMicroelectronics, 20-cv-1215; and Western Digital, 20-cv-1216

Counsel:

Ocean Semiconductor proposes that the WDTX parties jointly approach Judge Albright to extend the deadline for Final Infringement Contentions and Final Invalidity Contentions by just over eight weeks from March 30 until May 27, 2022.

The reasons for this are obvious.

Ocean Semiconductor promptly began discovery of both: (a) all of the WDTX Defendants; and (b) a large number of critical third parties (e.g., TSMC, UMC, KIOXIA, ASML, AMAT, camLine, and PDF Solutions) within days of discovery opening on December 9, 2021. Nevertheless, despite Ocean's diligence and best efforts, significant portions of that sought discovery have yet to be produced and other significant portions were only produced within the last few days.

As to the third parties, Ocean has yet to obtain all that it is entitled to. As to a couple of the third parties, there are fully briefed but unresolved motions to compel and to quash. As to

others, Ocean has continued to negotiate and, while making progress, has not yet received all documentation from those third parties to which Ocean is entitled. (As points of reference, while none of their productions is yet complete and Ocean is entitled to significantly more, Ocean has succeeded in obtaining over 2,000 pages from TSMC, over 7,500 pages from ASML, close to 2,000 pages from PDF Solutions, and over 50,000 pages from AMAT.) Because of these delays in obtaining documents, these critical third parties have yet to offer their witnesses for deposition.

In parallel, despite having served discovery requests on each of the Defendants more than three months ago, other than invalidity-related production, Ocean has yet to receive any production from MediaTek or Western Digital, and only about 3,500 pages from Renesas (produced within the last week). Thus, it is clear that these Defendants have failed to meet their obligations in order to allow Ocean to fully supplement its infringement contentions.

On the other hand, Ocean has received over 87,000 pages of documents from the other four Defendants, of which over 64,000 pages were produced within the last eight days and more than 17,000 pages were produced within just the last two days. While Ocean continues to work through these voluminous productions, it is not reasonable to expect that it can collate and analyze such voluminous production in just a matter of days.

Certainly, it has not been reasonable for Ocean to take the depositions of any of the Defendants yet given the lack of, or very recent, document production from each of them and, thus, Ocean does not yet have the benefit of any such deposition.

As a result of all of this, Ocean cannot fully analyze the infringement issues nor does it have all appropriate evidence supporting its infringement theories at this point in time.

Looking at the situation from the other side, while Ocean has seen that Defendants have served a lengthy list of subpoenas on third parties that Ocean believes are directed to potential validity issues, it is Ocean's understanding that Defendants have yet to receive documents from most of those third parties and has yet to take a single deposition related to them. As such, it does not appear that Defendants are fully ready to prepare and serve Final Invalidity Contentions.

Consequently, and given that fact discovery remains open until July 6, it is reasonable to jointly agree to extend the current deadline for final contentions to May 27.

Please let Ocean know as soon as possible whether or not the Defendants will agree to such an extension and will join with Ocean in approaching the Court to memorialize that extension. If Defendants will not so agree, Ocean will file the extension motion as an opposed motion.

Best regards,

    Rik



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.