# Exhibit J

| | |
|---|---|
| **From:** | Henrik Parker |
| **To:** | Brice Lynch; Olga Slobodyanyuk; Ahmed ElDessouki; Barry Shelton; Bradley Coburn; Garza, Cat; Campbell, Chad (PHX); dadams; Smith, Darren; David Harper; david mccombs; David Whittlesey; DG-RenesasDC; Drew Holmes; eric green; Joy Wang; Ta, Janice (AUS); kevin@radip.com; Kieran Kieckhefer; marc collier; Matt Berkowitz; Patrick Colsher; Morin, Philip A. (SDO); richard zembek; scott cole; seanpak; Sivinski, Stephanie; Bowen, Tyler R. (PHX); ge-nvidia-oceansemiconductor; SiLabs_Ocean_NRF@nortonrosefulbright.com |
| **Cc:** | oceansemi-dlf; Timothy Devlin |
| **Subject:** | RE: Ocean Semi v. MediaTek, 20-cv-1210; NVIDIA., 20-cv-1211; NXP, 20-cv-1212; Renesas, 20-cv-1213; Silicon Labs, 20-cv-1214; STMicroelectronics, 20-cv-1215; and Western Digital, 20-cv-1216 |
| **Date:** | Tuesday, March 29, 2022 9:20:40 AM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png |

Counsel:

Defendants have repeatedly complained that Ocean's Preliminary Contentions lacked sufficient citation to evidence with respect to a variety of aspects.

While Ocean disagrees with those complaints and the premise underlying them, Defendants cannot "have their cake and eat it, too."

In an effort to be as complete as possible and to avoid any future controversy, Ocean believes that it is appropriate to extend the deadline, particularly since the proposed extension will not prejudice the Defendants.

Given that the other Defendants have rejected Ocean's proposal, Ocean will file its motion as opposed.

Best regards,

    Rik



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Brice Lynch <bricelynch@quinnemanuel.com>
**Sent:** Monday, March 28, 2022 5:16 PM
**To:** Henrik Parker <hparker@devlinlawfirm.com>; Olga Slobodyanyuk <olgaslobodyanyuk@quinnemanuel.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>; Barry Shelton <bshelton@winston.com>; Bradley Coburn <bcoburn@winston.com>; cat garza <cat.garza@nortonrosefulbright.com>; CSCampbell <CSCampbell@perkinscoie.com>; dadams <dadams@sgbfirm.com>; darren smith <darren.smith@nortonrosefulbright.com>; David Harper <david.harper@haynesboone.com>; david

mccombs <david.mccombs@haynesboone.com>; David Whittlesey <David.Whittlesey@Shearman.com>; DG-RenesasDC <DG-RenesasDCt@goodwinlaw.com>; drewholmes <drewholmes@quinnemanuel.com>; eric green <eric.green@nortonrosefulbright.com>; Joy Wang <Joy.Wang@Shearman.com>; JTa <JTa@perkinscoie.com>; kevin@radip.com; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; marc collier <marc.collier@nortonrosefulbright.com>; Matt Berkowitz <Matt.Berkowitz@Shearman.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; PMorin <PMorin@perkinscoie.com>; richard zembek <richard.zembek@nortonrosefulbright.com>; scott cole <scottcole@quinnemanuel.com>; seanpak <seanpak@quinnemanuel.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; TBowen <TBowen@perkinscoie.com>; qe-nvidia-oceansemiconductor <qe-nvidia-oceansemiconductor@quinnemanuel.com>; SiLabs_Ocean_NRF@nortonrosefulbright.com
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** RE: Ocean Semi v. MediaTek, 20-cv-1210; NVIDIA., 20-cv-1211; NXP, 20-cv-1212; Renesas, 20-cv-1213; Silicon Labs, 20-cv-1214; STMicroelectronics, 20-cv-1215; and Western Digital, 20-cv-1216

Rik,

I write on behalf of NVIDIA, noting that MediaTek and Renesas share the same views.

