**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>                    Plaintiff<br><br>        v.<br><br>MediaTek Inc. and MediaTek USA Inc.,<br><br>                    Defendants. | Civil Action No.: 6:20-cv-1210-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>                    Plaintiff<br><br>        v.<br><br>NXP USA, Inc.<br><br>                    Defendant. | Civil Action No.: 6:20-cv-1212-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>                    Plaintiff<br><br>        v.<br><br>Silicon Laboratories Inc.,<br><br>                    Defendant. | Civil Action No.: 6:20-cv-1214-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

Ocean Semiconductor LLC,

                Plaintiff

     v.

STMicroelectronics, Inc.,

                Defendant.

Civil Action No.: 6:20-cv-1215-ADA

JURY TRIAL DEMANDED

PATENT CASE

Ocean Semiconductor LLC,

                Plaintiff

     v.

Western Digital Technologies, Inc.

                Defendant.

Civil Action No.: 6:20-cv-1216-ADA

JURY TRIAL DEMANDED

PATENT CASE

**PLAINTIFF OCEAN SEMICONDUCTOR LLC'S RESPONSE IN OPPOSITION TO
DEFENDANTS' OPPOSED MOTION TO MODIFY SCHEDULING ORDER**

**TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………………………………...……1

II.     BACKGROUND .................................................................................................... 2

III.    ARGUMENT ......................................................................................................... 4

   A.   Defendants' Request for Additional Time Is Vague and Omits Efforts Already  . Expended
        By Both Parties.................................................................................................. 4

   B.   Defendants' Real Purpose for Seeking an Extended Schedule Is to Delay Trial Until
        PTAB Has Issued Final Decisions Involving the Asserted Patents .................................... 7

   C.   Defendants' Assertions, and Continued Inaction, Relating to Ocean's Preliminary
        Infringement Contentions are Self-Defeating ........................................................ 8

   D.   The Scheduling Order's Deadline for Claim Narrowing Relates to the *Asserted Claims*,
        Not Accused Systems............................................................................................. 9

   E.   Defendants Rejected Ocean's Proposed Compromise, Despite Ocean's Position that
        No Modification of the Current Schedule Is Necessary.......................................... 9

IV.     CONCLUSION..................................................................................................... 10

## I.      INTRODUCTION

Defendants in the above-captioned actions ("Defendants") misstate and intentionally omit many facts relevant to the Court's decision on Defendants' Motion To Modify the Scheduling Order ("Motion").  In fact, as discussed in detail below, while Defendants couch their Motion as seeking their own extension so as to re-equalize the discovery timeline, Defendants have actually already conducted, and continue to conduct, precisely the discovery for which they vaguely claim the existing schedule requires modification.  More specifically, Defendants have served at least forty-four subpoenas on third-parties, have received voluminous production that Ocean has obtained from relevant third parties, and have conducted their own third-party depositions. These subpoenas, documents, and depositions bear directly on the issues as to which Defendants claim they need more time to investigate: "infringement, validity, [and] damages issues . . . ." (Dkt. 73 at 5.) [1]  Moreover, the earlier extension of the deadline for Final Infringement Contentions ("FICs") *also extended the deadline for Defendants' Final Invalidity Contentions.*

Thus, the earlier extension was simply not a one-way street—both Ocean and the Defendants were given the *same deadline and extension* to conduct the discovery that each seeks and to serve their respective contentions.  Defendants' hidden agenda underlying their Motion is abundantly clear:  *to push out the case schedule far enough to allow some or all of the pending IPR proceedings to have reached their final decision stage before trial*.  This Court should not condone Defendants' litigation tactic tailored to design around this Court's ongoing effort to shorten the time to trial.

---

[1] Unless otherwise noted, all docket citations in this Motion are to the docket in *Ocean Semiconductor LLC v. ST Microelectronics, Inc.*, No. 6:20-cv-1215-ADA (WDTX) but each such citation has analogous docket entries in each of the other three captioned actions.

