# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| OCEAN SEMICONDUCTOR LLC,<br><br>  Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS, INC.,<br><br>  Defendant. | Civil Action No. 6:20-cv-1215-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT STMICROELECTRONICS INC.'S
FIRST SET OF INTERROGATORIES TO OCEAN SEMICONDUCTOR LLC**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant STMicroelectronics, Inc. hereby requests that Plaintiff Ocean Semiconductor LLC provide written responses to these interrogatories within thirty (30) days of service.

**DEFINITIONS**

1. "Plaintiff," "You," "Your," or "Ocean" means Ocean Semiconductor LLC, including without limitation its predecessors or successors in interest, predecessors or successors in interest as to each of the Asserted Patents, subsidiaries, divisions, parents and affiliates, past or present, and all past or present directors, principles, officers, partners, agents, representatives, employees, consultants, attorneys, or entities acting in conjunction, joint venture, or partnership with Plaintiff, and/or any entities acting under its direction or control or acting for or on its behalf, including but not limited to any current or former officer or employee at Ocean Semiconductor LLC.

2. "Defendant" or "ST Inc." means STMicroelectronics, Inc.

3. The term "Action" means the above-captioned litigation.

1

4. "Complaint(s)" means the complaint filed in the above-captioned action, or any amendments thereto.

5. "Asserted Patent(s)" means any of United States Patent Nos. 6,660,651 ("the '651 patent"), 6,725,402 ("the '402 patent"), 6,836,691 ("the '691 patent"), 6,907,305 ("the '305 patent"), 6,968,248 ("the '248 patent"), 7,080,330 ("the '330 patent"), and 8,676,538 ("the '538 patent").

6. "Related Patent(s)" means (i) any and all patents and patent applications that claim priority to the Asserted Patents; and (ii) any and all patents and patent applications to which the Asserted Patents claims priority.

7. "Asserted Claim" means any claim of an Asserted Patent that Plaintiff asserts in this Action.

8. "Accused Product(s)" means any of Defendant's products used, sold, or offered for sale within the United States, or imported into the United States, Plaintiff contends is made by a patented process of any Asserted Claim of any Asserted Patent, including each product identified as infringing in Plaintiff's Complaint or infringement contentions.

9. "Infringe" and "infringement" mean direct infringement, infringement by inducement, contributory infringement, willful infringement, literal infringement, and/or infringement under the doctrine of equivalents.

10. "Prior Art" includes, by way of example and without limitation, subject matter as described in 35 U.S.C. § 102 and/or 35 U.S.C. § 103 (both prior to and following amendment by the America Invents Act, P.L. 112-29) with respect to any claim of the Asserted Patents, including but not limited to patents, printed publications, prototypes, know-how, uses, sales, and offers for sale; and information, knowledge, Documents, and Things concerning the subject

matter of the Asserted Patents that were made or existed in the United States or abroad before the filing date of each claim of the Asserted Patents or the priority date for the same. For purposes of clarity, until the applicable priority dates for each claim of the Asserted Patents are finally determined, the relevant dates for Prior Art shall be before the filing date of each claim of the Asserted Patents.

11.     "Person" or "persons" means any natural person or business, legal or governmental entity, or association.

12.     "Document(s)" shall be interpreted in the broadest possible sense and at a minimum shall be synonymous in meaning with and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and also includes anything that would be a "writing" or "recording" as defined by Rule 1001(1) of the Federal Rules of Evidence.

13.     "Thing(s)" means any tangible item and shall be construed as broadly as possible under the Federal Rules of Civil Procedure.

14.     "Communication(s)" means any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including but not limited to conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings in any medium of oral, written, or typed communications; telephone or message logs; notes or memoranda relating to written or oral communications; and any translation thereof.

15.     "Information" means information in any form, including but not limited to documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to orally, in writing, or via electronic communication.

