# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| OCEAN SEMICONDUCTOR LLC, | |
| Plaintiff, | Civil Action No. 6:20-cv-1215-ADA |
| v. | **JURY TRIAL DEMANDED** |
| STMICROELECTRONICS, INC., | |
| Defendant. | |

**DEFENDANT STMICROELECTRONICS, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1 TO 54)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant STMicroelectronics, Inc. requests that Plaintiff Ocean Semiconductor LLC, within thirty days, provide a written response hereto and produce for examination, inspection, and copying the documents described under the heading "Documents Requested" below to the offices of:

Perkins Coie LLP, 2901 N. Central Avenue, Suite 2000, Phoenix, Arizona 85012-2788.

## **DEFINITIONS**

1.      "ST Inc." and "Defendant" mean STMicroelectronics, Inc., including all predecessors and successors, all past and present parents, subsidiaries, and divisions of STMicroelectronics, Inc., and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of STMicroelectronics, Inc.

2.      "Ocean," "Plaintiff," "you," and "your" mean Ocean Semiconductor LLC, including all predecessors and successors, all past and present parents, subsidiaries, and divisions of Ocean Semiconductor LLC, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of Ocean Semiconductor LLC.

1

3.      The term "Action" means the above-captioned litigation.

4.      "Complaint(s)" means the complaint filed in the above-captioned action, or any amendments thereto.

5.      "Asserted Patent(s)" means any of United States Patent Nos. 6,660,651 ("the '651 patent"), 6,725,402 ("the '402 patent"), 6,836,691 ("the '691 patent"), 6,907,305 ("the '305 patent"), 6,968,248 ("the '248 patent"), 7,080,330 ("the '330 patent"), and 8,676,538 ("the '538 patent").

6.      "Related Patent(s)" means (i) any and all patents and patent applications that claim priority to the Asserted Patents; and (ii) any and all patents and patent applications to which the Asserted Patents claims priority.

7.      "Asserted Claim" means any claim of an Asserted Patent that Plaintiff asserts in this Action.

8.      "Accused Product(s)" means any of Defendant's products used, sold, or offered for sale within the United States, or imported into the United States, Plaintiff contends is made by a patented process of any Asserted Claim of any Asserted Patent, including each product identified as infringing in Plaintiff's Complaint or infringement contentions.

9.      "Accused Tool(s)" means any tool or other equipment Plaintiff alleges is used in or during the manufacture or making of any Accused Product, including as identified in Plaintiff's Complaint or infringement contentions. "Accused Tool(s)" includes, by way of example only, and without limitation, the following tools identified in Plaintiff's infringement contentions: ASML TWINSCAN, ASML YieldStar, Applied Materials SmartFactory, Applied Materials E3, or PDF Solutions Exensio.

10.     "Accused Foundry(ries)" means any foundry Plaintiff alleges is used to manufacture or make any Accused Products, including each foundry identified in Plaintiff's Complaint or infringement contentions.

11.     The term "Prior Art" is used herein in the same sense as it is used in 35 U.S.C. §§ 102, 103 and includes, without limitation, any patent or printed publication, or any prior knowledge, prior use, prior sale or offer for sale in the United States, or other act, event, or thing defined in 35 U.S.C. § 102, taken individually or in combination.

12.     "Documents" is used in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure and shall mean all written or graphic matter, however produced or reproduced, in Plaintiff's actual or constructive possession, custody, care, or control, including, but not limited to, originals (or copies where originals are unavailable) of correspondence, communications, email, computer storage media, computer software needed to produce in human-readable form from said computer storage media, instructions for using said computer software, telegrams, notes or sound recordings of any type of personal or telephone conversations, or of meetings or conferences, minutes of directors or committee meetings, memoranda, inter-office communications, studies, analyses, reports, engineering drawings, results of investigations, catalogs, contracts, licenses, agreements, working papers, statistical records, ledgers, books of account, vouchers, invoices, charge slips, freight bills, time sheets or logs, stenographers' notebooks, diaries, or papers similar to any of the foregoing however denominated. "Documents" also shall mean (1) any copy which is not identical to the original or to any other copy and (2) any tangible thing that is called for by or identified in Response to a Request for documents. Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is to be identified as a separate document.

13.     "Thing" means any physical specimen or other tangible item, other than a Document.

