# EXHIBIT 10

## Joel Glazer

| | |
|---|---|
| **From:** | Henrik Parker |
| **Sent:** | Tuesday, April 5, 2022 6:29 PM |
| **To:** | Puknys, Erik; Selburn, Gail; Bhansali, Unnat; Davies, Ryan |
| **Cc:** | oceansemi-dlf; stephanie sivinski; Brice Lynch; drewholmes; seanpak@quinnemanual.com; TBowen; PMorin; eric green; marc collier; Patrick Colsher; Kieran Kieckhefer; Ahmed ElDessouki; Barry Shelton; Dale, Ahtoosa; Slusky, Lawrence; Bradley Coburn |
| **Subject:** | RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas |

Erik:

Given the prior communications between the parties, Ocean does not see any particular reason to answer the questions in your email in any depth at this time but will respond further at a later time if necessary.

I do, however, offer the following:

- Much of the initial timing crunch was driven by the Court's original and first-modified schedules setting deadlines for Ocean to serve its Final Infringement Contentions and for defendants to serve their Final Invalidity Contentions.  The deadline for both sets of contentions was initially February 2, 2021.  On January 25, this date was extended to March 30 by agreement of the parties.  On March 29, after Ocean filed an opposed motion to extend time, the Court extended the deadline to May 27.  Thus, there is no longer the same urgency that there had been previously.
  - As is typical with subpoenas, the initially-stated date for a deposition was a placeholder to allow the parties to negotiate a reasonable date for all parties.  Ocean continues to believe that the parties should be working cooperatively to schedule any deposition(s).
- Ocean continues to believe that it is entitled to additional documents from the ASML entities beyond those produced to date and may have to proceed with filing one or more motions to compel.  Given these unresolved disputes, it seems inappropriate to go forward with depositions this week, particularly when there is no longer a short-term deadline for submitting contentions.
- Any reasonable reading of Mr. Glazer's March 23 email would indicate that Ocean sought to fully review produced documents before scheduling any depositions, that Ocean did not think that the depositions should proceed this week, and that Ocean believed that the depositions should be scheduled at a mutually convenient time thereafter.
- Ocean does not understand why ASML is assuming that Ocean agreed to split time evenly with the defendants.  I do not believe that any such agreement was ever discussed, much less agreed upon.  Ocean believes that it is entitled to at least a full day of deposition given the breadth of relevant topics.
- Documenting exactly when specific devices were delivered to foundries or defendants is part of Ocean's liability case and, thus, implicates bills of lading and delivery invoices.

Best regards,

Rik



**Henrik Parker**

1526 Gilpin Ave, Wilmington, DE 19806
☎ (302) 300-4541  |  📱 (610) 348-6634
Admitted in PA
Not Admitted in DE

*************************************************************

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us

immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Puknys, Erik <erik.puknys@finnegan.com>
**Sent:** Tuesday, April 5, 2022 2:11 PM
**To:** Henrik Parker <hparker@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; Brice Lynch <bricelynch@quinnemanuel.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>; Barry Shelton <bshelton@winston.com>; Dale, Ahtoosa <ADale@winston.com>; Slusky, Lawrence <LSlusky@winston.com>; Bradley Coburn <bcoburn@winston.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Dear Henrik,

Ocean Semi is behaving unreasonably. ASML-NL's offer would have streamlined discovery while providing everything Ocean Semi needs to understand how the TWINSCAN and YieldStar systems work in relation to the asserted claims.

The most urgent matter is the deposition that will occur tomorrow and Thursday. As I have already told you, the deposition is going forward. And, unless a court orders otherwise, this will be the only deposition of any ASML entity. Whether Ocean Semi chooses to participate is entirely its own decision.

Rather than rehash the same issues we've now discussed several times, below is a series of questions your email raises.

- Why has it taken so long for Ocean Semi to complete its review of ASML's documents, and why is that review only "preliminary."

  In my first discussion with Ocean Semi's counsel—over Christmas Holiday while I was on vacation with my family—Ocean Semi demanded that I commit ASML to a "substantially complete production" by February 1 in order to get an extension of the January 3 production and deposition date required by Ocean Semi's December 21 Subpoena.

  ASML's production was substantially complete on the date Ocean Semi demanded. Specifically, more than 88% of the pages ASML would produce were produced by February 1, more than two months ago. Another 8% were produced more than three weeks ago. Only 4% of the pages were produced last week.

  - Why did you not review those documents when they were produced?

  - Why would Ocean Semi force the "substantially complete" concession from ASML in exchange for an extension of the January 3 deposition date if was not going to complete even a "preliminarily review" of ASML's documents until more than two months later?

- How are "delivery invoices and bills of lading" relevant to any claim in Ocean Semi's complaints?

- What is your informed, good faith basis for believing the subpoenaed ASML-US entities would have in their possession, custody, or control "delivery invoices and bills of lading" relating to sales

made to TSMC (Taiwan), UMC (Taiwan), and Kioxia (Japan), when ASML entities in those countries were responsible for those sales?

