# EXHIBIT 11

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Texas

| | | |
|---|---|---|
| OCEAN SEMICONDUCTOR LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   6:20-cv-01215-ADA |
| | ) | |
| STMICROELECTRONICS, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Advanced Micro Devices, Inc. c/o CT Corporation System, Registered Agent
1999 Bryan St., Ste. 900, Dallas, TX 75201-3136

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

See Attachment A.  The deposition is to occur as indicated below or as mutually agreed upon.

| Place: Perkins Coie LLP | Date and Time: |
|---|---|
| 500 West Second Street | |
| Austin, TX 78701 | 01/24/2022 9:00 am |

The deposition will be recorded by this method:    stenographically, and by sound and videographic recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.  The production is to occur by 5:00 pm on January 10, 2022 at Perkins Coie LLP, 500 West Second Street, Austin, TX 78701 or as mutually agreed upon.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     12/20/2021

|  | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| | | /s/ Tyler R. Bowen |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant STMicroelectronics, Inc.
, who issues or requests this subpoena, are:

Tyler R. Bowen, Perkins Coie LLP, 2901 N. Central Ave., Phoenix AZ 85003; TBowen@perkinscoie.com; (602)351-8448

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  6:20-cv-01215-ADA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in the Requests or Topics in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      The terms "Advanced Micro Devices," "AMD", "You," and "Your," as used herein, shall mean Advanced Micro Devices, Inc. and any parent, successor, predecessor, sister, affiliate, subsidiary, division or related company or other business or legal entity, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

2.      The terms "Plaintiff" and "Ocean," as used herein, shall mean Ocean Semiconductor LLC, and any parent, successor, predecessor, sister, affiliate, subsidiary, division or related company or other business or legal entity, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

3.      The terms "Fullbrite Partners LLC" or "Fullbrite," as used herein, shall mean Fullbrite Partners LLC, and any parent, successor, predecessor, sister, affiliate, subsidiary, division or related company or other business or legal entity, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

4.      The term "Triant," as used herein, shall mean Triant Technologies Inc., Triant Holdings, Inc., and any parent, successor, predecessor, sister, affiliate, subsidiary, division or related company or other business or legal entity, and their officers, directors, agents,

representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

5.     "Litigation" means the district court litigation pending in the Western District of Texas, captioned *Ocean Semiconductor LLC v. STMicroelectronics, Inc.*, No. 6:20-cv-1215.

6.     The terms "Document" and "Documents" are used in their broadest possible sense and refer, without limitation, to all written, electronically stored, printed, typed, photostatic, photographed, recorded, or otherwise reproduced Communications or records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrences or events.  This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, checks, check registers, financial statements, journals, ledgers, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, emails, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or Communications can be obtained.  The terms "Document" and "Documents" shall include all preliminary versions, drafts or revisions of the foregoing, and all copies of a Document shall be produced to the extent that the copies differ from the Document produced due to notations, additions, insertions, comments, enclosures, attachments or markings of any kind.  Further, the terms "Document" and "Documents" shall include, without

limitation, those categories as set forth in Rule 34(a) of the Federal Rules of Civil Procedure and all of the items defined in Rule 1001 of the Federal Rules of Evidence, specifically, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.  Any Document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document.

7.     The terms "Communication" and "Communications," as used herein, mean and include all written, oral, telephonic, electronic, or other inquires, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, email, and all other Documents evidencing any verbal or nonverbal interaction between Persons or entities, whereby information of any nature is transmitted or transferred, including without limitation, a Person(s) seeing or hearing any information by any means and any Document memorializing or referring to the contact.

8.     The terms "Thing" and "Things" shall be given the broadest possible construction under the Federal Rules of Civil Procedure, including but not limited to any prototype(s), model(s), physical specimen(s), and intangible item(s).

9.     The terms "Person," as used herein, means any natural Person, corporation, and any other form of business entity including without limitation, proprietorships, partnerships, firms, joint ventures, agencies, and associations and includes directors, officers, owners, members, employees, agents, attorneys or anyone else acting on the Person's behalf.  The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys or other

representatives acting on the Person's behalf.

10.     The term "Entity" shall mean corporation, company, firm, partnership, joint venture, association, governmental body or agency, or Persons other than a natural Person.

11.     The terms "date" or "dates" shall mean the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including without limitation the year, month, week in a month, or part of a month.  Identify each instance in which the given date is an approximate date, and state your bases for making such an approximation.

