# EXHIBIT 13

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| OCEAN SEMICONDUCTOR LLC ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 6:20-CV-01215-ADA |
| STMICROELECTRONICS, INC. ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   United Microelectronics Corporation
No. 3, Li-Hsin Road 2nd Road, Hsinchu Science Park, Hsinchu City, Taiwan, Republic of China
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A. The deposition is to occur as indicated below or as mutually agreed upon.

| Place: Virtual deposition or alternatively at: Perkins Coie LLP, 505 Howard Street, Ste. 1000 San Francisco, CA 94105 | Date and Time: 04/08/2022 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographically, and by sound and videographic recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment A. The production is to occur by 9:00am on March 25, 2022 by electronics means to Tyler Bowen, TBowen@perkinscoie.com, or alternatively to Perkins Coie LLP, 505 Howard Street, Ste. 1000, San Francisco, CA 94105 or as mutually agreed upon.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/11/2022

| *CLERK OF COURT* | OR | /s/ Tyler R. Bowen |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant STMicroelectronics, Inc. , who issues or requests this subpoena, are:
Tyler R. Bowen; TBowen@perkinscoie.com; (602)351-8448; Perkins Coie LLP, 2901 N. Central Ave., Phoenix AZ 85012

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 6:20-CV-01215-ADA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## **INSTRUCTIONS**

1. You are required to produce for inspection and copying true and correct copies of the designated documents to Tyler Bowen at TBowen@perkinscoie.com. In the alternative, produce documents to Tyler Bowen c/o Perkins Coie LLP, 505 Howard Street, Ste. 1000, San Francisco, CA 94105.

2. In response to this Subpoena, provide all requested documents in your possession, custody or control, including all documents in the possession, custody or control of your attorneys or agents. If your response to this Subpoena is that any requested document or documents are not in your possession, custody or control, identify who has possession, custody or control of the document or documents and the location of the document or documents.

3. If a request seeks a document which to your knowledge does not exist, please state that the document does not exist.

4. Without interfering with the readability of a document, please identify in some manner the request(s) to which the document is responsive.

5. These requests for production are continuing in nature, and you are required to amend or supplement your responses if you or other persons acting on your behalf become aware of additional information between the time your answers are given and the time of trial that renders your responses no longer correct, accurate or complete.

6. If you contend that you are entitled to withhold from production any documents identified in these requests for production on the basis of attorney-client privilege, work product doctrine or any other ground, follow the instructions described in sub-parts (a) - (e) below for each withheld document:

(a)  describe the nature of the document (*e.g.*, letter or memorandum);

(b)  state the date of the document;

(c)  identify the person(s) who sent and received the document and/or any copy thereof;

(d)  without revealing the privileged information, identify the subject matter of the document; and

(e)  state the specific privilege(s) you assert regarding the document.

7. You must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on Your behalf about the matters set forth below.

8. If necessary for You to testify, You must bring with You to the deposition all relevant Documents or supplement any prior production of documents as necessary. If You bring a Document to the deposition that was not otherwise produced in response to the Requests for Production set forth in below, the Document must be produced as instructed in above.

9. Examples of responsive items set out in any topic should not be construed to limit the scope of the request.

10. The topics should be read so as to encompass any and all items responsive to the topic.

# DEFINITIONS

For purposes of these requests, the terms listed below are defined as follows:

1. "You" or "Your" refers to United Microelectronics Corporation (also referred to as "UMC") and each of your agents, representatives, affiliates, employees, and attorneys and any other individual or entity presently or formerly acting on your behalf or at your request.

2. 2. "ST Inc." refers to Defendant STMicroelectronics, Inc., and any of its officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on its behalf.

