# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>　　　　Plaintiff<br><br>　v.<br><br>MediaTek Inc. and MediaTek USA Inc.,<br><br>　　　　Defendants. | Civil Action No.: 6:20-cv-1210-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>　　　　Plaintiff<br><br>　v.<br><br>NVIDIA Corp.,<br><br>　　　　Defendant. | Civil Action No.: 6:20-cv-1211-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>　　　　Plaintiff<br><br>　v.<br><br>NXP USA, Inc.<br><br>　　　　Defendant. | Civil Action No.: 6:20-cv-1212-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>　　　　Plaintiff<br><br>　v.<br><br>Silicon Laboratories Inc.,<br><br>　　　　Defendant. | Civil Action No.: 6:20-cv-1214-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

| | |
|---|---|
| Ocean Semiconductor LLC, <br><br> Plaintiff <br><br> v. <br><br> STMicroelectronics, Inc., <br><br> Defendant. | Civil Action No.: 6:20-cv-1215-ADA <br><br> JURY TRIAL DEMANDED <br><br> PATENT CASE |
| Ocean Semiconductor LLC, <br><br> Plaintiff <br><br> v. <br><br> Western Digital Technologies, Inc. <br><br> Defendant. | Civil Action No.: 6:20-cv-1216-ADA <br><br> JURY TRIAL DEMANDED <br><br> PATENT CASE |

**DEFENDANTS' REPLY IN SUPPORT OF OPPOSED MOTION TO MODIFY SCHEDULING ORDER**

I.      **INTRODUCTION**

Ocean's Opposition to the Defendants' Motion to Modify the Scheduling Order ("Opp.," Dkt. 78)[1] unwittingly demonstrates that the three-month extension to the current case schedule is not only warranted but necessary. By highlighting all the time-consuming third-party discovery conducted thus far, Ocean's admission that its final infringement contentions will *expand* its infringement case indicates that, once Defendants finally receive Ocean's infringement contentions, further, more time-consuming discovery will be required. *See* Decl. of Henrik Parker ("Parker Decl."), Dkt. 66 at ¶¶ 71–73. Ocean has sought and received *four months* of extensions to the final infringement contention deadline and seeks to severely prejudice all Defendants by severely curtailing their ability to later conduct third-party discovery. The Court should grant the Motion and extend the case schedule.

The Court freely grants extensions to the fact discovery schedule in patent cases as needed. There is no reason in these cases to depart from the Court's practice. If anything, these cases feature an unusual number of third parties (seven) implicated in the infringement allegations, and the specter of newly added accused products and third-party systems in Ocean's final infringement contentions. Under these circumstances, providing the Defendants with sixteen *fewer* weeks of fact discovery than the Court's OGP allows by default following the final contention deadline is unworkable and unjustified.

Ocean claims that Defendants filed the instant motion as part of a hidden agenda "to push out the case schedule far enough to allow some or all of the pending IPR proceedings to have reached their final decision stage before trial" (Opp. at 1), but the pending IPRs are irrelevant to

---

[1] For ease of reference, all docket numbers relate to *Ocean Semiconductor LLC v. ST Microelectronics, Inc.*, No. 6:20-cv-1215-ADA. The same or similar filings can be found in each of the parallel cases.

the scheduling issues. The difficulty of discovery in these cases flows directly from the number of asserted patents, accused third-party technologies, Ocean's multiple requests for extensions, and the expanding nature of Ocean's infringement theories, all factors within Ocean's control. Ocean's attempt not only to deny the Defendants time to conduct discovery into *new* infringement theories but to further compress the remaining case deadlines will severely prejudice all Defendants and should be rejected.

## II. ARGUMENT

Ocean argues that fact discovery is nearly complete because Ocean and the Defendants have already conducted a significant amount of party and third-party discovery in these cases. Opp. at 4-5. That argument misses the mark for two reasons. First, the extensive third-party discovery is not complete as to any party even as to Ocean's original infringement theories. Second, Ocean's indication that it will seek to expand the scope of accused products and third-party systems means that additional discovery of third parties will be required once Ocean serves its final infringement contentions on May 27, 2022. It strains credulity that Ocean required an additional *four months* for its final infringement contentions, but Defendants should have only *six weeks* to respond to Ocean's new theories and complete discovery on other fact issues. Ocean did not cite any case before this Court in which fact discovery closed so soon after final infringement contentions were served late in the case. The current close of fact discovery on July 6, 2022 is untenable even if Ocean promised not to include new accused products and systems in the final contentions. Expanding the scope of its infringement theories at this late stage of the case will naturally require commensurate effort by Defendants and significant time and expense. Within six weeks of receiving Ocean's new infringement contentions, Defendants would, at a minimum, be required to (1) immediately issue written discovery on the new products and systems, (2) wait four weeks to

receive such discovery from third parties, and (3) assuming there are no discovery disputes, conduct all fact and expert depositions within the two weeks left before the close of fact discovery. The Court should permit Defendants the necessary time to prepare their defenses as it does in every other case.

Another factor supporting the Defendants' requested extension to the case schedule is the deficiencies in Ocean's preliminary infringement contentions, which required extensive correspondence among the parties. The Defendants expect that Ocean's final infringement contentions will be similarly deficient with respect to the newly-added accused products and systems, which will likely require the Court's assistance. Because Defendants have no idea how significantly Ocean will seek to expand the universe of accused products and systems on May 27, it is not even certain that extending the case schedule by three months will be sufficient. Ocean's Opposition is silent on this critical issue.

