# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC, | Civil Action No. 6:20-cv-01214-ADA |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| Silicon Laboratories Inc., | PATENT CASE |
| Defendant. | |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
### SILICON LABORATORIES INC.'S MOTION FOR INTRA-DISTRICT TRANSFER

Defendant Silicon Laboratories Inc. ("Silicon Labs") respectfully submits this Notice of Supplemental Authority in response to the Court's request at the April 14, 2022 hearing for authority relating to two specific factors—"convenience to parties and witnesses" and "court congestion"—relevant to Silicon Labs' request for an intra-district transfer. Dkt. 37.

The Federal Circuit has long held that the "convenience to the parties and witnesses" is the most important factor in a transfer analysis while the "court congestion" factor matters least and "should not alone outweigh all of [the] other factors" when "several relevant factors weigh in favor of transfer and others are neutral." *See In re Genentech, Inc.*, 566 F.3d 1338, 1343–47 (Fed. Cir. 2009). As the Federal Circuit has emphasized, these same principles apply to intra-district transfers. *See In re Apple Inc.*, No. 2021-187, 2021 WL 4485016 (Fed. Cir. Oct. 1, 2021) (denying re-transfer from Austin back to Waco).

For example, in *In re Apple*, the Federal Circuit granted Apple's petition for a writ of mandamus and directed the litigation to proceed in the Austin Division—where it was originally transferred—instead of re-transferring the case back to the Waco Division. 2021 WL 4485016 at *3. In weighing the convenience factors, the Federal Circuit reiterated that "the purpose of transfer under § 1404(a) is 'for the convenience of parties and witnesses' and the 'interest of justice.'" 28 U.S.C. § 1404(a). In fact, in originally granting Apple's motion to transfer to the Austin Division, the district court found that Austin was "clearly the more convenient venue" because there were no sources of proof in Waco, the plaintiff had an office and employees in Austin but not Waco, and witnesses had a significant presence in Austin but not Waco. *Id.* at *2; *see also* Order Denying Apple's Motion to Transfer Venue, *Fintiv, Inc. v. Apple Inc.*, 6:21-cv-00926-ADA (W.D. Tex. Sept. 10, 2019), ECF No. 73 at 4–17. As explained by the Fifth Circuit, it is not the difference in the number of miles between two venues that matters, but the actual inconvenience to the parties

1

and witnesses. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 317 (5th Cir. 2008) (granting transfer to the Dallas Division of the Northern District of Texas from the Marshall Division of the Eastern District of Texas despite the 155-mile difference between the two venues) ("Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community.").

In contrast to the significant weight of the "convenience to parties and witnesses" factor, the Federal Circuit's *In re Apple* decision explained that the "court congestion" factor only "slightly weigh[ed] in favor of re-transfer," is "the 'most speculative' of the transfer factors, and "should not alone outweigh all . . . other factors." 2021 WL 4485016 at *2 (citing *In re Genentech*, 566 F.3d at 1347 (the "court congestion" factor "**cannot** outweigh all of the other factors favoring transfer" lest transfer should be permitted "only to the latest 'rocket docket' district") (emphasis added)); *see also Unification Techs. LLC v. Micron Tech., Inc.*, No. 6:20-CV-500-ADA, 2022 WL 92809, at *4 (W.D. Tex. Jan. 10, 2022) ("The Federal Circuit has recently counseled that, even if the pandemic is generating a backlog of trials in Austin (an issue not yet affecting Waco), this factor 'should not alone outweigh all . . . other factors.' . . . Accordingly, this development has little effect on the transfer analysis.") (citing *In re Apple* and noting the court congestion factor is the most speculative). The court congestion factor carries even less weight when the plaintiff is a non-practicing entity. In *In re Juniper Networks, Inc.*, the Federal Circuit recognized that, when a plaintiff like Ocean Semiconductor "is not engaged in the manufacture or sale of products that practice the asserted patents" and is not "in need of a quick resolution because its position in the market is being threatened," there is no reason that "a more rapid disposition of the case . . . is worthy of important weight." 14 F.4th 1313, 1322 (Fed. Cir. 2021).

Dated: May 4, 2022

Respectfully submitted,

*/s/ Marc B. Collier*
Marc B. Collier (SBN 00792418)
marc.collier@nortonrosefulbright.com
Eric C. Green (SBN 24069824)
eric.green@nortonrosefulbright.com
Catherine Garza (SBN 24073318)
cat.garza@nortonrosefulbright.com
Gabriel Culver (SBN 24116240)
gabriel.culver@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Tel: (512) 474-5201
Fax: (512) 536-4598

Richard S. Zembek (SBN 00797726)
richard.zembek@nortonrosefulbright.com
Darren Smith (SBN 24088433)
darren.smith@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151
Fax: (713) 651-5246

*Counsel for Defendant Silicon Laboratories Inc.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 4, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                */s/ Eric C. Green*
                                                  Eric C. Green