# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>        Plaintiff<br><br>   v.<br><br>Silicon Laboratories Inc.,<br><br>        Defendant. | Civil Action No.: 6:20-cv-1214-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>        Plaintiff<br><br>   v.<br><br>STMicroelectronics, Inc.,<br><br>        Defendant. | Civil Action No.: 6:20-cv-1215-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |
| Ocean Semiconductor LLC,<br><br>        Plaintiff<br><br>   v.<br><br>Western Digital Technologies, Inc.<br><br>        Defendant. | Civil Action No.: 6:20-cv-1216-ADA<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**PLAINTIFF'S OPPOSED MOTION TO STRIKE DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT
OF MOTION FOR INTRA-DISTRICT TRANSFER**

I.      **INTRODUCTION**

In late August, 2021, the defendants in the above-captioned actions ("Defendants") filed Opposed Motions for Intra-District Transfer. (Dkt. 34.)[1] After the conclusion of briefing, the Court held a joint hearing on the pending transfer motions on April 14, 2022. (Dkt. 74.) More than two weeks after that hearing, four of the defendants filed a "Notice of Supplemental Authority in Support of their Motions for Intra-District Transfer" ("Notices"). Those Notices are improper and should be stricken from the record for two reasons.

First, Defendants improperly attempt to supplement the record by mischaracterizing their Notices as "supplemental authority" when their Notices are rife with attorney argument. There are no federal or local rules that would permit a defendant to file additional briefing beyond its *own* reply. Nor has any of the Defendants requested leave from the Court to file additional briefing. This fact alone is sufficient to strike all their Notices.

Second, while the Court has permitted the filing of notices of supplemental authority, this practice is rare and exceedingly narrow. Specifically, the notices are generally limited to advising or informing the Court of ***newly-decided*** cases or judicial opinions believed to be relevant to a proceeding in litigation (*i.e.*, cases decided ***after*** briefing on the motion-at-issue had concluded). The term "authority," however, does not include the misuse of the "notice" filing to provide a court additional arguments on a matter for which the court-mandated briefing period has ended. Here, of the six decisions cited in the Notices, only one satisfies this standard but even that, this "lone wolf" was not a judicial opinion written by a mandatory authority; instead, it

---

[1] For ease of reference, all citations to the record in this Motion are to the docket of *Ocean Semiconductor LLC v. MediaTek Inc. and MediaTek USA Inc.*, CA No. 6:20-cv-01210-ADA (W.D. Tex.). While each Defendant in the above-captioned actions filed a Notice of Supplemental Authority in Support of the Motions for Intra-District Transfer, the Notices are substantively identical across the matters.

1

was a decision issued by this very Court, which is neither helpful nor meaningful to advise or inform this Court of any new authorities not already known by this Court.

For at least these reasons, Ocean respectfully requests that this Court strike Defendants' Notices from the record.

## II.     LEGAL STANDARD

Neither the Federal Rules of Civil Procedure nor the Local Rules of this District provide for the filing of supplemental authorities.  While this Court has allowed parties to file notices of supplemental authority, such notices are limited to informing the Court of **newly-decided** cases (i.e., cases decided *after* briefing on the motion-at-issue had concluded that are relevant to the parties' dispute).  *See, e.g., Aeritas, LLC v. Darden Restaurants, Inc.*, 6:20-cv-00938 (W.D. Tex. Oct. 18, 2021).  Ocean is aware of **no case** in which additional argument on the motion-at-issue was permitted within a "notice of supplemental authority."  Nor is there any federal or local rule that would allow a defendant to file additional briefing beyond its **own** reply.

Indeed, this principle has been consistently applied not only to matters in this District, but also to matters in **every district court in the United States**.  *See, e.g., B St. Grill & Bar LLC v. Cincinnati Ins. Co.*, 525 F. Supp. 3d 1008, 1013 (D. Ariz. 2021) ("The purpose of a Notice of Supplemental Authority is to inform the Court of a newly decided case that is relevant to the dispute before it, not a venue for submission of additional argument or factual evidence"); *Myers v. Freed*, No. CV-19-05683-PHX-SMB, 2020 U.S. Dist. LEXIS 189589, at *1 (D. Ariz. Oct. 13, 2020) (same); *Nichols v. Harris*, 17 F. Supp. 3d 989, 996 n.3 (C.D. Cal. Mar. 18, 2014) ("Filing a notice of supplemental authority to inform the Court of a new judicial opinion that has been issued is appropriate, but it is an improper occasion to argue outside the pleadings"; *quoting Rosenstein v. Edge Investors, L.P.*, 2009 U.S. Dist. LEXIS 27802, at *2 n.1 (S.D. Fla. Mar. 30, 2009)).

