**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| Ocean Semiconductor LLC, <br><br> Plaintiff <br><br> v. <br><br> MediaTek Inc. and MediaTek USA Inc. ("MediaTek"), <br><br> Defendants. | Civil Action No.: 6:20-cv-1210-ADA <br><br> JURY TRIAL DEMANDED <br><br> PATENT CASE |
| Ocean Semiconductor LLC, <br><br> Plaintiff <br><br> v. <br><br> Silicon Laboratories Inc., <br><br> Defendant. | Civil Action No.: 6:20-cv-1214-ADA <br><br> JURY TRIAL DEMANDED <br><br> PATENT CASE |
| Ocean Semiconductor LLC, <br><br> Plaintiff <br><br> v. <br><br> STMicroelectronics, Inc., <br><br> Defendant. | Civil Action No.: 6:20-cv-1215-ADA <br><br> JURY TRIAL DEMANDED <br><br> PATENT CASE |
| Ocean Semiconductor LLC, <br><br> Plaintiff <br><br> v. <br><br> Western Digital Technologies, Inc., <br><br> Defendant. | Civil Action No.: 6:20-cv-1216-ADA <br><br> JURY TRIAL DEMANDED <br><br> PATENT CASE |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR INTRA-DISTRICT TRANSFER**

Ocean Semiconductor LLC ("Ocean") has no basis to strike Defendants' Notices of Supplemental Authority in Support of Motion for Intra-District Transfer ("Notices") because those Notices were filed at the Court's invitation. *E.g.*, Dkts. 81, 82 ("Motions to Strike").[1]

In August 2021, the defendants in the above-captioned actions—MediaTek Inc. and MediaTek USA Inc., Silicon Laboratories Inc., STMicroelectronics, Inc., and Western Digital Technologies, Inc. (collectively, "Defendants")—filed Opposed Motions for Intra-District Transfer. *See, e.g.*, Dkt. 37. The Court then held a hearing on the motions on April 14, 2022, stating that its primary reason for the hearing was to understand recent "advancements in the law" related to transfer issues since the time Defendants filed their Motions for Intra-District Transfer. 4/14/2022 Hr'g Tr. 6:6–19. The Court "most wanted to hear" about whether a potentially faster time to trial in the Waco Division versus the Austin Division should impact the Court's intra-district transfer analysis (*id.* at 10:9–12:4) when "the issue of the convenience of the parties was 100 miles rather than 2,500 miles" (*id.* at 12:18–13:11).[2] The parties spent much of the hearing discussing this issue, and at the end, the Court explicitly invited the parties to submit additional authority: "Okay. I'm -- we'll take this back and we'll get to work on it. ***If you all think of***

---

[1]    For ease of reference, citations to the record refer to the docket in *Ocean Semiconductor LLC v. STMicroelectronics, Inc.*, CA No. 6:20-cv-01215-ADA (W.D. Tex.). Ocean filed identical Motions to Strike in each of the above-captioned cases.

[2]    *See also id.* at 20:11–18 ("What do you think the [Federal] Circuit's reaction would be to me making a distinction between convenience of parties in terms of the scaleability of that issue compared to others, with regard to an intra-district transfer of 100 miles versus a[n] inter-district transfer of thousands of miles?"); *id.* at 21:11–19 ("[D]o you think the Circuit would care about, in their analysis of convenience, on an intra-district of this level? And if so, why? And I want you to put this on the record primarily now because if -- depending on what I do, I'd like for the Circuit to see what I had -- what the arguments were that I took -- that I had in front of me.").

***anything else you'd like to submit, please let us know***." *Id.* at 41:14–16 (emphasis added); *see also id.* at 40:19–41:8.

In direct response to this invitation, each of the Defendants filed brief Notices providing relevant and recent authority. *E.g.*, Dkt. 81. Ocean's Motions to Strike ignore the Court's statement to the parties, which provides ample justification for the Notices. The Motions lack merit for this reason alone.

In any case, as Ocean notes, this Court allows parties to file notices of supplemental authority on cases that are decided after briefing on a motion-at-issue has concluded. *See* Dkt. 82 at 2 (citing *Aeritas, LLC v. Darden Rests., Inc.*, 6:20-cv-00938 (W.D. Tex. Oct. 18, 2021)). Here, the Notices focused on the Federal Circuit's *In re Apple* decision that issued on October 1, 2021— ***after*** Defendants completed briefing on their intra-district transfer motions. *See, e.g.*, Dkt. 81 (citing *In re Apple Inc.*, No. 2021-187, 2021 WL 4485016 (Fed. Cir. Oct. 1, 2021)). Two other cases cited in the Notices similarly issued ***after*** briefing was complete. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. Sept. 24, 2021); *Unification Techs. LLC v. Micron Tech., Inc.*, No. 6:20-CV-500-ADA, 2022 WL 92809 (W.D. Tex. Jan. 10, 2022). While the Notices also cite the earlier *In re Genentech* and *In re Volkswagen* decisions, those decisions squarely relate to issues raised by the Court at the April 14, 2022, hearing and were cited in the *In re Apple* decision, which applies the relevant holdings to the intra-district transfer context. *See In re Apple*, 2021 WL 4485016, at *1, *2 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) and *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008)). Defendants cited those decisions because they relate to the specific issue raised by the Court.