As you know, we already agreed to one long extension of these deadlines with the caveat that we would not agree to further extensions.  We continue to disagree with the premise of this request – namely that plaintiffs' are entitled to full discovery as a prerequisite to finalizing your infringement contentions.  If that were true, Judge Albright's schedule would not have final infringement contentions due a mere thirty days after discovery opens – a time period that allows for essentially no discovery to be complete.

Please explain why you believe otherwise.  Respectfully, we made our position on this clear when we extended the professional courtesy of the prior extension.

Please let us know how you intend to proceed.

Best,
Brice

**Brice Lynch**
Silicon Valley | Quinn Emanuel Urquhart & Sullivan, LLP
Direct: (650) 801-5104 | bricelynch@quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Henrik Parker <hparker@devlinlawfirm.com>
**Sent:** Monday, March 28, 2022 10:56 AM
**To:** Olga Slobodyanyuk <olgaslobodyanyuk@quinnemanuel.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>; Barry Shelton <bshelton@winston.com>; Bradley Coburn <bcoburn@winston.com>; cat garza <cat.garza@nortonrosefulbright.com>; CSCampbell <CSCampbell@perkinscoie.com>; dadams <dadams@sgbfirm.com>; darren smith <darren.smith@nortonrosefulbright.com>; David Harper <david.harper@haynesboone.com>; david mccombs <david.mccombs@haynesboone.com>; David Whittlesey <David.Whittlesey@Shearman.com>; DG-RenesasDC <DG-RenesasDCt@goodwinlaw.com>; Drew Holmes <drewholmes@quinnemanuel.com>; eric green <eric.green@nortonrosefulbright.com>; Joy Wang <Joy.Wang@Shearman.com>; JTa <JTa@perkinscoie.com>; kevin@radip.com; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; marc collier <marc.collier@nortonrosefulbright.com>; Matt Berkowitz <Matt.Berkowitz@Shearman.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; PMorin <PMorin@perkinscoie.com>; richard zembek <richard.zembek@nortonrosefulbright.com>; Scott Cole <scottcole@quinnemanuel.com>; Sean Pak <seanpak@quinnemanuel.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; TBowen <TBowen@perkinscoie.com>; qe-nvidia-oceansemiconductor <qe-nvidia-oceansemiconductor@quinnemanuel.com>; SiLabs_Ocean_NRF@nortonrosefulbright.com
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** RE: Ocean Semi v. MediaTek, 20-cv-1210; NVIDIA., 20-cv-1211; NXP, 20-cv-1212; Renesas, 20-cv-1213; Silicon Labs, 20-cv-1214; STMicroelectronics, 20-cv-1215; and Western Digital, 20-cv-1216

[EXTERNAL EMAIL from hparker@devlinlawfirm.com]

Counsel:

Ocean has not heard from any of you in response to the email below from last Thursday.

Can you please provide your positions?

Best regards,

Rik



*************************************************************

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-

mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Henrik Parker
**Sent:** Thursday, March 24, 2022 9:55 PM
**To:** Olga Slobodyanyuk <olgaslobodyanyuk@quinnemanuel.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>; Barry Shelton <bshelton@winston.com>; Bradley Coburn <bcoburn@winston.com>; cat garza <cat.garza@nortonrosefulbright.com>; CSCampbell <CSCampbell@perkinscoie.com>; dadams <dadams@sgbfirm.com>; darren smith <darren.smith@nortonrosefulbright.com>; David Harper <david.harper@haynesboone.com>; david mccombs <david.mccombs@haynesboone.com>; David Whittlesey <David.Whittlesey@Shearman.com>; DG-RenesasDC <DG-RenesasDCt@goodwinlaw.com>; drewholmes <drewholmes@quinnemanuel.com>; eric green <eric.green@nortonrosefulbright.com>; Joy Wang <Joy.Wang@Shearman.com>; JTa <JTa@perkinscoie.com>; kevin@radip.com; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; marc collier <marc.collier@nortonrosefulbright.com>; Matt Berkowitz <Matt.Berkowitz@Shearman.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; PMorin <PMorin@perkinscoie.com>; richard zembek <richard.zembek@nortonrosefulbright.com>; scott cole <scottcole@quinnemanuel.com>; seanpak <seanpak@quinnemanuel.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; TBowen <TBowen@perkinscoie.com>; qe-nvidia-oceansemiconductor <qe-nvidia-oceansemiconductor@quinnemanuel.com>; SiLabs_Ocean_NRF@nortonrosefulbright.com
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Ocean Semi v. MediaTek, 20-cv-1210; NVIDIA., 20-cv-1211; NXP, 20-cv-1212; Renesas, 20-cv-1213; Silicon Labs, 20-cv-1214; STMicroelectronics, 20-cv-1215; and Western Digital, 20-cv-1216