Additionally, Defendants' discussion of what they view as "deficiencies" in Ocean's Preliminary Infringement Contentions is baseless.  Indeed, none of the Defendants has brought any such alleged deficiency before the Court.  Any alleged concern with Ocean's PICs is, therefore, not before the Court for review (nor should it ever be) and should not have any bearing on the Motion.  Further, Defendants' position that this case will not be narrowed within the deadlines set by the Scheduling Order is baseless, given the Scheduling Order's specific mandate to "narrowing the ***number of claims***."[2]  Ocean knows no reason, and Defendants have provided none, why such a narrowing would not occur, and the number of accused systems infringing the Asserted Claims does not change the "number of claims" or the triable limit for asserted claims.

The lack of merit in Defendants' Motion is vividly illustrated by the fact that one of the defendants in a different one of the seven consolidated actions—Renesas—***has not even joined in the motions***, indicating that it sees no need for an extended schedule.

The Motion should be denied.

## II.     BACKGROUND

Per the Court's July 15, 2021, Scheduling Order (Dkt. 34), fact discovery in the captioned actions opened on December 9, 2021.  Since that time, similar to Ocean's efforts, Defendants have engaged in a substantial discovery directed to Ocean.  Specifically, each Defendant has served a set of interrogatories (*see, e.g.*, Ex. 1)[3] and a set of requests for production (*see, e.g.*, Ex. 2), with defendant Western Digital Technologies, Inc. serving a second set of interrogatories and requests for production less than one month ago (*see* Exs. 3 and 4).

---

[2] Unless otherwise noted, all emphasis in this brief is added.
[3] Citations to Exhibits in this Motion refer to the Exhibits attached to this co-filed Parker Declaration.

More significantly, Defendants have engaged in substantial third-party discovery. ***Defendants have served no fewer than forty-four third-party subpoenas*** on entities including all of the third parties implicated in Ocean's PICs:  Advanced Micro Devices, Inc., Fullbrite Capital Partners, LLC, ASML US, LLC, ASML US, LP (collectively, with ASML US, LLC, "ASML"), PDF Solutions, Inc., camLine USA, Inc., Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC"), United Microelectronics Corporation ("UMC"), and many other third-parties.  All of these subpoenas were served ***after*** Ocean had served its PICs on July 2, 2021.  Defendants have also independently taken third-party depositions of Netherlands representatives related to the ASML subpoenas.  (*See* Ex. 10.)  Defendants chose to conduct these depositions despite Ocean's request for a reasonable amount of time to fully review ASML's document production and ASML's representation that it would not offer the witnesses for deposition a second time.  (*See id.* at 1-5.)

In addition to the above third-party subpoenas served by Defendants, Ocean has separately served third-party subpoenas for documents, all production from which have also been served on Defendants.  In total, as shown in detail in the following section, ***Defendants are in possession of at least 92,231 pages of documents produced by third-parties***.

Further, since Ocean served its PICs, Defendants have engaged in a letter-writing campaign contending that the PICs were deficient in various ways.  Each Defendant, with the exception of NXP, has sent no fewer than three letters to Ocean, making at best vague and at worst flatly incorrect assertions about the so-call "deficiencies" that Defendants have allegedly identified.  (*See, e.g.*, Exs. 5-7.)  The first two letters sent by each Defendant are largely duplicative and make the same inaccurate assertions.  Ocean has responded individually to each of the first two letters in turn and is in the process of drafting a response to the most recent

letters.  (*See, e.g.*, Ex. 8 and 9.)  As of the date of this Opposition, Defendants have not taken any action with the Court concerning any of their manufactured concerns.

Concurrent with these proceedings, the Patent Trial and Appeal Board ("PTAB") has granted institution of seven *inter partes* review ("IPR") petitions challenging the validity of some of the Asserted Patents.  The PTAB has instituted review of U.S. Patents Nos. 6,660,651 ("'651 patent"), 6,907,305 ("'305 patent"), 6,725,402 ("'402 patent"), 6,968,248 ("'248 patent"), 7,080,330 ("'330 patent"), 6,420,097 ("'097 patent"), and 8,676,538 ("'538 patent").  The PTAB is expected to issue Final Written Decisions on these petitions on the following dates: November 16, 2022 for the '651 and '330 patents; February 9, 2023 for the '538, '402. '248, and '305 patents; and March 4, 2023 for the '097 patent.