16. "Identify," "identity," and "identification" mean:

    a. as applied to an individual, to state the individual's full name, present or last known address and telephone number, present or last known employer, present or last known business address and telephone number, present and prior employment positions and corresponding dates of such positions, and a description of his present employment responsibilities;

    b. as applied to a Person other than a natural person (including but not limited to any business or other entity), to state the entity's full name, place and date of incorporation or formation, principal place of business or activity, and the identity of the natural persons within that entity having knowledge of the matter with respect to which that entity is named;

    c. as applied to a Document (whether or not any claim of privilege is made in respect thereof), to state the type of Document, the date of creation of the Document, the date of communication of the Document, the names and identities of the individuals who drafted, authored, or signed the Document or to whom a copy thereof was addressed or sent, a summary of the subject matter and content of the Document, the number of pages of the Document, the present whereabouts of the Document, including without limitation all originals and copies, and the name and address of the present or last known custodian of the Document;

    d. as applied to a Communication, to state the type of Communication, a summary of the subject matter of the Communication, the date of the Communication and the parties to the Communication, and if such Communication existed in or has been recorded in documentary form, to identify

all such Documents embodying or recording such Communication; or

  e. as applied to an act or event, to state a description of the act or event, including the circumstances that gave rise to such act or event, the date(s) on/over which the act or event occurred, the Person(s) who performed or contributed to the act or were involved in the event, the Person(s) who have knowledge or information about the act or event, how and when the circumstances of such act or event became known by You, and any Document(s) memorializing or describing such act or event.

17. "Describe" means disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the discovery request using the term "describe" and full identification and description of the source(s) of such facts, circumstances, conditions, and things, including, but not limited to, identification of each person having personal knowledge of such facts, circumstances, conditions, or things, and identification of each document containing information relating to such facts, circumstances, conditions, or things.

18. "Relate," "relating to," "refer," and "referring to" are used in their broadest possible sense and include all matters comprising, constituting, containing, concerning, embodying, reflecting, involving, discussing, describing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to, for each discovery request, whichever definition makes the discovery request most inclusive.

19. "And," and "or" shall each be construed disjunctively or conjunctively as necessary in order to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

20. "Each" shall be construed to include the word "every" and "every" shall be

construed to include the word "each" as necessary in order to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

21. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any" as necessary in order to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

22. "Include" or "including" means including but not limited to and should not be read to limit the scope of any particular discovery request, but merely as illustrative of some information that would be responsive.

23. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of a noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

## INSTRUCTIONS

1. Each Request shall be answered pursuant to Federal Rules of Civil Procedure 26 and 33 and supplemented as required by Federal Rule of Civil Procedure 26(e).

2. You have a continuing duty to supplement Your responses to these Interrogatories in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Any additional information relating in any way to these Interrogatories that You acquire, or that becomes known to You, up to and including at the time of trial, shall be furnished to Defendant promptly after such information is acquired by You or becomes known to You.

3. If You object to any part of an Interrogatory, answer all parts of the Interrogatory to which You do not object, and, as to each part to which You do object, set forth the basis for the objection.

4. If You do not answer an Interrogatory because You claim the information requested is privileged or protected from disclosure, as to each such Interrogatory, state the privilege or protection claimed, and set forth the basis for Your claim of privilege or protection and the general subject matter of the information for which the privilege or protection is claimed.

5. If You find any Interrogatory or any term used in any Interrogatory to be vague, ambiguous, subject to varying interpretations, or unclear, state what portion of the Interrogatory or term You find to be vague, ambiguous, subject to varying interpretations, or unclear and state the construction employed by You in responding to the Interrogatory.

## **INTERROGATORIES**

1. Separately for each Asserted Claim of the Asserted Patents that You contend is infringed, state in full all information concerning the conception and reduction to practice of the invention of the claim including but not limited to the earliest date on which You contend the claimed subject matter was conceived, the earliest date You contend the claimed subject matter was reduced to practice, all evidence concerning each such date of conception or reduction to practice, all acts Ocean contends represent diligence from conception to first actual reduction to practice, and identification of (by production number) all Documents and Things evidencing such conception, reduction to practice, and diligence.

2. If You contend that the claims of the Patent-in-Suit are not invalid, state all facts You intend to rely on that support or refute Your contention including: (a) if You contend the Patent-in-Suit is not invalid as obvious under 35 U.S.C. § 103 or anticipated under 35 U.S.C.

7

§ 102, identify all facts You intend to rely on supporting that contention; and (b) if You contend the Patent-in-Suit is not invalid on the basis of any other grounds, such as definiteness, enablement, or written description, state all facts You intend to rely on supporting those other grounds.