14.     "Communication(s)" means any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including but not limited to conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings in any medium of oral, written, or typed communications; telephone or message logs; notes or memoranda relating to written or oral communications; and any translation thereof.

15.     "Person" means, unless otherwise specified, any natural person, firm, entity, company, corporation, partnership, trust, proprietorship, association, joint venture, government or government agency, or other form of business organization or arrangement, and its agents and employees.

16.     The terms "all," "any," "each," and "every" shall be construed to mean "all, any, each, and every," as necessary to bring within the scope of these Requests for production any information, Documents or things that might otherwise be construed to be outside their scope. In no event shall the use of the term "all," "any," "each," or "every" be construed to narrow the scope of any Request.

17.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any information, Documents, or Things that might otherwise be construed to be outside of their scope. In no event shall the use of the term "and" or "or" be construed to narrow the scope of any Request.

18.     The terms "including," "include," or "includes" are used in their broadest sense and are not meant to be limiting. Any list following these terms contains partial and/or illustrative examples of the types of Documents responsive to the Request, but the list is without limitation and does not constitute an exclusive, all-encompassing, or exhaustive listing of every type of Document responsive to the Request.

19.     The term "Request" refers to the requests for the production of documents under the heading "Documents Requested," below.

## INSTRUCTIONS

1.     Produce all responsive Documents in your possession, custody, or control, including Documents in the possession or custody of any other Persons from whom you have the legal right or practical ability to obtain such Documents. These include Documents which you may obtain by logging into a website.

2.     Restate in full each Request, followed immediately by your written response to the Request.

3.     If, in responding to any of these Requests, you encounter any ambiguity in construing either the Request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the Request.

4.     These Requests are continuing in character and require further production if additional Documents or information are obtained or located after the time of initial production.

5.     If Documents or any other information is withheld on the basis of privilege, you shall produce a privilege log by a mutually agreed upon date. Unless and until the parties reach an agreement concerning the logging of privileged Documents, the privilege log shall conform to the requirements set forth in Rule 26 of the Federal Rules of Civil Procedure.

6.      References to any non-natural Person (*e.g.*, corporation, partnership, etc.) shall be deemed to include any of that entity's affiliates, agents, assigns, departments, divisions, parents, predecessors, subsidiaries, and successors, and its and their respective current and former Employees.

7.      If you are withholding or intend to withhold any Document (or any part of a Document) on the basis of an objection, state so in your response. If you note an objection but indicate that responsive Documents are nonetheless being produced, we will construe your statement as a representation that you are producing all Documents responsive to the Request notwithstanding the objection, save for any privileged Documents that are identified on a privilege log. *See* Fed. R. Civ. P. 34(b)(2)(C). If you learn after providing written responses to these Requests that you are withholding one or more Documents based on any objection, and such Documents are not individually identified on a privilege log, promptly inform Defendant of the same.

8.      All Documents produced in response to these Requests should be Bates-stamped or otherwise marked in sequential order.

9.      All Documents, except Excel files, PowerPoint presentations, and Word documents containing any track changes or comments, produced in response to these Requests should be produced as single page, Group IV TIF files (1 bit, for Black & White) or single page JPGs (for color documents).

10.     Notwithstanding the foregoing, Excel files, PowerPoint presentations, and Word documents containing any track changes or comments, should be produced in native format with a Bates-stamped placeholder TIF image.

11.     Text files should be produced at the document level.

12.     Metadata load (DAT) files should be provided for fielded information, absent an agreement of the parties to the contrary.

13.     For any non-English documents, the Text and DAT files should be Unicode compliant.

## DOCUMENTS REQUESTED

1.      All Documents and Things considered, used, or relied upon in the preparation of the Complaint.

2.      All Documents and Things relating to the conception of the subject matter of each claim element of each Asserted Claim of each Asserted Patent, including, without limitation, any engineering notebooks, laboratory notebooks, log books, records books, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, computer records, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other Documents or things which Plaintiff contends corroborate such conception.

3.      All Documents and Things relating to any actual reduction to practice of the subject matter of each claim element of each Asserted Claim of each Asserted Patent, including, without limitation, any engineering notebooks, laboratory notebooks, log books, record books, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, computer records, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other Documents or Things which Plaintiff contends corroborate such reduction to practice.