- What is your informed, good faith basis for demanding "delivery invoices and bills of lading" from "other third parties"?

- Why does "a deposition this week does not give Ocean sufficient time to properly prepare for any deposition of ASML's witnesses"?

  As noted previously, Ocean Semi has had nearly all of ASML's production for more than two months, and it knew for weeks the deposition was happing this week.

- If Ocean Semi requires so much time to prepare for a deposition, why would it originally subpoena ASML-US for a deposition on the same day (January 3) it demanded that AMSL produce its documents?

- If Ocean Semi requires more than two months to prepare for a deposition, why would it repeatedly demand, after receiving ASML's production in February, that the AMSL deposition occur before the end of March?

  Ocean Semi first made this demand during our February 16 meet and confer, more than two weeks after Ocean Semi had received substantially all of ASML's production. And in an email dated March 4, more than a month after ASML's production was substantially complete, Ocean Semi's counsel stated that "Ocean would prefer the deposition to occur at least a week before the end of [March]."

- Where in "in Joel Glazer's email to [me] of March 23, 2022," did "Ocean ma[k]e clear" that "a deposition this week does not give Ocean sufficient time to properly prepare for any deposition of ASML's witnesses"?

  In his March 23 email, Mr. Glazer admitted that even after having most of AMSL's documents since February 1, Ocean Semi still had not gotten around to "complet[ing] our review." Even so, Mr. Glazer continued to insist that "we certainly want to schedule these depositions as soon as possible." He made this statement, moreover, after I had clearly articulated the scope of the production ASML was willing to make.

  Please send me a copy of the March 23 email from Mr. Glazer that says he cannot "properly prepare for any deposition of ASML's witnesses."

- Why did Ocean Semi agree to evenly split deposition time across every party in the case?

  In my March 30 email to the parties, I stated that "I expect the parties to work out the timing in advance among themselves." I certainly did not contemplate that all eight parties (Ocean Semi and the seven defendants) would agree that every party gets an equal 30-minute (1 hour, actually) share of the allotted time.

- Why do you think ASML-NL should bear the burden of the agreement you made with defense counsel about equal time for each party?

- What is your authority for thinking that any ASML entity needs to subject itself to a full day of deposition for every subpoena served in this case?

- Why do you think there are two depositions of ASML?

There is only one deposition. It is a completely voluntary deposition of ASML-NL. And, for the convenience of the parties' counsel, who are located 6 to 9 time zones away, it was divided into two parts: one part to begin Wednesday afternoon, the other part to begin Thursday afternoon.

- What the basis for your threat to compel production from ASML-NL?

If you insist on moving forward with your threat to move to compel, please answer every one of these questions. After we receive complete answers, we will agree to a meet and confer.

Best regards,

Erik

---

**From:** Henrik Parker <hparker@devlinlawfirm.com>
**Sent:** Monday, April 4, 2022 8:38 PM
**To:** Puknys, Erik <erik.puknys@finnegan.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; Brice Lynch <bricelynch@quinnemanuel.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanuel.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>; Barry Shelton <bshelton@winston.com>; Dale, Ahtoosa <ADale@winston.com>; Slusky, Lawrence <LSlusky@winston.com>; Bradley Coburn <bcoburn@winston.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

*EXTERNAL* Email:

Eric,

Ocean has completed a preliminary review of the documents produced by ASML-NL. While documents were produced relating to the function of the TWINSCAN and YieldStar tools, many properly sought documents are still missing, including, inter alia, delivery invoices and bills of lading regarding the delivery of tools to defendants and other third parties in the U.S. and elsewhere. At least many of these are documents that the defendants would not have in their possession. Ocean maintains, for this and other reasons, that it is entitled to this information and that ASML is not unduly burdened by its production of such documents. It is Ocean's understanding that ASML is refusing to produce documents of this kind. Please confirm one way or the other whether or not ASML will produce these or any other additional documents.

Regardless of whether or not ASML intends to produce further documents, in light of this lack of production to date, it would be premature for Ocean to take the deposition of any ASML-NL witness at this time and doing so would waste the resources of all involved parties. More importantly, as Ocean made clear in Joel Glazer's email to you of March 23, 2022, a deposition this week does not give Ocean sufficient time to properly prepare for any deposition of ASML's witnesses. This is particularly true given that ASML produced additional documents less than a week ago but still has yet to produce many of the documents reasonably sought by Ocean.

As such, given ASML's prior assertion that it would only provide witnesses once across all of the seven defendants and Ocean, Ocean strongly objects to the depositions that apparently now scheduled for April 6 and April 7. First, Ocean is confused as to why ASML appears ready to proceed with the depositions this week given your representation that the witnesses would not be offered a second time. Second, these depositions do not satisfy ASML's burden in these

matters.  Ocean served its own subpoenas on ASML, in addition to those served by the defendants.  Ocean and defendants are therefore separately entitled to a full and fair opportunity to depose ASML's witnesses.  Third, limiting the depositions to just four hours each when there are eight parties who have sought the deposition, each having their own specific issues, is highly prejudicial to all parties, particularly where Ocean has made clear that ASML has still not satisfied its burden of document production.  Allocating an average of just 30 minutes to each party is simply unreasonable.