12.     The terms "include," "includes," and "including" are used in their broadest sense and encompass "including but not limited to" and "including without limitation."

13.     The terms "concerning," "relate to," "related to," and "relating to" shall mean in whole or in part concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, supporting, and to be in any way logically or factually connected with the matter discussed or identified.

14.     The terms "and" and "or," as used herein, are to be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

15.     The terms "any" and "all" shall be construed to mean both any and all.

16.     The term "each" should be understood to include and encompass "every."

17.     The terms "Asserted Patents," as used herein, shall refer to U.S. Patents Nos. 6,660,651; 6,907,305; 6,725,402; 6,968,248; 6,420,097; 7,080,330; 6,836,691; and 8,676,538.

18.     The term "Patent Families," as used herein, shall refer to (a) the Asserted Patents and all underlying patents and patent applications, including published and unpublished

applications, abandoned applications and patents, parents, continuations, continuations-in-part, divisionals, reissues, and foreign counterparts; (b) any other patents or patent applications claiming priority to any of the Asserted Patents or to which any of the Asserted Patents claims priority, whether directly or indirectly; and (c) any other patents or patent applications related to the Asserted Patents.

19.     Where an instruction or Request below names a corporation or other legal Entity, the instruction or Request includes within its scope any parent, predecessors-in-interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

## **INSTRUCTIONS**

1.      This Subpoena requires You to produce all Documents and Things that are in Your possession, custody, or control that are responsive to the Requests herein.

2.      You must preserve and retain all Documents, including electronic Documents, and other information potentially responsive to any of the Requests.

3.      For each Request, produce any and all Documents within the scope of the Requests that are in Your possession, custody, or control.

4.      All Documents and Things that respond, in whole or in part, to any portion of this subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

5.      Electronic records and computerized information that is produced must be readable with standard commercial software or must be accompanied by a description of the system from which it was derived sufficient to render such materials readable.

6.      All Documents and Things shall be produced either in the order and manner that they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this subpoena.  Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or container shall be attached to the Document. Documents attached to each other must not be separated.

7.      All responsive Documents and Things must be produced, regardless of whether such Documents and Things are possessed directly by You or are possessed by any of Your agents, representatives, or attorneys.

6

8.      If any requested Document or Thing has existed, but has been lost, destroyed, or is no longer within Your possession, custody, or control, then identify the Document or Thing, its author(s), the recipient(s) or addressee(s), the subject matter, and the content.  Further, if the Document or Thing has been destroyed, state with particularity the date and circumstances surrounding the destruction, and identify the last known custodian of the Document or Thing and each Person who has knowledge of the destruction of any such Document or Thing.

9.      As to any Documents or Things otherwise responsive to this subpoena that are withheld or not divulged based upon a claim of any privilege or work product: (a) state in a privilege log the nature of the claim of privilege and the holder of the privilege; (b) state in a privilege log all facts relied upon in support of the privilege; (c) in a privilege log, furnish a description of all Documents and Things withheld pursuant to the claim of privilege (to include, as to each withheld Document or Thing, at least its title and general subject matter, date, author(s), Person(s) for whom it was prepared, and Person(s) to whom it was sent); and (d) identify in a privilege log all Persons having knowledge of any facts relating to the claim of privilege. If the claim of privilege applies to only a portion of the Document or Thing, produce the Document or Thing with that portion clearly redacted (i.e., stamp the Document with the word "REDACTED") and describe the redacted portion in a privilege log.  In this log and as to each such Document or Thing, provide the following: (a) the nature of the Document or Thing; (b) the sender; (c) the author(s); (d) the recipient of each copy the Document or Thing; (e) the date of the Document or Thing; (f) a summary statement of the subject matter of the Document or Thing in sufficient detail to permit a court to reach a determination as to the alleged privilege in the event of a motion to compel; and (g) an indication of the basis for assertion of the alleged privilege.

10.      If, subsequent to the date that You produce Documents or Things responsive to this subpoena, You discover or receive Documents or Things that are responsive to the Requests herein, promptly produce all such additional Documents or Things to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

11.      If, after exercising due diligence to secure the information requested, You cannot fully comply with a specific Request, or any part thereof, state the reason(s) for Your inability to reply and respond to the fullest extent possible.

12.      If You object or disagree with any of the Definitions set forth herein, or if You do not understand any term used in these Requests and Topics, explain in detail the nature of your disagreement with the definition, or lack of understanding of the term, and provide your definition of the term in responding to the Request or Topic.