3. "Accused Devices" shall mean the following ST Inc. products that Ocean has accused of infringement: STV0991, VG5761, STRADA431, STRADA770M, AIS1120SX, AIS1200PS, AIS2120SX, AIS2DW12, AIS328DQ, AIS3624DQ, H3LIS100DL, H3LIS200DL, H3LIS331DL, IIS2DH, IIS2DLPC, IIS2ICLX, IIS328DQ, IIS3DHHC, IIS3DWB, LIS25BA, LIS2DE12, LIS2DH, LIS2DH12, LIS2DS12, LIS2DTW12, LIS2DW, LIS2DW12, LIS2HH12, LIS331DLH, LIS331HH, LIS344ALH, LIS3DH, LIS3DHH, LIS3DSH, LIS3LV02DL, MIS2DH, AIS326DQ, A3G4250D, ASM330LHH, VL53L0X, VL53L1CB, VL53L1X, VL53L3CX, VL6180V1, VL6180X, STM32F410C8, STM32F411RC, STM32F412CE, STM32F412RE, STM32F413RH, STM32F423VH, STM32F439ZG, STM32F446ME, STM32F723VC, STM32F732VE, STM32F767NI, STM32H723VE, STM32H723VG, STM32H723ZE, STM32H723ZG, STM32H725AE, STM32H725AG, STM32H725IE, STM32H725IG, STM32H725RE, STM32H725RG, STM32H725VE, STM32H725VG, STM32H725ZE, STM32H725ZG, STM32H730AB, STM32H730IB, STM32H730VB, STM32H730ZB, STM32H733VG, STM32H733ZG, STM32H735AG, STM32H735IG, STM32H735RG, STM32H735VG, STM32H735ZG, STM32F205RB, STM32F205RC, STM32F205RE,

STM32F205RF, STM32F205RG, STM32F205VB, STM32F205VC, STM32F205VE, STM32F205VF, STM32F205VG, STM32F205ZC, STM32F205ZE, STM32F205ZF, and STM32F205ZG.

4. "Asserted Patents" means U.S. Patent Nos. 6,660,651 ("the '651 Patent"), 6,907,305 ("the '305 Patent"), 6,725,402 ("the '402 Patent"), 6,968,248 ("the '248 Patent"), 7,080,330 ("the '330 Patent"), 6,836,691 ("the '691 Patent"), 8,676,538 ("the '538 Patent"), and 6,420,097 ("the '097 Patent").

5. "Document(s)" shall mean and include all written, typed, printed, recorded, taped, or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, including electronically stored information such as metadata, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in Your possession, custody or control and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, calendars, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, email, blogs, internet postings, text messages, instant messages, computer data (whether on cards, compact disk, DVD, ISP server, or otherwise), telegrams, teletype, photographic matter, financial statements, accounting records, commission worksheets, and any other such documents and tangible things, whether in hard, digital or electronic version. The term "document" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents. In all cases where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies. A document is deemed to be in Your custody if You have possession of the document or

has the right to secure such document from another person having possession thereof. All information available in electronic or magnetic medium should be provided electronically on an external hard drive in their native format.

6. "Prior Art" shall mean and refer to all publications, patents, physical devices, prototypes, products, uses, sales, offers for sale, or other activity concerning the subject matter of the Asserted Patents and existing on, or occurring at, at day such as to be relevant under any subdivision of 35 U.S.C. §§ 101, 102, 103, or 112.

7. "TWINSCAN" shall mean and refer to lithography systems designed, developed, assembled, and/or manufactured by ASML under the name "TWINSCAN."

8. "YieldStar" shall mean and refer to optical metrology and inspection systems designed, developed, assembled, and/or manufactured by ASML under the name "YieldStar."

9. "LineWorks" shall mean and refer to scheduling and process management systems designed, developed, assembled, and/or manufactured by camLine.

10. "Maestria" shall mean and refer to analytics platforms designed, developed, assembled, and/or manufactured by PDF Solutions under the name "Maestria."

11. "E3" shall mean and refer to fault detection systems designed, developed, assembled, and/or manufactured by Applied Materials under the name "E3."

12. "Allegedly Relevant Tools" shall mean and refer to any tools or software whose use Ocean contends meets one or more limitations of the Asserted Patents, including TWINSCAN, YieldStar, LineWorks, E3, and Maestria, and including earlier generations, versions, or brand names of TWINSCAN, YieldStar, LineWorks, E3, and Maestria.

13. Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

14. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

15. The use of a verb in any context shall be construed as the verb in all tenses. The plural shall include the singular and the singular shall include the plural.

16. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

17. The terms "referring to," "concerning," "relating to," or "pertaining to" any given subject when used to specify a document, communication, or statement, shall mean or refer to any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, discusses, mentions, supports, refutes, controverts, depicts, and or is in any manner whatsoever pertinent to that subject.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1**

Documents sufficient to identify each TWINSCAN system (if any) You used to fabricate the Accused Devices, including, if applicable, the model, version, product designation number, SKU number, part number, assembly designation, brand name, trademark, internal name, or any other means used by You to identify the system.

**Request for Production No. 2**

Documents sufficient to show your use or implementation of each TWINSCAN system You use to fabricate the Accused Devices.

**Request for Production No. 3**

Documents sufficient to identify each YieldStar system (if any) You used to fabricate the Accused Devices, including, if applicable, the model, version, product designation number, SKU number, part number, assembly designation, brand name, trademark, internal name, software package, or any other means used by You to identify the system.

**Request for Production No. 4**

Documents sufficient to show your use or implementation of each YieldStar system You use to fabricate the Accused Devices including whether, and if so how, you use each such Yieldstar system to measure overlay error and/or determine critical dimensions are outside of acceptable tolerances.

**Request for Production No. 5**

Documents sufficient to show the measurements You take using each YieldStar system described in Request for Production No. 3, including the structure on the Accused Devices that You used to take said measurements.

**Request for Production No. 6**

Documents sufficient to identify each module, version, or component of Maestria (if any) You used to fabricate the Accused Devices, including, if applicable, the model, version, product designation number, SKU number, part number, assembly designation, brand name, trademark, internal name, or any other means used by You to identify the software.

**Request for Production No. 7**

Documents sufficient to show your use or implementation of Maestria to fabricate the Accused Devices, including whether and how Maestria communicates with other components of Your system, whether You implement Maestria to perform univariate or multivariate analysis, and what data Maestria receives.

**Request for Production No. 8**

Documents sufficient to identify each module, version, or component of E3 (if any) You used to fabricate the Accused Devices, including, if applicable, the model, version, product designation number, SKU number, part number, assembly designation, brand name, trademark, internal name, or any other means used by You to identify the software.

**Request for Production No. 9**

Documents sufficient to show your use or implementation of E3 to fabricate the Accused Devices, including whether and how E3 communicates with other components of UMC's system, whether UMC implements E3 to perform univariate or multivariate analysis, and what data E3 receives.

**Request for Production No. 10**

Documents sufficient to identify each module, version, or component of LineWorks (if any) You used to fabricate the Accused Devices, including, if applicable, the model, version,

product designation number, SKU number, part number, assembly designation, brand name, trademark, internal name, or any other means used by You to identify the software.

**Request for Production No. 11**

Documents sufficient to show your use or implementation of LineWorks to fabricate the Accused Devices, including whether and how LineWorks communicates with other components of UMC's system, whether UMC implements LineWorks to perform univariate or multivariate analysis, and what data LineWorks receives.

**Request for Production No. 12**

Non-privileged Documents referring or relating to any Prior Art, Prior Art search conducted in connection with the Asserted Patents, or investigation conducted in connection with the Asserted Patents, including, without limitation, all patents, publications, systems, and other Prior Art located or identified through any such search or investigation.

**Request for Production No. 13**

Documents sufficient to show how the claimed technologies in the Asserted Patents relate to the overall process for manufacturing the Accused Devices.

**Request for Production No. 14**

Documents sufficient to show all patent licenses You have entered, either as grantee or grantor, and the respective royalties paid by, or to, You, on comparable technologies to that of the Asserted Patents.

**Request for Production No. 15**

Documents sufficient to show Your implementation and configuration of any Allegedly Relevant Tools You used to fabricate the Accused Devices.

**Request for Production No. 16**

Documents sufficient to show what You paid for Allegedly Relevant Tools You used to fabricate the Accused Devices.

**Request for Production No. 17**

For each Allegedly Relevant Tool You used to fabricate the Accused Devices, Documents sufficient to show how many wafers You fabricated using said Allegedly Relevant Tool.