Ocean contends that Defendants' Motion intentionally ignores the pending IPRs and "hides those key facts" from the Court, but this Motion has nothing to do with the IPRs. The choices that Ocean has made in this litigation—including its multiple requests for extensions—have led to the present circumstances and the necessity to extend the case schedule. Ocean should not be permitted to severely prejudice Defendants' ability to investigate and defend against the new infringement theories simply because its choices result in more final written decisions being issued before any trials are held.

### III.   CONCLUSION

For the foregoing reasons, Defendants request that the Court grant the proposed extension of case deadlines. Defendants also request that the Court grant a hearing to hear argument on this Motion.

Dated: April 26, 2022                                  Respectfully submitted,

|  | */s/ Tyler R. Bowen*<br>Janice L. Ta, Texas 24075138<br>JTa@perkinscoie.com<br>PERKINS COIE LLP<br>405 Colorado St., Suite 1700<br>Austin, TX 78701<br>Tel: (737) 256-6100<br>Fax: (737) 256-6300<br><br>Chad S. Campbell (*admitted pro hac vice*)<br>CSCampbell@perkinscoie.com<br>Tyler R. Bowen (*admitted pro hac vice*)<br>TBowen@perkinscoie.com<br>PERKINS COIE LLP<br>2901 North Central Avenue, Suite 2000<br>Phoenix, AZ  85012<br>Tel: (602) 351-8000<br>Fax: (602) 648-7000<br><br>Philip A. Morin (*admitted pro hac vice*)<br>PMorin@perkinscoie.com<br>PERKINS COIE LLP<br>11452 El Camino Real, Suite 300<br>San Diego, CA  92130-2020<br>Tel: (858) 720-5700<br>Fax: (858) 720-5799<br><br>*Counsel for Defendant STMicroelectronics, Inc.* |
|---|---|
|  | */s/ L. Kieran Kieckhefer*<br>L. Kieran Kieckhefer (*pro hac vice*)<br>SHEARMAN & STERLING LLP<br>535 Mission Street, 25th Floor<br>San Francisco, CA 94105<br>Tel: (415) 616-1124<br>Fax: (415) 616-1199<br>Kieran.Kieckhefer@Shearman.com<br><br>David P. Whittlesey<br>SHEARMAN & STERLING LLP<br>300 West 6th Street, 22nd Floor<br>Austin, TX 78701 |

-4-

|  | Tel: (512) 647-1907<br>Fax: (512) 857-6602<br>David.Whittlesey@Shearman.com<br><br>Matthew G. Berkowitz (*pro hac vice*)<br>Patrick Colsher (*pro hac vice*)<br>Yue (Joy) Wang (*pro hac vice*)<br>SHEARMAN & STERLING LLP<br>1460 El Camino Real, 2nd Floor<br>Menlo Park, CA 94025<br>Tel: (650) 838-3737<br>Fax: (650) 838-5141<br>Matt.Berkowitz@Shearman.com<br>Patrick.Colsher@Shearman.com<br>Joy.Wang@Shearman.com<br><br>Ahmed ElDessouki (*pro hac vice*)<br>SHEARMAN & STERLING LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 848-4908<br>Ahmed.ElDessouki@Shearman.com<br><br>*Counsel for Defendant Western Digital Techs., Inc.* |
|---|---|
|  | */s/ Stephanie N. Sivinski*<br>David H. Harper<br>Texas Bar No. 09025540<br>david.harper@haynesboone.com<br>David L. McCombs<br>Texas Bar No. 13438700<br>david.mccombs@haynesboone.com<br>Stephanie N. Sivinski<br>Texas Bar No. 24075080<br>stephanie.sivinski@haynesboone.com<br>HAYNES AND BOONE, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>Tel: (214) 651-5000<br>Fax: (214) 200-0615<br><br>*Counsel for Defendants MediaTek Inc. and MediaTek USA Inc.* |

|  | */s/ Marc B. Collier*<br>Marc B. Collier (SBN 00792418)<br>marc.collier@nortonrosefulbright.com<br>Eric C. Green (SBN 24069824)<br>eric.green@nortonrosefulbright.com<br>Catherine Garza (SBN 24073318)<br>cat.garza@nortonrosefulbright.com<br>Gabriel Culver (SBN 24116240)<br>gabriel.culver@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701<br>Tel: (512) 474-5201<br>Fax: (512) 536-4598<br><br>Richard S. Zembek (SBN 00797726)<br>richard.zembek@nortonrosefulbright.com<br>Darren Smith (SBN 24088433)<br>darren.smith@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095<br>Tel: (713) 651-5151<br>Fax: (713) 651-5246<br><br>*Counsel for Defendant Silicon Laboratories Inc.* |
|  | */s/ Bradley D. Coburn*<br>Barry K. Shelton<br>Texas Bar No. 24055029<br>Bradley D. Coburn<br>Texas Bar No. 24036377<br>WINSTON & STRAWN LLP<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201<br>bshelton@winston.com<br>bcoburn@winston.com<br>Tel: (512) 453-6402<br>Fax: (214) 453-6400<br><br>*Counsel for Defendant NXP USA, Inc.* |
|  | */s/ Scott L. Cole*<br>Scott L. Cole<br>Texas Bar No. 00790481 |

| | |
|---|---|
| | scottcole@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>300 West 6th Street, Suite 2010<br>Austin, TX 78701<br>Tel: (737) 667-6100<br>Fax: (737) 667-6110<br><br>*Counsel for Defendant NVIDIA Corporation* |

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on April 26, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Eric C. Green*
Eric C. Green