Where an alleged "Notice of Supplemental Authority" does not inform the court of a decision that the court would otherwise have been unaware of, the notice is improper. *See Hagens Berman Sobol Shapiro LLP v. Rubinstein*, No. 09-0894 RSM, 2009 U.S. Dist. LEXIS 104619, at *3 (W.D. Wash. Oct. 22, 2009) ("This notice of supplemental authority was improper first because it contained argument regarding the case, and second because the case was decided before the Rubinstein's filed their Motion to Dismiss, Stay, or Transfer.")

### III.     ARGUMENT

The Court should strike Defendants' Notices of Supplemental Authority in Support of the Motions for Intra-District Transfer because they intentionally mischaracterize their attorney argument as "supplemental authority." (*See* Dkt. 79.)  Indeed, Defendants rehash the same arguments that were already presented to the Court in the original Motions for Intra-District Transfer.  (*See, e.g., Id.* at 2 ("The court congestion factor carries even less weight when the plaintiff is a non-practicing entity"; "when a plaintiff like Ocean Semiconductor 'is not engaged in the manufacture or sale of products that practice the asserted patents' and is not 'in need of a quick resolution because its position in the market is being threatened,' there is no reason that 'a more rapid disposition of the case . . . is worthy of important weight.'").)  For this reason alone, Defendants' Notices should be stricken.  *See B St. Grill & Bar*, 525 F. Supp. 3d at 1013; *Myers*, 2020 U.S. Dist. LEXIS 189589, at *1; *Nichols*, 17 F. Supp. 3d at 996 n.3.

Further, the Court did not issue any order—written or oral—permitting additional briefing/attorney argument on the pending Motions for Intra-District Transfer by Defendants after filing their *own* Reply.  Defendants contend that the Notices were filed based on "the Court's request at the April 14, 2022, hearing for *authority*. . . ." (Dkt. 79 at 1; emphasis added.) Not a single defendant, however, cited to the hearing transcript in support of this assertion.  Nor is Ocean aware of any such request from the Court made during the hearing.

3

Even if such request had been made by the Court, however, a request for authority is ***not*** an open invitation to submit further briefing and/or to re-hash prior arguments and prior legal citations. Surely Defendants are not representing that the Court has given them unfettered discretion to submit additional arguments, including attorney arguments, and to skirt around the page limitation set forth in Section VI of this Court's Order Governing Proceedings.

In the Notices, Defendants cite various decisions from various courts, but all (except one) of them were decided *prior to* completion of briefing in these matters. These cases are therefore readily available to Defendants and are not "new" authorities that would presumably lend credence to or necessitate the filing of these Notices.

As to the one cited opinion that was decided after the conclusion of briefing on the underlying motion-at-issue here—*Unification Techs. LLC v. Micron Tech., Inc.*, No. 6:20-CV-500-ADA, 2022 WL 92809 (W.D. Tex. Jan. 10, 2022)—that decision also does not lend any support to Defendants' Notices because it was a ***decision issued by this Court and cited only as secondary support*** by Defendants.

To the extent Defendants contend that the Notices are proper based on their citation to *In re Apple Inc.*, this case offers no such support because it was cited and relied upon by at least one of the defendants during the briefing period. *See Ocean Semiconductor LLC v. NVIDIA Corp*, No. 6:20-cv-01211-ADA, Dkt. 37 at 5 (W.D. Tex.).

In sum, each of these Notices is an illegitimate effort to assert impermissible arguments to the record. Further highlighting the improper nature of the submission, four of the five cases cited beyond the *Unification Techs.* opinion ***were already specifically discussed*** in one or both of the Defendants' Motions/Replies or Ocean's Oppositions.

The Notices are highly improper attempts to submit additional briefing and should be stricken.

## IV. CONCLUSION

For all of the reasons noted above, Ocean respectfully moves this Court to strike the Notices of Supplemental Authority filed in Support of the Motions for Intra-District Transfer filed in the above-captioned actions.

Dated: May 6, 2022                                  Respectfully submitted,

By: */s/ Alex Chan*
Timothy Devlin
tdevlin@devlinlawfirm.com
Henrik Parker
hparker@devlinlawfirm.com
Alex Chan   (State Bar No. 24108051)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff,*
*Ocean Semiconductor LLC*

## CERTIFICATE OF CONFERENCE

Counsel for Ocean hereby certifies that on May 6, 2022, counsel for Silicon Laboratories, Inc., STMicroelectronics, Inc., and Western Digital Technologies, Inc. were contacted via email seeking their agreement to the issues herein. Having not heard from any of these Defendants by the time of filing, Ocean is filing this Motion as opposed.

*/s/ Henrik D. Parker*
Henrik D. Parker

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Alex Chan*
Alex Chan