Finally, Ocean failed to comply with its meet and confer obligations. Ocean first reached out to Defendants in the late afternoon of Friday, May 6, 2022, noting it would file the Motions

the same day.  It did so about three hours later.  That short fuse deprived Defendants of the opportunity to consult with their clients and engage in meaningful dialogue with Ocean.

The Court should deny the Motions to Strike.

Dated: May 13, 2022                    Respectfully submitted,

|  | |
|---|---|
|  | */s/ Janice L. Ta*<br>Janice L. Ta, Texas 24075138<br>JTa@perkinscoie.com<br>PERKINS COIE LLP<br>405 Colorado St., Suite 1700<br>Austin, TX  78701<br>Tel: (737) 256-6100<br>Fax: (737) 256-6300<br><br>Chad S. Campbell (*admitted pro hac vice*)<br>CSCampbell@perkinscoie.com<br>Tyler R. Bowen (*admitted pro hac vice*)<br>TBowen@perkinscoie.com<br>PERKINS COIE LLP<br>2901 North Central Avenue, Suite 2000<br>Phoenix, AZ  85012<br>Tel: (602) 351-8000<br>Fax: (602) 648-7000<br><br>Philip A. Morin (*admitted pro hac vice*)<br>PMorin@perkinscoie.com<br>PERKINS COIE LLP<br>11452 El Camino Real, Suite 300<br>San Diego, CA  92130-2020<br>Tel: (858) 720-5700<br>Fax: (858) 720-5799<br><br>*Counsel for Defendant STMicroelectronics, Inc.* |
|  | */s/ L. Kieran Kieckhefer*<br>L. Kieran Kieckhefer (*pro hac vice*)<br>SHEARMAN & STERLING LLP<br>535 Mission Street, 25th Floor<br>San Francisco, CA 94105<br>Tel: (415) 616-1124<br>Fax: (415) 616-1199<br>Kieran.Kieckhefer@Shearman.com<br><br>David P. Whittlesey<br>SHEARMAN & STERLING LLP<br>300 West 6th Street, 22nd Floor<br>Austin, TX 78701<br>Tel: (512) 647-1907<br>Fax: (512) 857-6602<br>David.Whittlesey@Shearman.com<br><br>Matthew G. Berkowitz (*pro hac vice*) |

|  | Patrick Colsher (*pro hac vice*)<br>Yue (Joy) Wang (*pro hac vice*)<br>SHEARMAN & STERLING LLP<br>1460 El Camino Real, 2nd Floor<br>Menlo Park, CA 94025<br>Tel: (650) 838-3737<br>Fax: (650) 838-5141<br>Matt.Berkowitz@Shearman.com<br>Patrick.Colsher@Shearman.com<br>Joy.Wang@Shearman.com<br><br>Ahmed ElDessouki (*pro hac vice*)<br>SHEARMAN & STERLING LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 848-4908<br>Ahmed.ElDessouki@Shearman.com<br><br>*Counsel for Defendant Western Digital Techs., Inc.* |
|  | */s/ Stephanie N. Sivinski*<br>David H. Harper<br>Texas Bar No. 09025540<br>david.harper@haynesboone.com<br>David L. McCombs<br>Texas Bar No. 13438700<br>david.mccombs@haynesboone.com<br>Stephanie N. Sivinski<br>Texas Bar No. 24075080<br>stephanie.sivinski@haynesboone.com<br>HAYNES AND BOONE, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>Tel: (214) 651-5000<br>Fax: (214) 200-0615<br><br>*Counsel for Defendants MediaTek Inc. and MediaTek USA Inc.* |

|  | */s/ Marc B. Collier* |
|  | Marc B. Collier (SBN 00792418) |
|  | marc.collier@nortonrosefulbright.com |
|  | Eric C. Green (SBN 24069824) |
|  | eric.green@nortonrosefulbright.com |
|  | Catherine Garza (SBN 24073318) |
|  | cat.garza@nortonrosefulbright.com |
|  | NORTON ROSE FULBRIGHT US LLP |
|  | 98 San Jacinto Boulevard, Suite 1100 |
|  | Austin, Texas 78701 |
|  | Tel: (512) 474-5201 |
|  | Fax: (512) 536-4598 |
|  |  |
|  | Richard S. Zembek (SBN 00797726) |
|  | richard.zembek@nortonrosefulbright.com |
|  | Darren Smith (SBN 24088433) |
|  | darren.smith@nortonrosefulbright.com |
|  | NORTON ROSE FULBRIGHT US LLP |
|  | 1301 McKinney, Suite 5100 |
|  | Houston, Texas 77010-3095 |
|  | Tel: (713) 651-5151 |
|  | Fax: (713) 651-5246 |
|  |  |
|  | *Counsel for Defendant Silicon Laboratories Inc.* |

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 13, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Eric C. Green*
Eric C. Green