Counsel:

Ocean Semiconductor proposes that the WDTX parties jointly approach Judge Albright to extend the deadline for Final Infringement Contentions and Final Invalidity Contentions by just over eight weeks from March 30 until May 27, 2022.

The reasons for this are obvious.

Ocean Semiconductor promptly began discovery of both: (a) all of the WDTX Defendants; and (b) a large number of critical third parties (e.g., TSMC, UMC, KIOXIA, ASML, AMAT, camLine, and PDF Solutions) within days of discovery opening on December 9, 2021.  Nevertheless, despite Ocean's diligence and best efforts, significant portions of that sought discovery have yet to be produced and other significant portions were only produced within the last few days.

As to the third parties, Ocean has yet to obtain all that it is entitled to.  As to a couple of the

third parties, there are fully briefed but unresolved motions to compel and to quash.  As to others, Ocean has continued to negotiate and, while making progress, has not yet received all documentation from those third parties to which Ocean is entitled.  (As points of reference, while none of their productions is yet complete and Ocean is entitled to significantly more, Ocean has succeeded in obtaining over 2,000 pages from TSMC, over 7,500 pages from ASML, close to 2,000 pages from PDF Solutions, and over 50,000 pages from AMAT.)  Because of these delays in obtaining documents, these critical third parties have yet to offer their witnesses for deposition.

In parallel, despite having served discovery requests on each of the Defendants more than three months ago, other than invalidity-related production, Ocean has yet to receive any production from MediaTek or Western Digital, and only about 3,500 pages from Renesas (produced within the last week).  Thus, it is clear that these Defendants have failed to meet their obligations in order to allow Ocean to fully supplement its infringement contentions.

On the other hand, Ocean has received over 87,000 pages of documents from the other four Defendants, of which over 64,000 pages were produced within the last eight days and more than 17,000 pages were produced within just the last two days.  While Ocean continues to work through these voluminous productions, it is not reasonable to expect that it can collate and analyze such voluminous production in just a matter of days.

Certainly, it has not been reasonable for Ocean to take the depositions of any of the Defendants yet given the lack of, or very recent, document production from each of them and, thus, Ocean does not yet have the benefit of any such deposition.

As a result of all of this, Ocean cannot fully analyze the infringement issues nor does it have all appropriate evidence supporting its infringement theories at this point in time.

Looking at the situation from the other side, while Ocean has seen that Defendants have served a lengthy list of subpoenas on third parties that Ocean believes are directed to potential validity issues, it is Ocean's understanding that Defendants have yet to receive documents from most of those third parties and has yet to take a single deposition related to them.  As such, it does not appear that Defendants are fully ready to prepare and serve Final Invalidity Contentions.

Consequently, and given that fact discovery remains open until July 6, it is reasonable to jointly agree to extend the current deadline for final contentions to May 27.

Please let Ocean know as soon as possible whether or not the Defendants will agree to such an extension and will join with Ocean in approaching the Court to memorialize that extension. If Defendants will not so agree, Ocean will file the extension motion as an opposed motion.

Best regards,
Rik



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.