## III.    ARGUMENT

Defendants' Motion omits many of the above-discussed facts despite that those facts bear directly on the issues of the Motion.  Defendants have actively sought, and continue to seek, party and non-party discovery relevant to infringement, validity, and damages, all but eliminating the need for any further modification of the existing pre-trial schedule.  Defendants have failed to demonstrate a need for further time to conduct discovery given all that they have already received, and the Motion should be denied.

### A.    Defendants' Request for Additional Time Is Vague and Omits Efforts Already Expended By Both Parties

Defendants fail to provide the full range of facts necessary for the Court to make an informed ruling on the Motion.  In fact, Defendants have already conducted—and continue to conduct—precisely the discovery that they vaguely claim requires modification of the schedule.

Defendants' Motion makes clear that the entire basis for seeking modification to the existing case schedule rests on Defendants' need to conduct "discovery regarding infringement,

4

validity, or damages issues, including third-party discovery (from suppliers of accused systems, foundries, and potential sources of prior art) . . . ."  (Dkt. 73 at 5.)  This assertion, however, is entirely contradictory to the actions Defendants have already taken to obtain party and third-party discovery, and to the voluminous third-party discovery already provided to them as a result of Ocean's own discovery efforts.

As discussed above, Defendants have already served a set of interrogatories (*see, e.g.*, Ex. 1) and a set of requests for production (*see, e.g.*, Ex. 2), with defendant Western Digital Technologies, Inc. ("WDT") serving a second set of interrogatories and requests for production less than one month ago (*see* Exs. 3 and 4).  More significantly, ***Defendants have served no fewer than forty-four third-party subpoenas*** on third-party entities.  Defendants have also independently taken third-party depositions of Netherlands representatives related to the ASML subpoenas.  (*See* Ex. 10.)  Defendants chose to conduct this deposition despite Ocean's request for a reasonable amount of time to fully review ASML's document production and ASML's representation that it would not offer the witnesses for deposition a second time.  (*See id.* at 1-5.)  These subpoenas and depositions pertain to "infringement, validity, or damages issues."  (*See, e.g.*, Exs. 11-13.)  The below list further details each of the subpoenas served by Defendants:

1.   Subpoenas served on Advanced Micro Devices, Inc. by MediaTek Inc. and MediaTek USA Inc., Silicon Laboratories, Inc., STMicroelectronics, Inc., and Western Digital Technologies, Inc. (141 pages produced);

2.   Subpoenas served on Applied Materials, Inc. by MediaTek Inc. and MediaTek USA Inc., Silicon Laboratories, Inc., and Western Digital Technologies, Inc. (50,881 pages produced);

3.   Subpoenas served on ASML US, LLC and ASML US, LP by MediaTek Inc. and MediaTek USA Inc., Silicon Laboratories, Inc., STMicroelectronics, Inc., and Western Digital Technologies, Inc. (7,937 pages produced);

4.   Subpoena served on camLine USA, Inc. by STMicroelectronics, Inc. (Production expected, but not yet begun);

5.      Subpoenas served on Fullbrite Capital Partners, LLC by MediaTek Inc. and MediaTek USA Inc., NXP USA, Inc., Silicon Laboratories, Inc., STMicroelectronics, Inc., and Western Digital Technologies, Inc. (387 pages produced);

6.      Subpoenas served on PDF Solutions, Inc. by MediaTek Inc. and MediaTek USA Inc., NXP USA, Inc., Silicon Laboratories, Inc., STMicroelectronics, Inc., and Western Digital Technologies, Inc. (8,401 pages produced);

7.      Subpoenas served on Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC") by MediaTek Inc. and MediaTek USA Inc., STMicroelectronics, Inc., and Western Digital Technologies, Inc. (2,025 pages produced);

8.      Subpoenas served on United Microelectronics Corporation ("UMC") by MediaTek Inc. and MediaTek USA Inc. and STMicroelectronics, Inc. (Production expected, but not yet begun);