   3.  For each Asserted Claim of the Asserted Patents, identify and describe in detail any objective evidence of non-obviousness that You intend to rely upon, and for each such objective evidence of non-obviousness, identify and describe in detail: (i) the facts and circumstances underlying the objective evidence of non-obviousness; (ii) all Documents, circumstances, or other information that supports such facts; and (iii) any Documents, Things, and/or witnesses You intend to rely on to support such facts.

   4.  Separately for each Asserted Claim of the Asserted Patents that You contend is infringed, state in full all evidence which You contend proves that Defendant directly infringed the claim, all evidence which You contend proves that Defendant actively induced others to directly infringe each claim, all evidence which You contend proves the Defendant contributed to the direct infringement of each claim by another, and identification of (by production number) all Documents and Things evidencing such alleged direct and indirect infringement.

   5.  Identify by production number all agreements that relate to any ownership interest, including license rights, in the Asserted Patents and/or Related Patents.

   6.  Describe in detail all communications with third parties relating to actual or potential licenses, sublicenses, settlement agreements, technology sharing agreements or other agreements regarding any of the Asserted Patents and/or Related Patents, including without limitation an identification of: (i) the date of each offer; (ii) the royalty or royalty rate offered; (iii) the terms or basis on which such proposed royalty or royalty rate was calculated; (iv) any

other consideration or value to be paid or given by such person in exchange for the license; (v) all materials exchanged between and such person regarding the licensing of any of the Asserted Patents; and (vi) all documents (by production number) relating to any such communications.

7.    Describe in detail any determination of the value of any of the Asserted Patents (whether individually, collectively, or as part of a portfolio of other patents or intellectual property) made by You or on Your behalf, including without limitation: the basis for that determination, such as any industry-wide standard used; any experts consulted; any economic, statistical, accounting, or other market analyses undertaken, whether by You or an independent person; any value or consideration paid or given for the patent, including before the approval of its patent application; the costs, expenses or investments made or incurred in the development of the patent; and/or any comparison to similar and/or complementary patents or technologies, whether held by You or any other person, and whether already patented, in the process of being patented, or being developed with the intention or possibility of being patented.

8.    Identify by date, witness, and case style (including the case number and court) each deposition of any of the inventors of the Asserted Patents in any lawsuit, legal proceeding, or investigation where the alleged infringement of one of the Asserted Patents or a Related Patent was at issue.

9.    State all facts including the identification of witnesses and any documents that support or refute Your damages claims against Defendant including, but not limited to: (a) if Ocean is seeking reasonable royalty damages, all facts that You will rely on as relevant to determining a reasonable royalty, and all facts that You will rely on as relevant to each of the fifteen factors set out in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

10. Separately for each claim of the Asserted Patents and Related Patents, Identify all Prior Art known by Plaintiff, made known to Plaintiff, or ever brought to Plaintiff's attention by any third party or otherwise (including, without limitation, all Documents and Things that any Person or entity has asserted is Prior Art, is associated with Prior Art, or is potentially Prior Art), and describe the circumstances Related to the discovery of each such piece of Prior Art by Plaintiff, including without limitation when such discovery was made, the Person or Persons who made such discovery, the circumstances under which such Prior Art was made known to Plaintiff (including if any Person or entity has ever contended that any claim of the Asserted Patents is invalid), and any Documents (by Bates number) Relating or referring to Plaintiff's answer.

Dated: December 16, 2021

Respectfully submitted,

By: /s/ Tyler R. Bowen

Janice L. Ta, Texas 24075138
JTa@perkinscoie.com
Perkins Coie LLP
500 West Second St., Suite 1900
Austin, TX 78701

Chad S. Campbell (admitted pro hac vice)
CSCampbell@perkinscoie.com
Tyler R. Bowen (admitted pro hac vice)
TBowen@perkinscoie.com
Perkins Coie LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012

Philip A. Morin (admitted pro hac vice)
PMorin@perkinscoie.com
Perkins Coie LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2020

*Counsel for Defendant*
*STMicroelectronics, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 16th day of December 2021 all counsel of record are being served with a copy of this document by e-mail.

*/s/ Tyler R. Bowen*