4.      All Documents and Things relating to any act of diligence leading to the reduction to practice of the subject matter of each claim element of each Asserted Claim of each Asserted Patent, including, without limitation, any engineering, notebooks, laboratory notebooks, log books, record books, memoranda, design reviews, progress reports, technical reports, drawings,

schematics, specifications, diagrams, computer records, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other documents or things which Plaintiff contends corroborate any act of diligence leading to such reduction to practice.

5.      All Documents and Things relating to the preparation, filing, and/or prosecution of the patent applications leading to the Asserted Patents and Related Patents, including, without limitation, all non-identical copies of the prosecution history of the patent applications leading to the Asserted Patents and Related Patents.

6.      All Prior Art to the Asserted Patents, including, without limitation, all patents, publications, prior knowledge, public uses, sales or offers for sale, identified at any time by or to Plaintiff, any prior owner, inventor or other party as potentially or allegedly invalidating Prior Art.

7.      To the extent not produced in response to Request No. 6, all Documents and Things relating to the research, design, development, manufacture, assembly, testing, operation, sale, offer for sale, or public use of any software, device, prototype, product, or system that relates to the subject matter disclosed in any of the Asserted Patents prior to their respective filing dates, including, without limitation, any engineering notebooks, laboratory notebooks, log books, record books, memoranda, design reviews, progress reports, technical reports, drawings schematics, specifications, diagrams, computer records, diaries, calendars, test results, sales, offers for sale, or public uses, prior to the earliest effective filing date for each Asserted Patent.

8.      All Documents and Things relating to any decision as to what Prior Art references to cite, or to not cite, including all Prior Art search results, during the prosecution of the Asserted Patents or any Related Patent.

9.      All Documents and Things relating to any investigation, opinion, report, or observation as to the patentability, validity, enforceability, inventorship, scope, or infringement of

any claim of the Asserted Patents or the Related Patents, including Documents sufficient to identify the date of the opinion(s) or other communication(s), the person or entity who requested the opinion(s) or other communication(s), the individuals who formulated the opinion(s) or other communication(s), the individuals to whom the opinion(s) or other communication(s) were provided, and the substance of the opinion(s) or other communication(s).

10.     All Documents and Things relating to the inventorship of any claim of the Asserted Patents, including, without limitation, the identification, selection, or determination of the proper inventor(s) for the Asserted Patents, including all Documents and Things relating to any contention that the named inventors of the Asserted Patents are incorrect, including documents sufficient to identify the person(s) so contending, documents sufficient to describe the facts and circumstances underlying the contention, and all communications related to the foregoing.

11.     To the extent not produced in response to Request No. 10, all Documents and Things relating to the identification of inventors of the '651 patent, including the selection or determination that the individuals listed on OS00002300 other than Richard Markle were not inventors of the '651 patent, including without limitation Matt Purdy and Joyce Oey.

12.     All publications, abstracts, papers, presentations, and transcripts of speeches authored or given, in whole or in part, by the named inventors of the Asserted Patents relating to the subject matter of the Asserted Patents.

13.     The personnel and employment history files for the named inventors of the Asserted Patents, including résumés or curricula vitae.

14.     All Documents and Things relating to the named inventors and any litigation of the Asserted Patents, including any agreements entered into in connection with this action or any other

litigation, and any compensation or benefits received in connection with this action or any other litigation or dispute relating to the Asserted Patents.

15.     All invention records relating to each of the Asserted Patents and the Related Patents, including without limitation, all invention disclosure forms.

16.     All Documents and Things upon which Plaintiff intends to rely to establish the level of ordinary skill in the art to which the subject matter of the Asserted Patents pertains.

17.     All Documents and Things that allegedly support or refute the validity of any claim of the Asserted Patents, including, without limitation, evidence of objective indicia of non-obviousness and other evidence of alleged novelty or non-obviousness (*e.g.*, as to whether: (a) the subject matter of any claim allegedly satisfied a long-felt need in the art to which they pertain, (b) the industry failed to solve problems that allegedly are solved by the subject matter of any claim, (c) experts in the industry allegedly expressed skepticism concerning the subject matter of any claim, (d) the subject matter of any claim allegedly has been a commercial success, (e) the industry allegedly has recognized the significance of the subject matter of any claim, (f) the subject matter of any claim allegedly has been copied by others in the industry, and (g) the subject matter of any claim allegedly achieved unexpected results).