Given all of the above, Ocean reiterates its objection to any ASML deposition occurring this week.

Please either confirm that the witnesses will be made available a second time when Ocean is both available and has had the opportunity to obtain all appropriate documents from the ASML parties or that the depositions currently on calendar for this week will be postponed until after ASML has produced the mentioned relevant documents.  If ASML insists on moving forward with the depositions this week and not making the witnesses available a second time, Ocean reserves the right to approach the Court for additional time to depose the ASML witnesses and to compel production of the documents to which it is entitled from ASML US, LLC, ASML US, LP, and/or ASML, N.L.  Should the depositions move forward this Wednesday and Thursday, counsel for Ocean may participate but subject to all of the objections as laid out herein and while fully reserving its right to a proper, complete, and reasonable deposition at a later date.

Best regards,
Rik



**Henrik Parker**
1526 Gilpin Ave, Wilmington, DE 19806
📞 (302) 300-4541  |  📱 (610) 348-6634
Admitted in PA
Not Admitted in DE

**************************************************************
The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Coburn, Bradley D. <BCoburn@winston.com>
**Sent:** Friday, April 1, 2022 2:56 PM
**To:** erik.puknys@finnegan.com; Gail.Selburn@finnegan.com; Unnat.Bhansali@finnegan.com; Ryan.Davies@finnegan.com
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; Brice Lynch <bricelynch@quinnemanuel.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>; Barry Shelton <bshelton@winston.com>; Dale, Ahtoosa <ADale@winston.com>; Slusky, Lawrence <LSlusky@winston.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Adding the Winston/NXP team to this thread regarding next week's ASML depositions. Best, Bradley

**Bradley D. Coburn**
Partner

Winston & Strawn LLP
T: +1 214-453-6500
D: +1 214-453-6402
M: +1 512-589-9154
F: +1 214-453-6400
winston.com



Puknys, Erik <erik.puknys@finnegan.com>
**Sent:** Wednesday, March 30, 2022 1:46 PM
**To:** Sivinski, Stephanie <stephanie.sivinski@haynesboone.com>; Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; Drew Holmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; Bowen, Tyler R. (PHX) <TBowen@perkinscoie.com>; Morin, Philip A. (SDO) <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>; Patrick Colsher <patrick.colsher@shearman.com>; Kieran Kieckhefer <Kieran.Kieckhefer@shearman.com>; Ahmed ElDessouki <Ahmed.ElDessouki@shearman.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Thank you, Stephanie.

Our TWINSCAN witness will be prepared to confirm/authenticate the pre-November 2001 sales and offers for sale of the TWINSCAN and PAS5500 tools. He will also be prepared to testify about the operation of those tools and their public disclosures and uses described in the documents ASML-US and ASML-NL have produced.

You may schedule the depositions on Wednesday, April 6 (for the TWINSCAN issues), and Thursday, April 7 (for the YieldStar issues). The deposition should begin both days at 1:00PM (1300) local time in the Netherlands (7AM Eastern, 6AM Central, and 4AM Pacific) and end at 5PM (1700) NL time. I do not anticipate any meal breaks, and I expect the witness will need a ten-minute break each hour.

Joel, if Ocean Semi does not agree to the terms ASML offered, someone from your team may nevertheless join the deposition and cross-examine the witness. But I will insist any cross-examination will be limited to the scope of the direct testimony elicited by the defendants. Because ASML-NL is appearing entirely voluntarily, I will not permit any questioning on new topics.

The times listed above must accommodate direct, cross, and redirect examination. There will be no re-cross. I expect the parties to work out the timing in advance among themselves.

Best regards,

Erik

---

**From:** Sivinski, Stephanie <Stephanie.Sivinski@haynesboone.com>
**Sent:** Tuesday, March 29, 2022 12:59 AM
**To:** Puknys, Erik <erik.puknys@finnegan.com>; Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier

<marc.collier@nortonrosefulbright.com>; Patrick Colsher <Patrick.Colsher@shearman.com>; Kieran Kieckhefer <Kieran.Kieckhefer@shearman.com>; Ahmed ElDessouki <Ahmed.ElDessouki@shearman.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

*EXTERNAL* **Email:**

Erik:

Thank you for your proposal to provide witnesses from ASML-NL who can testify about how the TWINSAN and YieldStar tools work in relation to the asserted claims. Defendants have reviewed ASML's production and are available during the week you proposed, April 4-8, to remotely depose any ASML-NL witnesses. In addition to the scope of testimony you described, we also ask that the witness be prepared to discuss the prior art sales documents produced by ASML-US and documentation of prior art systems produced by ASML-NL. Please let us know whether the ASML-NL witnesses will be prepared to discuss those topics as well and confirm whether ASML-NL is still willing to offer its witnesses during the week of April 4.