13.      Any Request that refers to a specific Document, group of Documents, or types of Documents within the Request, and asks for product of Documents "relating to," "referring to" or "discussing," or otherwise related to such Document or Documents is to be construed to require production of the specific Document or Documents so referenced in the Request except as otherwise noted.

## REQUESTS FOR PRODUCTION

1. Documents and Communications between AMD and any licensee or potential licensee, related to any negotiations, contracts, agreements, licenses, or covenants not to sue relevant to any of the Asserted Patents or Patent Families, including but not limited to AMD's Patent Sale Agreement with Fullbrite, any amendments thereto, and any associated assignment agreements.

2. Documents and Communications relating to any right, title, or financial or ownership interest in any of the Asserted Patents or Patent Families, including but not limited to AMD's security interest in the Asserted Patents recorded with the Patent and Trademark Office and AMD's or any third party's interest in revenue generated from litigation relating to the monetization of the Asserted Patents or Patent Families.

3. Documents and Communications regarding AMD's or any third party's plans or efforts to monetize the Asserted Patents, including any decision to license, offer for sale, or sell the Asserted Patents to any third party, including, but not limited to, Fullbrite, and any due diligence conducted by or on behalf of AMD and/or any third party in connection to any licensing or sale of the Asserted Patents or Patent Families.

4. Documents and Communications related to any patent infringement or potential patent infringement involving the Asserted Patents, including Documents and Communications relating to any investigation by AMD of a product suspected of infringement, or of being manufactured by an infringing process, even if AMD ultimately determined there was no infringement.

5. Documents and Communications related to any allegations of direct or indirect infringement of the Asserted Patents against any third party, including but not limited to any tests,

9

reviews, analyses, or studies conducted by or for You, Fullbrite, and/or Ocean in connection with any claims of alleged direct or indirect infringement of any of the Asserted Patents.

6.      Documents and Communications relating to any meetings, presentations, discussions, or other correspondence exchanged between AMD and Triant relating to any product or process designed, developed, offered for sale, or sold by Triant.

7.      Documents and Communications concerning the subject matter and problems to be solved by the alleged inventions of the Asserted Patents or Patent Families or created in conjunction with or in furtherance of the alleged inventions, including but not limited to all published or unpublished articles, papers, manuscripts, technical reports, lab notebooks, schematics, technical drawings (including the first drawing or drawings of the alleged inventions), conference papers, invention disclosure forms, the first disclosure and/or written description of the alleged inventions, other publications, speeches, or presentations, including those written or given by the named inventors of the Asserted Patents, relating to or discussing the subject matter of the Asserted Patents or Patent Families.

8.      Documents and Communications relating to the named inventors' work concerning the alleged inventions of the Asserted Patents, including Documents and Communications that relate to any invention disclosure forms or the named inventors' contribution to or work on the subject matter of the Asserted Patents.  This Request includes any articles, papers, or internal memoranda prepared by the inventors that relate to the subject matter of the Asserted Patents.

9.      Documents and Communications relating to any lawsuit, judicial or administrative proceeding, arbitration, patent interference proceeding, appeal proceeding, *inter partes* review, reissue or reexamination, patent opposition, or cancellation proceeding relating to the Asserted Patents or Patent Families, including all affidavits, declarations, deposition transcripts, trial

transcripts, hearing transcripts, or other testimony and exhibits thereto, submitted in any administrative, judicial, or other proceeding by You, any alleged inventor, or any prosecuting attorney or patent agent of the Asserted Patents or Patent Families.

10.     Documents and Communications relating to the alleged novelty, patentability, validity, enforceability, infringement, non-infringement, or scope of any claim of the Asserted Patents or Patent Families, including but not limited to any searches, investigations, evaluations, analyses or opinions regarding the same.

11.     All Documents, Communications, and Things relating to the alleged priority date(s) of the Asserted Patent.

12.     Documents, Communications, and Things relating to any product, device, apparatus, method, process, system, or service that allegedly embodies the subject matter of any claim of the Asserted Patents or Patent Families, including but not limited to Documents, Communications, and Things related to the design, development, or joint development of any such products, devices, apparatuses, methods, systems, processes, or services as it relates to the subject matter of any claim of the Asserted Patents or Patent Families.