**Request for Production No. 18**

Documents sufficient to show the identity, configuration, operation, and date of first use by You of Allegedly Relevant Tools whose first use by You predates the filing date of any Asserted Patent.

**Request for Production No. 19**

Documents You produced in response to any subpoena issued in connection with any litigation involving any Asserted Patent.

## TOPICS FOR DEPOSITION

**Topic No. 20**

Your use of TWINSCAN systems (if any) to fabricate the Accused Devices, including, if applicable, the model, version, product designation number, SKU number, part number, assembly designation, brand name, trademark, internal name, or any other means used by You to identify the system.

**Topic No. 21**

Your use or implementation of each TWINSCAN system You use to fabricate the Accused Devices including whether, and if so how, You adjust the wafer stage of each TWINSCAN system described in Request for Production No. 1, including instances in which the stage after adjustment is not approximately parallel to its initial position.

**Topic No. 22**

Your use of YieldStar systems (if any) to fabricate the Accused Devices, including, if applicable, the model, version, product designation number, SKU number, part number, assembly designation, brand name, trademark, internal name, software package, or any other means used by You to identify the system.

**Topic No. 23**

Your use or implementation of each YieldStar system You use to fabricate the Accused Devices including whether, and if so how, you use each such Yieldstar system to measure overlay error and/or determine critical dimensions are outside of acceptable tolerances.

**Topic No. 24**

The measurements You take using each YieldStar system described in Topic No. 3, including the structure on the Accused Devices that You used to take said measurements.

**Topic No. 25**

Your use of each module, version, or component of Maestria (if any) to fabricate the Accused Devices, including, if applicable, the model, version, product designation number, SKU number, part number, assembly designation, brand name, trademark, internal name, or any other means used by You to identify the software.

**Topic No. 26**

Your use or implementation of Maestria to fabricate the Accused Devices, including whether and how Maestria communicates with other components of UMC's system, whether UMC implements Maestria to perform univariate or multivariate analysis, and what data Maestria receives.

**Topic No. 27**

Your use of each module, version, or component of E3 (if any) to fabricate the Accused Devices, including, if applicable, the model, version, product designation number, SKU number, part number, assembly designation, brand name, trademark, internal name, or any other means used by You to identify the software.

**Topic No. 28**

Your use or implementation of E3 to fabricate the Accused Devices, including whether and how E3 communicates with other components of UMC's system, whether UMC implements E3 to perform univariate or multivariate analysis, and what data E3 receives.

**Topic No. 10**

Your use of each module, version, or component of LineWorks (if any) to fabricate the Accused Devices, including, if applicable, the model, version, product designation number, SKU

number, part number, assembly designation, brand name, trademark, internal name, or any other means used by You to identify the software.

**Topic No. 11**

Your use or implementation of LineWorks to fabricate the Accused Devices, including whether and how LineWorks communicates with other components of UMC's system, whether UMC implements LineWorks to perform univariate or multivariate analysis, and what data LineWorks receives.

**Topic No. 12**

Any Prior Art, Prior Art search conducted in connection with the Asserted Patents, or investigation conducted in connection with the Asserted Patents, including, without limitation, all patents, publications, systems, and other Prior Art located or identified through any such search or investigation.

**Topic No. 13**

How the claimed technologies in the Asserted Patents relate to the overall process for manufacturing the Accused Devices.

**Topic No. 14**

All patent licenses You have entered, either as grantee or grantor, and the respective royalties paid by, or to, You, on comparable technologies to that of the Asserted Patents.

**Topic No. 15**

Your implementation and configuration of Allegedly Relevant Tools You used to fabricate the Accused Devices.

**Topic No. 16**

What You paid for Allegedly Relevant Tools You used to fabricate the Accused Devices.

**Topic No. 17**

For each Allegedly Relevant Tool You used to fabricate the Accused Devices, how many wafers You fabricated using said Allegedly Relevant Tool.

**Topic No. 18**

The identity, configuration, operation, and date of first use by You of Allegedly Relevant Tools whose first use by You predates the filing date of any Asserted Patent.

**Topic No. 19**

The Documents You produced in response to this or any other subpoena issued in connection with any litigation involving any Asserted Patent, including the authenticity of any such Documents.