9.      Subpoenas served on Texas Instruments, Inc. by MediaTek Inc. and MediaTek USA Inc., NXP USA, Inc., Silicon Laboratories, Inc., STMicroelectronics, Inc., and Western Digital Technologies, Inc. (14,108 pages produced);

10.     Subpoena served on The University of New Mexico by STMicroelectronics, Inc. (Production expected, but not yet begun);

11.     Subpoena served on UNM Rainforest Innovations by STMicroelectronics, Inc. (1,465 pages produced);

12.     Subpoenas served on KLA Corporation d/b/a KLA-Tenor Corporation by MediaTek Inc. and MediaTek USA Inc. and Western Digital Technologies, Inc. (5,419 pages produced);

13.     Subpoenas served on Bio-Rad Laboratories, Inc. by MediaTek Inc. and MediaTek USA Inc. and Western Digital Technologies, Inc. (1,465 pages produced);

14.     Subpoenas served on Onto Innovations, Inc. by MediaTek Inc. and MediaTek USA Inc. and Western Digital Technologies, Inc. (Production expected, but not yet begun);

15.     Subpoenas served on Nikon Precision, Inc. by MediaTek Inc. and MediaTek USA Inc. and Western Digital Technologies, Inc. (Production expected, but not yet begun); and

16.     Subpoenas served on Canon USA, Inc. by MediaTek Inc. and MediaTek USA Inc. and Western Digital Technologies, Inc. (Production expected, but not yet begun).

Hence, the notion that Defendants require additional time to serve further discovery pertaining to "infringement, validity, or damages issues" is disingenuous.

To the extent that Ocean's Final Infringement Contentions ("FICs") will require additional discovery requests from Defendants, ***Defendants have failed to show with any detail that the more than one-and-a-half months currently built into the schedule for such discovery is insufficient***, or explained why the remaining two-and-a-half-months before the close of fact discovery is inadequate.  While Defendants make vague assertions that "Defendants will need to conduct extensive third-party discovery, including subpoenas, depositions, and potential motion practice in other jurisdictions" Defendants fail to address why the extensive third-party discovery ***they have already conducted*** is insufficient.  This is particularly true with regard to Defendants' forthcoming final invalidity contentions and any damages issues.  Regardless of Ocean's FICs, Defendants have already served discovery related to damages or invalidity issues and additional time set aside to do so is simply not necessary.

Based on these key facts, which Defendants studiously omit from their Motion, the more than three additional months built into Defendants proposed modified schedule are entirely groundless and driven to achieve a non-discovery objective, as will be explained in Section III(B) below.  The seven weeks that are already a part of the existing schedule is more than sufficient to meet both parties' needs.

**B.      Defendants' Real Purpose for Seeking an Extended Schedule Is to Delay Trial Until PTAB Has Issued Final Decisions Involving the Asserted Patents**

Defendants intentionally ignore the co-pending IPRs for which the PTAB has instituted review—the PTAB is expected to issue Final Written Decisions ("FWD") on petitions challenging the validity of some of the Asserted Patents on the following dates: November 16, 2022 for the '651 and '330 patents; February 9, 2023 for the '538, '402. '248, and '305 patents;

and March 4, 2023 for the '097 patent.  The significance of these dates is clear.  Under the current case schedule, the PTAB will likely issue only its FWDs on only two of the Asserted Patents prior to trial, namely for the '651 and '330 patents.  Under Defendants' proposal to extend trial by three months, trial will not take place until March of 2023 at the earliest (with parties filing objections to pretrial disclosures and motions *in limine* on February 24, 2023), which all but ensures that the PTAB will have decided ***all, if not nearly all, of the co-pending IPRs***.

Further, because the majority of the Defendants are named, at most, only as "potential real parties in interest," those Defendants have asserted that they are not estopped from pursuing the same invalidity grounds as those already raised in the IPR Petitions.  (*See* Dkt. 28 at 8.) Defendants should not be allowed to hide these key facts from the Court just so they could postpone trial to gain a second attempt at invalidating the Asserted Patents.

### C.    Defendants' Assertions, and Continued Inaction, Relating to Ocean's Preliminary Infringement Contentions are Self-Defeating

Defendants' Motion makes much purported hay in its mention of Ocean's PICs but— given that the Defendants have never challenged those PICs to this Court—this is entirely a red herring that should carry no weight when deciding the Motion.