18.     All Documents and Things relating to any alleged nexus or lack thereof between any alleged commercial success of products embodying any alleged inventions claimed by the Asserted Patents and the alleged advantages of the inventions, including without limitation customer surveys and/or market analyses designed or intended to reflect the bases for purchasing decisions related to any product Plaintiff contends is/was covered by any claim in any Asserted Patents.

19.     All Documents and Things relating to the ownership, title, transfer, or assignment of any interest in the Asserted Patents, including all Documents and things showing when and how rights were acquired, by and from whom, and on what terms.

20.     All Documents and Things relating to any current or past financial or other interest in the Asserted Patents, including, without limitation, any security interest in or lien against the Asserted Patents.

21.     All Documents and Things relating to any funding or financing of this Action by a party other than Plaintiff, for any purpose including, but not limited to, the prosecution or litigation of the Asserted Patents.

22.     All Documents and Things relating to any license, attempt to license, litigation, threat to litigate, cease and desist letter, covenant not to sue, settlement agreement, or any other enforcement attempt or agreement involving the Asserted Patents or Related Patents, including, without limitation, all Documents and Things related to the negotiation and drafting of any potential or actual agreement, all Documents and Things generated or exchanged as part of any discussions regarding any such actual or potential agreement, minutes, notes, term sheets, and all other Documents and Things relating thereto, regardless of whether or not any agreement was eventually executed.

23.     All Documents and Things relating to Plaintiff's financials, including profit and loss sheets, balance sheets, revenue data, audits, and financial projections.

24.     All Documents and Things relating to the nature, calculation, and basis of any damages or injuries Plaintiff claims in this Action, including, without limitation, all Documents and Things relating to the calculation of a reasonable royalty or lost profits.

25.     All copies of any sworn testimony—including without limitation, affidavits, declarations, witness statements, deposition transcripts, and trial transcripts—and all formats available (including printed transcripts, audiotapes, and videotapes) ever given by any named inventor of any of the Asserted Patents.

26.     All Documents and Things produced or served in any past or present litigation involving the Asserted Patents or any of the Related Patents (other than this Action), including, without limitation, all pleadings, discovery requests and responses thereto, subpoenas and responses thereto, and expert reports.

27.     All Documents and Things used or relied upon in the preparation of any response or supplemental response to any interrogatory served in this Action.

28.     All communications with any third party relating to this Action, the Asserted Patents or the Related Patents.

29.     All Documents and Things relating to any purchase of ST Inc. products (either directly or through a reseller), including any invoices, receipts and product documentation relating to the purchased products.

30.     All Documents and Things relating to Plaintiff's decision to sue (or not sue) ST Inc. for alleged infringement of any claim of the Asserted Patents.

31.     Documents and Things sufficient to identify the corporate organizational structure of all past and present affiliates, parent companies, subsidiaries, partnerships and joint ventures of Plaintiff.

32.     All Documents and Things that support or contradict Your claims in this case, or upon which You will rely as evidence in this case.

33.    All Documents and Things relating to your belief that any Accused Tool is being used in or during the manufacture or making of any Accused Product, including Plaintiff's investigation thereof.

34.    All Documents and Things relating to your belief that any Accused Tool has been used or is currently being used by Defendant or any Accused Foundry, including Plaintiff's investigation thereof.

35.    To the extent not produced in response to Request Nos. 33 or 34, all Documents and Things relating to your belief that Defendant or any Accused Foundry is currently or was previously using any Accused Tool to perform a process alleged to be covered by any Asserted Patent, including Plaintiff's investigation thereof.

36.    All Documents and Things relating to any plan, proposal, or strategy for enforcing the Asserted Patents and/or any Related Patents, whether formal or informal.

37.    All Documents and Things relating to any studies, evaluations, or analyses (performed either internally or by a third party) relating to the alleged value of the Asserted Patents and/or any Related Patents, including any valuation of any business unit or entity doing business using the subject matter of the Asserted Patents or owning the Asserted Patents or groups of patents (such as patent pools) that include the Asserted Patents and/or any Related Patents.