Best,
Stephanie

## HAYNES BOONE

**Stephanie Sivinski** | Partner
stephanie.sivinski@haynesboone.com | (t) +1 214.651.5078

**From:** Puknys, Erik <erik.puknys@finnegan.com>
**Sent:** Friday, March 25, 2022 2:58 AM
**To:** Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; Sivinski, Stephanie <Stephanie.Sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>; Patrick Colsher <Patrick.Colsher@shearman.com>; Kieran Kieckhefer <Kieran.Kieckhefer@shearman.com>; Ahmed ElDessouki <Ahmed.ElDessouki@shearman.com>
**Subject:** Re: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

**EXTERNAL:** Sent from outside Haynes and Boone, LLP

Hi Joel,

The two witnesses will be senior engineers who have in-depth knowledge of the tools.

Best regards,

Erik

Sent from my iPad

> On Mar 23, 2022, at 5:06 PM, Joel Glazer <jglazer@devlinlawfirm.com> wrote:

*EXTERNAL* **Email:**

Erik,

While we certainly want to schedule these depositions as soon as possible, we are still in the process of reviewing ASML's production. After we have completed our review, we will follow up regarding your offer and possibly set up a date for the deposition. In the meantime, can you please let us know the general background of the two witnesses who would be offered?

Thank you,
Joel



**Joel Glazer**
1526 Gilpin Ave, Wilmington, DE 19806
📱(440) 667-7109

---

**From:** Puknys, Erik <erik.puknys@finnegan.com>
**Sent:** Wednesday, March 16, 2022 12:44 PM
**To:** Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Hi all,

If the depositions are to occur, we need to make arrangements for them, so please confirm that our offer of deposition witnesses is acceptable. We assume the depositions will be conducted remotely, but if not please let me know. FYI – the two witnesses who would testify do not need interpreters.

Best regards,

Erik

---

**From:** Puknys, Erik
**Sent:** Wednesday, March 9, 2022 10:10 AM
**To:** Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>;

Ahmed ElDessouki <Ahmed.ElDessouki@Shearman.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Dear Joel,

Your email is incorrect in many respects and incomplete in others.

For instance, it omits the most important aspect of our discussion, one I repeatedly emphasized. There is no subpoena of ASML-NL. So ASML-NL is not obligated to provide any information, answer any questions, or provide any witnesses. Relevancy has nothing to do with it.

The email also omits the compromise ASML-NL offered: If Ocean and the defendants will state in writing that they are satisfied with the documents ASML-US and ASML-NL have produced so far and if we can agree that the depositions will be limited to the topics of how the TWINSCAN and YieldStar tools work in relation to the asserted claims, ASML-NL will be willing to provide witnesses on those topics. (We also discussed authentication, but it sounds like we agree that a stipulation is better.)

During our call, I discussed the obvious advantages of such a compromise for the parties. These include the fact that ASML-US has very little responsive information other than the evidence that it already produced showing that the TWINSCAN was on sale and sold in the United States more than a year before the '651 patent was filed. In contrast, ASML-NL has in its possession everything relevant that ASML-US might have in its possession, and more. Most significantly, no ASML-US employee can testify in nearly as much detail about the operation of the TWINSCAN and YieldStar tools as the witnesses ASML-NL would produce if an agreement can be reached.

This compromise would moot most of the specifics of your email, but in the interest of completeness and to emphasize the advantages of ASML-NL's offer, I will address your summary.

- First, Ocean understands that the Responses and Objections served on January 25, 2022, are on behalf of the US-based ASML entities ("ASML-US") and not from the ASML entity located in the Netherlands ("ASML-NL"). While the Responses and Objections were not on behalf of ASML-NL, you indicated that the Responses are representative of how ASML-NL would have responded, if the subpoenas were directed toward it.

The subpoenas were served only on ASML-US, so ASML-NL is not obligated to respond. But in order to reach a compromise of acceptable scope, we responded to the substance of the request even if ASML-US might have had no responsive documents in its possession.

- With respect to RFP Nos. 1, 5, 9, 10, 14-21, and 29, ASML-US represented that it will ***not*** be producing documents in response to these RFPs. You

represented that production on behalf of both ASML-US and ASML-NL is
now substantially complete and Ocean should not expect any further
production of documents related to these Requests.

This statement is not quite correct. As I told you, the ASML-NL production included
anything that ASML-US might have produced in response to these RFPs (e.g., the
catalogs).

You are correct that I said we believed the production from ASML-US and ASML-
NL is substantially complete. But after further search, we located a number of
documents relating to the wafter stage used in a tool called the PAS 5500, a
machine that predated the TWINSCAN. The TWINSCAN's wafer stage is
substantially similar to the wafer stage used in the PAS 5500, so we will be
producing some additional materials, including information about the PAS 5500
wafer stage and proof of US sales of the PAS 5500 that occurred before the year
2000. Other than those documents, which will be produced shortly, we believe the
production to be complete.