13.     Documents, Communications, and Things relating to the alleged conception, reduction to practice, and diligence (or lack of diligence) between conception and reduction to practice, of each claim of the Asserted Patents or Patent Families, including but not limited to invention notebooks, schematics, technical drawings, or other Documents created in conjunction with or in furtherance of the conception, and/or reduction to practice, and/or any diligence between conception and reduction to practice of the Asserted Patents or Patent Families.

14.     Documents and Communications relating to Things that embody, attempt to embody, or have been perceived to embody any claim or claims of the Asserted Patents or Patent

Families, including Documents or Communications that show the first demonstration, sale, or offer for sale of any Things described in this Request; that describe, both within the United States and outside the United States, any public demonstration, disclosure, use, sale, offer for sale, commercial use, and any experimental use prior to the priority date(s) of the Asserted Patents of any Things described in this Request; that describe the first public and non-public use of any Things described in this Request; and that relate to the first Thing that embodied any alleged inventions of the Asserted Patents. This Request includes any advertising, sales, promotional and technical materials.

15. Documents and Communications relating to any confidentiality, nondisclosure, or other secrecy agreement between the applicant or the named inventor of an Asserted Patent, and any other individual or entity to whom any alleged invention claimed in any of the Asserted Patents, or any product embodying any alleged invention claimed in any of the Asserted Patents, was shown before the filing of the Asserted Patent.

16. Documents, Communications, and Things relating to the alleged inventorship of any claim of the Asserted Patents, including, without limitation, the personnel or employment history files for the named inventors of the Asserted Patents, the named inventors' resumes or curricula vitae, and Documents, Communications, and Things relating to the identification, selection, or determination of the proper inventor(s) for the Asserted Patents, including all Documents, Communications, and Things relating to any contention that the named inventors of the Asserted Patents are incorrect, including Documents sufficient to identify the person(s) so contending, Documents sufficient to describe the facts and circumstances underlying the contention, and all Communications related to the foregoing.

12

17.    To the extent not produced in response to Request No. 16, all Documents, Communications, and Things relating to the identification of inventors of the '651 patent, including the determination that Matt Purdy and Joyce Oey would not be listed as inventors.

18.    Communications with any inventor, named or unnamed, of any of the Asserted Patents relating to the Litigation or any of the Asserted Patents or Patent Families.

19.    Documents and Communications relating to or constituting the preparation, prosecution, examination, and/or maintenance of the Asserted Patents or Patent Families, including but not limited to Documents and Communications relating to or constituting draft patent application(s), prosecution histories, declarations, prior art, information disclosure statements, meeting notes, summaries of meetings, and/or correspondence with the U.S. Patent and Trademark Office or any foreign patent office.

20.    Documents and Communications relating to any abandonment, suppression, or concealment of any of the claimed subject matter of any of the Asserted Patents or Patent Families, including any Documents and Communications evidencing any decision as to what information to disclose or not disclose to the U.S. Patent and Trademark Office.

21.    Documents and Communications relating to any prior art to the Asserted Patents or Patent Families, including any investigations, evaluations, searches, or search results of domestic or foreign patents, literature, or other published materials, prior art submitted to the U.S. Patent and Trademark Office, or any other prior art considered before or during prosecution, any decision as to what Prior Art references to cite, or to not cite, including all Prior Art search results, during the prosecution of the Asserted Patents or any Patent Families, and the technical information known to each inventor, and each agent, representative, or attorney prosecuting the Asserted Patents concerning the alleged inventions.

13

22.    Documents and Communications relating to any royalties received by AMD as a result of licensing the Asserted Patents.

23.    Documents and Communications concerning the alleged value or any valuation of the Asserted Patents or the alleged value or valuation of a license to any or all of the Asserted Patents, including any valuation, whether formal or informal, of the Asserted Patents prior to or during the contemplated and actual sale and/or transfer of any Asserted Patent to any other third party, including Fullbrite.

24.    Documents and Communications constituting analyses or studies of the United States and/or global markets for any products or processes, including any AMD products or processes, that practice any claim of the Asserted Patents, including but not limited to information regarding market share, the overall size of the market, the identity and number of manufacturers and sellers of such products or processes, and aggregate sales volumes for the United States and outside the United States.

25.    Documents and Communications relating to any marketing, advertisement, or business plans of any products, processes, or services developed, offered for sale, or sold by or on behalf of You on or before or after the priority date of any of the Asserted Patents that embody the claimed subject matter of the Asserted Patents or Patent Families.