Ocean has responded repeatedly to Defendants' letters laying out alleged concerns and have confirmed that the PICs properly notice Defendants of the asserted claims of infringement. More specifically, Ocean directed Defendants to record evidence which directly supports—and corrects Defendants' miscomprehension of—Ocean's PICs.  Consequently, Defendants' assertion that they are "in limbo" until receiving Ocean's FICs is baseless and nothing more than posturing.

Perhaps most importantly, the fact that the Motion is the first time that the Defendants

have even mentioned any alleged concerns regarding the PICs to the Court directly contradicts Defendants' self-serving alleged "prejudice."  This lack of prejudice is further illustrated by the fact that Renesas—a defendant who is in an identical posture to the Defendants here as to the issues underlying the Motion saw no need to join the Motion.

> ### D.   The Scheduling Order's Deadline for Claim Narrowing Relates to the *Asserted Claims*, Not Accused Systems

Defendants' assertion that the scope of the actions will "expand" is unfounded.  (Dkt. 73 at 6-7.)  Specifically, Defendants assert that Ocean's identification of systems noted throughout the course of discovery—systems which may also be infringing on the Asserted Patents—will all but nullify the Scheduling Order deadlines to "narrow[] the number of claims asserted and prior art references at issue . . . ."  (Dkt. 34 at 7.)  In other words, Defendants improperly attempt to equate systems that are accused of infringing the already asserted patents with the claims themselves.

Given the Scheduling Order's specific reference to "narrowing the ***number of claims***" and, as stated during the April 14, 2022, hearing regarding Defendants' Motions for Intra-District Transfer, the Court's reluctance to hear patent trials asserting greater than four patents, there can be no genuine dispute that the Asserted Claims will be narrowed within the deadlines of the current schedule.  Modification of the current schedule is neither necessary nor tethered to accomplishing that narrowing.

> ### E.   Defendants Rejected Ocean's Proposed Compromise, Despite Ocean's Position that No Modification of the Current Schedule Is Necessary

Defendants' assertion that "Ocean has acknowledged that an extension of at least the discovery period may be warranted" (Dkt. 73 at 8) is factually untrue.  In support of this inaccurate assertion, Defendants cite to an email chain between Defendants and counsel for Ocean.  (Ex. 14.)  The cited email, however, says nothing of the sort.  Rather, counsel for Ocean

explicitly stated that "Ocean sees no legitimate reason why the entire schedule needs to be extended by three months or more." (*Id.* at 6.)

Even so, ***as a show of good faith and not of agreement***, Ocean offered a compromise of "extending the close of fact discovery by a month while modifying the various deadlines thereafter up to, but not including, the November 16 Final Pretrial Conference so as to shorten the intervals between deadlines to allow for that month extension of discovery." (*Id.*) Defendants rejected that proposal outright, further illustrating that their effort to extend the current case schedule is simply a means to an end—delaying any trial(s) by all means necessary in the hopes of pushing them out beyond when the PTAB makes its final decision and ruling in the various IPR proceedings concerning the Asserted Patents.

In short, Defendants have failed to fully inform the Court of all key facts relevant to its judicial ruling on the Motion in an attempt to conceal their hidden agenda. Defendants' ulterior motive for seeking delay—pushing out trial beyond the date for IPR decisions—should be recognized and rejected. Also, contrary to Defendants' arguments, Defendants have already served the vast majority of the discovery they need to prepare final invalidity contentions, resolve damages issues, and prepare a non-infringement analysis, which further undermines their justification for a prolonged extension and reinforces their primary objective to delay trial at all costs.

IV.     CONCLUSION

For the reasons set forth above, Defendants' Motion should be denied.

Dated:  April 20, 2022

/s/ Alex Chan
Timothy Devlin
tdevlin@devlinlawfirm.com
Alex Chan
State Bar No. 24108051
achan@devlinlawfirm.com
Henrik D. Parker
hparker@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*ATTORNEYS FOR PLAINTIFF*
OCEAN SEMICONDUCTOR LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Alex Chan*
Alex Chan