38.    All Documents and Things relating to the absence or presence of any non-infringing alternatives to the subject matter of any Asserted Claim, including any alternative designs that have been considered, explored, developed, prototyped, tested, or analyzed.

39.    Documents sufficient to identify Plaintiff's principals and officers.

40.    Documents relating to Your board of directors' meetings or other management meetings that concerned Defendant, the Asserted Patents or any Related Patent, the Action, or any

other actual, threatened, or contemplated litigation relating to the Asserted Patents or any Related Patent.

41.     Subject to any restrictions specific to experts, all Documents and Things reviewed by any Person that You expect to call as a witness (whether fact or expert) at any hearing or trial in this action, or by any Person from whom You expect to provide a declaration, an affidavit, or deposition testimony. This Request includes at least all Documents and Things relied upon by any expert in formulating opinions that will be presented in any report, declaration, affidavit, deposition, or trial in this Action, whether or not such materials form the basis for an expert opinion.

42.     All Documents and Things concerning Your Communications with the inventors of the Asserted Patents regarding the Asserted Patents, Related Patents, or the subject matter of the Asserted Patents or Related Patents, including all agreements with the inventors of the Asserted Patents.

43.     All Documents and Things referring to or related to any Communications You have had with any third parties concerning any rights to, release from, or interest in the Asserted Patents or Related Patents, including Documents that show the royalty rates or payment amounts included in any agreements with third parties, how the royalty rates and payment amounts were calculated, and royalty reports or similar documents identifying the payments made or received under these agreements.

44.     Documents sufficient to show any royalties You received for licensing the Asserted Patents or Related Patents.

45.     Documents sufficient to show Your policies, practices, guidelines, procedures, or programs with respect to the licensing of any patents.

46.     Documents sufficient to show any research performed by, or on behalf of, Plaintiff regarding customary royalty rates in the industry for patent license rights.

47.     All Documents and Things concerning the settlement of or attempt to settle disputes or litigation, licenses, potential licenses, royalties, potential royalty rates or royalty bases, alleged damages, enforcement, assignment, or other documents associated with any third-party use of the Asserted Patents or Related Patents or any patent relating to subject matter that You consider the same as or comparable to the Asserted Patents. This Request includes (a) all Documents and Things exchanged between You or any third party in the course of initiating or negotiating a license, offer to license, purchase, and/or acquisition of—or interest in—the Asserted Patents (including without limitation, any contracts relating to the acquisition of the Asserted Patents); and (b) all Documents and Things relating to any royalty or royalty rate calculated, proposed, considered, charted, or collected by You in connection with the Asserted Patents.

48.     Documents sufficient to show Your document retention policies, including documents relating to any destruction or loss of documents requested herein.

49.     With respect to any advice or opinion of counsel You have requested or received concerning infringement or non-infringement of the Asserted Patents or concerning the validity or enforceability of the Asserted Patents, provide the following documents: (a) the instructions and materials that were provided to the persons who rendered the advice or opinion; and (b) Documents setting forth the substance of any oral or written advice or opinion.

50.     All Documents supporting or refuting Your claim that Defendant was aware of, or were on notice about, the Asserted Patents prior to the filing of this case.

51.     All Documents supporting or refuting Your willful infringement allegations against Defendant.

52.      All Documents supporting or refuting Your allegations that Defendant induced infringement of the Asserted Patents.

53.      All agreements between You and any other predecessor owner of the Asserted Patents related to any claim or defense in the Action.

54.      All agreements or other Documents concerning any monetary recovery by any other person or entity in the outcome of the Action.


Dated: December 16, 2021

Respectfully submitted,

By:   */s/ Tyler R. Bowen*

Janice L. Ta, Texas 24075138
JTa@perkinscoie.com
Perkins Coie LLP
500 West Second St., Suite 1900
Austin, TX 78701

Chad S. Campbell (admitted pro hac vice)
CSCampbell@perkinscoie.com
Tyler R. Bowen (admitted pro hac vice)
TBowen@perkinscoie.com
Perkins Coie LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012

Philip A. Morin (admitted pro hac vice)
PMorin@perkinscoie.com
Perkins Coie LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2020

*Counsel for Defendant*
*STMicroelectronics, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 16, 2021, all counsel of record who have appeared in the above-captioned case were served with a copy of the foregoing by email.

*/s/ Tyler R. Bowen*