- With respect to RFP Nos. 2-4, 6-8, 22, and 24-26, you represented that
  ASML-US and ASML-NL will not produce the sought agreements and
  communications with Defendants as, according to you, they are obtainable
  from Defendants.

As we discussed, it is a violation of Rule 45 to burden a third party with demands
that it produce information that can be obtained from a party. I don't recall anyone
on the Ocean team disagreeing with that premise. Further, I explained that we
considered agreements relating to the purchase and use of the tools to be irrelevant
in this case, which identifies as infringing acts the importation of semiconductor
chips. Again, I don't recall anyone from Ocean articulating any theory to support its
bare, claim of relevance.

- You stated that you would confer with Defendants to confirm that no
  confidentiality agreements prevented Defendants from producing such
  agreements.  Please inform us of the result of that conference.  To be clear,
  you made no representation that such agreements and communications do
  not exist, just that the ASML entities will not produce such
  documents.  You further represented that ASML-US has never been
  involved in sales of TWINSCAN and/or YieldStar systems to, or the use of
  such systems by, TSMC, UMC, or Kioxia.

What I said was, if this issue comes up, I would discuss any concerns about duties
with regard to ASML confidential materials with any defendant's counsel. So far,
other than Ocean's supposition that these kind of concerns might be preventing the
defendants from producing information, nothing specific has come to my attention.

- On behalf of ASML-NL, however, you represented that it has produced
  such agreements between ASML-NL and entities that are not Defendants,
  but with the purchasing entities redacted.

I don't understand this sentence. We produced three spreadsheets showing what tools have been sold to TSMC, UMC, and Kioxia. Their names were not redacted.

- You represented that ASML-NL had already produced documents tying the Accused Tools to Defendants and that, to the extent that it had not, ASML-NL will not produce further agreements or communications with Defendants as, according to you, those documents are obtainable from Defendants.

I don't understand this sentence either. As I have repeatedly said, Ocean has a duty to minimize the burden of its subpoena on third parties. So, any information that can be obtained from the defendants, should be obtained from the defendants.

- With regard to the redactions in the mentioned documents, you represented that ASML-NL will not produce unredacted versions as those entity names are protected under European law. Please confirm whether or not it is still ASML-NL's position that it will not produce any further documents tying the use of the Accused Tools to specific Defendants or, alternatively, if such documents have already been produced, the Bates ranges of the documents providing this information.

Most of the redactions in the documents ASML-NL produced are individuals' names and were made to comply with the EU's privacy laws. During the call, you asked about the redaction of the document produced as Bates No. ASML-NL 00004295. We have reviewed that document. The redaction is of a third party customer who is neither a defendant nor one of the three third-party foundries (TSMC, UMC, Kioxia). That is the only redacted "entity name," I am aware of.

We are willing to reconsider redactions if Ocean were to explain why it needs the information, why it cannot get the information from a party, and why the EU privacy laws do not require the redactions ASML made.

- For RFP Nos. 11-13, 27, 28, and 30, you represented that no such documents were in ASML-US's possession or control and, on behalf of ASML-NL, that, if any such documents exist, they are privileged or irrelevant. Despite Ocean pointing out that each of these RFPs relate to an "Asserted Patent" or the design of a tool capable of infringing the Asserted Patents, you maintained the position on behalf of ASML-NL that the requests are irrelevant. Ocean asked whether or not documents related to these Requests exist and you represented that, if they did exist, even their existence was confidential and the ASML entities would not provide an answer. Please confirm whether or not ASML maintains the position it will not even confirm or deny the mere existence of documents relevant to these requests.

These sentences lump together RFPs on totally disconnected subjects. I don't recall discussing the relevance of them. In any event, RFP Nos. 11-13 ask for documents

about ASML tools that perform etching or deposition. ASML does not make etching or deposition tools. The fact Ocean included these RFPs in its subpoenas to ASML-US amounts to admission it did not perform an adequate investigation and is using these subpoenas as a fishing expedition.

RFP Nos. 27, 28, and 30 ask for analyses of the asserted patents. You are correct that ASML-US does not have any such documents in its possession. Since there is no subpoena for ASML-NL, you have no basis for asking whether it has that kind of information.

- With respect to RFP No. 23, you represented that the requested documents are irrelevant.  Despite Ocean indicating that licensing information is relevant to, among other things, which parties—specifically Defendants—are in possession of the TWINSCAN and/or YieldStar systems, you maintained that such documents are irrelevant but that, if such licenses or communications with Defendants exist, they are in the possession of Defendants and that, consequently, ASML-NL would not produce such documents in a manner similar to that discussed above.

ASML produced information showing which TWINSCAN and YieldStar tools have been purchased by TSMC, UMC, and Kioxia. Any information about the defendants' purchases of those tools should be obtained from the defendants.

During our call, no one from Ocean explained how any licensing information in ASML's possession would be relevant to any issue in the case. Someone during the call mentioned secondary considerations, but the TWINSCAN is a prior-art tool, so, as a matter of law, nothing about it can be used to support any argument about the purported non-obviousness of the asserted patents.