26.    AMD's Document retention policy relating to Documents requested in this Subpoena.

27.    Documents and Communications relating to Your relationship with Fullbrite and Your relationship with Ocean.

28.    All agreements, contracts, and correspondence between You and any third party relating to the Litigation.

## **TOPICS**

1.      Negotiations, contracts, agreements, licenses, or covenants not to sue, whether executed or not, related to any of the Asserted Patents or Patent Families.

2.      Rights, titles, or financial or ownership interests in any of the Asserted Patents or Patent Families, including but not limited to AMD's security interest in the Asserted Patents recorded with the Patent and Trademark Office, and AMD's or any third party's interest in revenue generated from litigation relating to the monetization of the Asserted Patents or Patent Families.

3.      AMD's or any third party's plans or efforts to monetize the Asserted Patents, including any decision to license, offer for sale, or sell the Asserted Patents and any related Communications with third parties.

4.      Any allegations accusing any third party of directly or indirectly infringing the Asserted Patents, and any Patent infringement lawsuits involving any of the Asserted Patents.

5.      Any agreements, meetings, presentations, due diligence, discussions, or other Communications exchanged between AMD and any third party, including Fullbrite and/or Ocean, relating to the Litigation and/or Asserted Patents or Patent Families, including, but not limited to, the decision to assert the Asserted Patents in the Litigation.

6.      Discussions between AMD and Triant or within AMD regarding any product or processes designed, developed, offered for sale, or sold by Triant.

7.      The alleged inventions of the Asserted Patents or Patent Families, including the alleged problems solved by the alleged inventions, the state of the art at the time of the alleged inventions, and the components required for the alleged inventions.

8.      Lawsuits, judicial or administrative proceedings, arbitrations, patent interference proceedings, appeal proceedings, *inter partes* reviews, reissues or reexaminations, patent oppositions, or cancellation proceedings relating to the Asserted Patents or Patent Families.

9.      The novelty, patentability, validity, enforceability, infringement, non-infringement, or scope of any claim of the Asserted Patents or Patent Families, including but not limited to any searches, investigations, evaluations, analyses, or opinions regarding the same.

10.     The priority date(s) of the Asserted Patent.

11.     Products, devices, apparatuses, methods, processes, systems, or services that embody the subject matter of any claim of the Asserted Patents or Patent Families, including but not limited to the design, development, or joint development of any such products, devices, apparatuses, methods, systems, processes, or services as it relates to the subject matter of any claim of the Asserted Patents or Patent Families.

12.     The invention, conception, reduction to practice, and diligence (or lack of diligence) between conception and reduction to practice of each claim of the Asserted Patents or Patent Families.

13.     The inventors, identification of inventors, and inventorship of the Asserted Patents or Patent Families, including but not limited to the selection or determination that Matt Purdy and Joyce Oey would not be listed as inventors and Communications between AMD and any alleged inventor regarding the Asserted Patents or Patent Families.

14.     The preparation, prosecution, examination, and/or maintenance of the Asserted Patents or Patent Families.

15.     Documents, published or unpublished, relating to or discussing the subject matter of the Asserted Patents or Patent Families.

16.     Abandonment, suppression, or concealment of any of the claimed subject matter of any of the Asserted Patents or Patent Families.

17.     Prior art to the Asserted Patents or Patent Families.

18.     The public demonstration, disclosure, use, sale, offer for sale, commercial use, and any experimental use, of any product or process embodying any claim or claims of any claim of any of the Asserted Patents or Patent Families.

19.     Royalties received by AMD as a result of licensing the Asserted Patents.

20.     The value or any valuation of the Asserted Patents or the value or valuation of a license to any or all of the Asserted Patents.

21.     Analyses or studies of the United States and/or global markets for any products or processes alleged to practice any claim of the Asserted Patents.

22.     The marketing, advertisement, or business plans of any products, processes, or services developed, offered for sale, or sold by or on behalf of You that embody the claimed subject matter of the Asserted Patents or Patent Families.

23.     AMD's Document retention policy relating to Documents requested in this Subpoena, Your efforts to gather and authenticate Documents responsive to this Subpoena, and the subject matter of all Documents produced in response to this Subpoena, including the Asserted Patents and their subject matter.

24.     Your relationship with Fullbrite, Ocean, and any companies owned or operated by Ocean.

25.     The identify of each Person having a financial or pecuniary interest in the outcome of the Litigation, as well as the type, nature, percentage, and amount of each Person's interest.