- With respect to the Deposition Topics, you represented that ASML-NL is still willing to produce a witness to provide testimony to certain Deposition Topics, provided that such Topics are specified and further narrowed prior to the deposition.  Specifically, you represented that ASML-NL would be willing to provide a witness to be deposed on at least Deposition Topic Nos. 1, 3-5, 7, 8, 11, 17, and 29.

As I said previously, ASML-NL is willing to provide witnesses who can testify about how the TWINSAN and YieldStar tools work in relation to the asserted claims. But only if the parties agree that the document production and proffered testimony is sufficient. This offer moots all the other issues you raised about deposition topics.

- You further represented that an ASML-NL witness would be available to be deposed by the end of March at the latest, but that you would confer with your client about earlier dates.  Please inform us of the earliest date that a representative of ASML-NL is available to be deposed.  Assuming that the parties can work out any document issues, Ocean would prefer the deposition to occur at least a week before the end of the month in

order to allow it to best comply with its Court-ordered obligations as to its infringement contentions.

Given the late date of these communications, weeks after our initial discussion, and taking the schedules of the witnesses and counsel into account, ASML-NL witnesses will be available for deposition during the first full week of April (April 4-8), probably later in that week. They cannot be deposed any earlier.

- With respect to Deposition Topic No. 2, you represented that a declaration should be sufficient.  Ocean agrees and will circulate a draft declaration of authentication once the other document issues have been resolved.

Agreed.

- With respect to Deposition Topic Nos. 13-16, 18, 19, and 24-28, you represented that no ASML-NL witness would be provided because, according to you, the issues are not relevant to any issue in the actions.  When Ocean asked whether or not ASML-NL would produce a witness to provide testimony related only to Defendants and only to the Accused Tools, you maintained the position that such testimony is irrelevant, or that it is obtainable from Defendants and would not be produced by ASML-NL, as discussed above.
- With respect to Deposition Topic Nos. 6, 9, 10, 12, and 23, you represented that, consistent with the above, relevant testimony is obtainable from Defendants and would not be provided by ASML-NL.
- Finally, with respect to Deposition Topic Nos. 20-22, you represented that such information does not exist or that, if it does exist, even the existence of such information is confidential.  Please confirm whether or not ASML-NL maintains the position that the mere existence of information relevant to these Topics will not be confirmed or denied.

All of these issues are either addressed by the comments above addressing the corresponding RFPs or by ASML-NL's offer of compromise. Please let me know if you accept the offer.

Best regards,

Erik

---

**From:** Joel Glazer <jglazer@devlinlawfirm.com>
**Sent:** Friday, March 4, 2022 9:43 AM
**To:** Puknys, Erik <erik.puknys@finnegan.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen

<[TBowen@perkinscoie.com](mailto:TBowen@perkinscoie.com)>; PMorin <[PMorin@perkinscoie.com](mailto:PMorin@perkinscoie.com)>; eric green
<[eric.green@nortonrosefulbright.com](mailto:eric.green@nortonrosefulbright.com)>; marc collier <[marc.collier@nortonrosefulbright.com](mailto:marc.collier@nortonrosefulbright.com)>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

*EXTERNAL* Email:

Erik,

Thank you for meeting with us (telephonically) on February 16 regarding ASML's production in response to Ocean's subpoenas.  I write to briefly summarize the call, as a basis for further discussion of the issues.

First, Ocean understands that the Responses and Objections served on January 25, 2022, are on behalf of the US-based ASML entities ("ASML-US") and not from the ASML entity located in the Netherlands ("ASML-NL").  While the Responses and Objections were not on behalf of ASML-NL, you indicated that the Responses are representative of how ASML-NL would have responded, if the subpoenas were directed toward it.

With respect to RFP Nos. 1, 5, 9, 10, 14-21, and 29, ASML-US represented that it will ***not*** be producing documents in response to these RFPs.  You represented that production on behalf of both ASML-US and ASML-NL is now substantially complete and Ocean should not expect any further production of documents related to these Requests.

With respect to RFP Nos. 2-4, 6-8, 22, and 24-26, you represented that ASML-US and ASML-NL will not produce the sought agreements and communications with Defendants as, according to you, they are obtainable from Defendants.  You stated that you would confer with Defendants to confirm that no confidentiality agreements prevented Defendants from producing such agreements.  Please inform us of the result of that conference.  To be clear, you made no representation that such agreements and communications do not exist, just that the ASML entities will not produce such documents.  You further represented that ASML-US has never been involved in sales of TWINSCAN and/or YieldStar systems to, or the use of such systems by, TSMC, UMC, or Kioxia.

On behalf of ASML-NL, however, you represented that it has produced such agreements between ASML-NL and entities that are not Defendants, but with the purchasing entities redacted.  You represented that ASML-NL had already produced documents tying the Accused Tools to Defendants and that, to the extent that it had not, ASML-NL will not produce further agreements or communications with Defendants as, according to you, those documents are obtainable from Defendants.  With regard to the redactions in the mentioned documents, you represented that ASML-NL will not produce unredacted versions as those entity names are protected under European law.  Please confirm whether or not it is still ASML-NL's position that it will not produce any further documents tying the use of the Accused Tools to specific Defendants or, alternatively, if such documents have already been produced, the Bates ranges of the documents providing this information.

For RFP Nos. 11-13, 27, 28, and 30, you represented that no such documents were in ASML-US's possession or control and, on behalf of ASML-NL, that, if any such documents exist, they are privileged or irrelevant.  Despite Ocean pointing out that each of these RFPs relate to an "Asserted Patent" or the design of a tool capable of infringing the Asserted Patents, you maintained the position on behalf of ASML-NL that the requests are irrelevant.  Ocean asked whether or not documents related to these Requests exist and you represented that, if they did exist, even their existence was confidential and the ASML entities would not provide an answer.  Please confirm whether or not ASML maintains the position it will not even confirm or deny the mere existence of documents relevant to these requests.

With respect to RFP No. 23, you represented that the requested documents are irrelevant. Despite Ocean indicating that licensing information is relevant to, among other things, which parties—specifically Defendants—are in possession of the TWINSCAN and/or YieldStar systems, you maintained that such documents are irrelevant but that, if such licenses or communications with Defendants exist, they are in the possession of Defendants and that, consequently, ASML-NL would not produce such documents in a manner similar to that discussed above.

With respect to the Deposition Topics, you represented that ASML-NL is still willing to produce a witness to provide testimony to certain Deposition Topics, provided that such Topics are specified and further narrowed prior to the deposition. Specifically, you represented that ASML-NL would be willing to provide a witness to be deposed on at least Deposition Topic Nos. 1, 3-5, 7, 8, 11, 17, and 29. You further represented that an ASML-NL witness would be available to be deposed by the end of March at the latest, but that you would confer with your client about earlier dates. Please inform us of the earliest date that a representative of ASML-NL is available to be deposed. Assuming that the parties can work out any document issues, Ocean would prefer the deposition to occur at least a week before the end of the month in order to allow it to best comply with its Court-ordered obligations as to its infringement contentions.

With respect to Deposition Topic No. 2, you represented that a declaration should be sufficient. Ocean agrees and will circulate a draft declaration of authentication once the other document issues have been resolved.

With respect to Deposition Topic Nos. 13-16, 18, 19, and 24-28, you represented that no ASML-NL witness would be provided because, according to you, the issues are not relevant to any issue in the actions. When Ocean asked whether or not ASML-NL would produce a witness to provide testimony related only to Defendants and only to the Accused Tools, you maintained the position that such testimony is irrelevant, or that it is obtainable from Defendants and would not be produced by ASML-NL, as discussed above.

With respect to Deposition Topic Nos. 6, 9, 10, 12, and 23, you represented that, consistent with the above, relevant testimony is obtainable from Defendants and would not be provided by ASML-NL.

Finally, with respect to Deposition Topic Nos. 20-22, you represented that such information does not exist or that, if it does exist, even the existence of such information is confidential. Please confirm whether or not ASML-NL maintains the position that the mere existence of information relevant to these Topics will not be confirmed or denied.

Because you had other commitments, the parties concluded their discussions during the February 16 teleconference at this point. Based on our ongoing review of the documents produced by ASML-NL and your responses to the above inquiries, we will reach out to schedule another meet and confer to discuss any remaining issues.

Thank you,
Joel



**Joel Glazer**

1526 Gilpin Ave, Wilmington, DE 19806

(440) 667-7109

**From:** Puknys, Erik <erik.puknys@finnegan.com>
**Sent:** Thursday, February 10, 2022 3:49 PM
**To:** Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Ok, thanks.

**From:** Joel Glazer <jglazer@devlinlawfirm.com>
**Sent:** Thursday, February 10, 2022 12:45 PM
**To:** Puknys, Erik <erik.puknys@finnegan.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

*EXTERNAL* **Email:**

Erik,

Ocean is available next Wednesday at 4:00pm ET for the meet and confer. I will send a calendar entry.

Thank you,
Joel



**Joel Glazer**
1526 Gilpin Ave, Wilmington, DE 19806
☐ (440) 667-7109

**From:** Puknys, Erik <erik.puknys@finnegan.com>
**Sent:** Wednesday, February 9, 2022 5:17 PM
**To:** Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanual.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Not Monday or Tuesday. How about Wednesday after 4 Eastern or Thursday any time between noon and 3 Eastern?

---

**From:** Joel Glazer <jglazer@devlinlawfirm.com>
**Sent:** Wednesday, February 9, 2022 1:42 PM
**To:** Puknys, Erik <erik.puknys@finnegan.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanuel.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

**EXTERNAL Email:**

Erik,

Unfortunately, tomorrow and Friday at the times provided do not work for Ocean. Are you available Monday afternoon?

Thank you,
Joel



Joel Glazer
1526 Gilpin Ave, Wilmington, DE 19806
(440) 667-7109

---

**From:** Puknys, Erik <erik.puknys@finnegan.com>
**Sent:** Wednesday, February 9, 2022 2:31 PM
**To:** Joel Glazer <jglazer@devlinlawfirm.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Selburn, Gail <Gail.Selburn@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanuel.com; TBowen <TBowen@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; eric green <eric.green@nortonrosefulbright.com>; marc collier <marc.collier@nortonrosefulbright.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Joel,

I have added the counsel for the defendants who served subpoenas, since we do not intend to do this multiple times.

I am available between 10:00 and 1:00 tomorrow or between 10 and noon Friday (all times Pacific). Please let me know if I should provide times for next week.

ASML-NL has not yet agreed to provide a witness. As I have explained, its willingness to volunteer information depends on how reasonable the parties are with regard to

withdrawing or at least substantially narrowing the subpoenas to ASML-US, which has very little information. I thought our discussion in January was productive, and hope our future discussions continue to be. We can include the discussion of whether ASML-NL will provide a witness on the agenda for the meet and confer.

Best regards,

Erik

**Erik R. Puknys** | Bio
Partner
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Stanford Research Park
3300 Hillview Avenue, Palo Alto, CA 94304-1203
650.849.6644 | fax: 650.849.6666 | erik.puknys@finnegan.com | www.finnegan.com |
LinkedIn Profile

FINNEGAN

**From:** Joel Glazer <jglazer@devlinlawfirm.com>
**Sent:** Tuesday, February 8, 2022 2:37 PM
**To:** Puknys, Erik <erik.puknys@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>; Selburn, Gail <Gail.Selburn@finnegan.com>
**Cc:** oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>
**Subject:** RE: Ocean Semi v. MediaTek et al. - ASML US Subpoenas

*EXTERNAL* **Email:**

Counsel,

We have reviewed ASML's objections and responses to Ocean's subpoena as recently served. Please provide us with your availability to meet and confer regarding ASML's responses and document production. ASML's production appears to be deficient, particularly with respect to those RFPs that ASML stated it will not produce documents in response. We would also like to discuss ASML's responses to deposition topics where ASML indicates that it will not provide a witness. Finally, we would like to schedule a date for when ASML-NL's witness will be available for a deposition, as ASML-NL indicates it is able to provide in its responses.

Thank you,
Joel



**DEVLIN**
**LAW FIRM LLC**
INTELLECTUAL PROPERTY LAW

**Joel Glazer**
1526 Gilpin Ave, Wilmington, DE 19806
☐ (440) 667-7109

**From:** Selburn, Gail <Gail.Selburn@finnegan.com>
**Sent:** Tuesday, January 25, 2022 7:36 PM
**To:** Alex Chan <achan@devlinlawfirm.com>; adavidson@coleschotz.com; vpatel@coleschotz.com; david mccombs <david.mccombs@haynesboone.com>; stephanie sivinski <stephanie.sivinski@haynesboone.com>; drewholmes <drewholmes@quinnemanuel.com>; seanpak@quinnemanuel.com; bshelton <bshelton@sheltoncoburn.com>; coburn <coburn@sheltoncoburn.com>; DG-RenesasDC <DG-RenesasDCt@goodwinlaw.com>; CSCampbell <CSCampbell@perkinscoie.com>; JTa <JTa@perkinscoie.com>; PMorin <PMorin@perkinscoie.com>; TBowen <TBowen@perkinscoie.com>; YKim <YKim@perkinscoie.com>; David Harper <david.harper@haynesboone.com>; oceansemi-dlf <oceansemi-dlf@devlinlawfirm.com>; Peter Mazur <PMazur@devlinlawfirm.com>; Joel Glazer <jglazer@devlinlawfirm.com>; marc collier <marc.collier@nortonrosefulbright.com>; eric green <eric.green@nortonrosefulbright.com>; Kieran Kieckhefer <Kieran.Kieckhefer@Shearman.com>; Patrick Colsher <Patrick.Colsher@Shearman.com>; scott cole <scottcole@quinnemanuel.com>; PMcCarthy@goodwinlaw.com; David Whittlesey <David.Whittlesey@Shearman.com>
**Cc:** Puknys, Erik <erik.puknys@finnegan.com>; Davies, Ryan <Ryan.Davies@finnegan.com>; Bhansali, Unnat <Unnat.Bhansali@finnegan.com>
**Subject:** Ocean Semi v. MediaTek et al. - ASML US Subpoenas

Counsel:

Please see the attached Non-parties ASML US, LLC's and ASML US, LP's Objections and Responses to Plaintiff's Subpoena to Testify at a Deposition in a Civil Action and to Produce Documents.

Thank you.

Gail Selburn
Litigation Legal Assistant
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
3300 Hillview Avenue, Palo Alto, CA 94304-1203
650.849.6712 | fax 650.849.6666 | gail.selburn@finnegan.com | www.finnegan.com

## FINNEGAN

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential,

proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.